# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

CHARLES CURRY d/b/a       )
Get Diesel Nutrition,          )
                                    )
        Plaintiff,          )
                                    )
      vs.                  )        Case No. 17 C 2283
                                    )
REVOLUTION LABORATORIES,    )
LLC, REV LABS MANAGEMENT,    )
INC., JOSHUA NUSSBAUM,      )
and BARRY NUSSBAUM,        )
                                    )
        Defendants.     )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Charles Curry sued Revolution Laboratories LLC, Rev Labs Management, Inc., Joshua Nussbaum, and Barry Nussbaum, alleging they infringed and diluted his trademarks, violated the Illinois Consumer Fraud and Deceptive Business Practices Act, violated the Illinois Deceptive Trade Practices Act, and committed other wrongdoing. The defendants moved to dismiss for lack of personal jurisdiction. Both Revolution and Rev Labs were formed in Nevada and have their principal place of business in California, and both Nussbaums are California citizens and residents. All of the defendants contended that they lacked sufficient contacts with Illinois for a court in this state to exercise jurisdiction over them. In addition, Rev Labs argued that it was not sufficiently alleged to have engaged in any of the wrongdoing, and the two Nussbaums argued that they were entitled to the benefit of Illinois's "fiduciary shield" doctrine,

precluding the exercise of jurisdiction over them for acts they undertook on behalf of the two entities.

Back in August 2017, this Court granted the motions to dismiss. The Court concluded that Revolution's Illinois-related activity cited by Curry was insufficient to exercise jurisdiction over that entity. *See Curry v. Revolution Labs., LLC*, No. 17 C 2283, 2017 WL 3520955, at *5 (N.D. Ill. Aug. 15, 2017). And because the same Illinois contacts by Revolution formed the basis for exercising jurisdiction over Rev Labs and the Nussbaums, the Court dismissed the claims against those defendants without addressing their separate arguments against jurisdiction. *Id.*

Recently the Seventh Circuit reversed this Court's ruling, concluding that there was a sufficient basis to exercise jurisdiction over Revolution in an Illinois court. *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 402 (7th Cir. 2020). With regard to the other defendants, the Seventh Circuit remanded the case for further proceedings. *Id.* at 403. The effect of the remand is to require this Court to address the separate arguments made by Rev Labs and the Nussbaums in support of their motion to dismiss for lack of personal jurisdiction.

## Discussion

**1.    Joshua Nussbaum and Barry Nussbaum**

In reversing the dismissal of the claims against Revolution, the Seventh Circuit relied on that entity's sales of its product to Illinois residents[1] via an interactive website and shipments of the products to those customers in Illinois. *Curry*, 848 F.3d at 399,

---

[1] The Court cited evidence reflecting sales of alleged infringing products to 767 Illinois residents over a period of a little under eight months prior to the filing of the motion to dismiss. *Curry*, 848 F.3d at 399.

401. Contrary to defendants' contentions, Curry's complaint adequately alleges the involvement of the Nussbaums in those activities. *See, e.g.*, Compl. ¶¶ 42, 43, 59, 73. To be sure, these allegations are not particularized, and they do not cite any specific evidence supporting the proposition that the Nussbaums were involved in targeting Illinois (among other states). But at this stage of the case, without discovery, Curry cannot reasonably be expected to provide supporting evidence. Given the defendants' high-ranking roles in the management and operation of Revolution—Barry Nussbaum is the chief executive officer of Revolution, and Joshua Nussbaum is Revolution's president, *see* B. Nussbaum Affid. ¶ 7; J. Nussbaum Affid. ¶ 6—there is a sufficient basis to draw a reasonable inference of their involvement in the activities cited by the Seventh Circuit as supporting personal jurisdiction.

The Nussbaums contend that their actions on behalf of Revolution cannot be used to support the exercise of personal jurisdiction over them individually, citing Illinois's fiduciary shield doctrine. The fiduciary shield doctrine is a state-created limitation on Illinois's long-arm statute that prevents a court from exercising jurisdiction over a non-resident based upon his contacts with the state made on behalf of his employer or other principal. *See Rice v. Nova Biomedical Corp.*, 38 F.3d 909, 912 (7th Cir. 1994) (citing *Rollins v. Ellwood*, 141 Ill. 2d 244, 268-80, 565 N.E.2d 1302, 1313–18 (1990)). As this Court and the overwhelming majority of judges in this district have held, however, this doctrine does not shield owners of an entity or those who have a direct financial stake in the company or the action at issue. *See TGI Sys. Corp. v. Giessler*, No. 15 C 4341, 2016 WL 878264, at *4 (N.D. Ill. Mar. 8, 2016) (Kennelly, J.); *see also, e.g., Greene v. Karpeles*, No. 14 C 1437, 2019 WL 1125796, at *10 (N.D. Ill. Mar. 12,

2019) (Feinerman, J.); *Mission Measurement Corp. v. Blackbaud, Inc.*, 287 F. Supp. 3d 691, 709-10 (N.D. Ill. 2017) (St. Eve, J.); *Crisostomo v. Schneider-Kidan*, No. 16 C 6406, 2017 WL 2880893, at *2-3 (N.D. Ill. July 6, 2017) (Lee, J.); *MyCanary LLC v. SusieAir, LLC*, No. 16 C 4000, 2017 WL 622235, at *3 (N.D. Ill. Feb. 15, 2017) (Shah, J.). Curry has sufficient alleged that here. *See, e.g.*, Compl. ¶¶ 4, 5.

For these reasons, Joshua Nussbaum and Barry Nussbaum are not entitled to dismissal of the claims against them.

## 2. Rev Labs Management, LLC

The sales activity that Curry cited and that the Seventh Circuit relied upon to support jurisdiction was undertaken by Revolution Laboratories, LLC. To support jurisdiction over Rev Labs Management, Inc., Curry seeks to attribute Revolution's Illinois contacts to Rev Labs, relying on corporate veil-piercing. Piercing the corporate veil is a disfavored doctrine in Illinois law; it is used only "when there is such unity of interest and ownership that the separate personalities of the corporation and the individual [or other corporation] no longer exist[,] and when adherence to the fiction of a separate corporate existence would sanction a fraud or promote injustice." *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 379 (7th Cir. 2008) (internal quotation marks omitted). The party seeking veil-piercing must show that the target corporation is a sham or has no separate existence from the other entity. *See id.*; *see also, e.g., Golin v. Neptune Mgmt. Corp.*, 704 F. App'x 591, 594 (7th Cir. 2017).

Curry's complaint does not contain allegations sufficient to support piercing Revolution's corporate veil and attributing its Illinois-based contacts to Rev Labs. There

are no allegations that plausibly suggest that Revolution is a sham or that the two entities do not have separate "personalities." It is conceivable that Curry may be able to develop such evidence via discovery, but his complaint is insufficient in this regard. Because he cites no contacts by Rev Labs itself with Illinois, that entity is entitled to dismissal for lack of personal jurisdiction.

### Conclusion

For the reasons stated above, the Court dismisses plaintiff's claims against defendant Rev Labs Management, Inc. for lack of personal jurisdiction but denies the motion by defendants Barry Nussbaum and Joshua Nussbaum to dismiss the claims against them on that basis. The remaining defendants—Revolution Laboratories, LLC and the Nussbaums—are directed to answer plaintiff's complaint by no later than April 20, 2020.

Date: March 23, 2020

_____
MATTHEW F. KENNELLY
United States District Judge