# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES CURRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17 C 2283 |
| | ) | |
| REVOLUTION LABORATORIES, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff Charles Curry has moved for reconsideration of the Court's March 23, 2020 order dismissing his claims against Rev Labs Management, Inc. (Rev Labs) for lack of personal jurisdiction. Earlier, the Seventh Circuit concluded that sales by another defendant, Revolution Laboratories, LLC (Revolution), to Illinois residents via an interactive website were sufficient to support the exercise of jurisdiction over that defendant in this state. The court of appeals remanded the case for further proceedings, including the separate arguments of Rev Labs and two individual defendants against the exercise of jurisdiction.

Following remand, this Court concluded that there was enough to support jurisdiction over the individuals, specifically their own affidavits establishing their high-ranking roles in the management and operation of Revolution, the entity that engaged in sales of products to Illinois residents. The Court concluded, however, that Curry had not provided a sufficient basis to exercise jurisdiction over Rev Labs. The Court's ruling on Rev Labs focused on the question of whether Revolution's Illinois contacts could be attributed to Rev Labs via corporate veil-piercing. In this regard, the Court concluded

that Curry had not alleged enough to support a veil-piercing theory.

In seeking reconsideration, Curry says that his asserted basis for jurisdiction over Rev Labs is not veil-piercing for the purpose of attribution of Revolution's Illinois contacts, but rather Rev Labs' own contacts with Illinois. The Court therefore addresses that point directly. Curry's complaint alleges, in a conclusory fashion, that all defendants were involved in the marketing and sale of the allegedly infringing and deceptive products. But in doing so, the complaint essentially lumps all of the defendants together; it identifies no facts supporting the contention that *Rev Labs* was involved in marketing and selling the products to Illinois residents.

In seeking dismissal, defendants offered an affidavit from Rev Labs' president, Joshua Nussbaum, who stated that co-defendant Revolution sells products but that Rev Labs "has never been involved in the marketing, sale, distribution, or manufacturing of any of the products sold by Revolution, nor has it ever communicated with Revolution's customers." J. Nussbaum Affid. (dkt. 35-1) ¶¶ 9, 16. A second affidavit, from Revolution Laboratories' CEO Barry Nussbaum (also a director of Rev Labs), said the same. *See* B. Nussbaum Affid. (dkt. 35-2) ¶¶ 10, 17-19. Curry offered no countervailing evidence.

The conclusory and unsupported allegations in Curry's complaint that improperly lumped all of the defendants together, *see, e.g., Bates v. City of Chicago*, 726 F.3d 951, 958 (7th Cir. 2013), do not undercut or outweigh defendants' affidavits that directly addressed, with specificity, the critical issue: Rev Labs' own involvement in the sales activity that the Seventh Circuit found sufficient to confer jurisdiction over Revolution. When a defendant submits evidence that opposes the exercise of personal jurisdiction,

a plaintiff "must similarly submit *affirmative evidence* supporting the court's exercise of jurisdiction." *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019) (emphasis added) (citing *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003)). In addition, Curry's conclusory and unsupported allegations of the involvement of "all defendants," including Rev Labs, are not the sort of "well-pleaded facts" that are taken as true in a dispute over jurisdiction. *See Matlin*, 921 F.3d at 701 (citing *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010)). Rather, conclusory allegations are not entitled to be taken as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (discussing pleading requirements in the context of a Rule 12(b)(6) motion)).

Finally, Curry is correct that the Court is required to look at each of his claims in assessing jurisdiction, but for personal jurisdiction to exist the particular defendant has to have purposefully availed itself of the privilege of conducting business in the state or to have purposefully directed its activities at the state. *See Curry v. Revolution Labs., LLC*, 949 F.3d 385, 398 (7th Cir. 2020). Here the only activity cited by Curry that would legitimately support jurisdiction involved the marketing and sales of products to Illinois residents. As discussed, Curry has offered nothing tending to show Rev Labs' involvement in such activity.

Finally, with regard to the issue of corporate veil-piercing, Curry's motion for reconsideration offers nothing that the Court has not already considered.

## Conclusion

For the reasons stated above, the Court denies plaintiff Charles Curry's motion for reconsideration [80]. The Court also notes that Curry has noticed his previously-filed motion for preliminary injunction for presentment on April 9, 2020. This district is not

holding court proceedings for the time being, pursuant to General Order 20-0012, as amended (posted on the district's website, www.ilnd.uscourts.gov). For this reason, the Court vacates the April 9 hearing. Defendants are directed to file a written response to the motion for preliminary injunction by April 22, 2020, and plaintiff is directed to file a reply to the response by May 6, 2020. These deadlines are not affected by General Order 20-0012, as amended, and they will not be affected by any similar general order entered hereafter. The telephone status hearing previously set for April 27, 2020 is vacated and reset to May 11, 2020 at 9:00 a.m. The parties are to jointly call chambers (312-435-5618).

Date: April 1, 2020

_____
MATTHEW F. KENNELLY
United States District Judge