IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES CURRY, d/b/a GET DIESEL NUTRITION, )<br>)<br>) <br>Plaintiff, )<br>)<br>v. )<br>)<br>REVOLUTION LABORATORIES, LLC, )<br>REV LABS MANAGEMENT, INC., )<br>JOSHUA NUSSBAUM, and BARRY )<br>NUSSBAUM, )<br>)<br>Defendants. ) | Case No. 1:17-cv-02283<br><br>Judge Matthew F. Kennelly |

**PLAINTIFF'S AGREED MOTION TO AMEND SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16(b)(4), Plaintiff Charles Curry d/b/a Get Diesel Nutrition, by and through the undersigned counsel, respectfully requests that the Court modify the expert disclosure deadlines in the pretrial scheduling order (ECF Nos. 96 and 133).

In particular, Plaintiff requests that the Court adjust the expert disclosure deadlines—which currently *precede* the close of fact discovery—so that those expert disclosures are sequenced to follow the close of fact discovery. Good cause exists to modify the schedule in this manner, and Defendants agree with this request. Plaintiff has diligently pursued discovery in this case, but important discovery remains outstanding—including the depositions of Defendants and Defendant employees—and fact discovery is not scheduled to conclude until January 22, 2021.

To allow the parties adequate time to prepare expert disclosures and reports based on the full discovery record, Plaintiff requests, and Defendants agree, that the deadlines for Rule 26(a)(2) disclosures and rebuttal Rule 26(a)(2) disclosures be adjusted to February 5, 2021 and February 22, 2021, respectively. This proposed change will not affect the current expert discovery deadline or dispositive motions deadline.

1

In support of this Motion, Plaintiff respectfully states as follows:

1. On May 7, 2020, the Court entered the discovery and pretrial schedule, as proposed by the parties in their joint status report. *See* Minute Entry, ECF No. 96 ("Rule 26(a)(1) disclosures are to be made by 5/13/2020. Discovery may begin on 5/14/2020. The deadline for amending the pleadings and adding parties is 8/31/2020. Fact discovery is to be completed by 10/13/2020. Rule 26(a)(2) disclosures by the party with the burden of proof on a particular issue are to be made by 12/22/2020. Rebuttal Rule 26(a)(2) disclosures are to be made by 1/22/2021. Expert discovery is to be completed by 3/22/2021. The deadline for filing dispositive motions is 5/5/2021."). Under this original schedule, Rule 26(a)(2) disclosures and rebuttal Rule 26(a)(2) disclosures were sequenced to follow the close of fact discovery.

2. Following the parties' unsuccessful settlement conference on July 24, 2020, Plaintiff engaged the undersigned counsel.

3. On August 12, 2020, the Court amended the schedule to extend the fact discovery deadline to January 22, 2021, by agreement of the parties. *See* Minute Entry, ECF No. 133.

4. Under the current schedule, however, Rule 26(a)(2) disclosures are due on December 22, 2020, a month before the close of fact discovery, and rebuttal Rule 26(a)(2) disclosures are due on January 22, 2021, the same day fact discovery concludes.

5. Plaintiff hereby requests that the Court adjust the Rule 26(a)(2) disclosures and rebuttal Rule 26(a)(2) disclosures to February 5, 2021 and February 22, 2021, respectively, consistent with the amended January 22, 2021 fact discovery deadline.

6. Under Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In the Seventh Circuit, courts applying this good cause standard "primarily" consider "the diligence of the party

seeking" to modify the schedule. *Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 831 F.3d 815, 832 (7th Cir. 2016). "[A]mong the aims of Rule 16 are to prevent parties from delaying or procrastinating and to keep the case 'moving toward trial.'" *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011) (quoting 1983 Advisory Committee's note).

7. Here, there is good cause to amend the schedule as Plaintiff requests. Plaintiff has diligently pursued his case to date. Plaintiff's discovery efforts have included serving numerous interrogatories and requests for production on Defendants Revolution Laboratories, LLC, Joshua Nussbaum, and Barry Nussbaum[1]; frequently meeting and conferring and corresponding with Defendants in an effort to address the deficiencies in discovery provided by Defendants; filing three motions to compel against Defendants in support of Plaintiff's discovery requests[2]; coordinating with Defendants in an effort to schedule six depositions of Defendants and Defendant employees in late December 2020 and January 2021; and pursuing third party written discovery and depositions in order to address the gaps in the discovery provided by Defendants.

8. Adjusting the expert disclosure deadlines so that they follow the close of fact discovery is necessary to allow the parties adequate time to complete fact discovery before finalizing expert disclosures and reports as appropriate based on the full discovery record. This sequencing is also consistent with the schedule originally entered by the Court. *See* ECF No. 96.

9. By contrast, requiring Plaintiff to file expert disclosures and reports before the close of fact discovery based on an incomplete discovery record—including before Plaintiff

---

[1] *See, e.g.*, Joint Status Report (June 22, 2020), ECF No. 112, at 1 (detailing Plaintiff's diligence in pursuing discovery); Joint Status Report (Oct. 7, 2020), ECF No. 135, at 1-3 (same); Joint Status Report (Nov. 24, 2020), ECF No. 148, at 1-3 (same).

[2] *See* Plaintiff's First Motion to Compel (Oct. 7, 2020), ECF No. 134; Plaintiff's Second Motion to Compel (Nov. 13, 2020), ECF No. 143; Plaintiff's Third Motion to Compel (Nov. 23, 2020), ECF No. 147.

3

takes Defendants and Defendant employees' depositions—would unduly prejudice Plaintiff.

10. Adjusting the expert disclosure deadlines as Plaintiff requests will not affect the current expert discovery or dispositive motions deadlines, and thus will not cause any undue delay or prevent the case from moving toward trial.

11. Defendants' counsel Christopher W. Niro conveyed Defendants' agreement to this requested extension of the expert disclosure deadlines, by email dated December 10, 2020.

## CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court grant this Motion and amend the pretrial schedule governing this litigation as follows:

- Rule 26(a)(2) disclosures by the party with the burden of proof on a particular issue are to be made by February 5, 2021.
- Rebuttal Rule 26(a)(2) disclosures are to be made by February 22, 2021.

Dated: December 10, 2020                Respectfully submitted,

*/s/ Nicholas C. Hailey*
Matthew J. Oppenheim (443698)
Scott A. Zebrak (452649)
Nicholas C. Hailey (admitted *pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20016
Tel: 202-480-2999
matt@oandzlaw.com
scott@oandzlaw.com
nick@oandzlaw.com

*Attorneys for Plaintiff*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that, on December 10, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notice of such filing to all parties.

*/s/ Nicholas C. Hailey*
Nicholas C. Hailey (admitted *pro hac vice*)
