# GROUP EXHIBIT 15

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Illinois

| | |
|---|---|
| CHARLES CURRY, DBA GET DIESEL NUTRITION | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No. |
| REVOLUTION LABS LLC, REV LABS, JOSHUA NUSSBAUM, BARRY NUSSBAUM | )    **17-CV-002283-MFK-YBK** |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

**To:**   Enom.com 10400 NE 4th Street Floor 5, Suite 121 Bellevue, WA 98004, USA (not accepting mail during Covid) Enom LLC, legal@enom.com

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

      See ATTACHMENT A "FIRST SUBPOENA TO Enom.com"

| **Place:** via email to getdiesel@gmail.com or mail to: Charles Curry/GET DIESEL PO BOX 962, Lansing, IL 60438 | **Date and Time:** 06/10/2020 8:36 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| **Place:** | **Date and Time:** |
|---|---|
| | |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **5/18/2020**

**THOMAS G. BRUTON**
*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*    OR    _____
                                                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Charles Curry, Pro Se Plantiff requests _____ , who issues or requests this subpoena, are:

    Charles Curry, 2835 Paris Road, Olympia Fields, IL 60461; getdiesel@gmail.com; 708-837-2309

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

CURRY-3P-00000001

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**Eastern Division**

| | | |
|---|---|---|
| CHARLES CURRY, DBA GET DIESEL NUTRITION, | ) | |
| | ) | |
| | ) | Case No.: 17-CV-002283-MFK-YBK |
| Plaintiff, | ) | |
| | ) | |
| | ) | Judge: Honorable Matthew F. Kennelly |
| vs. | ) | Mag. Judge Kim |
| | ) | |
| REVOLUTION LABORATORIES, LLC, | ) | |
| REV LABS MANAGEMENT, INC. | ) | |
| JOSHUA NUSSBAUM AND BARRY | ) | |
| NUSSBAUM | ) | |
| | ) | |
| Defendants. | ) | |

**ATTACHMENT (A) OF FIRST SUBPOENA TO**
**ENOM.COM/ENOM LLC**

In accordance with the legal/subpoena policy of the company Enom.com, Plaintiff

Charles Curry in the aforementioned case submits this subpoena.

**I.      Background**

The domain listed below in section II at one point was registered using, hosted by

and/or parked at Enom.com/Enom LLC according to historical ICANN/WHOIS data publically

available to the Plaintiff. The owner, registrant, administrative, technical and billing contact of

this domain was concealed at the time of registration or after registration and that information is

germane to this litigation. At one point in time the defendants' product "DIESEL TEST" was

advertised, used to profit from, offered for sale and/or sold on this website specifically at:

http://espn-weekly.com/us-hotline/jon-jones-transformation-pro2/?voluumdata=BASE64dmlkLi4wMDAwMDAwMy0yNmU0LTQ2MjUtODAwMC0wMDAwMDAwMDAwMDBfX3ZwaWQuLjUwWzjNlMDAwLWE3YzMtMTFlNi04MTc3LTQxNjg5ODU0ZTk2YmE5YTliZTA1YTk1ODQ0NDRfX2NuLjUwMjgwO00U3NDM0OM19fY2FpZC4uNzk1YmVUZmY5NmQ2LTRjMjc4YTYyYWUzYy0tNTM0YTc4YTliZTA1YTk1ODQ0NDRfX2NuLjUwMjgwODU3NDM0OM19fY2FpZC4uNzk1YmVUZmY5NmQ2LTRjMjc4YTYyYWUzYy0tNTM0YTc4YTliZTA1YTk1ODQ0NDRfX2Nu1lZTgwLTRjNWMtOTNDlNS1kOTY1ODk2OTRkwNTJfX29pZDIuLjlmODMyNjJkLTRmZWQtNDI5Yi1iMTFmLTA1ODFiYzM1NmJkZl9fdmFyMS4ue2FnZX1fX3hjjiuLntnZW5kZXJJ9X192YXIzLi57Y291bnRyeX

CURRY-3P-00000002

1fX3ZhcjQuLnthZH1fX3ZhcjUuLnthY2NvdW50fV9fcmQuLnd3d1wuXGZhY2Vib29rXC5cY29tX19haWQuLl9fYWluLl9fc2lkLi44&age={age}&gender={gender}&country={country}&ad={ad}&account={account}



CURRY-3P-00000003



In our interview, Jon stated "My doctors approved my supplement stack "Diesel Test®", the UFC is just trying to keep me from the title."



CURRY-3P-00000004



See Dkt 1 Exhibits 5 and 16.

You are being subpoenaed to provide:

A) The contact information of the party who registered the domain listed in section II.

B) The registrant, administrative, technical and billing contact information of the domain at the time of registration listed in section II.

CURRY-3P-00000005

C) Any incremental or subsequent changes to the registrant, administrative, billing and technical contact information of the domain from the day it was registered, parked and or hosted with Enom.com/Enom LLC until 1 May 2020. Please provide any name servers listed/used for this domain and the date those name servers were initially listed/used or changed.

D) Any and all HTML code for the website listed in section II as it was hosted and displayed online with Enom.com on or the closest day to each of the following days: 1 November 2016, 1 Jan 2017, 1 March 2017, 1 June 2017, 1 Jan 2018, 1 July 2018, 1 Oct 2018, 1 Jan 2019, 1 May 2019, 1 Dec 2019, 1 May 2020. Simply put, please provide the html code where available for any day close to the specified dates.

**II.**    **Domain in Question**

      1) espn-weekly.com

**III.**   **Further Action Requested**

      Please provide the URL for any domain registered with or ever hosted by Enom.com/Enom LLC associated with the retuned results from the inquiry into the website at II where there is a shared registrant, technical, administrative, and/or billing contact which includes any email addresses or phone numbers cross associated with any other URL registered with or hosted by Name.com/Domain Protection Services, Inc. back to 1 January 2013. Please provide the stored HTML page data for each returned website on 1 Jan 2014, 1 Jan 2015 and 1 Jan 2016 or the closet date to those dates where available. The inquiry is to discover unknown additional websites that made offers to sale the alleged infringing product in question and/or used a similar free trial offer/auto billing sales system.

CURRY-3P-00000006

Please produce, email and/or mail the requested information to the address below as soon as possible or by 10 June 2020.

Thank you for your assistance.

Dated: 16 May 2020

respectfully submitted,

/s/ Charles Curry/
Charles Curry, MBA
Pro Se
PO BOX 962
Lansing, IL 60461
708-837-2309
getdiesel@gmail.com

CURRY-3P-00000007

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the

| | |
|---|---|
| CHARLES CURRY, DBA GET DIESEL NUTRITION | ) |
| *Plaintiff* | ) |
| v. | ) |
| REVOLUTION LABS LLC, REV LABS, JOSHUA | ) |
| NUSSBAUM, BARRY NUSSBAUM | ) |
| *Defendant* | ) |

Civil Action No.

17-CV-002283-MFK-YBK

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Compliance Department Name.com, Inc. 414 14th Street #200 Denver, Colorado 80202
fax: (720) 235 0091 Attn: Compliance Department

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See ATTACHMENT A "FIRST SUBPOENA TO Name.com/Domain Protection Services Inc"

| Place: via email to getdiesel@gmail.com or mail to: Charles Curry/GET DIESEL PO BOX 962, Lansing, IL 60438 | Date and Time: 06/19/2020 4:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: *5/14/2020*

   **THOMAS G. BRUTON**
   *CLERK OF COURT*

   *Anabel Chark*                    OR    _____
   *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Charles Curry, Pro Se Plantiff  requests _____ , who issues or requests this subpoena, are:

Charles Curry, 2835 Paris Road, Olympia Fields, IL 60461; getdiesel@gmail.com; 708-837-2309

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

CURRY-3P-00001023

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### Eastern Division

CHARLES CURRY, DBA GET DIESEL
NUTRITION,

    Plaintiff,

vs.

REVOLUTION LABORATORIES, LLC,
REV LABS MANAGEMENT, INC.
JOSHUA NUSSBAUM AND BARRY
NUSSBAUM

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:  17-CV-002283-MFK-YBK


Judge: Honorable Matthew F. Kennelly
Mag. Judge Kim

## ATTACHMENT (A) OF FIRST SUBPOENA TO
## NAME.COM/DOMAIN PROTECTION SERVICES INC

In accordance with the subpoena policy of the companies Name.com/Domain

Protection Services, Inc., Plaintiff Charles Curry in the aforementioned case submits this

subpoena.

## I.          Background

The domains listed below in section II at one point were registered using, hosted by or

parked at Name.com/Domain Protection Services, Inc. according to historical ICANN/WHOIS

data publically available to the Plaintiff. The owner, registrant, administrative, technical and

billing contact of these domains are or were concealed at the time of registration or after

registration and are germane to this referenced litigation. At one point in time the defendants'

product "DIESEL TEST" is or was offered for sale and sold on these websites. The defendants'

contact information was listed on the "contact us" page for dieseltest.us in January 2017.

See Ex 1.

1

You are being subpoenaed to provide:

A) The contact information of the party who registered the domain(s) listed in section II.

B) The registrant, administrative, technical and billing contact information of the domain(s) at the time of registration listed in section II.

C) Any incremental or subsequent changes to the registrant, administrative, billing and technical contact information of the domain from the day it was registered, parked and or hosted with Name.com/Domain Protection Services, Inc. from the date of inception until 1 May 2020.

D) Any and all HTML code for each website as it was hosted and displayed online with Name.com/Domain Protection Services, Inc. on or the closest day to each of the following days: 1 November 2016, 1 Jan 2017, 1 March 2017, 1 June 2017, 1 Jan 2018, 1 July 2018, 1 Oct 2018, 1 Jan 2019, 1 May 2019, 1 Dec 2019, 1 May 2020. Simply put, please provide the html code where available for any day close to the specified dates.

## II.    Domains in Question

1) dieseltest.org
2) dieseltest.net
3) dieseltest.us
4) dieseltesto.com
5) dieseltestpro.com
6) dieseltestpro.net
7) dieseltt.com
8) dieseltestmuscle.net
9) dieseltestmuscle.com
10) dieseltesto.org
11) dieseltesto.net
12) mrxmuscle.net
13) mrxmuscle.org
14) mrxmuscle.com

## III.   Further Action Requested

Please provide the URL for any domain registered with or ever hosted by

2

Name.com/Domain Protection Services, Inc. associated with the retuned results from the inquiry in II where there is a shared registrant, technical, administrative, and/or billing contact which includes any email addresses or phone numbers cross associated with any other URL registered with or hosted by Name.com/Domain Protection Services, Inc. back to 1 January 2013. Please provide the stored HTML page data for each returned website on 1 Jan 2014, 1 Jan 2015 and 1 Jan 2016 or the closet date to those dates where available. The inquiry is to discover unknown additional websites that may be owned or associated with the defendants that made offers to sale the alleged infringing product in question and/or used a similar free trial offer/auto billing sales system.

Please produce and email or mail the requested information to the address below as soon as possible or by 19 June 2020.

Thank you for your assistance.

Dated: 13 May 2020

respectfully submitted,

/s/ Charles Curry/
Charles Curry, MBA
Pro Se
PO BOX 962
Lansing, IL 60461
708-837-2309
getdiesel@gmail.com

3

CURRY-3P-00001026

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Illinois

| | |
|---|---|
| CHARLES CURRY, DBA GET DIESEL NUTRITION | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| REVOLUTION LABS LLC, REV LABS, JOSHUA NUSSBAUM, BARRY NUSSBAUM | ) **17-CV-002283-MFK-YBK** |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

**To:** WhoisGuard INC, Quijano & Associates, Salduba Building, Third Floor, 53rd East Street, Urbanización Marbella, Panama City, Republic of Panama. support@mail.whoisguard.com

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See ATTACHMENT A "FIRST SUBPOENA TO WhoisGuard INC"

| Place: via email to getdiesel@gmail.com or mail to: Charles Curry/GET DIESEL PO BOX 962, Lansing, IL 60438 | Date and Time: 06/10/2020 8:36 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 5/18/2020

THOMAS G. BRUTON
*CLERK OF COURT*

_____    OR    _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Charles Curry, Pro Se Plantiff  requests _____ , who issues or requests this subpoena, are:

Charles Curry, 2835 Paris Road, Olympia Fields, IL 60461; getdiesel@gmail.com; 708-837-2309

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

CURRY-3P-00001041

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### Eastern Division

CHARLES CURRY, DBA GET DIESEL
NUTRITION,

    Plaintiff,

vs.

REVOLUTION LABORATORIES, LLC,
REV LABS MANAGEMENT, INC.
JOSHUA NUSSBAUM AND BARRY
NUSSBAUM

    Defendants.

Case No.:  17-CV-002283-MFK-YBK

Judge: Honorable Matthew F. Kennelly
Mag. Judge Kim

## ATTACHMENT (A) OF FIRST SUBPOENA TO
## WHOISGUARD, INC

In accordance with the legal/subpoena policy of the company WhoisGuard INC[1],

Plaintiff Charles Curry in the aforementioned case submits this subpoena.

## I.    Background

The domain listed below in section II at one point was registered using, hosted by

and/or parked at Enom.com/Enom LLC according to historical ICANN/WHOIS data publically

available to the Plaintiff. The owner, registrant, administrative, technical and billing contact of

this domain was concealed at the time of registration or after registration using WhoisGuard INC

offered by Enom LLC or as a 3rd party to the registration process and is germane to this

litigation. WhoisGuard INC appears to be the service used to hide the owner's contact

information to include but not limited to the true owner's registrant, administrative, technical,

---

[1] http://www.whoisguard.com/contact-us.asp

CURRY-3P-00001042

and billing information using the address of P.O. BOX 0823-03411, Panama PA, with the email

b8a63a2b29584b0f97f0da8b172978e5.protect@whoisguard.com in 2016.

At one point in time the defendants' product "DIESEL TEST" was advertised, used to profit

from, offered for sale and/or sold on this website specifically at:

http://espn-weekly.com/us-hotline/jon-jones-transformation-
pro2/?voluumdata=BASE64dmlkLi4wMDAwMDAwMy0yNmU0LTQ2MjUtODAwMC0wMDAwMDAwMDAwMDBfX3
ZwaWQuLjUwZjNlMDAwLWE3YzMtMTFlNi04MTc3LTQxNjg5ODU3NDM0M19fY2FpZC4uNzk1OTViOTUtNTM5MS00
YmE5LTliNDAtZDZmNzQ3MzM2YmJiX19ydC4uRFpfX2xpZC4uOTliM0jY4NjUiZDM0MC00YjViLWJiMmQtMDRlYTRlOGI
3ZWE3X19vaWQxLi5kMzkwYTAwNC1lZTgwLTRjNWMtODdlNS1kOTY1ODk2OTkwNTJfX29p7DIuLjlmODMyNiZkLTRm
ZWQtNDI5Yi1iMTFmLTA1ODFiYzM1NmJkZl9fdmFyMS4ue2FnZX1fX3hjblul.ntnZW5kZX19X192YXIzLji57Y291bnRyeX
1fX3ZhcjQuLnthZH1fX3ZhcjUuLnthY2NvdW50fV9fcmQuLnd3d1wuXGZhY2Vib29rXC5cY29tX19haWQuLl9fYWuLl9fc
2lkLi4&age={age}&gender={gender}&country={country}&ad={ad}&account={account}



CURRY-3P-00001043





In our interview, Jon stated "My doctors approved my supplement stack "Diesel Test®", the UFC is just trying to keep me from the title."

CURRY-3P-00001044

In our interview, Jon stated "My doctors approved my supplement stack "Diesel Test", the UFC is just trying to keep me from the title."



There is no doubt that Jon Jones will go down as one of the best fighters that has ever entered the octagon, but the USADA and UFC will continue to investigate into "Diesel Test" and "ADONX" for the extreme results the combination produces although it's all natural. The reason why the organizations are pushing to ban these two supplements are two simple reasons:

CURRY-3P-00001045



See Dkt 1 Exhibits 5 and 16. Determining the owner of the website in question is the first step in finding out who caused this specific content to be published.

CURRY-3P-00001046

You are being subpoenaed to provide:

A) The contact information of the party who registered the domain listed in section II.

B) The registrant, administrative, technical and billing contact information of the domain at the time of registration listed in section II.

C) Any incremental or subsequent changes to the registrant, administrative, billing and technical contact information of the domain from the day it was registered, parked and or hosted from the date of inception until 1 May 2020. Please provide any name servers listed/used for this domain and the date those name servers were initially listed/used or changed.

**II.  Domain in Question**

      1) espn-weekly.com

**III.  Further Action Requested**

Please provide the URL for any domain concealed using WhoisGuard INC associated with the retuned results from the inquiry in II where there is a shared registrant, technical, administrative, and/or billing contact which includes any email addresses or phone numbers cross associated with any other URL concealed using WhoisGuard INC back to 1 January 2013. The inquiry is to discover unknown additional websites that made offers to sale the alleged infringing product in question and/or used a similar free trial offer/auto billing sales system.

Please produce, email and/or mail the requested information to the address below as soon as possible or by 10 June 2020.

Thank you for your assistance.

CURRY-3P-00001047

Dated: 16 May 2020

respectfully submitted,

/s/ Charles Curry/
Charles Curry, MBA
Pro Se
PO BOX 962
Lansing, IL 60461
708-837-2309
getdiesel@gmail.com

CURRY-3P-00001048

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Illinois

| | |
|---|---|
| Charles Curry d/b/a Get Diesel Nutrition | ) |
| *Plaintiff* | ) |
| v. | ) |
| Revolution Laboratories, LLC, Rev Labs Mgmt., Inc., | ) |
| Joshua Nussbaum, and Barry Nussbaum | ) |
| *Defendant* | ) |

Civil Action No. 1:17-cv-02283

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Robert Hurst Anderson

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See ATTACHMENT A TO THE SUBPOENA TO ROBERT HURST ANDERSON

| Place: Via email to nick@oandzlaw.com (or if requested we will provide a physical address for production within 100 miles of your location) | Date and Time: 10/05/2020 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/04/2020

CLERK OF COURT

OR

_____          /s/ Nicholas C. Hailey
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____Plaintiff_____
_____, who issues or requests this subpoena, are:

Nicholas Hailey, O+Z LLP, 4530 Wisconsin Ave, NW, 5th Fl, Washington, DC 20016, nick@oandzlaw.com, 2024802174

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

CURRY-3P-00001051

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:17-cv-02283

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

CURRY-3P-00001053

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES CURRY, d/b/a GET DIESEL NUTRITION, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:17-cv-02283 |
| v. | ) | |
| | ) | Judge Matthew F. Kennelly |
| REVOLUTION LABORATORIES, LLC, | ) | |
| REV LABS MANAGEMENT, INC., | ) | |
| JOSHUA NUSSBAUM, and BARRY | ) | |
| NUSSBAUM, | ) | |
| | ) | |
| Defendants. | ) | |

**ATTACHMENT A TO THE SUBPOENA TO ROBERT HURST ANDERSON**

**DEFINITIONS AND INSTRUCTIONS**

Unless otherwise indicated, the following definitions and instructions apply to the Requests for Production of Documents ("Requests") set forth below and shall be deemed incorporated therein. Notwithstanding any definition below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1.      "YOU" means Robert Hurst Anderson, and all of his past or present agents, attorneys, servants, representatives, and all other PERSONS acting, or purporting to act, on his behalf.

2.      "DEFENDANTS" means Revolution Laboratories, LLC (also known as "Rev Labs"), Joshua Nussbaum, Barry Nussbaum, and all of their past or present predecessors, successors, partners, investors, corporate parents, affiliated companies or corporations, divisions, departments, direct or indirect subsidiaries, officers, directors, employees, principals, agents,

1

attorneys, servants, representatives, and all other persons acting, or purporting to act, on their behalf.

3.    "DEFENDANTS' PRODUCTS" means the following products:

(a)    Rev Labs "Diesel Test" product

(b)    Rev Labs "MRX" product

4.    "FINANCIAL INSTITUTION ACCOUNTS" means any and all accounts with any banks, credit unions, third-party payment processors, credit card companies, merchant acquiring banks, or other financial institutions.

5.    "DOCUMENTS" means all information or tangible things producible under Rule 34, regardless whether in physical or digital form.  "DOCUMENTS" shall further include electronically stored information.

6.    "COMMUNICATION" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any means, written, oral, or otherwise, at any time or place under any circumstances.  The definition includes any written letter, memorandum, electronic communication, or other document that was sent by one or more individuals to another or others; any telephone call between one or more individuals and another or others, whether such call was by chance or prearranged or not, formal or informal; and any conversation or meeting between one or more individuals and another, whether such contact was by chance or prearranged or not, formal or informal.

7.    "RELATING TO" means concerning, referring to, describing, discussing, embodying, evidencing, reflecting, pertaining to, supporting, refuting, with respect to, with regard to, or constituting.

CURRY-3P-00001055

8. "Any" shall be understood to include and encompass "all"; "all" shall be understood to include and encompass "any"; "or" should be understood to include and encompass "and"; and "and" shall be understood to include and encompass "or."

9. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

10. The use of the singular form of any word shall include the plural and vice versa.

11. Electronically stored information should be produced with searchable text in native format or image format. DOCUMENTS in image format may be produced as TIFFs or PDFs (with load files containing associated metadata and companion OCR and/or extracted text files). DOCUMENTS in electronic files that are not easily converted to image format, such as spreadsheets and/or databases, should be produced in native format. DOCUMENTS should be produced via email to nick@oandzlaw.com or, if produced on removable media, sent to Nicholas C. Hailey, Oppenheim + Zebrak, LLP, 4530 Wisconsin Avenue, NW, 5th Floor, Washington, DC 20016 (or if requested we will provide a physical address for production within 100 miles of your location).

12. Unless otherwise stated, the time period for these Requests is January 1, 2016 to the present.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All DOCUMENTS OR COMMUNICATIONS RELATING TO DEFENDANTS or DEFENDANTS' PRODUCTS.

2. All DOCUMENTS RELATING TO advertising, marketing, affiliate advertising, affiliate marketing, performance-based marketing, or website creation or registration performed by YOU RELATING TO DEFENDANTS or DEFENDANTS' PRODUCTS.

CURRY-3P-00001056

3.     All DOCUMENTS RELATING TO the following websites or any other websites with "dieseltest" in the domain name, including, but not limited to, DOCUMENTS RELATING TO the creation, registration, ownership, control, and payments made or received in connection with these websites:

(a)     dieseltest.org

(b)     dieseltest.net

(c)     dieseltestpro.com

(d)     dieseltestpro.net

(e)     dieseltestmuscle.com

(f)     dieseltestmuscle.net

(g)     dieseltesto.org

(h)     dieseltesto.net

4.     All DOCUMENTS sufficient to identify all revenue and sales of DEFENDANTS' PRODUCTS made in connection with websites created, registered, owned, or controlled by YOU or on behalf of DEFENDANTS.

5.     All DOCUMENTS sufficient to identify all payments, debits, deductions, or other compensation or disbursements of funds made to YOU by DEFENDANTS, including:  (a) dates; (b) amounts; (c) means of payment; and (d) FINANCIAL INSTITUTION ACCOUNT.

6.     All DOCUMENTS sufficient to identify all payments, debits, deductions, or other compensation or disbursements of funds made to YOU, by affiliate networks or any other PERSONS, RELATING TO DEFENDANTS' PRODUCTS, including:  (a) dates; (b) amounts; (c) means of payment; and (d) FINANCIAL INSTITUTION ACCOUNT.

CURRY-3P-00001057

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | | |
|---|---|---|
| Charles Curry d/b/a Get Diesel Nutrition | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:17-cv-02283 |
| Revolution Laboratories, LLC, Rev Labs Mgmt., Inc., | ) | |
| Joshua Nussbaum, and Barry Nussbaum | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Top Source Media, LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See ATTACHMENT A TO THE SUBPOENA TO TOP SOURCE MEDIA, LLC

| Place: Via email to nick@oandzlaw.com (or if requested we will provide a physical address for production within 100 miles of your location) | Date and Time:<br><br>10/05/2020 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/04/2020

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Nicholas C. Hailey |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiff
, who issues or requests this subpoena, are:

Nicholas Hailey, O+Z LLP, 4530 Wisconsin Ave, NW, 5th Fl, Washington, DC 20016, nick@oandzlaw.com, 2024802174

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

CURRY-3P-00001058

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:17-cv-02283

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

CURRY-3P-00001059

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

CURRY-3P-00001060

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CHARLES CURRY, d/b/a GET DIESEL
NUTRITION,

        Plaintiff,

        v.

REVOLUTION LABORATORIES, LLC,
REV LABS MANAGEMENT, INC.,
JOSHUA NUSSBAUM, and BARRY
NUSSBAUM,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 1:17-cv-02283

Judge Matthew F. Kennelly

## ATTACHMENT A TO THE SUBPOENA TO TOP SOURCE MEDIA, LLC

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise indicated, the following definitions and instructions apply to the

Requests for Production of Documents ("Requests") set forth below and shall be deemed

incorporated therein. Notwithstanding any definition below, each word, term, or phrase used in

these Requests is intended to have the broadest meaning permitted under the Federal Rules of

Civil Procedure.

    1.    "YOU" means Top Source Media, LLC, and all of its past or present

predecessors, successors, partners, investors, corporate parents, affiliated companies or

corporations, divisions, departments, direct or indirect subsidiaries, officers, directors,

employees, principals, agents, attorneys, servants, representatives, and all other PERSONS

acting, or purporting to act, on its behalf.

    2.    "DEFENDANTS" means Revolution Laboratories, LLC (also known as "Rev

Labs"), Joshua Nussbaum, Barry Nussbaum, and all of their past or present predecessors,

successors, partners, investors, corporate parents, affiliated companies or corporations, divisions,

1

departments, direct or indirect subsidiaries, officers, directors, employees, principals, agents, attorneys, servants, representatives, and all other persons acting, or purporting to act, on their behalf.

3.     "DEFENDANTS' PRODUCTS" means the following products:

(a)     Rev Labs "Diesel Test" product

(b)     Rev Labs "MRX" product

4.     "FINANCIAL INSTITUTION ACCOUNTS" means any and all accounts with any banks, credit unions, third-party payment processors, credit card companies, merchant acquiring banks, or other financial institutions.

5.     "DOCUMENTS" means all information or tangible things producible under Rule 34, regardless whether in physical or digital form.  "DOCUMENTS" shall further include electronically stored information.

6.     "COMMUNICATION" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any means, written, oral, or otherwise, at any time or place under any circumstances.  The definition includes any written letter, memorandum, electronic communication, or other document that was sent by one or more individuals to another or others; any telephone call between one or more individuals and another or others, whether such call was by chance or prearranged or not, formal or informal; and any conversation or meeting between one or more individuals and another, whether such contact was by chance or prearranged or not, formal or informal.

7.     "RELATING TO" means concerning, referring to, describing, discussing, embodying, evidencing, reflecting, pertaining to, supporting, refuting, with respect to, with regard to, or constituting.

2

CURRY-3P-00001062

8.  "Any" shall be understood to include and encompass "all"; "all" shall be understood to include and encompass "any"; "or" should be understood to include and encompass "and"; and "and" shall be understood to include and encompass "or."

9.  The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

10. The use of the singular form of any word shall include the plural and vice versa.

11. Electronically stored information should be produced with searchable text in native format or image format. DOCUMENTS in image format may be produced as TIFFs or PDFs (with load files containing associated metadata and companion OCR and/or extracted text files). DOCUMENTS in electronic files that are not easily converted to image format, such as spreadsheets and/or databases, should be produced in native format. DOCUMENTS should be produced via email to nick@oandzlaw.com or, if produced on removable media, sent to Nicholas C. Hailey, Oppenheim + Zebrak, LLP, 4530 Wisconsin Avenue, NW, 5th Floor, Washington, DC 20016 (or if requested we will provide a physical address for production within 100 miles of your location).

12. Unless otherwise stated, the time period for these Requests is January 1, 2016 to the present.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.  All DOCUMENTS OR COMMUNICATIONS RELATING TO DEFENDANTS or DEFENDANTS' PRODUCTS.

2.  All DOCUMENTS RELATING TO advertising, marketing, affiliate advertising, affiliate marketing, performance-based marketing, or website creation or registration performed by YOU RELATING TO DEFENDANTS or DEFENDANTS' PRODUCTS.

3

3.  All DOCUMENTS RELATING TO the following websites or any other websites with "dieseltest" in the domain name, including, but not limited to, DOCUMENTS RELATING TO the creation, registration, ownership, control, and payments made or received in connection with these websites:

(a)  dieseltest.org

(b)  dieseltest.net

(c)  dieseltestpro.com

(d)  dieseltestpro.net

(e)  dieseltestmuscle.com

(f)  dieseltestmuscle.net

(g)  dieseltesto.org

(h)  dieseltesto.net

4.  All DOCUMENTS sufficient to identify all revenue and sales of DEFENDANTS' PRODUCTS made in connection with websites created, registered, owned, or controlled by YOU or on behalf of DEFENDANTS.

5.  All DOCUMENTS sufficient to identify all payments, debits, deductions, or other compensation or disbursements of funds made to YOU by DEFENDANTS, including: (a) dates; (b) amounts; (c) means of payment; and (d) FINANCIAL INSTITUTION ACCOUNT.

6.  All DOCUMENTS sufficient to identify all payments, debits, deductions, or other compensation or disbursements of funds made to YOU, by affiliate networks or any other PERSONS, RELATING TO DEFENDANTS' PRODUCTS, including: (a) dates; (b) amounts; (c) means of payment; and (d) FINANCIAL INSTITUTION ACCOUNT.

CURRY-3P-00001064

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Illinois

| | |
|---|---|
| Charles Curry d/b/a Get Diesel Nutrition | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   1:17-cv-02283 |
| Revolution Laboratories, LLC, Rev Labs Mgmt., Inc., Joshua Nussbaum, and Barry Nussbaum | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                           Namecheap, Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See ATTACHMENT A TO THE SUBPOENA TO NAMECHEAP, INC.

| Place: Via email to nick@oandzlaw.com (or if requested we will provide a physical address for production within 100 miles of your location) | Date and Time: 09/28/2020 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/11/2020

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /s/ Nicholas C. Hailey |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Plaintiff
, who issues or requests this subpoena, are:

Nicholas Hailey, O+Z LLP, 4530 Wisconsin Ave, NW, 5th Fl, Washington, DC 20016, nick@oandzlaw.com, 2024802174

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

CURRY-3P-00001085

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:17-cv-02283

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

CURRY-3P-00001086

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

   **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

   **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

   **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

   **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

CURRY-3P-00001087

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

CHARLES CURRY, d/b/a GET DIESEL )
NUTRITION, )
                          )
        Plaintiff, )
                          )     Case No. 1:17-cv-02283
    v. )
                          )     Judge Matthew F. Kennelly
REVOLUTION LABORATORIES, LLC, )
REV LABS MANAGEMENT, INC., )
JOSHUA NUSSBAUM, and BARRY )
NUSSBAUM, )
                          )
        Defendants. )

**ATTACHMENT A TO THE SUBPOENA TO NAMECHEAP, INC.**

**DEFINITIONS AND INSTRUCTIONS**

Unless otherwise indicated, the following definitions and instructions apply to the Requests for Production of Documents ("Requests") set forth below and shall be deemed incorporated therein. Notwithstanding any definition below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1.     "YOU" means Namecheap, Inc., and all of its past or present predecessors, successors, partners, investors, corporate parents, affiliated companies or corporations, divisions, departments, direct or indirect subsidiaries, officers, directors, employees, principals, agents, attorneys, servants, representatives, and all other PERSONS acting, or purporting to act, on its behalf.

2.     "DEFENDANTS" means Revolution Laboratories, LLC (also known as "Rev Labs"), Joshua Nussbaum, Barry Nussbaum, and all of their past or present predecessors, successors, partners, investors, corporate parents, affiliated companies or corporations, divisions,

1

departments, direct or indirect subsidiaries, officers, directors, employees, principals, agents, attorneys, servants, representatives, and all other PERSONS acting, or purporting to act, on their behalf.

3.     "DEFENDANTS' PRODUCTS" means the following products:

(a)     Rev Labs "Diesel Test" product

(b)     Rev Labs "MRX" product

4.     "FINANCIAL INSTITUTION ACCOUNTS" means any and all accounts with any banks, credit unions, third-party payment processors, credit card companies, merchant acquiring banks, or other financial institutions.

5.     "DOCUMENTS" means all information or tangible things producible under Rule 34, regardless whether in physical or digital form. "DOCUMENTS" shall further include electronically stored information.

6.     "COMMUNICATION" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any means, written, oral, or otherwise, at any time or place under any circumstances. The definition includes any written letter, memorandum, electronic communication, or other document that was sent by one or more individuals to another or others; any telephone call between one or more individuals and another or others, whether such call was by chance or prearranged or not, formal or informal; and any conversation or meeting between one or more individuals and another, whether such contact was by chance or prearranged or not, formal or informal.

7.     "RELATING TO" means concerning, referring to, describing, discussing, embodying, evidencing, reflecting, pertaining to, supporting, refuting, with respect to, with regard to, or constituting.

CURRY-3P-00001089

8.     "Any" shall be understood to include and encompass "all"; "all" shall be understood to include and encompass "any"; "or" shall be understood to include and encompass "and"; and "and" shall be understood to include and encompass "or."

9.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

10.    The use of the singular form of any word shall include the plural and vice versa.

11.    Electronically stored information should be produced with searchable text in native format or image format.  DOCUMENTS in image format may be produced as TIFFs or PDFs (with load files containing associated metadata and companion OCR and/or extracted text files).  DOCUMENTS in electronic files that are not easily converted to image format, such as spreadsheets and/or databases, should be produced in native format.  DOCUMENTS should be sent via email to Nicholas C. Hailey at nick@oandzlaw.com or, if produced on removable media, sent to Nicholas C. Hailey, Oppenheim + Zebrak, LLP, 4530 Wisconsin Avenue, NW, 5th Floor, Washington, DC 20016.

12.    Unless otherwise stated, the time period for these Requests is January 1, 2016 to the present.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All DOCUMENTS OR COMMUNICATIONS RELATING TO DEFENDANTS or DEFENDANTS' PRODUCTS.

2.     DOCUMENTS sufficient to identify the registrant, administrative, technical, and billing contact information for the following domain names at the time the domain names were first registered, parked, or hosted with YOU, including for each domain name the (a) contact

CURRY-3P-00001090

PERSON(S)'s full name, (b) company, (c) present or last known address, (d) email address, (e) telephone number, and (f) registration date:

    (a)    dieseltest.us

    (b)    realcoloncleansingworks.com

    (c)    realcoloncleansingworks.com/diesel-test/

    (d)    wellnesssaying.com

    (e)    wellnesssaying.com/diesel-test-testosterone-booster/

3.    DOCUMENTS sufficient to identify all other domain names registered, parked, or hosted with YOU by the PERSONS identified in response to Request No. 2, and for each such domain name, the (a) contact PERSON(S)'s full name, (b) company, (c) present or last known address, (d) email address, (e) telephone number, and (f) registration date.

4.    DOCUMENTS sufficient to identify all changes to the registrant, administrative, billing, and technical contact information for the domain names identified in Request No. 2 and in response to Request No. 3, from the date of registration, parking, or hosting with YOU, to the present.

5.    All HTML code for each website identified in Request No. 2 and in response to Request No. 3, as the websites were hosted and displayed online with YOU, on or as close as possible to the following dates: November 1, 2016; January 1, 2017; March 1, 2017; June 1, 2017; January 1, 2018; July 1, 2018; October 1, 2018; January 1, 2019; May 1, 2019; December 1, 2019; and May 1, 2020.

6.    DOCUMENTS sufficient to identify all payments, debits, deductions, or other compensation or disbursements of funds (collectively, "payments") made or received RELATING TO the domain names identified in Request No. 2 and in response to Request No. 3,

CURRY-3P-00001091

including for each payment the (a) PERSON(S) who made or received the payment, (b) date, (c) amount, (d) means of payment, and (e) FINANCIAL INSTITUTION ACCOUNT.

CURRY-3P-00001092

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Illinois

| | | |
|---|---|---|
| Charles Curry d/b/a Get Diesel Nutrition | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:17-cv-02283 |
| Revolution Laboratories, LLC, Rev Labs Mgmt., Inc., Joshua Nussbaum, and Barry Nussbaum | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: HostGator.com LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See ATTACHMENT A TO THE SUBPOENA TO HOSTGATOR.COM LLC

| Place: Via email to nick@oandzlaw.com (or if requested we will provide a physical address for production within 100 miles of your location) | Date and Time: 09/28/2020 9:00 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/11/2020

*CLERK OF COURT*

OR

_____          /s/ Nicholas C. Hailey
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ____Plaintiff____
_____ , who issues or requests this subpoena, are:

Nicholas Hailey, O+Z LLP, 4530 Wisconsin Ave, NW, 5th Fl, Washington, DC 20016, nick@oandzlaw.com, 2024802174

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

CURRY-3P-00001937

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:17-cv-02283

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

CURRY-3P-00001938

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES CURRY, d/b/a GET DIESEL NUTRITION, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:17-cv-02283 |
| v. | ) ) | Judge Matthew F. Kennelly |
| REVOLUTION LABORATORIES, LLC, REV LABS MANAGEMENT, INC., JOSHUA NUSSBAUM, and BARRY NUSSBAUM, | ) ) ) ) ) | |
| Defendants. | ) | |

**ATTACHMENT A TO THE SUBPOENA TO HOSTGATOR.COM LLC**

**DEFINITIONS AND INSTRUCTIONS**

Unless otherwise indicated, the following definitions and instructions apply to the Requests for Production of Documents ("Requests") set forth below and shall be deemed incorporated therein. Notwithstanding any definition below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1.      "YOU" means HostGator.com LLC, and all of its past or present predecessors, successors, partners, investors, corporate parents, affiliated companies or corporations, divisions, departments, direct or indirect subsidiaries, officers, directors, employees, principals, agents, attorneys, servants, representatives, and all other PERSONS acting, or purporting to act, on its behalf.

2.      "DEFENDANTS" means Revolution Laboratories, LLC (also known as "Rev Labs"), Joshua Nussbaum, Barry Nussbaum, and all of their past or present predecessors, successors, partners, investors, corporate parents, affiliated companies or corporations, divisions,

1

CURRY-3P-00001940

departments, direct or indirect subsidiaries, officers, directors, employees, principals, agents, attorneys, servants, representatives, and all other PERSONS acting, or purporting to act, on their behalf.

3. "DEFENDANTS' PRODUCTS" means the following products:

(a) Rev Labs "Diesel Test" product

(b) Rev Labs "MRX" product

4. "FINANCIAL INSTITUTION ACCOUNTS" means any and all accounts with any banks, credit unions, third-party payment processors, credit card companies, merchant acquiring banks, or other financial institutions.

5. "DOCUMENTS" means all information or tangible things producible under Rule 34, regardless whether in physical or digital form. "DOCUMENTS" shall further include electronically stored information.

6. "COMMUNICATION" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any means, written, oral, or otherwise, at any time or place under any circumstances. The definition includes any written letter, memorandum, electronic communication, or other document that was sent by one or more individuals to another or others; any telephone call between one or more individuals and another or others, whether such call was by chance or prearranged or not, formal or informal; and any conversation or meeting between one or more individuals and another, whether such contact was by chance or prearranged or not, formal or informal.

7. "RELATING TO" means concerning, referring to, describing, discussing, embodying, evidencing, reflecting, pertaining to, supporting, refuting, with respect to, with regard to, or constituting.

2

8.　　"Any" shall be understood to include and encompass "all"; "all" shall be understood to include and encompass "any"; "or" shall be understood to include and encompass "and"; and "and" shall be understood to include and encompass "or."

9.　　The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

10.　　The use of the singular form of any word shall include the plural and vice versa.

11.　　Electronically stored information should be produced with searchable text in native format or image format. DOCUMENTS in image format may be produced as TIFFs or PDFs (with load files containing associated metadata and companion OCR and/or extracted text files). DOCUMENTS in electronic files that are not easily converted to image format, such as spreadsheets and/or databases, should be produced in native format. DOCUMENTS should be sent via email to Nicholas C. Hailey at nick@oandzlaw.com or, if produced on removable media, sent to Nicholas C. Hailey, Oppenheim + Zebrak, LLP, 4530 Wisconsin Avenue, NW, 5th Floor, Washington, DC 20016.

12.　　Unless otherwise stated, the time period for these Requests is January 1, 2016 to the present.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.　　All DOCUMENTS OR COMMUNICATIONS RELATING TO DEFENDANTS or DEFENDANTS' PRODUCTS.

2.　　DOCUMENTS sufficient to identify the registrant, administrative, technical, and billing contact information for the following domain names at the time the domain names were first registered, parked, or hosted with YOU, including for each domain name the (a) contact

3

PERSON(S)'s full name, (b) company, (c) present or last known address, (d) email address, (e) telephone number, and (f) registration date:

    (a)    dieseltestt.com

    (b)    metaboostreview.com

    (c)    metaboostreview.com/tag/diesel-test-pro-testosterone-booster/

    (d)    musclevillage.com

    (e)    musclevillage.com/testosterone-booster/diesel-test/

    (f)    ragednareview.org

    (g)    ragednareview.org/diesel-test/

    (h)    ragednareview.org/tag/diesel-test-pro-testosterone-booster/

3.    DOCUMENTS sufficient to identify all other domain names registered, parked, or hosted with YOU by the PERSONS identified in response to Request No. 2, and for each such domain name, the (a) contact PERSON(S)'s full name, (b) company, (c) present or last known address, (d) email address, (e) telephone number, and (f) registration date.

4.    DOCUMENTS sufficient to identify all changes to the registrant, administrative, billing, and technical contact information for the domain names identified in Request No. 2 and in response to Request No. 3, from the date of registration, parking, or hosting with YOU, to the present.

5.    All HTML code for each website identified in Request No. 2 and in response to Request No. 3, as the websites were hosted and displayed online with YOU, on or as close as possible to the following dates: November 1, 2016; January 1, 2017; March 1, 2017; June 1, 2017; January 1, 2018; July 1, 2018; October 1, 2018; January 1, 2019; May 1, 2019; December 1, 2019; and May 1, 2020.

CURRY-3P-00001943

6.     DOCUMENTS sufficient to identify all payments, debits, deductions, or other compensation or disbursements of funds (collectively, "payments") made or received RELATING TO the domain names identified in Request No. 2 and in response to Request No. 3, including for each payment the (a) PERSON(S) who made or received the payment, (b) date, (c) amount, (d) means of payment, and (e) FINANCIAL INSTITUTION ACCOUNT.

5

CURRY-3P-00001944

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Illinois

| | |
|---|---|
| Charles Curry d/b/a Get Diesel Nutrition | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:17-cv-02283 |
| Revolution Laboratories, LLC, Rev Labs Mgmt., Inc., Joshua Nussbaum, and Barry Nussbaum | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                               Bluehost Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See ATTACHMENT A TO THE SUBPOENA TO BLUEHOST INC.

| Place: Via email to nick@oandzlaw.com (or if requested we will provide a physical address for production within 100 miles of your location) | Date and Time: 09/28/2020 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/11/2020

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Nicholas C. Hailey |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    **Plaintiff**
_____, who issues or requests this subpoena, are:

Nicholas Hailey, O+Z LLP, 4530 Wisconsin Ave, NW, 5th Fl, Washington, DC 20016, nick@oandzlaw.com, 2024802174

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

CURRY-3P-00001950

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:17-cv-02283

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $       0.00       .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

CURRY-3P-00001951

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES CURRY, d/b/a GET DIESEL NUTRITION, | ) ) | |
| | ) | |
| Plaintiff, | ) ) | Case No. 1:17-cv-02283 |
| v. | ) ) | Judge Matthew F. Kennelly |
| REVOLUTION LABORATORIES, LLC, REV LABS MANAGEMENT, INC., JOSHUA NUSSBAUM, and BARRY NUSSBAUM, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ATTACHMENT A TO THE SUBPOENA TO BLUEHOST INC.

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise indicated, the following definitions and instructions apply to the

Requests for Production of Documents ("Requests") set forth below and shall be deemed

incorporated therein.  Notwithstanding any definition below, each word, term, or phrase used in

these Requests is intended to have the broadest meaning permitted under the Federal Rules of

Civil Procedure.

1.     "YOU" means Bluehost Inc., and all of its past or present predecessors,

successors, partners, investors, corporate parents, affiliated companies or corporations, divisions,

departments, direct or indirect subsidiaries, officers, directors, employees, principals, agents,

attorneys, servants, representatives, and all other PERSONS acting, or purporting to act, on its

behalf.

2.     "DEFENDANTS" means Revolution Laboratories, LLC (also known as "Rev

Labs"), Joshua Nussbaum, Barry Nussbaum, and all of their past or present predecessors,

successors, partners, investors, corporate parents, affiliated companies or corporations, divisions,

1

departments, direct or indirect subsidiaries, officers, directors, employees, principals, agents, attorneys, servants, representatives, and all other PERSONS acting, or purporting to act, on their behalf.

3.    "DEFENDANTS' PRODUCTS" means the following products:

(a)    Rev Labs "Diesel Test" product

(b)    Rev Labs "MRX" product

4.    "FINANCIAL INSTITUTION ACCOUNTS" means any and all accounts with any banks, credit unions, third-party payment processors, credit card companies, merchant acquiring banks, or other financial institutions.

5.    "DOCUMENTS" means all information or tangible things producible under Rule 34, regardless whether in physical or digital form. "DOCUMENTS" shall further include electronically stored information.

6.    "COMMUNICATION" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any means, written, oral, or otherwise, at any time or place under any circumstances. The definition includes any written letter, memorandum, electronic communication, or other document that was sent by one or more individuals to another or others; any telephone call between one or more individuals and another or others, whether such call was by chance or prearranged or not, formal or informal; and any conversation or meeting between one or more individuals and another, whether such contact was by chance or prearranged or not, formal or informal.

7.    "RELATING TO" means concerning, referring to, describing, discussing, embodying, evidencing, reflecting, pertaining to, supporting, refuting, with respect to, with regard to, or constituting.

2

8.     "Any" shall be understood to include and encompass "all"; "all" shall be understood to include and encompass "any"; "or" shall be understood to include and encompass "and"; and "and" shall be understood to include and encompass "or."

9.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

10.     The use of the singular form of any word shall include the plural and vice versa.

11.     Electronically stored information should be produced with searchable text in native format or image format.  DOCUMENTS in image format may be produced as TIFFs or PDFs (with load files containing associated metadata and companion OCR and/or extracted text files).  DOCUMENTS in electronic files that are not easily converted to image format, such as spreadsheets and/or databases, should be produced in native format.  DOCUMENTS should be sent via email to Nicholas C. Hailey at nick@oandzlaw.com or, if produced on removable media, sent to Nicholas C. Hailey, Oppenheim + Zebrak, LLP, 4530 Wisconsin Avenue, NW, 5th Floor, Washington, DC 20016.

12.     Unless otherwise stated, the time period for these Requests is January 1, 2016 to the present.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All DOCUMENTS OR COMMUNICATIONS RELATING TO DEFENDANTS or DEFENDANTS' PRODUCTS.

2.     DOCUMENTS sufficient to identify the registrant, administrative, technical, and billing contact information for the following domain names at the time the domain names were first registered, parked, or hosted with YOU, including for each domain name the (a) contact

CURRY-3P-00001955

PERSON(S)'s full name, (b) company, (c) present or last known address, (d) email address, (e) telephone number, and (f) registration date:

    (a)     musclebuildingreview.net

    (b)     musclebuildingreview.net/diesel-test/

    (c)     musclebuildingreview.net/diesel-test-pro/

3.     DOCUMENTS sufficient to identify all other domain names registered, parked, or hosted with YOU by the PERSONS identified in response to Request No. 2, and for each such domain name, the (a) contact PERSON(S)'s full name, (b) company, (c) present or last known address, (d) email address, (e) telephone number, and (f) registration date.

4.     DOCUMENTS sufficient to identify all changes to the registrant, administrative, billing, and technical contact information for the domain names identified in Request No. 2 and in response to Request No. 3, from the date of registration, parking, or hosting with YOU, to the present.

5.     All HTML code for each website identified in Request No. 2 and in response to Request No. 3, as the websites were hosted and displayed online with YOU, on or as close as possible to the following dates: November 1, 2016; January 1, 2017; March 1, 2017; June 1, 2017; January 1, 2018; July 1, 2018; October 1, 2018; January 1, 2019; May 1, 2019; December 1, 2019; and May 1, 2020.

6.     DOCUMENTS sufficient to identify all payments, debits, deductions, or other compensation or disbursements of funds (collectively, "payments") made or received RELATING TO the domain names identified in Request No. 2 and in response to Request No. 3, including for each payment the (a) PERSON(S) who made or received the payment, (b) date, (c) amount, (d) means of payment, and (e) FINANCIAL INSTITUTION ACCOUNT.

CURRY-3P-00001956

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| | |
|---|---|
| Charles Curry d/b/a Get Diesel Nutrition | ) |
| *Plaintiff* | ) |
| v. | ) |
| Revolution Laboratories, LLC, Rev Labs Mgmt., Inc., | ) |
| Joshua Nussbaum, and Barry Nussbaum | ) |
| *Defendant* | ) |

Civil Action No. 1:17-cv-02283

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Robert Marcelino Estores

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See ATTACHMENT A TO THE SUBPOENA TO ROBERT MARCELINO ESTORES

| Place: Via email to nick@oandzlaw.com (or if requested we will provide a physical address for production within 100 miles of your location) | Date and Time: 10/05/2020 9:00 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/04/2020

*CLERK OF COURT*

OR

_____          /s/ Nicholas C. Hailey
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff
_____ , who issues or requests this subpoena, are:

Nicholas Hailey, O+Z LLP, 4530 Wisconsin Ave, NW, 5th Fl, Washington, DC 20016, nick@oandzlaw.com, 2024802174

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

CURRY-3P-00002006

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:17-cv-02283

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc.:

CURRY-3P-00002007

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES CURRY, d/b/a GET DIESEL NUTRITION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:17-cv-02283 |
| v. | ) | |
| | ) | Judge Matthew F. Kennelly |
| REVOLUTION LABORATORIES, LLC, REV LABS MANAGEMENT, INC., JOSHUA NUSSBAUM, and BARRY NUSSBAUM, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ATTACHMENT A TO THE SUBPOENA TO ROBERT MARCELINO ESTORES

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise indicated, the following definitions and instructions apply to the Requests for Production of Documents ("Requests") set forth below and shall be deemed incorporated therein. Notwithstanding any definition below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1.      "YOU" means Robert Marcelino Estores, and all of his past or present agents, attorneys, servants, representatives, and all other PERSONS acting, or purporting to act, on his behalf.

2.      "DEFENDANTS" means Revolution Laboratories, LLC (also known as "Rev Labs"), Joshua Nussbaum, Barry Nussbaum, and all of their past or present predecessors, successors, partners, investors, corporate parents, affiliated companies or corporations, divisions, departments, direct or indirect subsidiaries, officers, directors, employees, principals, agents,

1

attorneys, servants, representatives, and all other persons acting, or purporting to act, on their behalf.

3.　　"DEFENDANTS' PRODUCTS" means the following products:

(a)　　Rev Labs "Diesel Test" product

(b)　　Rev Labs "MRX" product

4.　　"FINANCIAL INSTITUTION ACCOUNTS" means any and all accounts with any banks, credit unions, third-party payment processors, credit card companies, merchant acquiring banks, or other financial institutions.

5.　　"DOCUMENTS" means all information or tangible things producible under Rule 34, regardless whether in physical or digital form. "DOCUMENTS" shall further include electronically stored information.

6.　　"COMMUNICATION" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any means, written, oral, or otherwise, at any time or place under any circumstances. The definition includes any written letter, memorandum, electronic communication, or other document that was sent by one or more individuals to another or others; any telephone call between one or more individuals and another or others, whether such call was by chance or prearranged or not, formal or informal; and any conversation or meeting between one or more individuals and another, whether such contact was by chance or prearranged or not, formal or informal.

7.　　"RELATING TO" means concerning, referring to, describing, discussing, embodying, evidencing, reflecting, pertaining to, supporting, refuting, with respect to, with regard to, or constituting.

CURRY-3P-00002010

8. "Any" shall be understood to include and encompass "all"; "all" shall be understood to include and encompass "any"; "or" should be understood to include and encompass "and"; and "and" shall be understood to include and encompass "or."

9. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

10. The use of the singular form of any word shall include the plural and vice versa.

11. Electronically stored information should be produced with searchable text in native format or image format. DOCUMENTS in image format may be produced as TIFFs or PDFs (with load files containing associated metadata and companion OCR and/or extracted text files). DOCUMENTS in electronic files that are not easily converted to image format, such as spreadsheets and/or databases, should be produced in native format. DOCUMENTS should be produced via email to nick@oandzlaw.com or, if produced on removable media, sent to Nicholas C. Hailey, Oppenheim + Zebrak, LLP, 4530 Wisconsin Avenue, NW, 5th Floor, Washington, DC 20016 (or if requested we will provide a physical address for production within 100 miles of your location).

12. Unless otherwise stated, the time period for these Requests is January 1, 2016 to the present.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All DOCUMENTS OR COMMUNICATIONS RELATING TO DEFENDANTS or DEFENDANTS' PRODUCTS.

2. All DOCUMENTS RELATING TO advertising, marketing, affiliate advertising, affiliate marketing, performance-based marketing, or website creation or registration performed

CURRY-3P-00002011

by YOU or Chaotek Media LLC RELATING TO DEFENDANTS or DEFENDANTS'
PRODUCTS.

3.    All DOCUMENTS RELATING TO the following websites or any other websites
with "dieseltest" in the domain name, including, but not limited to, DOCUMENTS RELATING
TO the creation, registration, ownership, control, and payments made or received in connection
with these websites:

    (a)    dieseltesto.com

    (b)    mrxmuscle.com

    (c)    mrxmuscle.net

    (d)    mrxmuscle.org

4.    All DOCUMENTS sufficient to identify all revenue and sales of DEFENDANTS'
PRODUCTS made in connection with websites created, registered, owned, or controlled by
YOU or Chaotek Media LLC or on behalf of DEFENDANTS.

5.    All DOCUMENTS sufficient to identify all payments, debits, deductions, or other
compensation or disbursements of funds made to YOU or Chaotek Media LLC by
DEFENDANTS, including: (a) dates; (b) amounts; (c) means of payment; and (d) FINANCIAL
INSTITUTION ACCOUNT.

6.    All DOCUMENTS sufficient to identify all payments, debits, deductions, or other
compensation or disbursements of funds made to YOU or Chaotek Media LLC, by affiliate
networks or any other PERSONS, RELATING TO DEFENDANTS' PRODUCTS, including:
(a) dates; (b) amounts; (c) means of payment; and (d) FINANCIAL INSTITUTION ACCOUNT.

4

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | |
|---|---|
| Charles Curry d/b/a Get Diesel Nutrition | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:17-cv-02283 |
| Revolution Laboratories, LLC, Rev Labs Mgmt., Inc., Joshua Nussbaum, and Barry Nussbaum | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           Affiliati Network, Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See ATTACHMENT A TO THE SUBPOENA TO AFFILIATI NETWORK, INC.

| Place: Via email to nick@oandzlaw.com (or if requested we will provide a physical address for production within 100 miles of your location) | Date and Time: 11/06/2020 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    10/20/2020

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Nicholas C. Hailey |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiff
                                  , who issues or requests this subpoena, are:

Nicholas Hailey, O+Z LLP, 4530 Wisconsin Ave, NW, 5th Fl, Washington, DC 20016, nick@oandzlaw.com, 2024802174

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

CURRY-3P-00002021

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:17-cv-02283

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                      *Server's signature*

                               _____
                                      *Printed name and title*

                               _____
                                      *Server's address*

Additional information regarding attempted service, etc.:

CURRY-3P-00002022

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

CURRY-3P-00002023

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES CURRY, d/b/a GET DIESEL NUTRITION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:17-cv-02283 |
| v. | ) | |
| | ) | Judge Matthew F. Kennelly |
| REVOLUTION LABORATORIES, LLC, REV LABS MANAGEMENT, INC., JOSHUA NUSSBAUM, and BARRY NUSSBAUM, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ATTACHMENT A TO THE SUBPOENA TO AFFILIATI NETWORK, INC.

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise indicated, the following definitions and instructions apply to the Requests for Production of Documents ("Requests") set forth below and shall be deemed incorporated therein. Notwithstanding any definition below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1.     "YOU" means Affiliati Network, Inc., and all of its past or present agents, attorneys, servants, representatives, and all other PERSONS acting, or purporting to act, on its behalf.

2.     "DEFENDANTS" means Revolution Laboratories, LLC (also known as "Rev Labs"), Joshua Nussbaum, Barry Nussbaum, and all of their past or present predecessors, successors, partners, investors, corporate parents, affiliated companies or corporations, divisions, departments, direct or indirect subsidiaries, officers, directors, employees, principals, agents,

1

CURRY-3P-00002024

attorneys, servants, representatives, and all other persons acting, or purporting to act, on their behalf.

3.  "DEFENDANTS' PRODUCTS" means the following products:

(a)  Revolution Laboratories "Diesel Test" product

(b)  Revolution Laboratories "MRX" product

4.  "WEBSITES" means any websites RELATING TO DEFENDANTS' PRODUCTS or with "dieseltest" in the domain name, including, but not limited to, the following websites:

(a)  boostedtestforyou.com

(b)  dieseltest.net

(c)  dieseltest.org

(d)  dieseltest.us

(e)  dieseltestbooster-red.com

(f)  dieseltestmuscle.com

(g)  dieseltestmuscle.net

(h)  dieseltesto.com

(i)  dieseltesto.net

(j)  dieseltesto.org

(k)  dieseltestpro.com

(l)  dieseltestpro.net

(m)  dieseltestt.com

(n)  getrevtest.com

(o)  metaboostreview.com/tag/diesel-test-pro-testosterone-booster/

2

(p)     musclebuildingreview.net/diesel-test-pro/

(q)     musclebuildingreview.net/diesel-test/

(r)     musclevillage.com/testosterone-booster/diesel-test/

(s)     ragednareview.org/diesel-test/

(t)     ragednareview.org/tag/diesel-test-pro-testosterone-booster/

(u)     realcoloncleansingworks.com/diesel-test/

(v)     revlabs.com

(w)     testoboosterpro.com

(x)     topwellnesspro.com/diesel-test-pro/

(y)     tryrevtest.com

(z)     wellnesssaying.com/diesel-test-testosterone-booster/

5.      "FINANCIAL INSTITUTION ACCOUNTS" means any and all accounts with any banks, credit unions, third-party payment processors, credit card companies, merchant acquiring banks, or other financial institutions.

6.      "DOCUMENTS" means all information or tangible things producible under Rule 34, regardless whether in physical or digital form. "DOCUMENTS" shall further include electronically stored information.

7.      "COMMUNICATION" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any means, written, oral, or otherwise, at any time or place under any circumstances. The definition includes any written letter, memorandum, electronic communication, or other document that was sent by one or more individuals to another or others; any telephone call between one or more individuals and another or others, whether such call was by chance or prearranged or not, formal or informal; and any conversation or meeting between

3

CURRY-3P-00002026

one or more individuals and another, whether such contact was by chance or prearranged or not, formal or informal.

8. "PERSON" means any natural person or business, legal, or governmental entity or association. Unless otherwise stated, "PERSON" shall also include any individuals and entities which are separately defined in these Definitions. Any reference to a person shall also include that person's successors, assigns, personal representatives, and heirs, by operation of law or otherwise.

9. "RELATING TO" means concerning, referring to, describing, discussing, embodying, evidencing, reflecting, pertaining to, supporting, refuting, with respect to, with regard to, or constituting.

10. "Any" shall be understood to include and encompass "all"; "all" shall be understood to include and encompass "any"; "or" shall be understood to include and encompass "and"; and "and" shall be understood to include and encompass "or."

11. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

12. The use of the singular form of any word shall include the plural and vice versa.

13. Electronically stored information should be produced with searchable text in native format or image format. DOCUMENTS in image format may be produced as TIFFs or PDFs (with load files containing associated metadata and companion OCR and/or extracted text files). DOCUMENTS in electronic files that are not easily converted to image format, such as spreadsheets and/or databases, should be produced in native format. DOCUMENTS should be sent via email to Nicholas C. Hailey at nick@oandzlaw.com or, if produced on removable media,

4

sent to Nicholas C. Hailey, Oppenheim + Zebrak, LLP, 4530 Wisconsin Avenue, NW, 5th Floor, Washington, DC 20016.

14.     Unless otherwise stated, the time period for these Requests is January 1, 2016 to the present.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All DOCUMENTS OR COMMUNICATIONS RELATING TO DEFENDANTS or DEFENDANTS' PRODUCTS.

2.     All DOCUMENTS RELATING TO advertising, marketing, affiliate advertising, affiliate marketing, performance-based marketing, cost-per-action ("CPA") marketing, or website creation or registration performed by YOU RELATING TO DEFENDANTS or DEFENDANTS' PRODUCTS.

3.     All DOCUMENTS RELATING TO the WEBSITES, including, but not limited to, DOCUMENTS RELATING TO the creation, registration, ownership, control, and payments made or received in connection with the WEBSITES.

4.     DOCUMENTS sufficient to identify all revenue and sales of DEFENDANTS' PRODUCTS made in connection with websites created, registered, owned, or controlled by YOU or on behalf of DEFENDANTS.

5.     DOCUMENTS sufficient to identify all payments, debits, deductions, or other compensation or disbursements of funds made to YOU by DEFENDANTS, including: (a) dates; (b) amounts; (c) means of payment; and (d) FINANCIAL INSTITUTION ACCOUNT.

6.     DOCUMENTS sufficient to identify all payments, debits, deductions, or other compensation or disbursements of funds made by YOU to any other PERSONS RELATING TO

5

CURRY-3P-00002028

DEFENDANTS' PRODUCTS or the WEBSITES, including: (a) dates; (b) amounts; (c) means of payment; and (d) FINANCIAL INSTITUTION ACCOUNT.

CURRY-3P-00002029

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Illinois

| | |
|---|---|
| Charles Curry d/b/a Get Diesel Nutrition | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   1:17-cv-02283 |
| Revolution Laboratories, LLC, Rev Labs Mgmt., Inc., Joshua Nussbaum, and Barry Nussbaum | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:            Rightside Group, Ltd.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See ATTACHMENT A TO THE SUBPOENA TO RIGHTSIDE GROUP, LTD.

| Place: Via email to nick@oandzlaw.com (or if requested we will provide a physical address for production within 100 miles of your location) | Date and Time: <br><br> 11/13/2020 5:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     10/27/2020

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | /s/ Nicholas C. Hailey |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiff
_____ , who issues or requests this subpoena, are:

Nicholas Hailey, O+Z LLP, 4530 Wisconsin Ave, NW, 5th Fl, Washington, DC 20016, nick@oandzlaw.com, 2024802174

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

CURRY-3P-00002181

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:17-cv-02283

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                     _____
                                                   *Server's signature*

                                          _____
                                                   *Printed name and title*

                                          _____
                                                   *Server's address*

Additional information regarding attempted service, etc.:

CURRY-3P-00002182

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

CURRY-3P-00002183

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHARLES CURRY, d/b/a GET DIESEL NUTRITION,<br><br>       Plaintiff,<br><br>       v.<br><br>REVOLUTION LABORATORIES, LLC, REV LABS MANAGEMENT, INC., JOSHUA NUSSBAUM, and BARRY NUSSBAUM,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 1:17-cv-02283

Judge Matthew F. Kennelly

## ATTACHMENT A TO THE SUBPOENA TO RIGHTSIDE GROUP, LTD.

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise indicated, the following definitions and instructions apply to the Requests for Production of Documents ("Requests") set forth below and shall be deemed incorporated therein. Notwithstanding any definition below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1.    "RIGHTSIDE" means Rightside Group, Ltd., and all of its past or present predecessors, successors, partners, investors, corporate parents, affiliated companies or corporations, divisions, departments, direct or indirect subsidiaries, officers, directors, employees, principals, agents, attorneys, servants, representatives, and all other PERSONS acting, or purporting to act, on its behalf.

2.    "DEFENDANTS" means Revolution Laboratories, LLC (also known as "Rev Labs"), Joshua Nussbaum, Barry Nussbaum, and all of their past or present predecessors, successors, partners, investors, corporate parents, affiliated companies or corporations, divisions,

1

CURRY-3P-00002184

departments, direct or indirect subsidiaries, officers, directors, employees, principals, agents, attorneys, servants, representatives, and all other PERSONS acting, or purporting to act, on their behalf.

3.    "INFRINGING WEBSITES" means the following websites:

| Website | Dates | Internet Protocol ("IP") Address |
|---------|-------|-----------------------------------|
| dieseltest.org | 2016-09-22 to 2016-09-24 | 69.64.147.242 |

4.    "FINANCIAL INSTITUTION ACCOUNT" means any and all accounts with any banks, credit unions, third-party payment processors, credit card companies, merchant acquiring banks, or other financial institutions.

5.    "DOCUMENTS" means all information or tangible things producible under Rule 34, regardless whether in physical or digital form. "DOCUMENTS" shall further include electronically stored information.

6.    "PERSON" means any natural person or business, legal, or governmental entity or association. Unless otherwise stated, "PERSON" shall also include any individuals and entities which are separately defined in these Definitions. Any reference to a person shall also include that person's successors, assigns, personal representatives, and heirs, by operation of law or otherwise.

7.    "RELATING TO" means concerning, referring to, describing, discussing, embodying, evidencing, reflecting, pertaining to, supporting, refuting, with respect to, with regard to, or constituting.

8.    "Any" shall be understood to include and encompass "all"; "all" shall be understood to include and encompass "any"; "or" shall be understood to include and encompass "and"; and "and" shall be understood to include and encompass "or."

2

9.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

10.     The use of the singular form of any word shall include the plural and vice versa.

11.     Electronically stored information should be produced with searchable text in native format or image format.  DOCUMENTS in image format may be produced as TIFFs or PDFs (with load files containing associated metadata and companion OCR and/or extracted text files).  DOCUMENTS in electronic files that are not easily converted to image format, such as spreadsheets and/or databases, should be produced in native format.  DOCUMENTS should be sent via email to Nicholas C. Hailey at nick@oandzlaw.com or, if produced on removable media, sent to Nicholas C. Hailey, Oppenheim + Zebrak, LLP, 4530 Wisconsin Avenue, NW, 5th Floor, Washington, DC 20016.

12.     Unless otherwise stated, the time period for these Requests is January 1, 2016 to the present.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     DOCUMENTS sufficient to identify the owners, operators, registrants, and/or administrators of each RIGHTSIDE account RELATING TO or associated with the INFRINGING WEBSITES or the DEFENDANTS, including all names, addresses, telephone numbers, email addresses, and Internet Protocol ("IP") addresses RELATING TO or associated with each such RIGHTSIDE account.

2.     All HTML or website code RELATING TO the INFRINGING WEBSITES, including any incremental backups or full backups.

3.     DOCUMENTS sufficient to identify all payments, debits, deductions, or other compensation or disbursements of funds (collectively, "payments") made or received by

3

RIGHTSIDE RELATING TO the RIGHTSIDE accounts responsive to Request 1 above or the INFRINGING WEBSITES, including for each payment the PERSON(S) who made or received the payment, date, amount, means of payment, and FINANCIAL INSTITUTION ACCOUNT.

CURRY-3P-00002187

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
Northern District of Illinois

| | |
|---|---|
| Charles Curry d/b/a Get Diesel Nutrition | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 1:17-cv-02283 |
| Revolution Laboratories, LLC, Rev Labs Mgmt., Inc., | ) |
| Joshua Nussbaum, and Barry Nussbaum | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                        Perform[cb], LLC, formerly known as Clickbooth.com LLC

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See ATTACHMENT A TO THE SUBPOENA TO PERFORM[CB], LLC

| Place: Via email to nick@oandzlaw.com (or if requested we will provide a physical address for production within 100 miles of your location) | Date and Time: 11/13/2020 5:00 pm |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     10/27/2020

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Nicholas C. Hailey |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_     Plaintiff
_____ , who issues or requests this subpoena, are:

Nicholas Hailey, O+Z LLP, 4530 Wisconsin Ave, NW, 5th Fl, Washington, DC 20016, nick@oandzlaw.com, 2024802174

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

CURRY-3P-00002195

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:17-cv-02283

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

CURRY-3P-00002196

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

CURRY-3P-00002197

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES CURRY, d/b/a GET DIESEL NUTRITION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:17-cv-02283 |
| REVOLUTION LABORATORIES, LLC, REV LABS MANAGEMENT, INC., JOSHUA NUSSBAUM, and BARRY NUSSBAUM, | ) ) ) ) ) ) | Judge Matthew F. Kennelly |
| Defendants. | ) | |

<u>**ATTACHMENT A TO THE SUBPOENA TO PERFORM[CB], LLC, F/K/A
CLICKBOOTH.COM LLC**</u>

<u>**DEFINITIONS AND INSTRUCTIONS**</u>

Unless otherwise indicated, the following definitions and instructions apply to the

Requests for Production of Documents ("Requests") set forth below and shall be deemed

incorporated therein. Notwithstanding any definition below, each word, term, or phrase used in

these Requests is intended to have the broadest meaning permitted under the Federal Rules of

Civil Procedure.

1.      "YOU" means Perform[cb], LLC, formerly known as Clickbooth.com LLC, and

all of their past or present predecessors, successors, partners, investors, corporate parents,

affiliated companies or corporations, divisions, departments, direct or indirect subsidiaries,

officers, directors, employees, principals, agents, attorneys, servants, representatives, and all

other PERSONS acting, or purporting to act, on their behalf.

2.      "DEFENDANTS" means Revolution Laboratories, LLC (also known as "Rev

Labs"), Joshua Nussbaum, Barry Nussbaum, and all of their past or present predecessors,

1

successors, partners, investors, corporate parents, affiliated companies or corporations, divisions, departments, direct or indirect subsidiaries, officers, directors, employees, principals, agents, attorneys, servants, representatives, and all other persons acting, or purporting to act, on their behalf.

3. "DEFENDANTS' PRODUCTS" means the following products:

(a) Revolution Laboratories "Diesel Test" product

(b) Revolution Laboratories "MRX" product

4. "WEBSITES" means any websites RELATING TO DEFENDANTS' PRODUCTS or with "dieseltest" in the domain name, including, but not limited to, the following websites:

(a) boostedtestforyou.com

(b) dieseltest.net

(c) dieseltest.org

(d) dieseltest.us

(e) dieseltestbooster-red.com

(f) dieseltestmuscle.com

(g) dieseltestmuscle.net

(h) dieseltesto.com

(i) dieseltesto.net

(j) dieseltesto.org

(k) dieseltestpro.com

(l) dieseltestpro.net

(m) dieseltestt.com

2

(n)     getrevtest.com

(o)     metaboostreview.com/tag/diesel-test-pro-testosterone-booster/

(p)     musclebuildingreview.net/diesel-test-pro/

(q)     musclebuildingreview.net/diesel-test/

(r)     musclevillage.com/testosterone-booster/diesel-test/

(s)     ragednareview.org/diesel-test/

(t)     ragednareview.org/tag/diesel-test-pro-testosterone-booster/

(u)     realcoloncleansingworks.com/diesel-test/

(v)     revlabs.com

(w)     testoboosterpro.com

(x)     topwellnesspro.com/diesel-test-pro/

(y)     tryrevtest.com

(z)     wellnesssaying.com/diesel-test-testosterone-booster/

5.      "FINANCIAL INSTITUTION ACCOUNTS" means any and all accounts with any banks, credit unions, third-party payment processors, credit card companies, merchant acquiring banks, or other financial institutions.

6.      "DOCUMENTS" means all information or tangible things producible under Rule 34, regardless whether in physical or digital form. "DOCUMENTS" shall further include electronically stored information.

7.      "COMMUNICATION" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any means, written, oral, or otherwise, at any time or place under any circumstances. The definition includes any written letter, memorandum, electronic communication, or other document that was sent by one or more individuals to another or others;

3

any telephone call between one or more individuals and another or others, whether such call was by chance or prearranged or not, formal or informal; and any conversation or meeting between one or more individuals and another, whether such contact was by chance or prearranged or not, formal or informal.

8.  "PERSON" means any natural person or business, legal, or governmental entity or association.  Unless otherwise stated, "PERSON" shall also include any individuals and entities which are separately defined in these Definitions.  Any reference to a person shall also include that person's successors, assigns, personal representatives, and heirs, by operation of law or otherwise.

9.  "RELATING TO" means concerning, referring to, describing, discussing, embodying, evidencing, reflecting, pertaining to, supporting, refuting, with respect to, with regard to, or constituting.

10.  "Any" shall be understood to include and encompass "all"; "all" shall be understood to include and encompass "any"; "or" shall be understood to include and encompass "and"; and "and" shall be understood to include and encompass "or."

11.  The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

12.  The use of the singular form of any word shall include the plural and vice versa.

13.  Electronically stored information should be produced with searchable text in native format or image format.  DOCUMENTS in image format may be produced as TIFFs or PDFs (with load files containing associated metadata and companion OCR and/or extracted text files).  DOCUMENTS in electronic files that are not easily converted to image format, such as spreadsheets and/or databases, should be produced in native format.  DOCUMENTS should be

4

sent via email to Nicholas C. Hailey at nick@oandzlaw.com or, if produced on removable media, sent to Nicholas C. Hailey, Oppenheim + Zebrak, LLP, 4530 Wisconsin Avenue, NW, 5th Floor, Washington, DC 20016.

14.     Unless otherwise stated, the time period for these Requests is January 1, 2016 to the present.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All DOCUMENTS OR COMMUNICATIONS RELATING TO DEFENDANTS or DEFENDANTS' PRODUCTS.

2.     All DOCUMENTS RELATING TO advertising, marketing, affiliate advertising, affiliate marketing, performance-based marketing, cost-per-action ("CPA") marketing, or website creation or registration RELATING TO DEFENDANTS or DEFENDANTS' PRODUCTS.

3.     All DOCUMENTS RELATING TO the WEBSITES, including, but not limited to, DOCUMENTS RELATING TO the creation, registration, ownership, control, and payments made or received in connection with the WEBSITES.

4.     DOCUMENTS sufficient to identify all revenue and sales of DEFENDANTS' PRODUCTS made in connection with websites created, registered, owned, or controlled by YOU, your affiliates, or on behalf of DEFENDANTS.

5.     DOCUMENTS sufficient to identify all payments, debits, deductions, or other compensation or disbursements of funds made to YOU by DEFENDANTS, including: (a) dates; (b) amounts; (c) means of payment; and (d) FINANCIAL INSTITUTION ACCOUNT.

6.     DOCUMENTS sufficient to identify all payments, debits, deductions, or other compensation or disbursements of funds made by YOU to any affiliates or other PERSONS

5

CURRY-3P-00002202

RELATING TO DEFENDANTS' PRODUCTS or the WEBSITES, including: (a) dates; (b)

amounts; (c) means of payment; and (d) FINANCIAL INSTITUTION ACCOUNT.

CURRY-3P-00002203

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| | |
|---|---|
| Charles Curry d/b/a  Get Diesel Nutrition | ) |
| *Plaintiff* | ) |
| v. | ) |
| Revolution Laboratories, LLC, Rev Labs Mgmt., Inc., | ) |
| Joshua Nussbaum, and Barry Nussbaum | ) |
| *Defendant* | ) |

Civil Action No.   1:17-cv-02283

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                   HostGator.com LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See ATTACHMENT A TO THE SUBPOENA TO HOSTGATOR.COM LLC

| Place: Via email to nick@oandzlaw.com (or if requested we will provide a physical address for production within 100 miles of your location) | Date and Time:   11/13/2020 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    10/27/2020

*CLERK OF COURT*

OR

_____            /s/ Nicholas C. Hailey
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiff
_____ , who issues or requests this subpoena, are:

Nicholas Hailey, O+Z LLP, 4530 Wisconsin Ave, NW, 5th Fl, Washington, DC 20016, nick@oandzlaw.com, 2024802174

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

CURRY-3P-00002214

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:17-cv-02283

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

CURRY-3P-00002215

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

CURRY-3P-00002216

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CHARLES CURRY, d/b/a GET DIESEL
NUTRITION,

        Plaintiff,

        v.

REVOLUTION LABORATORIES, LLC,
REV LABS MANAGEMENT, INC.,
JOSHUA NUSSBAUM, and BARRY
NUSSBAUM,

        Defendants.

Case No. 1:17-cv-02283

Judge Matthew F. Kennelly

## ATTACHMENT A TO THE SUBPOENA TO HOSTGATOR.COM LLC

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise indicated, the following definitions and instructions apply to the

Requests for Production of Documents ("Requests") set forth below and shall be deemed

incorporated therein. Notwithstanding any definition below, each word, term, or phrase used in

these Requests is intended to have the broadest meaning permitted under the Federal Rules of

Civil Procedure.

1.     "HOSTGATOR" means HostGator.com LLC, and all of its past or present

predecessors, successors, partners, investors, corporate parents, affiliated companies or

corporations, divisions, departments, direct or indirect subsidiaries, officers, directors,

employees, principals, agents, attorneys, servants, representatives, and all other PERSONS

acting, or purporting to act, on its behalf.

2.     "DEFENDANTS" means Revolution Laboratories, LLC (also known as "Rev

Labs"), Joshua Nussbaum, Barry Nussbaum, and all of their past or present predecessors,

successors, partners, investors, corporate parents, affiliated companies or corporations, divisions,

1

departments, direct or indirect subsidiaries, officers, directors, employees, principals, agents, attorneys, servants, representatives, and all other PERSONS acting, or purporting to act, on their behalf.

3.    "INFRINGING WEBSITES" means the following websites:

| Website | Dates | Internet Protocol ("IP") Address |
|---|---|---|
| dieseltest.net | 2016-10-12 to 2020-09-06 | 192.254.236.119 |
| dieseltest.org | 2016-10-12 to 2018-09-23 | 192.254.231.251 |
| dieseltest.us | 2016-11-16 to 2016-11-19 | 192.185.129.5 |

4.    "FINANCIAL INSTITUTION ACCOUNT" means any and all accounts with any banks, credit unions, third-party payment processors, credit card companies, merchant acquiring banks, or other financial institutions.

5.    "DOCUMENTS" means all information or tangible things producible under Rule 34, regardless whether in physical or digital form.  "DOCUMENTS" shall further include electronically stored information.

6.    "PERSON" means any natural person or business, legal, or governmental entity or association.  Unless otherwise stated, "PERSON" shall also include any individuals and entities which are separately defined in these Definitions.  Any reference to a person shall also include that person's successors, assigns, personal representatives, and heirs, by operation of law or otherwise.

7.    "RELATING TO" means concerning, referring to, describing, discussing, embodying, evidencing, reflecting, pertaining to, supporting, refuting, with respect to, with regard to, or constituting.

CURRY-3P-00002218

8.      "Any" shall be understood to include and encompass "all"; "all" shall be understood to include and encompass "any"; "or" shall be understood to include and encompass "and"; and "and" shall be understood to include and encompass "or."

9.      The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

10.     The use of the singular form of any word shall include the plural and vice versa.

11.     Electronically stored information should be produced with searchable text in native format or image format. DOCUMENTS in image format may be produced as TIFFs or PDFs (with load files containing associated metadata and companion OCR and/or extracted text files). DOCUMENTS in electronic files that are not easily converted to image format, such as spreadsheets and/or databases, should be produced in native format. DOCUMENTS should be sent via email to Nicholas C. Hailey at nick@oandzlaw.com or, if produced on removable media, sent to Nicholas C. Hailey, Oppenheim + Zebrak, LLP, 4530 Wisconsin Avenue, NW, 5th Floor, Washington, DC 20016.

12.     Unless otherwise stated, the time period for these Requests is January 1, 2016 to the present.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      DOCUMENTS sufficient to identify the owners, operators, registrants, and/or administrators of each HOSTGATOR account RELATING TO or associated with the INFRINGING WEBSITES or the DEFENDANTS, including all names, addresses, telephone numbers, email addresses, and Internet Protocol ("IP") addresses RELATING TO or associated with each such HOSTGATOR account.

3

2.     All HTML or website code RELATING TO the INFRINGING WEBSITES, including any incremental backups or full backups.

3.     DOCUMENTS sufficient to identify all payments, debits, deductions, or other compensation or disbursements of funds (collectively, "payments") made or received by HOSTGATOR RELATING TO the HOSTGATOR accounts responsive to Request 1 above or the INFRINGING WEBSITES, including for each payment the PERSON(S) who made or received the payment, date, amount, means of payment, and FINANCIAL INSTITUTION ACCOUNT.

4

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Northern District of Illinois

| | |
|---|---|
| Charles Curry d/b/a Get Diesel Nutrition | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No.    1:17-cv-02283 |
| Revolution Laboratories, LLC, Rev Labs Mgmt., Inc., Joshua Nussbaum, and Barry Nussbaum | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Amazon Web Services, Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See ATTACHMENT A TO THE SUBPOENA TO AMAZON WEB SERVICES, INC.

| Place: Via email to nick@oandzlaw.com (or if requested we will provide a physical address for production within 100 miles of your location) | Date and Time: 11/18/2020 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    10/31/2020

*CLERK OF COURT*
                   OR

_____     /s/ Nicholas C. Hailey
    *Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiff
_____ , who issues or requests this subpoena, are:

Nicholas Hailey, O+Z LLP, 4530 Wisconsin Ave, NW, 5th Fl, Washington, DC 20016, nick@oandzlaw.com, 2024802174

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

CURRY-3P-00002286

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:17-cv-02283

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

CURRY-3P-00002287

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person, or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

 (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

CURRY-3P-00002288

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES CURRY, d/b/a GET DIESEL NUTRITION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:17-cv-02283 |
| | ) ) | Judge Matthew F. Kennelly |
| REVOLUTION LABORATORIES, LLC, REV LABS MANAGEMENT, INC., JOSHUA NUSSBAUM, and BARRY NUSSBAUM, | ) ) ) ) ) | |
| Defendants. | ) | |

## ATTACHMENT A TO THE SUBPOENA TO AMAZON WEB SERVICES

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise indicated, the following definitions and instructions apply to the Requests for Production of Documents ("Requests") set forth below and shall be deemed incorporated therein. Notwithstanding any definition below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1. "AWS" means Amazon Web Services, and all of its past or present predecessors, successors, partners, investors, corporate parents, affiliated companies or corporations, divisions, departments, direct or indirect subsidiaries, officers, directors, employees, principals, agents, attorneys, servants, representatives, and all other PERSONS acting, or purporting to act, on its behalf.

2. "DEFENDANTS" means Revolution Laboratories, LLC (also known as "Rev Labs"), Joshua Nussbaum, Barry Nussbaum, and all of their past or present predecessors, successors, partners, investors, corporate parents, affiliated companies or corporations, divisions,

1

departments, direct or indirect subsidiaries, officers, directors, employees, principals, agents, attorneys, servants, representatives, and all other PERSONS acting, or purporting to act, on their behalf.

3. "INFRINGING WEBSITES" means the following websites:

| Website | Dates | Internet Protocol ("IP") Address |
|---|---|---|
| dieseltestpro.com | 2018-12-16 to 2019-05-12 | 23.20.239.12 |
| dieseltesto.com | 2018-12-16 to present | 23.20.239.12 |
| musclevillage.com/testosterone-booster/diesel-test/ | 2019-10-15 to present | 23.20.239.12 |

4. "FINANCIAL INSTITUTION ACCOUNT" means any and all accounts with any banks, credit unions, third-party payment processors, credit card companies, merchant acquiring banks, or other financial institutions.

5. "DOCUMENTS" means all information or tangible things producible under Rule 34, regardless whether in physical or digital form. "DOCUMENTS" shall further include electronically stored information.

6. "PERSON" means any natural person or business, legal, or governmental entity or association. Unless otherwise stated, "PERSON" shall also include any individuals and entities which are separately defined in these Definitions. Any reference to a person shall also include that person's successors, assigns, personal representatives, and heirs, by operation of law or otherwise.

7. "RELATING TO" means concerning, referring to, describing, discussing, embodying, evidencing, reflecting, pertaining to, supporting, refuting, with respect to, with regard to, or constituting.

CURRY-3P-00002290

8.      "Any" shall be understood to include and encompass "all"; "all" shall be understood to include and encompass "any"; "or" shall be understood to include and encompass "and"; and "and" shall be understood to include and encompass "or."

9.      The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

10.      The use of the singular form of any word shall include the plural and vice versa.

11.      Electronically stored information should be produced with searchable text in native format or image format. DOCUMENTS in image format may be produced as TIFFs or PDFs (with load files containing associated metadata and companion OCR and/or extracted text files). DOCUMENTS in electronic files that are not easily converted to image format, such as spreadsheets and/or databases, should be produced in native format. DOCUMENTS should be sent via email to Nicholas C. Hailey at nick@oandzlaw.com or, if produced on removable media, sent to Nicholas C. Hailey, Oppenheim + Zebrak, LLP, 4530 Wisconsin Avenue, NW, 5th Floor, Washington, DC 20016.

12.      Unless otherwise stated, the time period for these Requests is January 1, 2016 to the present.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      DOCUMENTS sufficient to identify the owners, operators, registrants, and/or administrators of each AWS account RELATING TO or associated with the INFRINGING WEBSITES or the DEFENDANTS, including all names, addresses, telephone numbers, email addresses, and Internet Protocol ("IP") addresses RELATING TO or associated with each such AWS account.

CURRY-3P-00002291

2.      All HTML or website code RELATING TO the INFRINGING WEBSITES, including any incremental backups or full backups.

3.      DOCUMENTS sufficient to identify all payments, debits, deductions, or other compensation or disbursements of funds (collectively, "payments") made or received by AWS RELATING TO the AWS accounts responsive to Request 1 above or the INFRINGING WEBSITES, including for each payment the PERSON(S) who made or received the payment, date, amount, means of payment, and FINANCIAL INSTITUTION ACCOUNT.

CURRY-3P-00002292

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Illinois

| | |
|---|---|
| Charles Curry d/b/a Get Diesel Nutrition | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:17-cv-02283 |
| Revolution Laboratories, LLC, Rev Labs Mgmt., Inc., | ) |
| Joshua Nussbaum, and Barry Nussbaum | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          Cloudflare, Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See ATTACHMENT A TO THE SUBPOENA TO CLOUDFLARE INC.

| Place: Via email to nick@oandzlaw.com (or if requested we will provide a physical address for production within 100 miles of your location) | Date and Time: 11/13/2020 5:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      10/27/2020

*CLERK OF COURT*

OR

_____          /s/ Nicholas C. Hailey
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Plaintiff
_____, who issues or requests this subpoena, are:

Nicholas Hailey, O+Z LLP, 4530 Wisconsin Ave, NW, 5th Fl, Washington, DC 20016, nick@oandzlaw.com, 2024802174

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

CURRY-3P-00003119

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:17-cv-02283

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

CURRY-3P-00003120

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　**(i)** is a party or a party's officer; or
　　**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
　**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
　**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
　**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
　　**(i)** fails to allow a reasonable time to comply;
　　**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　**(iv)** subjects a person to undue burden.
　**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
　　**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

　　**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
　**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
　**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　**(i)** expressly make the claim; and
　　**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

CURRY-3P-00003121

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES CURRY, d/b/a GET DIESEL NUTRITION, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:17-cv-02283 |
| v. | ) | |
| | ) | Judge Matthew F. Kennelly |
| REVOLUTION LABORATORIES, LLC, REV LABS MANAGEMENT, INC., JOSHUA NUSSBAUM, and BARRY NUSSBAUM, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ATTACHMENT A TO THE SUBPOENA TO CLOUDFLARE, INC.**

**DEFINITIONS AND INSTRUCTIONS**

Unless otherwise indicated, the following definitions and instructions apply to the Requests for Production of Documents ("Requests") set forth below and shall be deemed incorporated therein. Notwithstanding any definition below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1.      "CLOUDFLARE" means Cloudflare, Inc., and all of its past or present predecessors, successors, partners, investors, corporate parents, affiliated companies or corporations, divisions, departments, direct or indirect subsidiaries, officers, directors, employees, principals, agents, attorneys, servants, representatives, and all other PERSONS acting, or purporting to act, on its behalf.

2.      "DEFENDANTS" means Revolution Laboratories, LLC (also known as "Rev Labs"), Joshua Nussbaum, Barry Nussbaum, and all of their past or present predecessors, successors, partners, investors, corporate parents, affiliated companies or corporations, divisions,

1

departments, direct or indirect subsidiaries, officers, directors, employees, principals, agents,

attorneys, servants, representatives, and all other PERSONS acting, or purporting to act, on their

behalf.

3. "INFRINGING WEBSITES" means the following websites:

| Website | Dates | Internet Protocol ("IP") Address |
|---|---|---|
| dieseltest.us | 2018-01-27 to 2019-02-15 | 104.28.8.253 |
| dieseltestbooster-red.com | 2017-08-03 to 2020-06-26 | 104.18.44.80 |
| metaboostreview.com/tag/diesel-test-pro-testosterone-booster | 2020-04-04 to present | 104.24.100.67 |

4. "FINANCIAL INSTITUTION ACCOUNT" means any and all accounts with any

banks, credit unions, third-party payment processors, credit card companies, merchant acquiring

banks, or other financial institutions.

5. "DOCUMENTS" means all information or tangible things producible under Rule

34, regardless whether in physical or digital form. "DOCUMENTS" shall further include

electronically stored information.

6. "PERSON" means any natural person or business, legal, or governmental entity

or association. Unless otherwise stated, "PERSON" shall also include any individuals and

entities which are separately defined in these Definitions. Any reference to a person shall also

include that person's successors, assigns, personal representatives, and heirs, by operation of law

or otherwise.

CURRY-3P-00003123

7.     "RELATING TO" means concerning, referring to, describing, discussing, embodying, evidencing, reflecting, pertaining to, supporting, refuting, with respect to, with regard to, or constituting.

8.     "Any" shall be understood to include and encompass "all"; "all" shall be understood to include and encompass "any"; "or" shall be understood to include and encompass "and"; and "and" shall be understood to include and encompass "or."

9.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

10.    The use of the singular form of any word shall include the plural and vice versa.

11.    Electronically stored information should be produced with searchable text in native format or image format. DOCUMENTS in image format may be produced as TIFFs or PDFs (with load files containing associated metadata and companion OCR and/or extracted text files). DOCUMENTS in electronic files that are not easily converted to image format, such as spreadsheets and/or databases, should be produced in native format. DOCUMENTS should be sent via email to Nicholas C. Hailey at nick@oandzlaw.com or, if produced on removable media, sent to Nicholas C. Hailey, Oppenheim + Zebrak, LLP, 4530 Wisconsin Avenue, NW, 5th Floor, Washington, DC 20016.

12.    Unless otherwise stated, the time period for these Requests is January 1, 2016 to the present.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     DOCUMENTS sufficient to identify the owners, operators, registrants, and/or administrators of each CLOUDFLARE account RELATING TO or associated with the INFRINGING WEBSITES or the DEFENDANTS, including all names, addresses, telephone

3

CURRY-3P-00003124

numbers, email addresses, and Internet Protocol ("IP") addresses (including the IP address of the origin server) RELATING TO or associated with each such CLOUDFLARE account.

2.    All HTML or website code RELATING TO the INFRINGING WEBSITES, including any incremental backups or full backups.

3.    DOCUMENTS sufficient to identify all payments, debits, deductions, or other compensation or disbursements of funds (collectively, "payments") made or received by CLOUDFLARE RELATING TO the CLOUDFLARE accounts responsive to Request 1 above or the INFRINGING WEBSITES, including for each payment the PERSON(S) who made or received the payment, date, amount, means of payment, and FINANCIAL INSTITUTION ACCOUNT.

CURRY-3P-00003125

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Illinois

| | |
|---|---|
| Charles Curry d/b/a Get Diesel Nutrition | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:17-cv-02283 |
| Revolution Laboratories, LLC, Rev Labs Mgmt., Inc., Joshua Nussbaum, and Barry Nussbaum | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    Mobooka, LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See ATTACHMENT A TO THE SUBPOENA TO MOBOOKA, LLC

| Place: Via email to nick@oandzlaw.com (or if requested we will provide a physical address for production within 100 miles of your location) | Date and Time: 12/03/2020 5:00 pm |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/16/2020

*CLERK OF COURT*

                                                    OR

_____                    /s/ Nicholas C. Hailey
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Plaintiff
_____, who issues or requests this subpoena, are:

Nicholas Hailey, O+Z LLP, 4530 Wisconsin Ave, NW, 5th Fl, Washington, DC 20016, nick@oandzlaw.com, 2024802174

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

CURRY-3P-00003261

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:17-cv-02283

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                        *Server's signature*

                                 _____
                                        *Printed name and title*

                                 _____
                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

CURRY-3P-00003263

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES CURRY, d/b/a GET DIESEL NUTRITION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:17-cv-02283 |
| v. | ) | |
| | ) | Judge Matthew F. Kennelly |
| REVOLUTION LABORATORIES, LLC, REV LABS MANAGEMENT, INC., JOSHUA NUSSBAUM, and BARRY NUSSBAUM, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ATTACHMENT A TO THE SUBPOENA TO MOBOOKA, LLC

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise indicated, the following definitions and instructions apply to the

Requests for Production of Documents ("Requests") set forth below and shall be deemed

incorporated therein.  Notwithstanding any definition below, each word, term, or phrase used in

these Requests is intended to have the broadest meaning permitted under the Federal Rules of

Civil Procedure.

1.      "YOU" means Mobooka, LLC, and all of its past or present predecessors,

successors, partners, investors, corporate parents, affiliated companies or corporations, divisions,

departments, direct or indirect subsidiaries, officers, directors, employees, principals, agents,

attorneys, servants, representatives, and all other PERSONS acting, or purporting to act, on its

behalf.

2.      "DEFENDANTS" means Revolution Laboratories, LLC (also known as "Rev

Labs"), Joshua Nussbaum, Barry Nussbaum, and all of their past or present predecessors,

successors, partners, investors, corporate parents, affiliated companies or corporations, divisions,

1

departments, direct or indirect subsidiaries, officers, directors, employees, principals, agents, attorneys, servants, representatives, and all other persons acting, or purporting to act, on their behalf.

3.      "DEFENDANTS' PRODUCTS" means the following products:

(a)      Revolution Laboratories "Diesel Test" product

(b)      Revolution Laboratories "MRX" product

4.      "WEBSITES" means any websites RELATING TO DEFENDANTS' PRODUCTS or with "dieseltest" in the domain name, including, but not limited to, the following websites:

(a)      boostedtestforyou.com

(b)      dieseltest.net

(c)      dieseltest.org

(d)      dieseltest.us

(e)      dieseltestbooster-red.com

(f)      dieseltestmuscle.com

(g)      dieseltestmuscle.net

(h)      dieseltesto.com

(i)      dieseltesto.net

(j)      dieseltesto.org

(k)      dieseltestpro.com

(l)      dieseltestpro.net

(m)      dieseltestt.com

(n)      getrevtest.com

2

CURRY-3P-00003265

(o)     metaboostreview.com/tag/diesel-test-pro-testosterone-booster/

(p)     musclebuildingreview.net/diesel-test-pro/

(q)     musclebuildingreview.net/diesel-test/

(r)     musclevillage.com/testosterone-booster/diesel-test/

(s)     ragednareview.org/diesel-test/

(t)     ragednareview.org/tag/diesel-test-pro-testosterone-booster/

(u)     realcoloncleansingworks.com/diesel-test/

(v)     revlabs.com

(w)     testoboosterpro.com

(x)     topwellnesspro.com/diesel-test-pro/

(y)     tryrevtest.com

(z)     wellnesssaying.com/diesel-test-testosterone-booster/

5.      "FINANCIAL INSTITUTION ACCOUNTS" means any and all accounts with any banks, credit unions, third-party payment processors, credit card companies, merchant acquiring banks, or other financial institutions.

6.      "DOCUMENTS" means all information or tangible things producible under Rule 34, regardless whether in physical or digital form. "DOCUMENTS" shall further include electronically stored information.

7.      "COMMUNICATION" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any means, written, oral, or otherwise, at any time or place under any circumstances. The definition includes any written letter, memorandum, electronic communication, or other document that was sent by one or more individuals to another or others; any telephone call between one or more individuals and another or others, whether such call was

3

by chance or prearranged or not, formal or informal; and any conversation or meeting between one or more individuals and another, whether such contact was by chance or prearranged or not, formal or informal.

8. "PERSON" means any natural person or business, legal, or governmental entity or association. Unless otherwise stated, "PERSON" shall also include any individuals and entities which are separately defined in these Definitions. Any reference to a person shall also include that person's successors, assigns, personal representatives, and heirs, by operation of law or otherwise.

9. "RELATING TO" means concerning, referring to, describing, discussing, embodying, evidencing, reflecting, pertaining to, supporting, refuting, with respect to, with regard to, or constituting.

10. "Any" shall be understood to include and encompass "all"; "all" shall be understood to include and encompass "any"; "or" shall be understood to include and encompass "and"; and "and" shall be understood to include and encompass "or."

11. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

12. The use of the singular form of any word shall include the plural and vice versa.

13. Electronically stored information should be produced with searchable text in native format or image format. DOCUMENTS in image format may be produced as TIFFs or PDFs (with load files containing associated metadata and companion OCR and/or extracted text files). DOCUMENTS in electronic files that are not easily converted to image format, such as spreadsheets and/or databases, should be produced in native format. DOCUMENTS should be sent via email to Nicholas C. Hailey at nick@oandzlaw.com or, if produced on removable media,

4

CURRY-3P-00003267

sent to Nicholas C. Hailey, Oppenheim + Zebrak, LLP, 4530 Wisconsin Avenue, NW, 5th Floor, Washington, DC 20016.

14.     Unless otherwise stated, the time period for these Requests is January 1, 2016 to the present.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All DOCUMENTS OR COMMUNICATIONS RELATING TO DEFENDANTS or DEFENDANTS' PRODUCTS.

2.     All DOCUMENTS RELATING TO advertising, marketing, affiliate advertising, affiliate marketing, performance-based marketing, cost-per-action ("CPA") marketing, or website creation or registration performed by YOU RELATING TO DEFENDANTS or DEFENDANTS' PRODUCTS.

3.     All DOCUMENTS RELATING TO the WEBSITES, including, but not limited to, DOCUMENTS RELATING TO the creation, registration, ownership, control, and payments made or received in connection with the WEBSITES.

4.     DOCUMENTS sufficient to identify all revenue and sales of DEFENDANTS' PRODUCTS made in connection with websites created, registered, owned, or controlled by YOU, your affiliates, or on behalf of DEFENDANTS.

5.     DOCUMENTS sufficient to identify all payments, debits, deductions, or other compensation or disbursements of funds made to YOU by DEFENDANTS, including:  (a) dates; (b) amounts; (c) means of payment; and (d) FINANCIAL INSTITUTION ACCOUNT.

6.     DOCUMENTS sufficient to identify all payments, debits, deductions, or other compensation or disbursements of funds made by YOU to any affiliates or other PERSONS

CURRY-3P-00003268

RELATING TO DEFENDANTS' PRODUCTS or the WEBSITES, including: (a) dates; (b)

amounts; (c) means of payment; and (d) FINANCIAL INSTITUTION ACCOUNT.

6

CURRY-3P-00003269

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Illinois

| | | |
|---|---|---|
| Charles Curry d/b/a Get Diesel Nutrition | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:17-cv-02283 |
| Revolution Laboratories, LLC, Rev Labs Mgmt., Inc., Joshua Nussbaum, and Barry Nussbaum | ) ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                 Refersion Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See ATTACHMENT A TO THE SUBPOENA TO REFERSION INC.

| Place: Via email to nick@oandzlaw.com (or if requested we will provide a physical address for production within 100 miles of your location) | Date and Time: 01/05/2021 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    12/19/2020

CLERK OF COURT

                                OR

_____      /s/ Nicholas C. Hailey
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiff
_____ , who issues or requests this subpoena, are:

Nicholas Hailey, O+Z LLP, 4530 Wisconsin Ave, NW, 5th Fl, Washington, DC 20016, nick@oandzlaw.com, 2024802174

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

CURRY-3P-00004092

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:17-cv-02283

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

CURRY-3P-00004093

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES CURRY, d/b/a GET DIESEL NUTRITION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:17-cv-02283 |
| REVOLUTION LABORATORIES, LLC, REV LABS MANAGEMENT, INC., JOSHUA NUSSBAUM, and BARRY NUSSBAUM, | ) ) ) ) ) | Judge Matthew F. Kennelly |
| Defendants. | ) | |

## ATTACHMENT A TO THE SUBPOENA TO REFERSION INC.

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise indicated, the following definitions and instructions apply to the

Requests for Production of Documents ("Requests") set forth below and shall be deemed

incorporated therein. Notwithstanding any definition below, each word, term, or phrase used in

these Requests is intended to have the broadest meaning permitted under the Federal Rules of

Civil Procedure.

1.      "YOU" means Refersion Inc., and all of its past or present predecessors,

successors, partners, investors, corporate parents, affiliated companies or corporations, divisions,

departments, direct or indirect subsidiaries, officers, directors, employees, principals, agents,

attorneys, servants, representatives, and all other PERSONS acting, or purporting to act, on its

behalf.

2.      "DEFENDANTS" means Revolution Laboratories, LLC (also known as "Rev

Labs"), Joshua Nussbaum, Barry Nussbaum, and all of their past or present predecessors,

successors, partners, investors, corporate parents, affiliated companies or corporations, divisions,

1

CURRY-3P-00004095

departments, direct or indirect subsidiaries, officers, directors, employees, principals, agents, attorneys, servants, representatives, and all other persons acting, or purporting to act, on their behalf.

3.    "DEFENDANTS' PRODUCTS" means the following products:

(a)    Revolution Laboratories "Diesel Test" product

(b)    Revolution Laboratories "Muscle Rev Xtreme" or "MRX" product

(c)    Revolution Laboratories "Rev Test," "RevTest," or "RT 2.0" product

4.    "WEBSITES" means any websites RELATING TO DEFENDANTS' PRODUCTS or with "dieseltest" in the domain name, including, but not limited to, the following websites:

(a)    boostedtestforyou.com

(b)    dieseltest.net

(c)    dieseltest.org

(d)    dieseltest.us

(e)    dieseltestbooster-red.com

(f)    dieseltestmuscle.com

(g)    dieseltestmuscle.net

(h)    dieseltesto.com

(i)    dieseltesto.net

(j)    dieseltesto.org

(k)    dieseltestpro.com

(l)    dieseltestpro.net

(m)    dieseltestt.com

CURRY-3P-00004096

(n)    getrevtest.com

(o)    metaboostreview.com/tag/diesel-test-pro-testosterone-booster/

(p)    musclebuildingreview.net/diesel-test-pro/

(q)    musclebuildingreview.net/diesel-test/

(r)    musclevillage.com/testosterone-booster/diesel-test/

(s)    ragednareview.org/diesel-test/

(t)    ragednareview.org/tag/diesel-test-pro-testosterone-booster/

(u)    realcoloncleansingworks.com/diesel-test/

(v)    revlabs.com

(w)    testoboosterpro.com

(x)    topwellnesspro.com/diesel-test-pro/

(y)    tryrevtest.com

(z)    wellnesssaying.com/diesel-test-testosterone-booster/

5.    "FINANCIAL INSTITUTION ACCOUNTS" means any and all accounts with any banks, credit unions, third-party payment processors, credit card companies, merchant acquiring banks, or other financial institutions.

6.    "DOCUMENTS" means all information or tangible things producible under Rule 34, regardless whether in physical or digital form. "DOCUMENTS" shall further include electronically stored information.

7.    "COMMUNICATION" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any means, written, oral, or otherwise, at any time or place under any circumstances. The definition includes any written letter, memorandum, electronic communication, or other document that was sent by one or more individuals to another or others;

3

any telephone call between one or more individuals and another or others, whether such call was by chance or prearranged or not, formal or informal; and any conversation or meeting between one or more individuals and another, whether such contact was by chance or prearranged or not, formal or informal.

8. "PERSON" means any natural person or business, legal, or governmental entity or association. Unless otherwise stated, "PERSON" shall also include any individuals and entities which are separately defined in these Definitions. Any reference to a person shall also include that person's successors, assigns, personal representatives, and heirs, by operation of law or otherwise.

9. "RELATING TO" means concerning, referring to, describing, discussing, embodying, evidencing, reflecting, pertaining to, supporting, refuting, with respect to, with regard to, or constituting.

10. "Any" shall be understood to include and encompass "all"; "all" shall be understood to include and encompass "any"; "or" shall be understood to include and encompass "and"; and "and" shall be understood to include and encompass "or."

11. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

12. The use of the singular form of any word shall include the plural and vice versa.

13. Electronically stored information should be produced with searchable text in native format or image format. DOCUMENTS in image format may be produced as TIFFs or PDFs (with load files containing associated metadata and companion OCR and/or extracted text files). DOCUMENTS in electronic files that are not easily converted to image format, such as spreadsheets and/or databases, should be produced in native format. DOCUMENTS should be

CURRY-3P-00004098

sent via email to Nicholas C. Hailey at nick@oandzlaw.com or, if produced on removable media, sent to Nicholas C. Hailey, Oppenheim + Zebrak, LLP, 4530 Wisconsin Avenue, NW, 5th Floor, Washington, DC 20016.

14.     Unless otherwise stated, the time period for these Requests is January 1, 2016 to the present.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All DOCUMENTS OR COMMUNICATIONS RELATING TO DEFENDANTS or DEFENDANTS' PRODUCTS.

2.     All DOCUMENTS RELATING TO advertising, marketing, affiliate advertising, affiliate marketing, performance-based marketing, cost-per-action ("CPA") marketing, or website creation or registration RELATING TO DEFENDANTS or DEFENDANTS' PRODUCTS.

3.     DOCUMENTS sufficient to identify all marketing affiliates, advertising affiliates, or other affiliates RELATING TO DEFENDANTS' PRODUCTS.

4.     All DOCUMENTS RELATING TO the WEBSITES, including, but not limited to, DOCUMENTS RELATING TO the creation, registration, ownership, control, and payments made or received in connection with the WEBSITES.

5.     DOCUMENTS sufficient to identify all payments, debits, deductions, or other compensation or disbursements of funds made to YOU by DEFENDANTS, including:  (a) dates; (b) amounts; (c) means of payment; and (d) FINANCIAL INSTITUTION ACCOUNT.

6.     DOCUMENTS sufficient to identify all payments, debits, deductions, or other compensation or disbursements of funds made to any marketing affiliates, advertising affiliates, other affiliates, or other PERSONS RELATING TO DEFENDANTS' PRODUCTS or the

CURRY-3P-00004099

WEBSITES, including: (a) dates; (b) amounts; (c) means of payment; and (d) FINANCIAL

INSTITUTION ACCOUNT.

CURRY-3P-00004100

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | |
|---|---|
| Charles Curry d/b/a Get Diesel Nutrition | ) |
| *Plaintiff* | ) |
| v. | ) |
| Revolution Laboratories, LLC, Rev Labs Mgmt., Inc., Joshua Nussbaum, and Barry Nussbaum | ) |
| *Defendant* | ) |

Civil Action No. 1:17-cv-02283

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    Shopify Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See ATTACHMENT A TO THE SUBPOENA TO SHOPIFY INC.

| Place: Via email to nick@oandzlaw.com (or if requested we will provide a physical address for production within 100 miles of your location) | Date and Time: 01/26/2021 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/11/2021

CLERK OF COURT

                              OR

_____          /s/ Nicholas C. Hailey
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiff
_____, who issues or requests this subpoena, are:

Nicholas Hailey, O+Z LLP, 4530 Wisconsin Ave, NW, 5th Fl, Washington, DC 20016, nick@oandzlaw.com, 2024802174

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

CURRY-3P-00004242

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:17-cv-02283

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

CURRY-3P-00004243

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

CURRY-3P-00004244

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

CHARLES CURRY, d/b/a GET DIESEL   )
NUTRITION,   )
  )
     Plaintiff,   )
  )    Case No. 1:17-cv-02283
    v.   )
  )    Judge Matthew F. Kennelly
REVOLUTION LABORATORIES, LLC,   )
REV LABS MANAGEMENT, INC.,   )
JOSHUA NUSSBAUM, and BARRY   )
NUSSBAUM,   )
  )
     Defendants.   )

**ATTACHMENT A TO THE SUBPOENA TO SHOPIFY INC.**

**DEFINITIONS AND INSTRUCTIONS**

Unless otherwise indicated, the following definitions and instructions apply to the

Requests for Production of Documents ("Requests") set forth below and shall be deemed

incorporated therein. Notwithstanding any definition below, each word, term, or phrase used in

these Requests is intended to have the broadest meaning permitted under the Federal Rules of

Civil Procedure.

    1.    "SHOPIFY" means Shopify Inc., and all of its past or present predecessors,

successors, partners, investors, corporate parents, affiliated companies or corporations, divisions,

departments, direct or indirect subsidiaries, officers, directors, employees, principals, agents,

attorneys, servants, representatives, and all other PERSONS acting, or purporting to act, on its

behalf.

    2.    "DEFENDANTS" means Revolution Laboratories, LLC (also known as "Rev

Labs"), Joshua Nussbaum, Barry Nussbaum, and all of their past or present predecessors,

successors, partners, investors, corporate parents, affiliated companies or corporations

1

CURRY-3P-00004245

(including, but not limited to, LuxeFit LLC), divisions, departments, direct or indirect

subsidiaries, officers, directors, employees, principals, agents, attorneys, servants,

representatives, and all other PERSONS acting, or purporting to act, on their behalf.

    3.    "DEFENDANTS' PRODUCTS" means the following products:

(a)    Diesel Test (including, but not limited to, SKUs DT681, DT681A, and DTA681)

(b)    Muscle Rev Xtreme and/or MRX (including, but not limited to, SKUs MRX123, MRX126, MRX126A, MRXS667, and SSMRX)

(c)    Rev Test, RevTest, and/or RT 2.0 (including, but not limited to, SKUs RT678 and SSRT)

(d)    BCAA

(e)    Caffeine + L-Theanine

(f)    EndoRev

(g)    EverBurn

(h)    Mind Matrix

(i)    ProRev

(j)    3 in 1

(k)    Any other DEFENDANTS' "Red Series" products

    4.    "WEBSITES" means the following websites:

(a)    boostedtestforyou.com

(b)    dieseltest.net

(c)    dieseltest.org

(d)    dieseltest.us

(e)    dieseltestbooster-red.com

(f)    dieseltestmuscle.com

(g)    dieseltestmuscle.net

CURRY-3P-00004246

(h)    dieseltesto.com

(i)    dieseltesto.net

(j)    dieseltesto.org

(k)    dieseltestpro.com

(l)    dieseltestpro.net

(m)    dieseltestt.com

(n)    getrevtest.com

(o)    metaboostreview.com/tag/diesel-test-pro-testosterone-booster/

(p)    musclebuildingreview.net/diesel-test-pro/

(q)    musclebuildingreview.net/diesel-test/

(r)    musclevillage.com/testosterone-booster/diesel-test/

(s)    ragednareview.org/diesel-test/

(t)    ragednareview.org/tag/diesel-test-pro-testosterone-booster/

(u)    realcoloncleansingworks.com/diesel-test/

(v)    revlabs.com

(w)    testoboosterpro.com

(x)    topwellnesspro.com/diesel-test-pro/

(y)    tryrevtest.com

(z)    wellnesssaying.com/diesel-test-testosterone-booster/

5.    "FINANCIAL INSTITUTION ACCOUNTS" means any and all accounts with any banks, credit unions, third-party payment processors, credit card companies, merchant acquiring banks, or other financial institutions.

CURRY-3P-00004247

6.      "DOCUMENTS" means all information or tangible things producible under Rule 34, regardless whether in physical or digital form. "DOCUMENTS" shall further include electronically stored information.

7.      "PERSON" means any natural person or business, legal, or governmental entity or association. Unless otherwise stated, "PERSON" shall also include any individuals and entities which are separately defined in these Definitions. Any reference to a person shall also include that person's successors, assigns, personal representatives, and heirs, by operation of law or otherwise.

8.      "RELATING TO" means concerning, referring to, describing, discussing, embodying, evidencing, reflecting, pertaining to, supporting, refuting, with respect to, with regard to, or constituting.

9.      "Any" shall be understood to include and encompass "all"; "all" shall be understood to include and encompass "any"; "or" shall be understood to include and encompass "and"; and "and" shall be understood to include and encompass "or."

10.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

11.     The use of the singular form of any word shall include the plural and vice versa.

12.     Electronically stored information should be produced with searchable text in native format or image format. DOCUMENTS in image format may be produced as TIFFs or PDFs (with load files containing associated metadata and companion OCR and/or extracted text files). DOCUMENTS in electronic files that are not easily converted to image format, such as spreadsheets and/or databases, should be produced in native format. DOCUMENTS should be sent via email to Nicholas C. Hailey at nick@oandzlaw.com or, if produced on removable media,

4

sent to Nicholas C. Hailey, Oppenheim + Zebrak, LLP, 4530 Wisconsin Avenue, NW, 5th Floor, Washington, DC 20016.

13.    Unless otherwise stated, the time period for these Requests is January 1, 2016 to the present.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    DOCUMENTS sufficient to identify (or written disclosure of) the owners, operators, and/or administrators of all SHOPIFY accounts associated with any of DEFENDANTS, DEFENDANTS' PRODUCTS, or the WEBSITES, including the following information for each such owner, operator, and/or administrator:  (a) name; (b) address; (c) email address; and (d) Internet Protocol address.

2.    Documents sufficient to identify (or written disclosure of) all sales, transactions, payments, or shipments made RELATING TO or in connection with DEFENDANTS' PRODUCTS or the WEBSITES, including for each sale, transaction, payment, or shipment:  (a) product name(s), including DEFENDANTS' PRODUCTS and any other product(s) of DEFENDANTS sold or shipped at the same time; (b) quantity; (c) purchase price(s); (d) transaction date; (e) to whom sold; and (f) to what address shipped.

3.    DOCUMENTS sufficient to identify (or written disclosure of) all revenue generated by the sales referenced in Request No. 2.

4.    DOCUMENTS sufficient to identify (or written disclosure of) the FINANCIAL INSTITUTION ACCOUNTS (including bank or institution name, account names, account numbers, routing numbers, account addresses, and any other available identifying information) currently or formerly linked to and/or used to receive or send money to or from any of DEFENDANTS or the SHOPIFY accounts identified in response to Request No. 1.

CURRY-3P-00004249

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Illinois

| | |
|---|---|
| Charles Curry d/b/a Get Diesel Nutrition | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:17-cv-02283 |
| Revolution Laboratories, LLC, Rev Labs Mgmt., Inc., Joshua Nussbaum, and Barry Nussbaum | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                   Authorize.net

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See ATTACHMENT A TO THE SUBPOENA TO AUTHORIZE.NET

| Place: Via email to nick@oandzlaw.com (or if requested we will provide a physical address for production within 100 miles of your location) | Date and Time: 01/26/2021 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/11/2021

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Nicholas C. Hailey |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Plaintiff**
_____ , who issues or requests this subpoena, are:

Nicholas Hailey, O+Z LLP, 4530 Wisconsin Ave, NW, 5th Fl, Washington, DC 20016, nick@oandzlaw.com, 2024802174

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

CURRY-3P-00004257

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:17-cv-02283

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

CURRY-3P-00004258

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

CURRY-3P-00004259

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES CURRY, d/b/a GET DIESEL NUTRITION, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:17-cv-02283 |
| v. | ) | |
| | ) | Judge Matthew F. Kennelly |
| REVOLUTION LABORATORIES, LLC, | ) | |
| REV LABS MANAGEMENT, INC., | ) | |
| JOSHUA NUSSBAUM, and BARRY | ) | |
| NUSSBAUM, | ) | |
| | ) | |
| Defendants. | ) | |

## ATTACHMENT A TO THE SUBPOENA TO AUTHORIZE.NET

### DEFINITIONS AND INSTRUCTIONS

Unless otherwise indicated, the following definitions and instructions apply to the

Requests for Production of Documents ("Requests") set forth below and shall be deemed

incorporated therein. Notwithstanding any definition below, each word, term, or phrase used in

these Requests is intended to have the broadest meaning permitted under the Federal Rules of

Civil Procedure.

1. "AUTHORIZE.NET" means Authorize.net, and all of its past or present

predecessors, successors, partners, investors, corporate parents, affiliated companies or

corporations, divisions, departments, direct or indirect subsidiaries, officers, directors,

employees, principals, agents, attorneys, servants, representatives, and all other PERSONS

acting, or purporting to act, on its behalf.

2. "DEFENDANTS" means Revolution Laboratories, LLC (also known as "Rev

Labs"), Joshua Nussbaum, Barry Nussbaum, and all of their past or present predecessors,

successors, partners, investors, corporate parents, affiliated companies or corporations

1

CURRY-3P-00004260

(including, but not limited to, LuxeFit LLC), divisions, departments, direct or indirect subsidiaries, officers, directors, employees, principals, agents, attorneys, servants, representatives, and all other PERSONS acting, or purporting to act, on their behalf.

3.    "DEFENDANTS' PRODUCTS" means the following products:

(a)    Diesel Test

(b)    Muscle Rev Xtreme and/or MRX

(c)    Rev Test, RevTest, and/or RT 2.0

(d)    BCAA

(e)    Caffeine + L-Theanine

(f)    EndoRev

(g)    EverBurn

(h)    Mind Matrix

(i)    ProRev

(j)    3 in 1

(k)    Any other DEFENDANTS' "Red Series" products

4.    "WEBSITES" means the following websites:

(a)    boostedtestforyou.com

(b)    dieseltest.net

(c)    dieseltest.org

(d)    dieseltest.us

(e)    dieseltestbooster-red.com

(f)    dieseltestmuscle.com

(g)    dieseltestmuscle.net

CURRY-3P-00004261

(h)     dieseltesto.com

(i)     dieseltesto.net

(j)     dieseltesto.org

(k)     dieseltestpro.com

(l)     dieseltestpro.net

(m)     dieseltestt.com

(n)     getrevtest.com

(o)     metaboostreview.com/tag/diesel-test-pro-testosterone-booster/

(p)     musclebuildingreview.net/diesel-test-pro/

(q)     musclebuildingreview.net/diesel-test/

(r)     musclevillage.com/testosterone-booster/diesel-test/

(s)     ragednareview.org/diesel-test/

(t)     ragednareview.org/tag/diesel-test-pro-testosterone-booster/

(u)     realcoloncleansingworks.com/diesel-test/

(v)     revlabs.com

(w)     testoboosterpro.com

(x)     topwellnesspro.com/diesel-test-pro/

(y)     tryrevtest.com

(z)     wellnesssaying.com/diesel-test-testosterone-booster/

5.     "FINANCIAL INSTITUTION ACCOUNTS" means any and all accounts with any banks, credit unions, third-party payment processors, credit card companies, merchant acquiring banks, or other financial institutions.

3

CURRY-3P-00004262

6.     "DOCUMENTS" means all information or tangible things producible under Rule 34, regardless whether in physical or digital form. "DOCUMENTS" shall further include electronically stored information.

7.     "PERSON" means any natural person or business, legal, or governmental entity or association. Unless otherwise stated, "PERSON" shall also include any individuals and entities which are separately defined in these Definitions. Any reference to a person shall also include that person's successors, assigns, personal representatives, and heirs, by operation of law or otherwise.

8.     "RELATING TO" means concerning, referring to, describing, discussing, embodying, evidencing, reflecting, pertaining to, supporting, refuting, with respect to, with regard to, or constituting.

9.     "Any" shall be understood to include and encompass "all"; "all" shall be understood to include and encompass "any"; "or" shall be understood to include and encompass "and"; and "and" shall be understood to include and encompass "or."

10.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

11.     The use of the singular form of any word shall include the plural and vice versa.

12.     Electronically stored information should be produced with searchable text in native format or image format. DOCUMENTS in image format may be produced as TIFFs or PDFs (with load files containing associated metadata and companion OCR and/or extracted text files). DOCUMENTS in electronic files that are not easily converted to image format, such as spreadsheets and/or databases, should be produced in native format. DOCUMENTS should be sent via email to Nicholas C. Hailey at nick@oandzlaw.com or, if produced on removable media,

4

sent to Nicholas C. Hailey, Oppenheim + Zebrak, LLP, 4530 Wisconsin Avenue, NW, 5th Floor, Washington, DC 20016.

13. Unless otherwise stated, the time period for these Requests is January 1, 2016 to the present.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. DOCUMENTS sufficient to identify (or written disclosure of) the owners, operators, and/or administrators of all AUTHORIZE.NET accounts associated with any of DEFENDANTS, DEFENDANTS' PRODUCTS, or the WEBSITES, including the following information for each such owner, operator, and/or administrator:

    (a)    Name;

    (b)    Address;

    (c)    Email address; and

    (d)    Internet Protocol address.

2. Documents sufficient to identify (or written disclosure of) all transactions or payments made RELATING TO or in connection with DEFENDANTS, DEFENDANTS' PRODUCTS, or the WEBSITES.

3. Documents sufficient to identify (or written disclosure of) the current account balance of each AUTHORIZE.NET account identified in response to Request No. 1.

4. Any and all account statements relating to the AUTHORIZE.NET accounts identified in response to Request No. 1, from January 1, 2016 to the present.

5. DOCUMENTS sufficient to identify (or written disclosure of) the FINANCIAL INSTITUTION ACCOUNTS (including bank or institution name, account names, account numbers, routing numbers, account addresses, and any other available identifying information)

CURRY-3P-00004264

currently or formerly linked to and/or used to receive or send money to or from any of

DEFENDANTS or the AUTHORIZE.NET accounts identified in response to Request No. 1.

CURRY-3P-00004265