**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES CURRY, d/b/a GET DIESEL NUTRITION, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:17-cv-02283 |
| v. | ) ) | Judge Matthew F. Kennelly |
| REVOLUTION LABORATORIES, LLC, REV LABS MANAGEMENT, INC., JOSHUA NUSSBAUM, and BARRY NUSSBAUM, | ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE**
**PLAINTIFF'S MEMORANDUM AND SUPPORTING EXHIBITS 1 AND 2**
**UNDER SEAL**

Plaintiff hereby moves the Court for leave to file under seal Plaintiff's Memorandum in

Further Support of Plaintiff's Motions for Sanctions and supporting Exhibits 1 and 2, pursuant to

Local Rules 5.8 and 26.2, this Court's Standing Order on Filing Documents Under Seal, and the

Agreed Protective Order, Dkt. 140. In support of this Motion, Plaintiff states as follows:

1.      On June 22, 2022, Plaintiff's counsel notified Defendants' counsel by email that

Plaintiff intended to file deposition transcript excerpts from Barry and Joshua Nussbaum's June

13, 2022 depositions as exhibits to Plaintiff's June 24, 2022 submission to the Court. Plaintiff's

counsel provided the specific deposition transcript excerpts to Defendants' counsel, and

requested that Defendants consent to public filing of the deposition transcript excerpts or state

their position as to why the deposition transcript excerpts (or portions thereof) should be filed

under seal.

2.      By email dated June 24, 2022, Defendants' counsel R. Timothy Novel responded

that the deposition transcript excerpts should be treated as confidential and filed under seal.

3.     For purposes of this filing only, Plaintiff does not object to Defendants' request that the Nussbaum deposition transcript excerpts, attached as Exhibits 1 and 2 to Plaintiff's Memorandum in Further Support of Plaintiff's Motions for Sanctions, be filed under seal. However, Plaintiff takes no position as to the propriety of Defendants' designation of these materials as confidential under the Agreed Protective Order or whether there is good cause to file the exhibits under seal.  Plaintiff does not waive and specifically reserves the right to challenge Defendants' confidentiality designations, redactions, and positions with respect to the confidentiality of these materials.

4.     Plaintiff has electronically filed a public-record version of the Memorandum with redactions and excluding the Exhibits 1 and 2 that Defendants requested to be filed under seal, and Plaintiff has separately provisionally filed under seal a version of the Memorandum without redactions and including Exhibits 1 and 2, in accordance with Local Rules 5.8 and 26.2.

5.     WHEREFORE, Plaintiff respectfully request that this Court enter an order granting Plaintiff leave to file his Memorandum and supporting Exhibits 1 and 2 under seal.

Dated:  June 24, 2022                    Respectfully submitted,


                                         /s/ Nicholas C. Hailey
                                         Matthew J. Oppenheim (443698)
                                         Scott A. Zebrak (452649)
                                         Nicholas C. Hailey (admitted *pro hac vice*)
                                         OPPENHEIM + ZEBRAK, LLP
                                         4530 Wisconsin Avenue, NW, 5th Floor
                                         Washington, DC 20016
                                         Tel: 202-480-2999
                                         matt@oandzlaw.com
                                         scott@oandzlaw.com
                                         nick@oandzlaw.com

                                         *Attorneys for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 24, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notice of such filing to all parties.

<u>*/s/ Nicholas C. Hailey*</u>
Nicholas C. Hailey (admitted *pro hac vice*)