IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES CURRY, d/b/a GET DIESEL NUTRITION | ) | |
| | ) | Case No. 1:17-cv-02283 |
| Plaintiff, | ) | |
| | ) | Honorable Matthew F. Kennelly |
| v. | ) | |
| | ) | Magistrate Judge Kim |
| REVOLUTION LABORATORIES, LLC, REV LABS MANAGEMENT, INC., JOSHUA NUSSBAUM, and BARRY NUSSBAUM | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM RESPECTING
THE FILING OF DOCUMENTS UNDER SEAL**

Defendants have no objection to the Court unsealing the portions of the transcripts filed with the Court (Exhibits 1 and 2 to Dkt. 251).

Pursuant to Docket Entry 253, Defendants provide the following explanation for the filing of documents under seal in the first instance:

Pursuant to the Protective Order entered in this matter (Dkt. 140), the parties agreed that all deposition testimony would initially be treated as Confidential, and that a party would be entitled to have 14 days after the receipt of the transcripts to review the transcript and designate specific information Confidential while the remainder would be de-designated. See Dkt. 140, p. 3, ¶ 4.

Defendants received the transcripts at issue on June 14, 2022. Plaintiffs sent Defendants an email at 10:45pm on Wednesday June 22 demanding that Defendants determine whether portions of the transcripts were Confidential and instructing Defendants that if no response was received by

9:00am Eastern Time on June 24, effectively one business day later, Plaintiff would file the material on the public record.

Defendants responded that Plaintiffs' proposed course was not in keeping with the Protective Order, and that given the very tight timeframe of the request, Defendants' counsel had not been able to consult with their clients and obtain their feedback on the potentially Confidential nature of the relevant portions of the transcripts. Therefore, Defendants requested that Plaintiffs follow the agreed Protective Order and file the material under seal until Defendants had a chance to review it with their clients and determine if any of the transcript contained information that should remain under seal.

For the foregoing reasons, Defendants respectfully submit that the material was properly filed under seal in the first instance.

However, Defendants further recognize that any material filed with the Court may be unsealed at any time, and that the parties agreement to mark material Confidential is not binding or dispositive of whether materials should remain under seal. Dkt. 140, p. 12, ¶ 21.

In the time since, Defendants' counsel has had the opportunity to confer with their clients about this issue. Defendants hereby confirm they have no objection to unsealing the portions of the transcripts filed with the Court (Exhibits 1 and 2 to Dkt. 251).

Dated: June 29, 2022                      Respectfully submitted,

                                             By: */s/ R. Timothy Novel*
                                             Timothy Novel

                                             Matthew De Preter (ARDC# 6291503)
                                             cdepreter@agdglaw.com
                                             Amy M. Gibson (ARDC #6293612)
                                             agibson@agdglaw.com
                                             R. Timothy Novel (ARDC #6297303)
                                             tnovel@agdglaw.com
                                             Aronberg Goldgehn Davis & Garmisa

330 N. Wabash Avenue, Suite 1700
Chicago, IL 60611

Terence Campbell (ARDC# 6228959)
Terence Campbell tcampbell@cotsiriloslaw.com
Cotsirilos, Tighe, Streicker, Poulos & Campbell
33 N. Dearborn, Suite 600
Chicago, IL 60602
(312) 263-0345

3

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system on June 29, 2022 which will send notification of such filing to all counsel of record.

*/s/ R. Timothy Novel*