**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES CURRY, d/b/a GET DIESEL NUTRITION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:17-cv-02283 |
| REVOLUTION LABORATORIES, LLC, REV LABS MANAGEMENT, INC., JOSHUA NUSSBAUM, and BARRY NUSSBAUM, | ) ) ) ) ) | Judge Matthew F. Kennelly |
| Defendants. | ) | |

**DEFENDANTS' RULE 39(a) MOTION TO STRIKE PLAINTIFF'S JURY DEMAND OR FOR ORDER DESIGNATING WHICH CLAIMS WILL BE TRIED TO THE COURT**

Defendants, Revolution Laboratories, LLC, Joshua Nussbaum and Barry Nussbaum, hereby move pursuant to Federal Rule of Civil Procedure 39(a) to strike Plaintiff's jury demand or in the alternative for an order designating which claims will be tried to the Court. In support, Defendants state as follows:

A. **INTRODUCTION**

Plaintiff's Complaint has seven counts. [Dkt. 1]. The Court previously dismissed Count I (Illinois Consumer Fraud and Deceptive Practices Act); Count IV (Trademark Dilution by Tarnishment); and Count VII (Fraudulent Trademark Application). There are four remaining Counts to Plaintiff's Complaint:

**Count II:** Illinois Uniform Deceptive Trade Practices Act

**Count III:** Section 1125 of the Lanham Act

**Count V:** Illinois Common Law Trademark Infringement

**Count VI:** Violation of Anti-Cybersquatting Consumer Protection Act

1

For the reasons stated below, Plaintiff is not entitled to a jury demand on any of his remaining claims/Counts.

**B. <u>APPLICABLE LEGAL STANDARDS</u>**

Federal Rule of Civil Procedure 39(a)(2) provides for striking a jury demand if "the Court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statues of the United States." There is no temporal limitation on when a Rule 39(a)(2) motion may be brought. *Overbeck Corporation v. Overbeck GMBH,* 2007 WL 1029025, *5 (E.D.N.Y. March 30, 2007). Where a plaintiff does not have a Seventh Amendment right to a jury trial, the defendants have the right to insist on a bench trial. *Overbeck, supra,* 2007 WL 1029025, *6.

**C. <u>PLAINTIFF'S LOSS OF GOODWILL CLAIM DOES NOT CREATE A RIGHT TO A JURY TRIAL</u>**

"[I]t is virtually impossible to ascertain the precise economic consequences of intangible harms, such as damage to reputation and loss of goodwill caused by [trademark infringement]." *Ty, Inc. v. Jones Group, Inc.,* 237 F.3d 891, 902 (7th Cir. 2001), quoting *Abbott Labs v. Mead Johnson & Co.,* 971 F.2d 6, 16 (7th Cir. 1992). See also, *Rosati v. Rosati,* 2021 WL 3666432, *12 (N.D.Ill. August 18, 2021) ("To begin, there is no effective way to measure Plaintiff's remedy at law" based on the *Ty, Inc.* standard); *Data Mgmt. Assoc. Int'l v. Enterprise Warehouse Solutions,* 2020 WL 7698368, *4 (N.D.Ill. December 28, 2020) ("[T]his type of 'damage to a trademark holder's goodwill' leaves a trademark owner, like [the plaintiff], with no adequate legal remedy"). The foregoing cases, like most addressing this issue, involve the question of whether the plaintiff is entitled to an injunction due to the virtual impossibility of proving loss of reputation or goodwill damages.

Here, although Plaintiff has included in his jury instructions a damage claim for loss of goodwill, it is impossible for him to establish such damages. Plaintiff testified at deposition that he does not have a single sales record related to the products at issue in this case, including records for the periods prior to, during, or after the alleged period of infringement. [Dkt. 302-3, Exhibit D]. That includes having no records corresponding to the time period *after* Plaintiff filed this lawsuit. *Id*. Plaintiff also admitted in his written discovery responses he does not have records of any losses. [Dkt. 302-3, p. 46 of 60]. Plaintiff has not designated any exhibits that would show his sales, let alone detailed records that would establish what products he sold, when they were sold or where they were sold. [Dkt. 280, Exhibit 2A, pp. 14-35]. Plaintiff's expert does not provide any loss of goodwill opinions, or for that matter any opinion that involves the sale of any products by Plaintiff or any alleged losses suffered by Plaintiff. (See Dkt. 283-1).

Moreover, although Plaintiff brings this lawsuit as a sole proprietorship doing business as "Get Diesel Nutrition," Plaintiff has operated an Illinois Corporation known as "FEFIFO Distributors Inc." ("FEFIFO") since 2014. (See certified copies of Illinois Secretary of State records, attached hereto as Exhibit A). Plaintiff was the incorporator and at all times has been the president of FEFIFO. Since the formation of FEFIFO, "Get Diesel Nutrition" (the name Mr. Curry identified as a d/b/a of him personally [Dkt. 1, p.1]) has been the assumed name of FEFIFO. (*Id.*).

Thus, Plaintiff has no basis for claiming that the he experienced a loss of goodwill that would be compensable by any monetary award. Plaintiff has not provided the evidence from which any losses could be determined. He does not have any expert testimony to support a loss of goodwill damage determination. He does not have any records that would show he, rather than FEFIFO, sold the products at issue. In short, in this case it is not just "virtually impossible"

for Plaintiff to prove damages related to any intangible loss of goodwill, it is an actual
impossibility.

In *Illinois Tamale Co. v. El-Greg, Inc.,* 2019 WL 4395139, *20 (N.D.Ill. September 13,
2019), this Court refused to instruct the jury as to loss of goodwill because the plaintiff had not
presented evidence to support this claim. Here, there is no reason to wait until Plaintiff presents
his evidence to remove the loss of goodwill from the case. Plaintiff has failed to provide
evidence that potentially could be used at trial to quantify such a loss.

### D. PLAINTIFF DOES NOT HAVE THE RIGHT TO A JURY TRIAL ON HIS COUNT II ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT CLAIM

Only injunctive relief is permitted under the IUDTPA. 815 ILCS 510/3; *see also
Greenberg v. United Airlines*, 206 Ill.App.3d 40, 150 Ill.Dec. 904, 563 N.E.2d 1031, 1036–37
(1990) (citation omitted) ("The [UDTPA] does not provide a cause of action for damages, but it
does permit private suits for injunctive relief ....").

### E. PLAINTIFF DOES NOT HAVE THE RIGHT TO A JURY TRIAL ON HIS COUNT III LANHAM ACT TRADEMARK INFRINGEMENT CLAIM

In Plaintiff's proposed jury instructions 14 and 15 he only seeks Defendants' profits and
statutory damages pursuant to this claim. [Dkt. 302, p. 82-87). Similarly, in response to
Defendants' proposed jury instructions 6 and 11, Plaintiff states that he "has made clear he is not
seeking lost sales as damages." [Dkt. 302, p. 43, 71).

Plaintiff seeks the disgorgement of Defendants' profits in this claim. Plaintiff is not
entitled to a jury trial on this claim. *Chicago Mercantile Exchange, Inc. v. Ice Clear US, Inc.,*
No. 18 C 1376, 2020 WL 5370625, at *1 (N.D. Ill. Aug. 10, 2020).

Plaintiff has cited to *Illinois Tamale*, 2019 WL 4395139, at *15 for the proposition that
the question of Defendant's profits could go to the jury. That case does not support Plaintiff on

4

this issue.  There, Plaintiff had evidence of its own lost profits, and the Court instructed the jury that it could award Defendants' profits in addition to those lost profits.[1]  *Id.*  Here, however, Plaintiff has repeatedly confirmed it is not seeking damages for its own lost sales.  Thus, the present case is not analogous to *Illinois Tamale* and is instead just like *Chicago Mercantile Exchange,* 2020 WL 5370625, at *1.

### F.  PLAINTIFF DOES NOT HAVE THE RIGHT TO A JURY TRIAL ON HIS COUNT V ILLINOIS COMMON LAW TRADEMARK INFRINGEMENT CLAIM

A plaintiff should not be allowed to amend his complaint to seek additional relief where doing so would unduly prejudice a defendant.  (See *Harkins v. Riverboat Servs., Inc.*, No. 99 C 123, 2002 WL 32406581, at *5 (N.D. Ill. May 17, 2002), aff'd, 385 F.3d 1099 (7th Cir. 2004) (denying request to amend due to undue prejudice to defendant and citing cases)); *Cullen v. Saddler,* 668 Fed.Appx. 656, 658 (7th Cir. 2016) ("In particular, a substantial increase in the defendant's potential ultimate liability can constitute specific prejudice barring additional relief under Rule 54(c)").  The *Cullen* court denied the plaintiff's request to seek a large punitive damage award after the court had made a liability finding. *Id.* Here, Plaintiff seeks only injunctive relief in his Illinois common law trademark infringement claim asserted in Count V. [Dkt. 1 p.18 and prayer for relief pp.21-23].  On December 22, 2020, Defendants stipulated to liability on this claim.  [Dkt. 156].  There is no right to a jury trial where, as is the case here, the issue is one of entitlement to injunctive relief.  *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 299 F.3d 643, 648 (7th Cir. 2002) ("If the only relief sought is equitable, such as

---

[1] It should also be noted that the even though the Court in *Illinois Tamale* let the combined issue of Plaintiff's lost profits and disgorgement damages go to the jury, it still refused to permit the issue of "goodwill" to go before the jury.   2019 WL 4395139, at *15, *20.

an injunction or specific performance (a type of affirmative injunction), neither the party seeking that relief nor the party opposing it is entitled to a jury trial.")).

Plaintiff seeks to proceed with a claim for compensatory and punitive damages under Count V, incorrectly claiming that Defendants would not be prejudiced if he is allowed to amend this Count to seek such damages. [Dkt. 302-4, pp. 4-6]. The basis for Plaintiff's argument is that he argued his request for personal financial information in discovery was relevant to his punitive damage claim in February 2022, 14 months *after* the parties entered into the Stipulation. [*Id.* p. 5]. As explained below, Plaintiff ignores the key facts and applicable principles of law.

Plaintiff served his requests for the personal financial information of Joshua Nussbaum and Barry Nussbaun on September 3, 2020. [Dkt. 147-1, p.6 fn. 5]. In Plaintiff's Third Motion to Compel, filed on November 23, 2020, he explained the basis for his request for the personal financial information: "Plaintiff seeks punitive damages in connection with his ***Illinois Consumer Fraud Act*** ["ICFA"] claim." [Id. p.6, fn.6]. (Emphasis added). In support of this statement, Plaintiff cited to page 12 of his Complaint, in which he asserted a right to punitive damages in his Count I claim for consumer fraud, and page 21 of the Complaint, where as his sole request for punitive damages in this case he sought "[j]udgment against defendants for plaintiff's actual damages, punitive damages and attorney's fees for violation of the ***Illinois Consumer Fraud and Deceptive Practices Act***." [See, Dkt. 1, p. 12, 21]. (Emphasis added).

Thus, it was a month after Plaintiff confirmed that he was seeking punitive damages only under the ICFA, and not pursuant to his Illinois common law trademark infringement claim, that the parties entered into the stipulation for liability on the Illinois trademark claim. Then, on January 26, 2022, the Court entered summary judgment in favor of Defendants on Plaintiff's Illinois Consumer Fraud Act claim. Less than three weeks later, on February 14, 2022, Plaintiff

filed his first pleading in which, without explanation, he contradicted his earlier statements and for the first time asserted he was seeking punitive damages pursuant to his Illinois common law trademark infringement claim. [Dkt. 197-1, p. 8].

Thus, the relevant facts are undisputed: Count V of Plaintiff's Complaint sought only injunctive relief. Plaintiff sought punitive damages only in the Illinois Consumer Fraud Act Count of his Complaint. In November 2020, Plaintiff confirmed that he was seeking punitive damages in his Illinois Consumer Fraud Act claim, not his Illinois common law trademark infringement claim. In December 2020, Defendants stipulated to liability on Plaintiff's Illinois common law trademark infringement claim. Well after the stipulation was reached, Plaintiff changed his position and sought to unilaterally expand the Stipulation to include compensatory and punitive damage claims.

Plaintiff mischaracterizes the facts by asserting that the Defendants lack of knowledge respecting Plaintiff's new assertion of punitive damages was due to Defendants' "misimpression." [Dkt. 302-4, p. 4]. The facts show Defendants entered into the Stipulation almost immediately after Plaintiff confirmed that he was *not* seeking punitive damages under his Illinois common law trademark infringement claim. Plaintiff now seeks to enforce the Stipulation while greatly expanding Defendants' liability under the Illinois common law trademark infringement count.

Finally, Defendants rely on the principle that at trial a plaintiff cannot seek relief outside of his complaint if to do so would cause undue prejudice to the defendants. Plaintiff does not question this point of law, but instead seeks to distinguish the facts of the case cited by Defendants. [Dkt. 302-4, pp. 5-6]. There is no question, however, that the proper inquiry is whether Defendants would be unduly prejudiced if Plaintiff can seek compensatory and punitive

damages in consideration of the facts of this case. *Cf., Albemarle Paper Co. v. Moody,* 422 U.S. 405, 424 (1975) (acknowledging Fed. R. Civ. P. 54(c) then holding that "a party may not be 'entitled' to relief if its conduct of the cause has improperly and substantially prejudiced the other party"); *Felce v. Fiedler,* 974 F.2d 1484, 1501 (7th Cir. 1992) ("In particular, a substantial increase in the defendant's potential ultimate liability can constitute specific prejudice barring additional relief under Rule 54(c)." (Citation omitted).

Here, the unusual facts certainly establish Defendants would be unduly prejudiced. Defendants stipulated to liability on the common law trademark infringement claim which sought only injunctive relief shortly after Plaintiff acknowledged in a motion that he was not seeking punitive damages pursuant to this claim. 14 months later, and just days after summary judgment was entered in Defendants' favor on Plaintiffs' Illinois Consumer Fraud Act claim, Plaintiff asserted a brand new theory that he was seeking punitive damages under his common law trademark claim. Plaintiff did not call this shift in position to the Court's attention, did not seek to amend his Complaint and did not address why he should be allowed to greatly expand Defendants' potential liability by changing his position to seek compensatory and punitive damages after the Stipulation was executed. Thus, even if the Court concludes Plaintiff has disclosed evidence to support a claim for loss of goodwill (but see Section C, *supra*), Plaintiff should not be allowed to seek such damages in his Illinois common law trademark infringement claim, and he certainly should not be allowed to seek punitive damages.

## G. PLAINTIFF DOES NOT HAVE THE RIGHT TO A JURY TRIAL ON HIS COUNT VI CYBERSQUATTING CLAIM

In this Count, Plaintiff seeks injunctive relief and also states: "In the alternative to actual damages, Plaintiff may elect to receive statutory damages from Defendants as calculated by the

…(ACPA). Plaintiff has expressly elected to seek only statutory damages pursuant to his ACPA claim. (Dkt. 302-2, p. 110]; Plaintiff's Proposed Final Instruction No. 21).

There is no right to a jury trial for a statutory damage claim under the ACPA. Pursuant to 15 U.S.C. §1125(d)(1), a plaintiff is entitled to recover statutory damages "as the court considers just." Thus, it is this Court, not the jury, that determines the just amount of damages where liability is found. Indeed, "no language in the ACPA guarantees Carr a right to a jury trial." *Carr v. Mississippi Lottery Corp.*, No. 2021-CA-01304-SCT, 2022 WL 16846637, at *13 (Miss. Nov. 10, 2022). If the Court disagrees, the jury should only determine whether there is liability for violations of the ACPA.

WHEREFORE, Defendants respectfully request that this Honorable Court strike Plaintiff's jury demand and order that all claims will be tried to the Court, in the alternative that the Court limit the claims that will be tried to a jury, if the Court determines that one or more claim are so triable, and for any further relief which is just.

Dated: December 12, 2022      Respectfully submitted,

**DEFENDANTS REVOLUTION LABORATORIES, LLC, JOSHUA NUSSBAUM AND BARRY NUSSBAUM**

By: */s/Matthew De Preter*
    Gary P. Hollander
    Amy R. Gibson
    Matthew De Preter
    Chidinma O. Ahukanna
    ARONBERG GOLDGEHN DAVIS & GARMISA
    330 N. Wabash Ave. Suite 1700
    Chicago, IL 60611
    (p) 312.828.9600
    (f) 312.828.9635
    ghollander@agdglaw.com
    agibson@agdglaw.com
    mdepreter@agdglaw.com

cahukanna@agdglaw.com

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on December 12, 2022 a true and correct copy of the foregoing was filed through the ECF filing system which will provide notice to counsel of record.


<u>/s/ Matthew De Preter</u>
*Attorney for Defendants*