# Exhibit 002

| | |
|---|---|
| **From:** | Nick Hailey |
| **To:** | M. "Chip" De Preter; Gary P. Hollander; Chidinma O. Ahukanna |
| **Cc:** | Matt Oppenheim; Jeff Kane |
| **Subject:** | Curry v. Revolution |
| **Date:** | Wednesday, January 4, 2023 3:47:12 PM |
| **Attachments:** | image001.png<br>image002.png |

Counsel,

Plaintiff cannot accept Defendants' Rule 68 offer dated December 19, 2022.

However, Plaintiff is certainly open to discussing a stipulation to a permanent injunction in this case. We would be willing to agree to a permanent injunction containing all terms included in the preliminary injunction, subject to Defendants' agreement to the following:

- The permanent injunction would also include language requiring Defendants to file with the Court and serve on Plaintiff a report in writing under oath, 30, 90, and 120 days after entry of the injunction, describing Defendants' compliance with the injunction, pursuant to 15 U.S.C. § 1116.

- Defendants would stipulate to liability for Plaintiff's IUDTPA claim (without stipulating to willfulness or to the availability of costs or attorneys' fees).

- Defendants would agree to withdraw with prejudice their pending opposition to Plaintiff's application to register "Diesel Test" as a trademark with the USPTO, and agree not to oppose such registration in the future.

Please let us know if you are agreeable to this proposal.



Nick Hailey
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
Direct: 202.480.2174 | Main: 202.480.2999
Nick@oandzlaw.com | www.oandzlaw.com
Follow us @OandZLaw

This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.