# Exhibit 007

| | |
|---|---|
| From: | M. "Chip" De Preter |
| To: | Nick Hailey; Matt Oppenheim |
| Cc: | Jeff Kane; R. Timothy Novel; Michele Olson |
| Subject: | RE: Curry v. Rev Labs - QuickBooks Data |
| Date: | Monday, October 10, 2022 5:31:25 PM |
| Attachments: | image002.png |
| | image003.png |
| | image004.png |

Counsel,

Your self-serving recitation of the events of the call contains misstatements and outright falsehoods. As I stated on the call, we confirmed that the Qucikbooks data provided was precisely the underlying data that supported the P&L statements and financial records produced earlier in this case. Your contention that we did not review the Quickbooks data is false. Furthermore, prior to that call, I informed you that we, as attorneys representing clients, would not and could not provide testimony regarding the substance of the information. We are not in a position to trouble shoot why you are allegedly generating the numbers you state below.

Our clients were ordered to produce their Quickbooks data. We produce it. We produced it in excel and pdf, full exports of the entire database. Not only that, we offered the exact database exactly as it is used every day by Defendants for your inspection. The entire purpose of producing the entire database for inspection was to completely avoid any complaint whatsoever that Plaintiffs could possibly have respecting access to all of Defendants' quickbooks information. Given Plaintiff's discovery requests which ask for information to be either via email or "at such other time and place as the parties may agree" is it odd that you now are refusing to review the qucikbooks data in its native environment, exactly has it exists and is maintained. Yet somehow you continue to manufacture pretexts for disputes. Given Plaintiff's perpetual misrepresentations of the facts and interactions in this case, we have no confidence whatsoever that further exchanges would result in any resolution. In fact, Plaintiff's prior continued complaints is responsible in a large part for the determination that the only means of totally, completely, and unequivocally producing all of Defendants underlying quickbooks data in a reliable and verifiable manner was to produce the quickbooks data for inspection as it is stored and exists at Defendants place of business. That way, there can be no mistaking what information is being viewed, how reports are run, what reports are available to be run, how reports are exported, or any other manner of reviewing that financial information. Furthermore, we have reached out to experts at Intuit respecting your request for a .qbm file for only the Diesel Test Product. After attempting to trouble shoot that request from multiple different angles, Intuit informed us that it is not possible to create such an export file. Once again, the solution is for Plaintiffs to inspect the quickbooks data and run whatever reports it wants using the actual quckbooks version and database utilized and maintained by Defendants in their regular course of business.

The Federal Rules of Civil Procedure provide for discovery to be produced by allowing for inspection and copying. In this instance, given Plaintiff's perpetual accusations that information is not produced according to its demands, the only reasonable option for the production of the quickbooks data, the only way to be certain that the information Plaintiffs are reviewing/searching/running

reports on is *identical* in every way to what is in the possession of Defendants—including not only substance, but also format and on the exact same version of the Quickbooks program that is used by Defendants—is to have the quickbooks data made available for inspection as we have done.

Contrary to your view, this issue is not about Defendants' introduction of the P&L. Rather, this issue is about Plaintiff's contention that it has been denied the opportunity to review Defendants' finances. There can be no question that the entirety of Defendants' quickbooks data has been produced and is available to Plaintiffs. It is your choice as to whether you wish to review it or not. The P&L is a business record of Defendants and merely a summary of the quickbooks data. It is apparently Plaintiff's contention that the P&L is somehow inaccurate. To the extent that Plaintiff wishes to test its unfounded theory, it is free to come and inspect the quickbooks on the exact same system that was used to print the P&L at issue. Defendants believe that such an inspection is entirely unnecessary as the inspection will merely reveal that the P&L produced was accurate. But nevertheless Plaintiff is free to review it anyway. We fail to see why it would be Defendant's expense to pay for Plaintiff's expert to do anything. If you believe your expert needs to do additional work in response to your demands, that is your responsibility. Indeed, it is well established that requesting party should bear the costs of pretrial discovery production. *See, e.g., In Re Korean Air Lines Disaster of Sept. 1, 1983,* 103 F.R.D. 357, 357 (D.D.C.1984) ("The usual rule is that each party must finance his own suit. In keeping with this rule, each party pays its own pretrial discovery costs."); *accord Walter v. Fiorenzo,* 840 F.2d 427, 436 (7th Cir.1988) ( "Under the American rule, each party bears its own costs in litigation."). You have requested the production of information. We have produced it in the most effective and efficient way possible to avoid any dispute as to the completeness or substance of the data. If there is further expense involved, each party bears its own costs.

**M. "Chip" De Preter**
cdepreter@agdglaw.com



Aronberg Goldgehn / 330 N. Wabash Ave. / Suite 1700 / Chicago, IL 60611-3586
Phone: (312) 755-3153 / Fax: (312) 222-6364 / www.agdglaw.com
**MY BIO  MY VCARD**

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.