# Exhibit 010

| | |
|---|---|
| **From:** | M. "Chip" De Preter |
| **Sent:** | Thursday, February 9, 2023 5:51 PM |
| **To:** | Jeff Kane; Chidinma O. Ahukanna; Amy Rapoport Gibson; Gary P. Hollander |
| **Cc:** | Nick Hailey; Matt Oppenheim |
| **Subject:** | RE: Curry v. Revolution - QuickBooks Database |

Jeff,

Following up on our phone call, as noted, the Court ordered the parties should meet and confer in good faith. An email giving two times for an unknown person to arrive and copy a database this Friday is not a good faith meet and confer.

As discussed with the Court, we offered for Plaintiff to come and inspect the Revolution Quickbooks and run whatever reports were desired. That would allow for a representative from Revolution to verify the report being run and receive a copy of the report simultaneously. That did not encompass forming a copy of the entire database that Plaintiff could then manipulate and modify. As I explained in my numerous prior emails on this topic, the issue remains maintaining the integrity of the data, and it remains our position that the only reliable means of doing so is for Plaintiff's representative to utilize Revolution's Quickbooks in Revolution's presence exactly how Revolution utilizes it and generate reports in the presence of Revolution. At Revolution, we can be certain that the data being viewed is exactly the data of the company. Should you utilize a different system to review the data, we cannot vouch for its accuracy.

You had asked about the version of Quckbooks being used, and it is my understanding that it is Qucikbooks Advanced.

Additionally, if you continue to opt to follow your proposed path, we require your expert to provide us with a signed copy of the Agreement To Be Bound that is attached to the protective order prior to your expert arriving at Revolution.

Because you are proposing to copy the entire database, rather than generating verifiable reports, as I indicated on the phone we will need to hire an expert of our own to verify the work being performed. Your expert will need to make three copies of their work. Each copy will need to be placed into evidence collection bags and sealed with the signatures of both experts. Defendants will retain two copies, one for use in this case and one to maintain as a pristine copy of what the expert did. We have reached out to multiple experts to ensure we have somebody with flexibility that can be present next week. I had hoped to have scheduling information before the end of today, but that is not possible. We anticipate being able to confirm one before the end of this week.

Best Regards,

**M. "Chip" De Preter**
cdepreter@agdglaw.com



Aronberg Goldgehn / 330 N. Wabash Ave. / Suite 1700 / Chicago, IL 60611-3586
Phone: (312) 755-3153 /  Fax: (312) 222-6364 / www.agdglaw.com
**MY BIO  MY VCARD**

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.