Exhibit 011

| | |
|---|---|
| **From:** | Jeff Kane <JKane@oandzlaw.com> |
| **Sent:** | Thursday, February 9, 2023 8:46 PM |
| **To:** | Chidinma O. Ahukanna; Amy Rapoport Gibson; Gary P. Hollander; M. "Chip" De Preter |
| **Cc:** | Nick Hailey; Matt Oppenheim |
| **Subject:** | Re: Curry v. Revolution - QuickBooks Database |

Counsel,

We are amenable to making multiple copies, provided it is technically feasible. Because Revolution is using QuickBooks Online, our understanding is that the copies will be digital. So there will be nothing to physically sign, but Revolution will control its two copies.

Section 5(b)(5) of the Protective Order specifically excludes from the need to sign the exhibit "[t]hose persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents". In order to be cooperative, however, we will have our expert sign the Attachment to the Protective Order once we have settled on a date and time for the copying.

We emphasize again that the Primary Admin on Revolution's QuickBooks account will need to be present during the copying in order to provide the required permissions.

Please let us know as soon as possible about scheduling.

Jeff Kane
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
202.499.2940
jkane@oandzlaw.com | www.oandzlaw.com
    Follow us @OandZLaw