# Exhibit 017

| | |
|---|---|
| **From:** | Jeff Kane <JKane@oandzlaw.com> |
| **Sent:** | Friday, February 17, 2023 8:50 AM |
| **To:** | Chidinma O. Ahukanna; Amy Rapoport Gibson; Gary P. Hollander; M. "Chip" De Preter |
| **Cc:** | Nick Hailey; Matt Oppenheim |
| **Subject:** | Re: Curry v. Revolution - QuickBooks Database |

Counsel,

Parties in litigation regularly exchange documents and data in native format. In fact, they are expected to do so. Documents and data produced in native format are always subject to being edited improperly by the recipient. But doing so would violate discovery rules. And any party who improperly edited documents produced by another party would be subject to a strict cross examination at trial if she attempted to use those edited documents. The same goes for the QuickBooks discovery here.

There is no need to execute a statement along the lines you propose here, for multiple reasons. 1) QuickBooks has an audit log function that will record any changes made to the new databases. So if either side makes alterations to the database, there will be a record of those changes. 2) Revolution will have its original QuickBooks database, as well as its own copy of the database. So Revolution will be able to compare any data Plaintiff offers to what exists in Revolution's databases. The statement you have drafted, therefore, is entirely unnecessary.

What is your legal authority that indicates that the parties must enter into the agreement you've drafted before you provide us the Court-ordered QuickBooks discovery?

We note that Defendants should have provided this discovery long ago. If Defendants had fulfilled their discovery obligations in the first instance, this would not be an issue. Instead, you've required us to go to the Court over this. We do not believe it's proper to set up any further obstacles to this Court-ordered discovery.


Jeff Kane
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
202.499.2940
jkane@oandzlaw.com | www.oandzlaw.com
    Follow us @OandZLaw