Exhibit 018

| | |
|---|---|
| **From:** | M. "Chip" De Preter |
| **Sent:** | Friday, February 17, 2023 9:13 AM |
| **To:** | Jeff Kane; Chidinma O. Ahukanna; Amy Rapoport Gibson; Gary P. Hollander |
| **Cc:** | Nick Hailey; Matt Oppenheim |
| **Subject:** | RE: Curry v. Revolution - QuickBooks Database |

Counsel,

Exchanging a few native spreadsheets is one thing, you have chosen to create an entirely new Quickbooks account and database. The two scenarios are not comparable.

If you insist on having a dynamic database, we insist on executing the statement that confirms the substance of the work being performed and the fact that the database will be dynamic and editable. If your expert believes the statement is inaccurate, have your expert edit it and return it for our review and conference with our expert.

This discovery was produced long ago. Months ago in fact. When we initially produced our Quickbooks we produced exports of all data supporting the P&L for the product at issue in this case along with the entire database for inspection. You chose not to act diligently and perform any inspection. And any suggestion that Plaintiff did not "understand" that it could come and inspect the entirety of the Quickbooks is patently false. In my email of October 10, 2022 I stated "the solution is for Plaintiffs to inspect the quickbooks data and run whatever reports it wants using the actual quickbooks version and database utilized and maintained by Defendants in their regular course of business." Rather than performing that inspection, you, Jeff, decided to insult me personally.

The current situation is a product entirely of your own making. You or your expert had month to come, review the Quickbooks, and create and print any reports your wanted. You failed to do so. Even after the Court ordered you to perform the inspection within one week, you balked. Instead, you requested permission to have some other expert examine the Quickbooks, to which the Court ordered you to negotiate in good faith. Rather than to that, you sent us an email saying your expert was going to come and "copy" the Quickbooks on a Friday. While we worked to accommodate this new proposal, and have diligently found an expert to monitor the work that your expert is doing (which is not simply making a copy of the Qucikbooks but is instead creating an entirely new fake company account to generate an entirely new database) we must continue to protect the integrity of the discovery.

You appear unwilling to follow the Court's order's to negotiate in good faith. We have provided you with two alternative avenues for moving forward. If you insist on creating a new dynamic, editable database, have the experts sign the declaration of the work being performed. Alternatively, surrender the Admin rights so that the newly created database is locked from editing. We are open to other suggestions.


**M. "Chip" De Preter**
cdepreter@agdglaw.com



Aronberg Goldgehn / 330 N. Wabash Ave. / Suite 1700 / Chicago, IL 60611-3586
Phone: (312) 755-3153 / Fax: (312) 222-6364 / www.agdglaw.com
**MY BIO** **MY VCARD**

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

**From:** Jeff Kane <JKane@oandzlaw.com>
**Sent:** Friday, February 17, 2023 8:50 AM
**To:** Chidinma O. Ahukanna <cahukanna@agdglaw.com>; Amy Rapoport Gibson <agibson@agdglaw.com>; Gary P. Hollander <ghollander@agdglaw.com>; M. "Chip" De Preter <cdepreter@agdglaw.com>
**Cc:** Nick Hailey <Nick@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>
**Subject:** Re: Curry v. Revolution - QuickBooks Database

Counsel,

Parties in litigation regularly exchange documents and data in native format. In fact, they are expected to do so. Documents and data produced in native format are always subject to being edited improperly by the recipient. But doing so would violate discovery rules. And any party who improperly edited documents produced by another party would be subject to a strict cross examination at trial if she attempted to use those edited documents. The same goes for the QuickBooks discovery here.

There is no need to execute a statement along the lines you propose here, for multiple reasons. 1) QuickBooks has an audit log function that will record any changes made to the new databases. So if either side makes alterations to the database, there will be a record of those changes. 2) Revolution will have its original QuickBooks database, as well as its own copy of the database. So Revolution will be able to compare any data Plaintiff offers to what exists in Revolution's databases. The statement you have drafted, therefore, is entirely unnecessary.

What is your legal authority that indicates that the parties must enter into the agreement you've drafted before you provide us the Court-ordered QuickBooks discovery?

We note that Defendants should have provided this discovery long ago. If Defendants had fulfilled their discovery obligations in the first instance, this would not be an issue. Instead, you've required us to go to the Court over this. We do not believe it's proper to set up any further obstacles to this Court-ordered discovery.


Jeff Kane
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
202.499.2940
jkane@oandzlaw.com | www.oandzlaw.com
    Follow us @OandZLaw