# Exhibit 020

| | |
|---|---|
| **From:** | Jeff Kane <JKane@oandzlaw.com> |
| **Sent:** | Friday, February 17, 2023 12:18 PM |
| **To:** | Chidinma O. Ahukanna; Amy Rapoport Gibson; Gary P. Hollander; M. "Chip" De Preter |
| **Cc:** | Nick Hailey; Matt Oppenheim |
| **Subject:** | Re: Curry v. Revolution - QuickBooks Database |

Counsel,

As we've explained, the statement Defendants have asked Plaintiff's QuickBooks advisor to sign, and the conditions Defendants are placing on this long-overdue discovery, have no basis in law or in logic.

In order to expedite this process, however, Plaintiff will agree that Plaintiff's copy of the QuickBooks database can be password-protected, such that Plaintiff will be unable to make changes to the data. The password/admin rights can be held by Revolution's QuickBooks advisor, on the condition that the advisor will not disable or further restrict Plaintiff's access to the database unless she receives written instructions to do so from both Plaintiff and Defendants. Likewise, Plaintiff's QuickBooks advisor will hold the password/admin rights to Revolution's copy of the database, and she will not disable or further restrict Defendants' access to that database unless she receives written instructions to do so from both Plaintiff and Defendants.

Jeff Kane
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
202.499.2940
jkane@oandzlaw.com | www.oandzlaw.com
    Follow us @OandZLaw