# Exhibit 025

| | |
|---|---|
| **From:** | M. "Chip" De Preter |
| **Sent:** | Thursday, February 23, 2023 10:05 AM |
| **To:** | Jeff Kane; Chidinma O. Ahukanna; Amy Rapoport Gibson; Gary P. Hollander |
| **Cc:** | Nick Hailey; Matt Oppenheim |
| **Subject:** | RE: Curry v. Revolution - QuickBooks Database |

Jeff,

The Court required Defendants to hold open their offer to allow you to inspect their quickbooks (which had be open for months) for an additional two weeks. Rather than coming and performing and inspection, you elected to hire a expert to come to Revolution and attempt to copy the database. You are now proposing further alterations to the Agreement between the parties. While we have been lenient in providing you some extra time to complete the task, our patience is coming to a close. We will check with my expert about remote work, but we are reluctant without a clearer understanding of the proposal. That reluctance is based on large part on the untrustworthiness that your firm has demonstrated during this case and recently, and specifically the clearly false suggestion to the Court that Plaintiff did not "understand" that it could come and inspect the entirety of the Quickbooks when I has specifically stated in my email of October 10, 2022, "the solution is for Plaintiffs to inspect the quickbooks data and run whatever reports it wants using the actual quickbooks version and database utilized and maintained by Defendants in their regular course of business." That lack of trustworthiness has been reinforced throughout this Qucikbooks collection process. Indeed, we had to hire an expert for the specific purpose of monitoring what your expert was doing and we believe (at this time) that the best way to continue that monitoring is by following our initial offer that the Court required us to keep open until Tuesday February 21, 2023, which was for you to come to Revolution's facility and inspect.

We are not responsible for the manner in which your expert set up the collection. If she did not ensure that the copy will run continuously, that was her choice.

As I have made clear numerous times in the past, I will not be providing testimony regarding the substance of the discovery. You have the opportunity to inspect the Quickbooks.

Best Regards,

1