# Exhibit 026

| | |
|---|---|
| **From:** | Jeff Kane <JKane@oandzlaw.com> |
| **Sent:** | Thursday, February 23, 2023 4:34 PM |
| **To:** | Chidinma O. Ahukanna; Amy Rapoport Gibson; Gary P. Hollander; M. "Chip" De Preter |
| **Cc:** | Nick Hailey; Matt Oppenheim |
| **Subject:** | Re: Curry v. Revolution - QuickBooks Database |

Counsel,

Here is the status of the copying of Defendants' QuickBooks data.

The copying of the LuxeFit database is complete. Plaintiff has access to that data through the account we created. We understand Defendants have declined to create a new online account in which to view their copy. Instead, Defendants will rely on the backup copy if needed. Given that the parties each have their own copies of the data, Plaintiff reminds Defendants that Defendants may not access Plaintiff's online account unless the parties reach an agreement to do so.

The creation of the backup copy of the Rev Labs database is still ongoing. We suggest that your QuickBooks advisor set up a time tomorrow to do a screenshare with Revolution to check on whether the backup is complete. Our QuickBooks advisor can join if you would like, but your QuickBooks advisor and Revolution can check on this without our advisor being involved. It takes only a couple of minutes.

Once the backup of the Rev Labs database is complete, we can set up a screenshare for your QuickBooks advisor, ours, and Revolution to initiate the copying of the backup file to a new online account. This will follow the same general process as with the LuxeFit database (*e.g.*, our advisor will initiate the copying in Revolution's account under your advisor's supervision). Completing this work remotely is far more efficient for everyone, including for Revolution. If you remain unwilling to do this, we would like to discuss your position. We are available **tomorrow from 9:00am–4:00pm and after 8:00pm EST**.

Plaintiff reiterates his request for an explanation about the three different QuickBooks databases that Revolution maintains. The reason we have asked you to explain the difference between the LuxeFit and Rev Labs databases is to see whether the entirety of each database needs to be copied, or whether some other workaround is sensible. For example, if all the Diesel Test data starting on a certain date from the Rev Labs database was copied to the LuxeFit database, then perhaps only a portion of the Rev Labs database needs to be copied. Because you refused to provide this basic information, the parties are carrying out an exercise that perhaps could have been greatly simplified. We also request that you explain to us what the third QuickBooks file is. We don't want to be in a position where we failed to obtain the complete records.

Finally, your claim that our firm is untrustworthy is as baseless as it is unproductive. Going forward, we encourage you to focus on resolving issues fairly rather than name-calling.

Jeff Kane
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
202.499.2940
jkane@oandzlaw.com | www.oandzlaw.com
    Follow us @OandZLaw