# Exhibit 030

|  |  |
|---|---|
| **From:** | Jeff Kane <JKane@oandzlaw.com> |
| **Sent:** | Wednesday, March 1, 2023 7:39 PM |
| **To:** | Chidinma O. Ahukanna; Amy Rapoport Gibson; Gary P. Hollander; M. "Chip" De Preter |
| **Cc:** | Nick Hailey; Matt Oppenheim |
| **Subject:** | Re: Curry v. Revolution - QuickBooks Database |

Counsel,

We do not understand why you object to our advisor initiating a chat with Intuit in your client's presence. All we are trying to do is inquire of Intuit whether there has been some kind of error in the copying process. Your client only needs to be involved to provide its login credentials. Other than simple instructions like, "please input your password now", our advisor and your client won't even need to speak with one another. You or another attorney at your firm are welcome to join the session. And, if you would like, our advisor can provide you with a copy of the chat once it's completed. Our advisor knows next to nothing about this case; she is simply facilitating the copying of the QuickBooks data. Please explain what is your objection to our advisor initiating an online chat with an Intuit customer service representative.

Moreover, as this chat can be completed remotely, we do not see why your expert being "out of the office" would prevent her from attending a screenshare. Still less can you justify waiting until she returns on March 6 even to "contact her regarding her availability."

We share your professed desire to complete this copying process as quickly as possible. Your refusal to make your client available for the next four days will only unnecessarily prolong that process further. We would prefer not to get the Court involved in this process, but will have to do so if you refuse to cooperate.

Please explain what you mean when you say that this data could have been reviewed in just one day. As we understand it, the QuickBooks data spans multiple companies, at least seven years of data, and more than 300,000 transactions. Even if we were to limit our review to Diesel Test alone, it would not have been possible to review that much data in one day.

Please ask your client to check the progress of the Rev Labs backup copy tomorrow and report back to us.

Jeff Kane
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
202.499.2940
jkane@oandzlaw.com | www.oandzlaw.com
    Follow us @OandZLaw