# Exhibit 039

| | |
|---|---|
| **From:** | Jeff Kane <JKane@oandzlaw.com> |
| **Sent:** | Wednesday, March 8, 2023 8:01 PM |
| **To:** | Chidinma O. Ahukanna; Amy Rapoport Gibson; Gary P. Hollander; M. "Chip" De Preter |
| **Cc:** | Nick Hailey; Matt Oppenheim |
| **Subject:** | Re: Curry v. Revolution - QuickBooks Database |

Counsel,

Plaintiff has expended considerable time and resources attempting to complete the copy of the Rev Labs QuickBooks database over the last several weeks. However, despite our best efforts, it seems likely that the copy of the Rev Labs database will not be finished in time for Plaintiff to review the database sufficiently in advance of trial. We don't think it's productive to debate what has caused the issues with the copying; both sides can do so at a later date if needed. Instead, in the interest of moving this forward, we would like to explore alternatives to copying the database.

Reluctantly, Plaintiff is willing to have Plaintiff's counsel visit Revolution's facility in San Diego to inspect Defendants' QuickBooks database, as you most recently offered on March 6. We are available on the following dates: March 15 and 16, March 27–30. Given the technical and logistical difficulties we have had to date, we want to ensure that if we come to Revolution's office, we avoid the kinds of problems we've previously encountered. We therefore suggest the following procedures:

1. The access Defendants provide Plaintiff's counsel must include the ability to view all transactions and documents in the QuickBooks databases without restriction. For example, the access must include the ability to "drill down" on transactions, *i.e.*, to click on a transaction and see any supporting documents or attachments that have been uploaded to the database and matched to that transaction. In his deposition, Trent Turner described this functionality as, ". . . QuickBooks will create the transaction report. From there, I can click into the bill." Dkt. 170-9 ¶ 15. Plaintiff's counsel must have that same capability.

2. Plaintiff's counsel will visit for two consecutive business days, consistent with the Court's instruction and with your offer.

    a. On each day, Defendants will make available their QuickBooks databases for a minimum of eight hours. The eight-hour clock will begin once Defendants have logged Plaintiff's counsel into the databases such that Plaintiff's counsel is able to access all contents of those databases. The clock will pause for any IT or other issues that disrupt Plaintiff's counsel's ability to inspect the database.

    b. On the second day, Plaintiff's counsel will be permitted to conduct a screen share with Plaintiff's accounting expert and/or his staff for Plaintiff's expert to inspect the database.

3. The laptop that Defendants provided to Plaintiff's QuickBooks advisor was quite old, did not have sufficient memory to complete many tasks, did not contain the Microsoft Office suite, and had a slow connection speed. Obviously, the proposed inspection cannot work that way. The easiest solution is for Plaintiff's counsel to view the database using his own device, as opposed to a device provided by Defendants. Plaintiff will provide Defendants with a copy of any reports or documents Plaintiff's counsel wishes to retain. And, once Plaintiff is done with his review, Defendants are free to change the password(s) for the databases so that they cannot be accessed again. We don't see any reason why Plaintiff's counsel needs to use one of Defendants' computers, but if Defendants prefer to provide a computer for Plaintiff's counsel to use, the machine must meet the following basic technological

requirements, to ensure that it reasonably can be used to view the data at issue in a timely and efficient manner:

   a. the machine must have installed and running an adware and virus protection program.
   b. The machine must have fully installed the latest updates for its operating system (*e.g.*, the latest updates from Windows or Apple).
   c. The machine must have memory of at least 16 GB.
   d. The machine must have available storage of at least 400 GB.
   e. The machine's processor speed must be at least 2.3 Ghz
   f. The machine must have installed more than one internet browser (*e.g.*, Chrome, FireFox, Safari)
   g. The machine must have downloaded the latest version of Zoom.
   h. There must be a thumb drive or file-share system for Plaintiff's counsel to transfer reports, documents, etc. from Defendants' databases to Plaintiff's counsel's machine.
   i. The machine must be no more than two years old.

4. Defendants will provide the wifi password for Revolution's facility 48 hours in advance of Plaintiff's counsel's arrival.

5. In the event that the wifi in Revolution's office is less than 100 Mbps for downloading, or less than 10 Mbps for uploading, Defendants will provide an ethernet connection, including an ethernet cable, for Plaintiff's counsel to use.

6. Because we want to be able to speak with our expert and our colleagues while inspecting the data, we ask that Defendants provide a room in their facility where Plaintiff's counsel can conduct such privileged conversations in private. Plaintiff's counsel will only be viewing the database, and obviously making no alterations. We welcome your giving us read-only access, if that is an option that does not remove viewing functionality like drill-down access. Alternatively, you can provide us with access to a backup copy that covers from inception of each database to no less than one month prior to today.

7. At all times during Plaintiff's counsel's visit, an attorney from Aronberg Goldgehn will be available (with 15 minutes' notice) to meet and confer with Plaintiff's counsel and troubleshoot any issues that arise, or to call Judge Kennelly as needed.

8. By offering to inspect the QuickBooks database, Plaintiff is not stipulating or otherwise agreeing that any part of the database or any documents or data contained within it may be admitted or used at trial. Plaintiff reserves all rights to object to Defendants' introducing documents, data, or testimony concerning the contents of the QuickBooks database.

Finally, and not for the first time, we encourage you to abandon the kind of flimsy *ad hominem* attacks you included in your March 7 email. Such childish discourse has no place between counsel.


Jeff Kane
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
202.499.2940
jkane@oandzlaw.com | www.oandzlaw.com
    Follow us @OandZLaw