# EXHIBIT B

```
 1                  IN THE UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF ILLINOIS
 2                           EASTERN DIVISION

 3
    CHARLES CURRY                           )  Docket No. 17 C 2283
 4  Doing business as                       )
    Get Diesel Nutrition,                   )
 5                                          )
                                            )
                        Plaintiff,          )
 6                                          )  Chicago, Illinois
                   vs.                      )  April 6, 2023
 7                                          )  1:30 o'clock p.m.
    REVOLUTION LABORATORIES, LLC, et        )
 8  al.,                                    )
                                            )
 9                      Defendants.         )

10
                   TRANSCRIPT OF PROCEEDINGS - STATUS
11            BEFORE THE HONORABLE MATTHEW F. KENNELLY

12
    APPEARANCES:
13

14  For the Plaintiff:    OPPENHEIM + ZEBRAK, LLP
                          BY:  MR. JEFFREY KANE
15                             MR. NICHOLAS COOPER HAILEY
                          4530 Wisconsin Avenue, NW, 5th Floor
16                        Washington, DC 20016
                          (202) 480-2174
17

18

19  For the Defendants:   ARONBERG GOLDGEHN DAVIS & GARMISA
                          BY:  MR. MATTHEW L. DE PRETER
20                             MR. GARY PHILLIP HOLLANDER
                          330 N. Wabash Ave, Suite 1700
21                        Chicago, IL 60611
                          312-755-3161
22

23
    Court Reporter:       MS. CAROLYN R. COX, CSR, RPR, CRR, FCRR
24                        Official Court Reporter
                          219 S. Dearborn Street, Suite 2102
25                        Chicago, Illinois  60604
                          (312) 435-5639
```

1 from their context.

2 At that point, I was dealing with a very focused
3 issue regarding the admissibility of a profit and loss
4 statement that had been produced by the defendants during
5 discovery. It was a summary. Its admissibility was
6 challenged, and I concluded that it would be allowed into
7 evidence if, as required by Federal Rule of Evidence 1006, the
8 underlying data was made available for inspection at that
9 point. The underlying data was the QuickBooks data. The
10 purpose of this requirement in the Federal Rules of Evidence,
11 specifically in Rule 1006, is to allow the opposing party to
12 verify the accuracy of the summary.

13 So in the ruling that the defendants cite, I
14 concluded that they had adequately made the underlying data
15 available. The plaintiff had chosen at that point not to
16 avail itself of the opportunity to go look at it in San Diego.
17 I concluded that the summary, specifically, the profit and
18 loss statement, was not inadmissible under Rule 1006 because I
19 concluded that the underlying data had been made available.

20 I did not adjudicate at that point whether the data
21 itself would be admissible. I wasn't asked to and I didn't.
22 I said nothing then and I wasn't asked to say anything about
23 whether that data would be admissible generally. My comments
24 were limited to the Rule 1006 question regarding the summary,
25 and you can't really take it away from that context.