IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES CURRY, d/b/a GET DIESEL NUTRITION,<br>    Plaintiff,<br>  v.<br>REVOLUTION LABORATORIES, LLC et al.<br>    Defendants. | Case No. 1:17-cv-02283<br><br>Judge Matthew F. Kennelly |

**PLAINTIFF'S MOTION TO CLARIFY THE DEADLINE
FOR PLAINTIFF TO REQUEST ATTORNEYS' FEES AND COSTS**

Plaintiff requests that the Court clarify the deadline for Plaintiff to file a motion for attorneys' fees and costs. The Local Rules set a deadline of 91 days from the entry of the judgment on which the fees motion is based. Here, Plaintiff's motion likely will be based on judgments entered on two separate dates: the May 22, 2023 judgment on Plaintiff's trademark claims, and a forthcoming judgment (or amendment of the original judgment) regarding Plaintiff's Illinois Uniform Deceptive Trade Practices Act ("IUDTPA") claim. Plaintiff asks the Court to set a deadline of 91 days after the entry of judgment on Plaintiff's IUDTPA claim, or 91 days after the resolution of any other post-verdict motions, whichever is later.

1. On Monday, May 22, 2023, a jury returned a verdict on Plaintiff's claims for trademark infringement and for violations of the Anticybersquatting Consumer Protection Act. On those claims, the Court entered a judgment dated May 22, 2023.

2. Prior to trial, the parties had agreed that the Court would decide Plaintiff's one remaining claim, for violations of the IUDTPA (815 Ill. Comp. Stat. Ann. 510 § 2(a)). After the jury returned its verdict, the Court instructed Plaintiff to file a motion concerning his IUDTPA claim by May 30, 2023, with any opposition due June 7, 2023. Rough Trial Tr. 21:21–22:4 (May 22, 2023 (PM)). Plaintiff filed his motion on May 30. Dkt. 378.

1

3. Plaintiff plans to move for costs and attorneys' fees pursuant to both the Lanham Act, 15 U.S.C. § 1117(a), and the IUDTPA, 815 ILL. COMP. STAT. ANN. 510 § 3.

4. The Local Rules provide that such a motion is due 91 days from the entry of the judgment on which the motion is based. Local Rules of the United States District Court for the Northern District of Illinois, Rule 54.3(b).

5. Here, if judgment ultimately is entered in favor of Plaintiff on his IUDTPA claim, the judgments on which Plaintiff's attorneys' fees motion will be based will span two dates: May 22, 2023 (when judgment was entered on Plaintiff's trademark infringement and ACPA claims) and the date of the subsequent judgment on Plaintiff's IUDTPA claim. Moreover, if the Court resolves the IUDTPA claim and enters a single amended judgment addressing both that claim and the jury claims, there could be confusion about the due date of Plaintiff's attorneys' fees motion.

6. Accordingly, Plaintiff requests that the Court set the deadline for Plaintiff's attorneys' fees motion as 91 days from the date that judgment is entered on Plaintiff's IUDTPA claim, or 91 days from the date any other post-verdict motions the parties may file[1] are resolved, whichever is later. The Federal Rules and the Local Rules each give a district court discretion to adjust the deadline for an attorneys' fees motion. FED. R. CIV. P. 54(d)(2)(B)(i); Local Rule 54.3(b).

7. The requested schedule is sensible given the circumstances of this case. Adjusting the deadline based on the resolution of Plaintiff's IUDTPA claim and any other post-verdict motions will allow Plaintiff to make a single motion that addresses both the Lanham Act and IUDTPA, rather than making multiple requests. Likewise, it will ensure that Plaintiff's motion

---

[1] The filing of a Rule 59(e) motion to amend the judgment would automatically toll Rule 54(d)'s deadline to move for attorneys' fees. *See, e.g.*, *Miltimore Sales, Inc. v. Int'l Rectifier, Inc.*, 412 F.3d 685, 687 (6th Cir. 2005). Plaintiff nonetheless include this provision for the avoidance of doubt.

includes any time spent obtaining judgment on the IDUTPA claim, and on any post-verdict motions, obviating the need for a subsequent fees motion covering these filings. The requested schedule likewise will enable the parties to meet and confer in light of the IUDTPA ruling and any post-verdict rulings in an effort to narrow the issues that need to be presented to the Court, and to give the parties time to explore a potential settlement. The schedule will not prejudice Defendants or cause delay.

For the foregoing reasons, the Court should set a deadline for Plaintiff's motion for attorneys' fees and costs of 91 days after the entry of judgment on Plaintiff's IUDTPA claim, or 91 days after the resolution of any other post-verdict motions, whichever is later.[2]

Dated: May 31, 2023

Respectfully submitted,

/s/ Jeff Kane
Matthew J. Oppenheim (443698)
Scott A. Zebrak (452649)
Nicholas C. Hailey (admitted *pro hac vice*)
Jeff Kane (admitted *pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20016
Tel: 202-480-2999
matt@oandzlaw.com
scott@oandzlaw.com
nick@oandzlaw.com
jkane@oandzlaw.com

*Attorneys for Plaintiff*

---

[2] Plaintiff's counsel asked Defendants' counsel whether Defendants would consent to the instant motion. Defendants' counsel were unable to provide a final answer in a timely fashion.