## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| CHARLES CURRY, d/b/a GET DIESEL NUTRITION, | ) )  Case No. 1:17-cv-02283 |
| Plaintiff, | ) )  Honorable Matthew F. Kennelly |
| v. | ) )  Magistrate Judge Kim |
| REVOLUTION LABORATORIES, LLC, REV LABS MANAGEMENT, INC., JOSHUA NUSSBAUM, and BARRY NUSSBAUM | ) ) ) ) |
| Defendants. | ) |

### DEFENDANTS' RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT

NOW COMES the Defendants Revolution Laboratories, LLC, Joshua Nussbaum, and Barry Nussbaum, by and through their attorneys, Aronberg Goldgehn Davis and Garmisa, to present Defendants' Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e). Defendants seek alteration or amendment to the judgment for the following reasons:

1. The award of punitive damages was in error. The error was the result of incomplete instructions to the jury on what constitutes common law trademark rights and how such trademark rights are created, which in turn allowed the jury to make an award based on and unfounded determination of willfulness.[1]

---

[1] Alternatively, directed verdict in Defendant's favor striking the award of punitive damages for insufficient evidence of evil motive or reckless disregard for Curry's rights is appropriate under Federal Rule of Civil Procedure 50(b). See Trial Tr. 981-982.

2. The award of punitive damages was disproportionate to the actual harm to Curry found by the Jury and is unconstitutional. If not stricken, that award must be reduced.

3. The award of disgorgement damages is excessive and inequitable. The court should reduce the award pursuant to equitable considerations as required by 35 U.S.C. §1117.

4. The lack of jury instruction on what constitutes a common law instruction was in error. It prevented the jury from appropriately considering the issues of willfulness and damages.

5. The jury instruction respecting personal liability merely requiring personal participation was in error. The jury was misled into believing that even where a corporate officer is acting in his corporate role and operating in the best interests of the company, that individual may still be personally liable.

6. The refusal to allow Defendants to present evidence respecting the timeline of the dismissal of the lawsuit two months after it was filed and before discovery commenced, followed by Defendants decision to stop selling the accused product before the Seventh Circuit reinstated the case in 2020 (after which discovery commenced) was in error. It prejudiced Defendants presentation of their defense, particularly with respect to the lack of any willful intent, evil motive, or reckless disregard for any rights Curry may have had.

7. The jury instruction directing the jury's attention to the Nussbaum Family Trust and even permitting the jury to consider the Trust in connection with punitive damages was in error. The Trust is a separate entity that was not accused of

wrongdoing and not a party to the case. It is not an asset of any Defendant. Calling the jury's attention to the Trust placed undue emphasis on the Trust, prejudicing Defendants.

WHEREFORE, as more fully set forth in the accompanying memorandum, Defendants respectfully requests that this court grant its motion under Rule59(e) and correct the errors in the jury instructions respecting the identity of common law trademarks and trademark rights and the scope of liability for corporate officers by striking the jury's findings of willfulness as to the Defendants—and by extension punitive damages—and striking the jury's determination of individual liability by Barry and Joshua Nussbaum for trademark infringement.

This Court should correct the jury's inequitable award of $500,000 in disgorgement damages and reduce that award to no more than between $15,000 and $45,000.

In the alternative to striking the award of punitive damages, this court should correct the unconstitutionally disproportionate award and reduce it to a reasonable, single digit ratio with respect to the $2,500 of actual harm to Curry found by the Jury, (i.e. no more than $22,500) and award any other relief as this court deems necessary and just.

Dated: June 19, 2023

Respectfully submitted,

By: /s/ Matthew De Preter
Gary P. Hollander
Amy R. Gibson
Matthew De Preter
Chidinma O. Ahukanna
ARONBERG GOLDGEHN DAVIS & GARMISA
330 N. Wabash Ave. Suite 1700
Chicago, IL 60611
(p) 312.828.9600
(f) 312.828.9635

ghollander@agdglaw.com
agibson@agdglaw.com
cdepreter@agdglaw.com
cahukanna@agdglaw.com
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2023, a true and correct copy of the foregoing document was served via ECF on counsel of record for each party.

*/s/ Matthew De Preter*
Matthew De Preter

4896-2519-8186, v. 1