## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES CURRY, d/b/a GET DIESEL NUTRITION, | ) ) ) | Case No. 1:17-cv-02283 |
| Plaintiff, | ) ) | Honorable Matthew F. Kennelly |
| v. | ) ) | Magistrate Judge Kim |
| REVOLUTION LABORATORIES, LLC, REV LABS MANAGEMENT, INC., JOSHUA NUSSBAUM, and BARRY NUSSBAUM | ) ) ) ) ) | |
| Defendants. | ) | |

### DEFENDANTS' NOTICE OF APPEAL

Pursuant to Fed. R. App. P. 3 and 4, Defendants, Revolution Laboratories, LLC ("Revolution"), Joshua Nussbaum ("Joshua"), and Barry Nussbaum ("Barry") (collectively "Defendants"), appeal to the United States Court of Appeals for the Seventh Circuit from (i) the final Memorandum Opinion and Order on Defendants' Motion to Alter or Amend Judgement under Rules 59(e) and 50(b) and Plaintiff's motion under Rule 59(e) (Dkt. 410) entered by the Court on August 23, 2023; (ii) the judgment entered in this action on May 22, 2023 (Dkt. 376) as amended on August 29, 2023 (Dkt. 414) and September 1, 2023 (Dkt. 417); and (iii) all interlocutory orders entered in this action preceding this notice or the final judgment (as amended), including but not limited to, the order on summary judgment (Dkt. 195), the District Court's orders regarding motions *in limine* and Defendants' motion to strike plaintiff's jury demand (Dkt. 292, 356, 362), and the order on Defendants' request to take judicial notice (order entered on the record during trial).

Dated: September 22, 2023

Respectfully submitted,

**DEFENDANTS REVOLUTION LABORATORIES, LLC, JOSHUA NUSSBAUM AND BARRY NUSSBAUM**

By: ___/s/Matthew De Preter___
Gary P. Hollander
Amy R. Gibson
Matthew De Preter
Chidinma O. Ahukanna
ARONBERG GOLDGEHN DAVIS & GARMISA
225 W. Washington St., Suite 2800
Chicago, IL 60611
(p) 312.828.9600
(f) 312.828.9635
ghollander@agdglaw.com
agibson@agdglaw.com
cdepreter@agdglaw.com
cahukanna@agdglaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 22, 2023 a true and correct copy of the foregoing was filed through the ECF filing system which will provide notice to counsel of record.

/s/ Matthew De Preter
*Attorney for Defendants*

4855-7731-4689, v. 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES CURRY, d/b/a<br>Get Diesel Nutrition,<br><br>   Plaintiff,<br><br> vs.<br><br>REVOLUTION LABORATORIES, LLC,<br>REV LABS MANAGEMENT, INC.,<br>JOSHUA NUSSBAUM, and BARRY<br>NUSSBAUM,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 17 C 2283 |

## <u>MEMORANDUM OPINION AND ORDER</u>

MATTHEW F. KENNELLY, District Judge:

  Charles Curry sued Revolution Laboratories, LLC, Rev Labs Management, Inc., Joshua Nussbaum, and Barry Nussbaum, alleging that they infringed his trademark and violated the Illinois Consumer Fraud and Deceptive Practices Act (ICFA), the Illinois Uniform Deceptive Trade Practices Act (IUDTPA), and the Anti-Cybersquatting Consumer Protection Act (ACPA). The parties stipulated that Revolution is liable for infringing Curry's Diesel Test mark and violating ACPA with respect to one domain name. The Court granted summary judgment in favor of the defendants on Curry's ICFA claim. The remaining claims proceeded to a jury trial in May 2022, except for the IUDTPA claim, which the parties agreed before trial would be decided by the Court.

  The jury found that Joshua and Barry Nussbaum are individually liable for trademark infringement. The jury also found that each defendant's infringement was

willful.  The jury awarded Curry actual damages and defendants' profits and assessed punitive damages against each of the defendants.

Both sides have filed motions regarding the judgment.  The defendants have moved under Federal Rule of Civil Procedure 59(e) to alter the judgment by striking the punitive damages and reducing the award of profits.  Curry has moved under Rule 59(e) to amend the judgment to include pre- and post-judgment interest and for entry of a permanent injunction.  Curry has also moved to find the defendants liable on his IUDTPA claim.  Lastly, Curry has moved for a ruling that the jury's award of defendants' profits should be considered as advisory and that the Court should determine the amount of defendants' profits itself.

For the reasons below, the Court (1) denies the defendants' motion to alter the judgment; (2) grants in part Curry's motions for pre- and post-judgment interest and entry of a permanent injunction; (3) finds the defendants liable for violating IUDTPA; and (4) grants Curry's motion to consider the jury's award of defendants' profits advisory and awards $547,095.44 in defendants' profits.

## Background

The Court assumes familiarity with this case's factual and procedural background, which this Court has discussed in prior written opinions.  *See, e.g.*, *Curry v. Revolution Lab'ys, LLC*, No. 17 C 2283, 2022 WL 225877 (N.D. Ill. Jan. 26, 2022).  The following background is relevant to the post-trial motions and largely is taken from the Court's summary judgment decision and the trial record.

### A.    The parties

Curry resides in Chicago and sells nutritional supplements through his business,

Get Diesel Nutrition.  He began selling Diesel Test branded products in 2005.  He has spent thousands of dollars advertising Diesel Test online and in weightlifting publications, such as Planet Muscle Magazine.  He filed a trademark application for the mark Diesel Test in December 2016.

Revolution Laboratories is a limited liability company that sells nutritional supplements and apparel.  Joshua Nussbaum is the President of Revolution, and his father, Barry Nussbaum, is the CEO.  (For the sake of clarity, the Court will refer to each of the Nussbaums by his first name.)  Revolution sells its products directly and through affiliate networks.  In October 2016, Revolution began marketing and selling a product called Diesel Test.  The following month, Curry sent Revolution a cease-and-desist request stating that he had common law rights to the Diesel Test mark.

## B.    Trial testimony

Because the parties stipulated that Revolution was liable for infringement, the trial focused on whether Joshua or Barry are individually liable, whether any defendants had willfully infringed, and damages.[1]  At trial, Curry, Joshua, and Barry testified, along with Curry's damages expert and various Revolution employees.

Both Curry and Joshua testified regarding how they came up with the name Diesel Test.  Curry testified that "Diesel" came from his nickname "Chuck Diesel," which he said came from his past work with diesel fuel.  His first product was called Diesel Fuel, and then he began using the name Get Diesel Nutrition for his business.  He testified that he chose the name Diesel Test for his testosterone boosting product

---

[1] The trial also concerned Curry's ACPA claims, but because neither party has raised any issues with the jury's verdict on that claim, the Court will not discuss that aspect of the trial.

because he wanted to continue using the name Diesel. As noted above, he began selling Diesel Test in 2005. In 2015 and 2016, Diesel Test received Planet Muscle magazine's Best of the Best award.

Regarding Revolution's use of Diesel Test, Joshua testified that it was his decision to use the Diesel Test name and that he was involved in creating the product label. He explained that "Diesel" was a common slang word in the body building community. Barry testified that he did not like the name at first and repeatedly rejected it but that he eventually acquiesced due to Joshua's enthusiasm for the name. Joshua testified that he performed a search for the name on Google and on a website called Trademarks 411, though he did not have any records of performing this search. Joshua explained that because he did not see the Diesel Test mark on the trademark website he searched, he thought "it was fair game." Tr. Vol. 2 at 474:5–11. As noted above, Revolution began selling its Diesel Test product in October 2016. In closing argument, Curry's counsel contended that Revolution and Curry's Diesel Test labels, including the name, color, and font, were too similar for it to be plausible that Joshua independently created it.

Joshua and Barry both testified that they control Revolution. Joshua testified that he managed the company on a day-to-day basis and that he asked Barry for advice regarding Diesel Test. He explained that when Revolution began selling Diesel Test, the company took another product called Rev Test and relabeled it as Diesel Test. He testified that from October 2016 to June 2017, Revolution sold its Diesel Test product to 767 customers in Illinois.

Curry sent three cease-and-desist requests to Revolution in November 2016. In

4

these requests, he included links to his website where he was selling his Diesel Test products.  Joshua testified that he did not reply to these requests nor click the links because he thought it was a scam.  He forwarded Curry's cease-and-desist email to Barry and a couple of other Revolution employees.  In Joshua's email, he asked a Revolution employee to "do a search and see if Diesel Test is available for trademark or if this guy is telling the truth."  Dkt. no. 399-3 at 65:2–7.  In the same email, Joshua wrote:  "I personally vote we let him sue us to get through the remainder of our labels and then change the name to DZL Test on our next run."  *Id.* at 65:19–21.

Barry testified that he agreed with this decision.  He testified that after receiving Curry's cease-and-desist letter, a Revolution employee discovered that the trademark was available for purchase.  Another Revolution employee asked in the same email chain if Revolution should purchase the mark, to which Barry responded:  "Yessssssssss."  Dkt. no. 399-10 at 6.  Joshua then prepared and filed an application to register the Diesel Test trademark under his own name.  That application was later denied by the U.S. Patent and Trademark Office.

Joshua testified that after he received Curry's cease-and-desist request, he searched again on Google and Trademarks 411 for the Diesel Test mark and did not find anything.  He also stated that he spoke with two of his distributors, and they told him that they had not heard of Diesel Test or Curry's company.  At trial, however, Joshua was confronted with evidence that one of those distributors was advertised as Curry's exclusive distributor of Diesel Test.  Barry testified that he searched on Amazon to investigate Curry's claim, but he conceded that he searched for products with the name testosterone in it, not Diesel Test specifically.  Barry also testified that he

5

instructed Revolution employees to perform searches. He explained that because he did not find evidence of sales or a registered trademark in his searches, he thought Curry's claim was scam.

In February 2017, Amazon banned Revolution's Diesel Test product due to Curry's complaint that it was counterfeit. Joshua and Barry testified that Revolution decided not to contest the Amazon ban because their Diesel Test sales on Amazon were not significant enough. Revolution sales manager Adam Knippel testified via deposition that Revolution continued selling Diesel Test on other channels after Amazon banned the product.

There was conflicting evidence at trial regarding when Revolution stopped selling Diesel Test. Knippel testified that Revolution continued to sell Diesel Test after Curry filed suit in March 2017. Revolution warehouse manager Donna Godwin, who also testified via deposition, explained that as of August 2018, Revolution still had Diesel Test product. Curry testified that in May 2020, he saw a website advertising Revolution's Diesel Test. Joshua testified, however, that Revolution had stopped selling or advertising Diesel Test in October 2017 because it began selling and advertising the product under a new name, RT 2.0. But he also admitted that he had previously submitted an affidavit in this case stating that Revolution did not stop selling Diesel Test products until the first quarter of 2018. *See* dkt. no. 88-1 at ¶ 3. Barry testified that there were a small number of deliveries in 2018 but that Revolution had stopped marketing Diesel Test in 2017.

There was also testimony at trial regarding Revolution's products that it marketed and sold with Diesel Test. Both Joshua and Knippel testified that Diesel Test and MRX

6

were marketed together as complimentary products. Knippel testified that Revolution's sales team marketed Diesel Test and MRX as a two-step system. Joshua similarly testified that MRX and Rev Test had been advertised as a two-step system. He explained that this was a sales strategy to sell another product after a consumer purchased MRX, and he stated that each step was recorded as an independent sale. Knippel testified that some customers complained that when they purchased Diesel Test online, they were automatically charged for MRX and did not have the option to remove it from their order. He also stated that Revolution sometimes sold Diesel Test in a bundle called Champion Stack with other Revolution products.

Finally, Revolution's accounting manager, Trent Turner, and Curry's expert, Joel Herman, testified regarding damages. Turner testified that Revolution used QuickBooks, an accounting software, to produce a profit-and-loss (P&L) report for Diesel Test. The P&L report covered the period from August 1, 2016 to October 20, 2017. It reflected that Revolution made $1,580,000 in sales after chargebacks and refunds, although Turner testified that this figure did not include sales made on Amazon or eBay. The report showed that after deducting expenses, Revolution experienced a $45,723 loss on Diesel Test during the period covered by the report.

Herman, a certified public accountant, testified that Revolution made at least $2,052,225 in net sales from Diesel Test and $2,131,669 in sales from related products. He testified that ninety-six percent of customers who purchased MRX also purchased Diesel Test at the same time or previously. Herman also testified about Revolution's expenses. For Revolution's related products, he testified that he was not provided any records of expenses. For Diesel Test, he stated that he did receive some documents,

but he concluded that he did not receive enough information to verify the expenses shown on Revolution's P&L report. He explained that to conclude that the expenses were reported accurately, he would need supporting documentation for the expenses, such as receipts, leases, invoices, etc., which he was not provided.

There was also evidence introduced at trial regarding the Nussbaum Family Trust. Barry testified that he formed the trust in 2012, and Joshua testified that he is a beneficiary of the trust. Both Barry and Herman testified that the assets held by the trust are currently worth around $38 million. Barry testified that the funding for Revolution came entirely from the trust. He also testified that the trust owns the multimillion-dollar home in Maui where he resides and that the trust pays him consulting fees. Herman testified that the trust made payments into Joshua and Barry's personal accounts and also paid some of Barry's personal expenses. He did not render an opinion, however, regarding whether the assets held by the trust belonged to Joshua and/or Barry. Joshua testified that his net worth was $172,572 in March 2022 and likely lessened since then. Barry testified that his net worth in March 2022 was $23,780 (this, obviously, does not include the assets in the trust).

During closing argument, Curry asked the jury to award $4,183,894 in defendants' profits and $4,183,894 in reputational and loss of goodwill damages. Curry also asked for punitive damages in the amount of the requested trademark damages, *i.e.*, $8.36 million.

## C.    Procedural history and jury instructions

Before trial, the defendants moved to strike Curry's jury demand, contending that Curry was not entitled to a jury on any of his claims. The Court denied this motion,

8

explaining that Curry's request for actual damages on his trademark claims and punitive damages on his common law trademark claim entitled him to a jury trial.  Given this ruling, the Court declined to "directly address at this point [Curry]'s contention" that he was entitled to a jury trial on his request for the disgorgement of defendants' profits.  Dkt. no. 389-1 at 7:16–25.  The Court held that "[t]he jury will in this case be given the question of determining the recoverability and the amount of defendants' profits, and if I conclude that there's no right to a jury trial for that remedy, the jury will effectively be acting as an advisory jury on the particular point of the amount of the profits."  *Id.* at 8:1–6.

Several aspects of the jury instructions are also relevant to the parties' motions.

### 1.    Common law trademark rights

Before trial, Curry filed a motion *in limine* seeking to preclude the defendants from controverting their stipulation that Revolution is liable for infringement.  In response, the defendants contended that Curry "bears the burden of establishing where its trademark rights exist."  Dkt. no. 296 at 7.  They argued that Curry is entitled to trademark protection only in the geographic areas where he has established rights, which they contended was a "question of fact" that depended in part on the volume of Curry's sales.  *Id.* at 4.  The Court granted Curry's motion *in limine*, explaining that the defendants' stipulation regarding Revolution's liability "necessarily includes" an admission that Curry has "enforceable trademark rights" because "a trademark holder who has an invalid or unenforceable mark can't establish liability."  Dkt. no. 362 at 5.

During the trial, the morning after the instruction conference, the defendants stated that they "think an instruction on what constitutes a common law trademark and

geographic scope should have been provided."  Dkt. no. 385-1 at 1095:3–5.  The defendants did not propose an instruction regarding either a common law trademark or geographic scope at the instruction conference.  The Court responded that "the geographic scope thing I ruled on I think in a pretrial motion."  *Id.* at 1095:6–7.

### 2.    Personal liability

The jury instruction regarding personal liability of the Nussbaums is also relevant to the current motions.  In moving for summary judgment, the defendants argued that to be personally liable, the Nussbaums had to have acted beyond the scope of their duties as officers of Revolution.  The Court rejected this contention, holding that "Seventh Circuit caselaw indicates that officers can be held liable regardless of whether they act within the scope of their duties."  *Curry*, 2022 WL 225877, at *4.  At trial, the Court instructed the jury that "[t]o succeed on his trademark infringement claims against the particular individual defendant you are considering, Mr. Curry must prove by a preponderance of the evidence that the defendant personally participated in or directed Revolution's infringing activity."  Dkt. no. 399-9 at 13:12–16.

During the jury's deliberations, the jury asked:  "If a leader is participating in or directing activities in the best interests of the company, on behalf of the company, when is it not considered performed for personal reasons under the law?  All actions are performed by a person."  Dkt. no. 374 at 1.  The Court requested the parties' input on how to respond.  The defendants reasserted their argument at summary judgment that to be personally liable, they must act outside the scope of their employment as officers.  The Court declined to give this answer to the jury, noting that the defendants' comment did not help the jury understand their instruction, but rather took issue with the

instruction itself. The Court instead provided the following answer to the jury, over the defendants' objection: "As the instruction states, it focuses on whether Mr. Curry has proven that the defendant himself participated in or directed the infringing activity. It does not require Mr. Curry to prove that the defendant acted for personal reasons or that the defendant did not act in the best interests of Revolution." *Id.* at 2.

### 3. The Nussbaum Family Trust

During the instruction conference, Curry proposed the following instruction about the Nussbaum Family Trust:

> During the trial, you heard testimony and saw documents concerning the Nussbaum Family Trust which I will refer to as simply the trust. You may consider the trust to be an asset of Joshua Nussbaum because Joshua Nussbaum is a beneficiary of the trust. You may consider the trust to be an asset of Barry Nussbaum if you find any of the following to be true: that the trust has provided benefits to Barry Nussbaum; that Barry Nussbaum exercised authority over assets of the trust; that Barry Nussbaum created the trust in an attempt to shield assets from existing or future creditors; that profits from Revolution's infringement were paid to the trust.

Tr. Vol. 4 at 1071:16–1072:1. The defendants opposed the instruction, arguing that it would break the trust to allow the jury to consider the trust's assets as Joshua and Barry's assets. They did not propose an alternative instruction regarding the circumstances under which the jury could consider the trust. The Court declined to give Curry's proposed instruction because it related to just one factor for the jury to consider when awarding punitive damages. The Court noted, however, that the jury could decide to consider the trust when considering the defendants' financial condition.

Curry then proposed a simpler instruction on the trust as part of the punitive damages instruction. The Court adopted this proposal with minor modifications and instructed the jury that "[w]hether and the extent to which you consider the Nussbaum

11

Family Trust in assessing each defendants' financial condition are matters for you to decide."  Dkt. no. 399-9 at 22:12–14.  The defendants objected, arguing that the instruction would prejudice them by calling the jury's attention to the trust.  In their written objection, the defendants stated that the instruction was not necessary because "[b]oth sides may make whatever arguments they want in closing in an effort to persuade the jury how they should consider the Trust and for what purpose."  Dkt. no. 373 at 2.  (The Court notes that this is essentially what the instruction told the jury.)

The Court overruled the defendants' objection, noting that the defendants did not challenge the correctness of the instruction, but rather the fact that the instruction draws attention to the trust.  The Court reasoned that a significant amount of evidence admitted at trial related to the trust, and thus it was appropriate to tell the jury in a neutral way that they must decide whether to consider the trust.  The Court also noted that the jury instructions in other spots likewise made specific references to particular types of evidence.

### 4.    Defendants' profits

Finally, regarding defendants' profits, the Court instructed the jury that:

> Mr. Curry is required only to prove the defendants' gross revenue, by a preponderance of the evidence.  The defendant is required to prove by a preponderance of the evidence any expenses that it argues should be deducted in determining its profits.  Mr. Curry is entitled to recover the defendants' total profits from its use of the trademark, unless the defendant proves by a preponderance of the evidence that a portion of the profit is due to other factors.

Dkt. no. 399-9 at 19:13–21.  Neither party objected to this instruction.  The Court further instructed the jury that "[i]f Mr. Curry proves by a preponderance of the evidence that the defendants profited from their infringement by the sale of other products that were

marketed, sold, or shipped with their Diesel Test product, then he's entitled to recover the defendants' profits from those sales." *Id.* at 20:4–10.

During the jury's deliberations, the jury asked the Court: "If we believe there are other significant factors driving sales / profitability, can we conclude there are profits to be awarded or does that mean we should not determine profits because we can't conclude they are due to the benefit of the infringed trade name?" Dkt. no. 374 at 3. The Court again sought the parties' input regarding the proper response. After discussion, the Court formed a response to the jury that restated the burdens of proof from the original instruction and clarified that "[i]f the defendants prove that a portion of the profit is due to other factors, you should deduct that amount from the total profits in making any monetary award." *Id.* at 4. The Court overruled both sides' objections to the precise wording of this sentence; neither side objected to its substance.

Curry proposed to add to this response that "[t]here may be a windfall to the trademark owner where it is impossible to isolate the profits which are attributable to the use of the infringing mark." Dkt. no. 389-8 at 19:6–11. The Court overruled this proposal, explaining that jurors are not typically told the policy reasons behind instructions.

After deliberating, as stated above, the jury found Joshua and Barry individually liable for trademark infringement and found that all three defendants' infringement was willful. The jury awarded Curry $2,500 in actual damages, namely, loss of goodwill and reputational damages, and $500,000 in defendants' profits. The jury also assessed

$300,000 in punitive damages against each defendant.[2]

## Discussion

### A.   Curry's motion for the Court to determine infringing profits

Curry moves under Rule 59(e) for the Court to treat the jury's determination of defendants' profits as advisory under Rule 39(c) and determine the proper award of profits itself.[3]  In the alternative, Curry moves for an enhancement of the jury's award. The defendants' Rule 59(e) motion to reduce the defendants' profits award is also relevant to this issue.  The Court begins its discussion with Curry's motion, noting where it also considers the defendants' contentions raised in their Rule 59(e) motion.

### 1.   Right to determination by a jury

Curry contends that the Court should treat the jury's disgorged profits award as advisory because disgorgement is an equitable remedy.  As a preliminary matter, the defendants argue that because Curry previously contended in his response to their motion to strike his jury demand that he was entitled to a jury trial on this point, he should be barred under the doctrine of judicial estoppel from now contradicting that contention.

Judicial estoppel "prevents litigants from manipulating the judicial system by

---

[2] As noted above, the jury also made findings and awarded damages on Curry's ACPA claim, which is not at issue on the present motions.

[3] The defendants argue in a footnote that Curry's brief should be stricken because it exceeds the proper page limit.  The Court notes that the text of the brief itself (Dkt. no. 399) was within the fifteen-page limit; only the signature line carried over to the next page.  For this reason, the defendants' argument is, quite honestly, rather ridiculous. That aside, as both sides have at times engaged in this practice throughout this litigation, the Court declines this request.  *See Stevo v. Frasor*, 662 F.3d 880, 887 (7th Cir. 2011) ("[I]t is clear that the decision whether to apply [local rules] strictly or to overlook any transgression is one left to the district court's discretion.") (internal quotation marks omitted).

prevailing in different cases or phases of a case by adopting inconsistent positions."
*Spaine v. Cmty. Contacts, Inc.*, 756 F.3d 542, 547 (7th Cir. 2014). To invoke judicial
estoppel, the invoking party typically must show: (1) the earlier and the later positions
are inconsistent; (2) the party prevailed in the earlier proceeding based on the court's
acceptance of the earlier position; and (3) allowing the party to assert an inconsistent
position would provide it with an unfair advantage if not estopped. *See In re Knight-
Celotex, LLC*, 695 F.3d 714, 721–22 (7th Cir. 2012).

Judicial estoppel does not apply in this case because the defendants have not
shown the second element. That element requires that "the party must have prevailed
on the basis of its earlier position so that judicial acceptance of an inconsistent position
in a later proceeding would create the perception that either the first or the second court
was misled." *Jarrard v. CDI Telecommunications, Inc.*, 408 F.3d 905, 914 (7th Cir.
2005) (internal quotation marks omitted). Curry did not prevail on his previous
contention that he was entitled to a jury trial on disgorgement. Rather, the Court held
that Curry was entitled to a jury trial based on his other claims and expressly reserved
ruling on the disgorgement point until after trial. The Court specifically noted that
although the jury would be asked to determine the amount of defendants' profits, that
award could be treated as advisory depending on the Court's ultimate conclusion.
Moreover, by expressly reserving the issue, the Court was in no way misled by Curry's
prior position. Thus, judicial estoppel does not bar Curry's contention that the jury's
disgorgement award should be treated as advisory. *See Kelly v. Herrell*, No. 21-2442,
2022 WL 17851675, at *4 (7th Cir. Dec. 22, 2022) (affirming the denial of a motion for
judicial estoppel where the party "did not prevail" on its earlier position, "which is a

necessary condition of judicial estoppel").

The Court therefore proceeds to consider whether the jury's disgorgement award should be treated as advisory. As the Court noted when ruling on the defendants' motion to strike Curry's jury demand, it has held in two other cases that "a request for disgorgement of profits in a Lanham Act case involves equitable relief on which plaintiff is not entitled to a jury trial." *Chicago Mercantile Exch. Inc. v. Ice Clear US, Inc.*, No. 18 C 1376, 2020 WL 5370625, at *1 (N.D. Ill. Aug. 10, 2020); *see also Ariel Invs., LLC v. Ariel Cap. Advisors LLC*, No. 15 C 3717, 2017 WL 1049464, at *2 (N.D. Ill. Mar. 20, 2017) ("[T]he request for disgorgement of profits in a Lanham Act case is a claim for equitable relief that did not entitle Ariel Capital to a jury trial."). The Court adheres to its decisions in those cases.

Both the Supreme Court and the Seventh Circuit have characterized disgorgement as an equitable remedy. *See Chauffeurs, Teamsters & Helpers, Loc. No. 391 v. Terry*, 494 U.S. 558, 570 (1990) ("[W]e have characterized damages as equitable where they are restitutionary, such as in actions for disgorgement of improper profits.") (alteration accepted) (citation and internal quotation marks omitted); *Fuller Prod. Co. v. Fuller Brush Co.*, 299 F.2d 772, 777 (7th Cir. 1962) ("An accounting for profits, however, is an equitable remedy subject to the principles of equity."); *BASF Corp. v. Old World Trading Co.*, 41 F.3d 1081, 1095 (7th Cir. 1994) (labeling disgorgement of defendants' profits as an equitable remedy). The three circuits that have squarely addressed this issue have concluded that "[a] claim for disgorgement of profits under § 1117(a) is equitable, not legal" and therefore does not create a jury right. *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1075 (9th Cir. 2015); *see also Hard*

16

*Candy, LLC v. Anastasia Beverly Hills*, *Inc.*, 921 F.3d 1343, 1358 (11th Cir. 2019) ("[A] claim for an accounting and disgorgement of profits under the Lanham Act is equitable in nature and, therefore, [ ] the Seventh Amendment's guarantee of a jury trial does not apply."); *Ferrari S.P.A. v. Roberts*, 944 F.2d 1235, 1248 (6th Cir. 1991) (holding that the defendant was not entitled to a jury trial where the plaintiff's complaint "requested only equitable relief; an injunction and disgorgement of profits").

In Curry's response to the defendants' earlier motion to strike his jury demand, he contended that he was entitled to a jury trial on this remedy because he was seeking infringing profits as a proxy for his damages. The Eleventh Circuit rejected this argument in *Hard Candy*, noting that to adopt this proposition "would make the Seventh Amendment right fully depend on the rationale the plaintiff offered for seeking to recover the defendant's profits," which "is inconsistent with the longstanding interpretation of the Seventh Amendment set out by the Supreme Court." *Hard Candy*, 921 F.3d at 1352, 1360. Curry also argued that this request for relief was intertwined with his other claims and required credibility determinations, but he did not cite any authority for the proposition that this would entitle him to a jury trial on this claim. And, in any event, the defendants do not assert any of these arguments in contesting Curry's current motion.

In sum, the Court concludes that there is no right to a jury trial for Curry's requested remedy of defendants' profits. The jury's award of $500,000 in defendants' profits is therefore advisory under Rule 39(c)(1).

### 2. Calculation of defendants' profits

Because the jury's award is advisory, the Court must determine the appropriate amount of defendants' profits to award under section 1117(a) of the Lanham Act. *See*

17

Fed. R. Civ. P. 52(a)(1) ("In an action tried on the facts . . . with an advisory jury, the court must find the facts specially and state its conclusions of law separately.").[4]

To recover the defendants' profits under the Lanham Act, Curry's only burden is to prove the defendants' sales. *See* 15 U.S.C. § 1117(a). The burden then shifts to the defendants to "prove all elements of cost or deduction claimed." *Id.* "If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case." *Id.*

First, the defendants contend in their Rule 59(e) motion that under *Sands, Taylor & Wood Co. v. Quaker Oats Co.*, 978 F.2d 947, 963 (7th Cir. 1992), the Court should award profits by using a reasonable royalty. But the Seventh Circuit's holding in *Sands* that the district court must use a reasonable royalty as a "starting point" for damages was unique to the facts of that case. *Id.* at 963 n.19. In *Sands*, the defendant ran an infringing advertising campaign without intending to trade on the plaintiff's goodwill or reputation, and the plaintiff had previously licensed its mark to a third party. *Id.* at 950, 961–963. Given these circumstances, the Seventh Circuit held that "[a] reasonable royalty, perhaps related in some way to the fee [the plaintiff] was paid by [the previous licensee], would more accurately reflect both the extent of [the defendant]'s unjust enrichment and the interest of [the plaintiff] that ha[d] been infringed." *Id.* at 963.

These circumstances are absent from this case. First, there is no evidence that Curry has previously licensed his trademark. The Seventh Circuit subsequently

---

[4] Because the Court grants Curry's motion to treat the jury's award as advisory and determines the proper amount of profits itself, it need not address Curry's contention that the jury was given an incomplete instruction on apportionment.

18

emphasized in *Sands* that a reasonable royalty "could be said to reflect the actual loss of" the plaintiff, "*if* ascertained with reasonable certainty." *Sands, Taylor & Wood v. Quaker Oats Co.*, 34 F.3d 1340, 1350 (7th Cir. 1994), *on reh'g in part*, 44 F.3d 579 (7th Cir. 1995). Although the defendants suggested factors that the Court could consider when determining a reasonable royalty, they conceded that there is no evidence in the record of the trial regarding most of those factors. The lack of evidence is unsurprising given that the defendants failed to raise this theory until their post-trial motion. Moreover, the defendants do not support their own proposed royalty rate of 1% to 3% of Revolution's gross sales of Diesel Test with any evidence, such as comparable licenses. The defendants note that Curry offered minimal evidence of sales, but they do not attempt to explain how that equates to a royalty rate of 1% to 3%. The Court concludes that the defendants' proposed rate is pure speculation and finds that a royalty rate in this case could not be ascertained with any reasonable certainty.

Second, this case does not involve an infringing advertising campaign, but rather an infringing product name. The Seventh Circuit explained that the district court's finding that "ten percent of [the defendant]'s profits from the sale of Gatorade could be attributed to the advertising campaign that infringed upon [the plaintiff]'s mark" was "methodologically flawed." *Sands*, 34 F.3d at 1350. Because the defendants in this case sold infringing Diesel Test products and never contended at trial that any portion of those sales were attributable to factors other than their infringement, an award of the defendants' profits from those infringing sales is methodologically sound. Indeed, the Seventh Circuit has held in subsequent cases that plaintiffs are entitled to the full amount of defendants' profits from infringing sales established at trial and that courts

19

need not make "sua sponte reductions" simply because profits awards are "subject to the principles of equity." *4SEMO.com Inc. v. S. Illinois Storm Shelters, Inc.*, 939 F.3d 905, 912 (7th Cir. 2019).

The defendants' contention that any award higher than "$15,000 to $45,000" would be an inequitable windfall under *Sands* lacks merit. Defs.' Rule 59(e) Mot., Opening Mem. at 5. The Seventh Circuit in *Sands* expressly stated its "discomfort with that award was grounded in a concern not so much with the amount of the award but with the approach of the district court." *Sands*, 34 F.3d at 1350. Indeed, the Seventh Circuit "expressed concern that the mere award of a royalty would not be an adequate measure of damages." *Id.* at 1352. Although the defendants contend that Curry did not prove a substantial amount of sales of his products, a plaintiff is not required to prove his sales to be entitled to a defendant's profits. *See Roulo v. Russ Berrie & Co.*, 886 F.2d 931, 941 (7th Cir. 1989) ("[A]n award of profits was appropriate under either a deterrence or unjust enrichment theory even if plaintiff's actual sustained losses may have been less."); *Web Printing Controls Co. v. Oxy-Dry Corp.*, 906 F.2d 1202, 1205 (7th Cir. 1990) (noting that an award of defendants' profits "flow[s] not from the plaintiff's proof of its injury or damage, but from its proof of the defendant's unjust enrichment or the need for deterrence"). The defendants have not cited any authority to the contrary.

The defendants rely heavily on comparisons between the evidence of bad faith in this case and that in *Sands*. But as explained further below in discussing punitive damages, there was stronger evidence of bad faith in this case than in *Sands*. Unlike in *Sands*, the defendants here did not rely on advice of legal counsel. *See Sands*, 978 F.2d at 962. And in *Sands*, there was "no question that [the defendant] developed the

20

'Thirst Aid' campaign entirely independently, with no knowledge of [the plaintiff]'s marks." *Id.* at 963. Here, the parties disputed at trial whether the defendants' knowingly copied Curry's mark. And, in any event, *Sands* is inapplicable to this case for the reasons explained above.

In short, the Court declines to use a reasonable royalty to award defendants' profits. The Court therefore turns to calculating the appropriate amount of defendants' profits using the burden-shifting test outlined in section 1117(a).

As a general matter, "[r]emedies are intended to make violations of the Act unprofitable, but not to act as a penalty." *BASF Corp.*, 41 F.3d at 1092. Disgorgement is appropriate where "damages are otherwise nominal," however, disgorgement in some cases "may overcompensate for a plaintiff's actual injury and create a windfall judgment." *Id.* at 1096 (quoting *George Basch Co. v. Blue Coral, Inc.*, 968 F.2d 1532, 1540 (2d Cir. 1992)); *see also Gen. Elec. Co. v. Speicher*, 877 F.2d 531, 535 (7th Cir. 1989) ("[A]n automatic award of profits in a trademark infringement case could confer a windfall on the plaintiff."). "Therefore, the monetary relief granted by the district court must be great enough to further the statute's goal of discouraging trademark infringement but must not be so large as to constitute a penalty." *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 744 (7th Cir. 1985).

In Curry's motion, he seeks $4.18 million in defendants' profits—$2.05 million from sales of Diesel Test and $2.13 million from sales of Revolution's other products that he contends were marketed, sold, or shipped with Diesel Test. The defendants contend that they experienced a loss on sales of Diesel Test and that the profits from Revolution's other products were not due to their infringement of the Diesel Test mark.

21

The Court begins with the parties' contentions regarding Revolution's infringing Diesel Test sales. Curry's damages expert, Herman, testified that Revolution's net proceeds from sales of Diesel Test were $2,052,225. He explained that he arrived at that amount by totaling Revolution's sales from various sources, including Amazon, eBay, and Limelight. Where the sales data indicated that certain sales were voided, refunded, or discounted, Herman subtracted those amounts from his gross sales figure to arrive at $2,052,225 in net sales. The Court finds that this evidence was sufficient to establish that the defendants made $2,052,225 in net revenues from sales of Diesel Test. Although Revolution's accountant, Turner, presented his own amount of net sales revenues, the defendants did not contest the accuracy of Herman's calculation of the amount of Diesel Test sales revenue either at trial or in response to Curry's motion.

Curry contends that he is entitled to the full $2.05 million because the defendants failed to prove any expenses related to their sales of Diesel Test products. The Court disagrees. Curry primarily relies on Herman's testimony that the P&L summary is insufficient to prove that "the expenses entered were actually incurred or were recorded accurately." Pl.'s Mem. in Supp. of Pl.'s Mot. for Ct. to Determine Profits at 5. But Turner testified regarding Revolution's process for recording expenses in QuickBooks, which generated the P&L report. Turner explained that every financial transaction is tracked in QuickBooks and that QuickBooks is integrated with Revolution's bank accounts. At the end of each month, Turner testified, Revolution reconciled its bank records with QuickBooks to ensure that the transactions matched. Turner stated that the accounting manager would then double-check the reconciliation. The Court finds this testimony credible, and it supports that the expenses reported on the P&L were

22

actually incurred and were accurately recorded.  Indeed, although Herman testified that he did not have sufficient information to verify Revolution's expenses, he also stated that QuickBooks "is a good product" and that he did not believe anyone manipulated or changed the information inputted into QuickBooks.  Tr. Vol. 4 at 940:24–941:18.

Furthermore, most of the expenses reported on the P&L summary are supported elsewhere in the record.  For example, regarding Revolution's marketing expenses, Barry testified that he was familiar with Revolution's use of affiliated marketing to sell Diesel Test and that it cost approximately $45 to $50 per customer.  Herman also agreed based on "listening to testimony" during trial that Revolution incurred marketing expenses.  Tr. Vol. 4 at 937:25.

For various overhead expenses—chargeback services, computer expenses, payroll expenses, and rent or lease expenses—Turner testified that these expenses were allocated to Diesel Test based on percentage sales.  In other words, because Diesel Test comprised 23% of Revolution's total sales, 23% of Revolution's overhead expenses were allocated to Diesel Test's P&L.  Herman testified at trial that he "would suspect" that Revolution did incur overhead expenses, such as payroll, in selling Diesel Test.  Tr. Vol. 4 at 938:9–939:1.  The Court finds that the defendants presented a reasonable formula for the allocation of overhead.  *See In Design v. K-Mart Apparel Corp.*, 13 F.3d 559, 566 (2d Cir. 1994) (holding that a deduction for overhead expense was proper where the defendant "met its burden of offering a reasonable formula," noting that "absolute certainty . . . is not required").

Curry contends that Turner's testimony that he worked for companies other than Revolution shows that the payroll expenses relate to products other than Diesel Test.

23

This contention does not alter the Court's conclusion. First, as a factual matter, Turner credibly testified that during the period of the P&L report, he did not work for any companies not owned by Revolution. And, in any event, overhead will necessarily include expenses that do not relate specifically to the infringing product, which is why the expenses must be allocated to the infringing sales using a reasonable formula. Curry does not argue that overhead expenses are not properly deductible or that the defendants' allocation formula is unreasonable. Thus, the Court finds that the defendants have satisfied their burden of proof for those expenses.

Regarding Revolution's shipping expenses, Turner testified that Revolution incurred expenses for purchasing boxes to package its Diesel Test products and paid a vendor to ship Diesel Test. Joshua also testified regarding Diesel Test shipments that were sent to supplement distributors. Goodwin, Revolution's warehouse manager, testified about Revolution's fulfillment process, including shipping orders to customers. Even Herman testified that he "would think that there's a shipping cost to somebody when a product is shipped out." Tr. Vol. 4 at 938:3–4. The Court finds that the defendants have established that Revolution incurred shipping expenses and also finds that the amounts presented in the P&L summary for "Shipping & Delivery" and "Packaging Expense" are sufficiently accurate for the reasons explained above.

Similarly, for "Merchant Processing Fees," Turner testified that these fees were the charges imposed by credit card companies. Curry did not present any contrary evidence to contest this expense. He also has not challenged this amount beyond the general contention that the P&L summary is unsupported, a contention the Court has already rejected. The Court finds that the defendants have proven this expense as well.

24

The remaining expenses presented on the P&L are "Cost of Goods Sold" and "Product for Old Co." Dkt. no. 285-1. The Court finds that the defendants have not sufficiently proven these expenses. Turner's testimony about both categories was minimal. For cost of goods sold, Turner simply stated that it "would include what we paid for the Diesel Test product," without any further elaboration. Tr. Vol. 4 at 1002:22–23. Although in the typical case there would logically be some costs associated with manufacturing a physical product, Curry presented evidence at trial that Revolution had the unusual practice of "making" Diesel Test by relabeling its prior Rev Test product. Goodwin testified that at least some of Revolution's Diesel Test sales were actually fulfilled using returns of a prior product, Rev Test, that Revolution relabeled as Diesel Test. She explained that in August 2016, she had made five hundred bottles of Diesel Test this way. Joshua similarly testified that when Revolution began selling Diesel Test, it relabeled existing Rev Test products as Diesel Test. Thus, it is not clear from the record what amount Revolution paid, *if anything*, to manufacture its Diesel Test product specifically. The Court therefore declines to deduct the purported "Cost of Goods Sold" amount.

For the last expense category, "Products for Old Co," no explanation of this amount appears in the record. Turner unhelpfully described this expense as "product that was designated as given to old co." Tr. Vol. 4 at 1003:6–7. Without any further information, the Court cannot evaluate whether this expense is properly deductible as a cost of selling Diesel Test. Thus, the Court also declines to deduct "Products for Old Co."

In sum, the Court finds that Revolution had net sales of $2,052,225 and the

25

following deductible expenses:  packaging of $25,152.67; chargeback services of $55,763.97; computer, software, and internet of $5,472.99; payroll of $288,576.43, rent or lease of $28,047.05; marketing of $789,290; merchant processing fees of $244,805.07; and shipping & delivery of $68,021.38.  This results in an award of defendants' profits in the amount $547,095.44.

This leaves Curry's request for $2.13 million in sales of Revolution's other products that he contends were marketed, sold, or shipped with Diesel Test.  The Court denies this request on multiple grounds.

First, as the Court instructed at trial, Curry is entitled to recover the defendants' profits from sales of "other products that were marketed, sold, or shipped with their Diesel Test product" only "*if* Mr. Curry proves by a preponderance of the evidence that the defendants profited from their infringement by the sale of [those] other products." Dkt. no. 399-9 at 20:4–10 (emphasis added); *see Bucklew v. Hawkins, Ash, Baptie & Co., LLP.*, 329 F.3d 923, 933 (7th Cir. 2003)  (observing that because "the purpose of allowing suit for the infringer's lost profits is to make infringement worthless to the infringer," a proper award "will sometimes require tracing those profits into another product, as where it is bundled with the infringing product"); *Otis Clapp*, 754 F.2d at 745 ("[T]he plaintiff may not recover if he fails to prove that the defendant's actions caused the claimed harm.").

Although Curry emphasizes in his motion that he presented evidence that Revolution marketed, sold, or shipped other products with Diesel Test, he has not established that the defendants profited from those sales due to the defendants' infringement of Diesel Test.  Rather, Joshua testified that Revolution's other products

26

were often marketed and sold independently and were established products in the market before Revolution began selling Diesel Test.

Curry did present evidence at trial that Diesel Test products sometimes helped with the sale of Revolution's other products because the products were "complementary," dkt. no. 389-2 at 99:22–100:5. The Seventh Circuit addressed a similar theory of damages in *Bucklew*. In that case, the plaintiff sought the defendant's profits from a noninfringing product on the theory that the defendants' sales of its infringing product attracted customers to purchase a noninfringing product through the prospect of "one-stop shopping." *Bucklew*, 329 F.3d at 933. The Seventh Circuit held that the plaintiff's evidence supporting this theory "was too speculative to sustain an award of damages." *Id.* Although one of the defendant's "employees testified that the infringing forms would indeed help with the sale of" the noninfringing product, "no evidence was presented that would have enabled the market value of this 'help' to be gauged." *Id.* The plaintiff's expert witness testified "that 10 percent of the profits on [the defendant]'s sales of [the noninfringing product] were due to the buyers' being able to buy the infringing forms from" the defendant, but the Seventh Circuit rejected this damages calculation because it "had no factual basis whatsoever." *Id.*

Similarly, in this case, Curry did not present evidence at trial that quantifies the value of complementary products. Although the evidence at trial established that at least some sales of Revolution's other products were bundled with Diesel Test, such as the MRX products that were automatically added to online orders of Diesel Test and some iterations of the Champion Stack bundle, Curry made no attempt to quantify the amount of those specific sales. Instead, Curry seeks the full amount of all Revolution's

sales of MRX and RevTest from August 1, 2016 through October 20, 2017. But his entitlement to all those sales is not supported by the record. And because these are not infringing sales, the usual assumption that "that the wrongdoer who makes profits from the sales of goods bearing a mark belonging to another was enabled to do so because he was drawing upon the good will generated by that mark" does not apply. *WMS Gaming Inc. v. WPC Prods. Ltd.*, 542 F.3d 601, 608 (7th Cir. 2008) (quoting *Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co.*, 316 U.S. 203, 206–07 (1942)), *as amended* (Sept. 16, 2008).

Second, the Court concludes that an award of $2.13 million in sales of Revolution's other products would not be equitable, which is an independent reason to deny the relief Curry seeks. *See* 15 U.S.C. § 1117(a) ("If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case."). Curry's requested profits award for these products is not required "merely because there has been an infringement." *Champion Spark Plug Co. v. Sanders*, 331 U.S. 125, 131 (1947). Indeed, the Seventh Circuit has held that disgorgement of profits is not required where, as in this case, it "might have required the district court to engage in undue speculation as to the amount." *BASF Corp.*, 41 F.3d at 1096. The Court finds that its award of $547,095.44 in defendants' profits is "sufficient to render [the defendants'] violations unprofitable," *id.*, and that considerations of "unjust enrichment or the need for deterrence" do not support additional disgorgement of Revolution's other sales, *Web Printing*, 906 F.2d at 1205. Indeed, further disgorgement likely would constitute an impermissible penalty. *See*

28

*BASF Corp.*, 41 F.3d at 1092; *Otis Clapp*, 754 F.2d at 744 ("[Section] 1117 forbids the district court from allowing recoveries that are so excessive as to amount to a penalty.").

Curry also contends that the Court should use its equitable authority to enhance the profits award.[5] First, he argues that an enhancement is necessary to ensure that the defendants "do not profit from their infringement." Pl.'s Mem. in Supp. of Pl.'s Mot. for Ct. to Determine Profits at 11. Because the Court has concluded that its award is sufficient to ensure that the defendants' infringement is not profitable, it overrules Curry's contention that the Court should enhance the award on that ground.

Second, Curry argues that the award should be enhanced because the defendants concealed their business records. The defendants contest this characterization of their discovery responses. The Court has already addressed this issue several times, including when granting Curry's motion *in limine* to exclude unproduced QuickBooks documents. The Court need not address this issue again because any discovery failures would not justify enhancing the profits award to $4.18 million as Curry seeks. Curry does not tie any proposed missing records to his request for $4.18 million. Although he contends that supporting records of expenses were not produced, the Court has concluded that the evidence at trial was sufficient to support the defendants' expenses that it deducted. Where the evidence was insufficient, the Court did resolve doubts in Curry's favor as he requests by declining to deduct those asserted expenses. Curry also argues that sales records past October 2017 are

---

[5] In Curry's motion, he asked the Court to enhance the jury's profits award as an alternative to his motion that the Court treat the jury's award as advisory. Although the Court grants Curry's motion to treat the jury's award as advisory, the Court nonetheless addresses his arguments for an enhancement of the award given that the amount the Court has awarded is similar to the jury's award.

missing. But given the undisputed evidence at trial that any sales past that date were minimal, enhancing the profits award to $4.18 million based on this asserted lack of evidence would improperly penalize the defendants. The Court also notes that when it offered to order a protocol for inspection of the QuickBooks material, Curry expressly advised the Court that he sought "no further relief from the Court on this matter." Dkt. no. 344 at 1.

In short, the Court concludes that an enhancement of the defendants' profits award is not warranted.

To summarize, the Court grants Curry's motion to treat the jury's award as advisory and awards Curry $547,095.44 in defendants' profits. The Court overrules the defendants' contention that an award of this size constitutes an impermissible windfall to Curry.

## B.    The defendants' motion to alter the judgment

The defendants have moved under Rule 59(e) to alter or amend the judgment by reducing the profits award and striking the punitive damages award. "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). The defendants premise their motion on five arguments: 1) the jury's profits award provides an inequitable windfall to Curry; 2) the jury's punitive damages award was in error because the jury was not properly instructed on common law trademark rights; 3) the punitive damages award was excessive; 4) the Court erred in instructing the jury on the Nussbaum Family Trust; and 5) the jury was improperly instructed on personal liability. The Court has already addressed the defendants' first

contention in the previous section of this decision. The Court addresses the remaining contentions in turn.

### 1.    Common law trademark rights instruction

The defendants contend that because the jury was not properly instructed regarding how common law trademark rights arise, the jury could not evaluate willfulness. But the defendants never made this argument at trial. When the Court addressed this issue in deciding Curry's motion *in limine*, the defendants contended that Curry must prove that he has enforceable common law trademark rights in certain geographic areas. The Court overruled this contention because they had already stipulated that Curry had enforceable common law trademark rights that were not limited to any particular geographic area. *See* Dkt. no. 362 at 4–5. At trial, the defendants sought an instruction on common law trademark rights and geographic scope, but they never suggested that these instructions were necessary for the jury to determine willfulness. They also did not object to the willfulness instructions at trial. Thus, the defendants' contention is forfeited. *See Schobert v. Illinois Dep't of Transp.*, 304 F.3d 725, 730 (7th Cir. 2002) ("[T]o preserve the objection, the party must state the same grounds when objecting to the jury instruction as it does in its motion for a new trial or on appeal."); *Petkus v. Richland County*, 767 F.3d 647, 654 (7th Cir.2014) ("Although it submitted its own instructions, which the judge declined to give, it failed to object to the instructions that the judge did give. That was another forfeiture.").

Even if the issue were not forfeited, the Court is not persuaded that the absence of an instruction on common law trademark rights was a "manifest error of law." *Obriecht*, 517 F.3d at 494. The defendants have not cited any authority for the

31

proposition that the jury had to be informed regarding how Curry's common law trademark rights developed to properly determine whether the defendants willfully infringed his mark. Moreover, as previously discussed, the defendants' stipulation admitted in substance that Curry had enforceable common law trademark rights nationwide. Thus, instructing the jury regarding "how common law trademark rights arise" or that those rights "are limited to the geographic areas in which a plaintiff establishes such rights through sales" as the defendants propose, Defs.' Rule 59(e) Mot., Opening Mem. at 7, would have been unnecessary and confusing to the jury.

The defendants also contend that the Court erred by not permitted the jury "to consider the effect of the dismissal of the case," *id.*, that is, the earlier dismissal for lack of personal jurisdiction that the Seventh Circuit overturned. When this issue was raised at trial, the Court concluded that evidence that the case was dismissed for lack of personal jurisdiction and then reinstated was inadmissible under Rule 403. It would have caused a significant diversion from the issues of the case to explain the procedural history of the case to the jury, and it risked confusing the jury regarding the implications of the Court's prior dismissal. The defendants do not point to any new considerations that affect the Court's prior ruling. Rather, they simply continue to press their argument that the evidence has substantial probative value. The Court still disagrees. The defendants contend that the fact that the defendants did not sell Diesel Test products while the case was dismissed shows a lack of malice, but the evidence at trial showed that the defendants *did* continue selling Diesel Test during at least part of that time. Thus, although the evidence may have some probative value, as the Court acknowledged at trial, it is minimal and significantly outweighed by the other factors the

32

Court noted.

Because the Court concludes that the jury was properly instructed, it denies the defendants' motion to overturn the jury's finding of willfulness and its award of punitive damages on this ground.

## 2. Punitive damages

In the alternative, the defendants renew, in a footnote, their motion for judgment as a matter of law in their favor on punitive damages because they contend that there was insufficient evidence of their reckless disregard for Curry's rights.

Under Federal Rule of Civil Procedure 50(b), judgment as a matter of law is proper if "a reasonable jury would not have a legally sufficient evidentiary basis" to support a verdict for the nonmovant. Fed. R. Civ. P. 50(a)(1), (b). On a Rule 50(b) motion, a court "construes the evidence strictly in favor of the party who prevailed before the jury and examines the evidence only to determine whether the jury's verdict could reasonably be based on that evidence." *Passananti v. Cook County*, 689 F.3d 655, 659 (7th Cir. 2012). "That includes drawing all reasonable inferences in that party's favor and disregarding all evidence favorable to the moving party that the jury is not required to believe." *May v. Chrysler Group, LLC*, 716 F.3d 963, 971 (7th Cir. 2012). Courts are "obliged to review the record to ensure that sufficient evidence exists to support the verdict, but [courts] will not otherwise consider the weight of the evidence" or "reevaluate the credibility of witnesses." *McNabola v. Chi. Transit Auth.*, 10 F.3d 501, 515 (7th Cir. 1993). Consequently, a jury verdict will be overturned only if the court concludes that "no rational jury could have found for the prevailing party." *Stragapede v. City of Evanston*, 865 F.3d 861, 865 (7th Cir. 2017) (internal quotation

marks omitted).

As the jury was instructed, it could award punitive damages only if it found that "the defendants' acts were willful and malicious or were in reckless disregard of Mr. Curry's rights."   Dkt. no. 399–9 at 21:1–9.  The defendants do not contend that this instruction was improper, nor did they object to the instruction at trial.

There was ample evidence to support the jury's decision to impose punitive damages in this case.  For starters, the jury reasonably could have agreed with Curry that the similarities between his mark and the defendants were too significant to be a coincidence and that the defendants intentionally copied Curry's mark.  Moreover, in response to Curry's cease-and-desist request, the defendants decided to ignore it and "let him sue" while they continued to sell their infringing products.  Dkt. no. 399-3 at 65:19–21.  The defendants also continued selling Diesel Test even after it was banned on Amazon and Curry had filed suit.

In contending that the evidence reflected that they acted in good faith, the defendants point to their testimony that they engaged in "extensive searches" in response to Curry's cease-and-desist requests.  Defs.' Rule 59(e) Mot., Opening Mem. at 6.  But the defendants did not offer any records of these searches.  Curry argued at trial that had the defendants performed the searches as they contended, they would have discovered his product.  The credibility of the defendants' testimony on this point was for the jury to assess, not the Court.  *See Venson v. Altamirano*, 749 F.3d 641, 647 (7th Cir. 2014) ("[T]he credibility of the officers' testimony . . . was for the jury, not us, to assess."); *Whitehead v. Bond*, 680 F.3d 919, 928 (7th Cir. 2012) ("Since the credibility of witnesses is peculiarly for the jury, it is an invasion of the jury's province to grant a

new trial merely because the evidence was sharply in conflict.") (alteration accepted) (internal quotation marks omitted).

In short, the Court denies the defendants' motion in the alternative for judgment as a matter of law in their favor on punitive damages.

The defendants also contend that the jury's punitive damages award is "grossly excessive" and must be reduced. *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 562 (1996). "The Supreme Court, in testing awards of punitive damages for compliance with due process, has established three guideposts: (1) the reprehensibility of the defendant's conduct; (2) the disparity between the actual harm suffered and the punitive award; and (3) the difference between the award authorized by the jury and the penalties imposed in comparable cases." *Epic Sys. Corp. v. Tata Consultancy Servs. Ltd.*, 980 F.3d 1117, 1140 (7th Cir. 2020) (internal quotation marks omitted).

To determine the reprehensibility of the defendants conduct, the Court considers whether: (1) "the harm caused was physical as opposed to economic;" (2) "the tortious conduct evinced an indifference to or a reckless disregard of the health or safety of others;" (3) "the target of the conduct had financial vulnerability;" (4) "the conduct involved repeated actions or was an isolated incident;" and (5) "the harm was the result of intentional malice, trickery, or deceit, or mere accident." *Id.* at 1141.

The defendants do not expressly address any of the five factors the Seventh Circuit has instructed courts to consider on the first guidepost. Instead, they assert that they "inadvertently ran afoul of another's trademark," which is "not a reprehensible act,"

and they note in passing that their infringement did not cause any physical injury.[6] Defs.' Rule 59(e) Mot., Opening Mem. at 9. Contrary to the defendants' characterization of their infringement as a "mistake," *id.*, the Court has already concluded above that the evidence supports that their infringement was not a "mere accident," *Epic*, 980 F.3d at 1141. For the remaining three factors, the defendants do not contest that each factor weighs in favor of the jury's punitive damages award.

The parties primarily contest the second guidepost. This requires the Court to "analyze the ratio of punitive damages to the 'harm, or potential harm' inflicted on the plaintiff." *Id.* at 1142 (quoting *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 424 (2003)). The defendants contend that Curry's harm was $2,500 and the punitive damages award is $900,000, making the ratio 360:1.

For starters, Curry contends that the ratio calculation must be calculated on a per-defendant basis, in other words, based on the award against each defendant of $300,000, not the aggregate total of $900,000. *See Planned Parenthood of Columbia/Willamette Inc. v. Am. Coal. of Life Activists*, 422 F.3d 949, 960 (9th Cir. 2005) ("[T]o compare the amount of compensatory damages awarded to one plaintiff with the total amount of punitive damages awarded to that plaintiff from all defendants shifts the focus away from a particular defendant's conduct to the defendants' conduct *en grosse*."). The defendants do not respond to this contention, thereby forfeiting the issue. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to

---

[6] Curry contends that this factor still weighs in his favor because he experienced mental and emotional distress. Because the defendants do not contest that the other four factors support the jury's award of punitive damages, the Court need not resolve the parties' dispute on this point.

respond to an argument . . . results in waiver.").

The more difficult issue is the proper amount of harm to include in the ratio. Curry contends that the ratio should include the defendants' profits award. The defendants argue that because that award is distinct from the award for his actual harm, it should not be included.

"In most cases, the compensatory-damages award approximates the plaintiff's harm." *Epic*, 980 F.3d at 1142. The Seventh Circuit has noted, however, that computing the appropriate ratio may "pose a challenging task" where damages are "based on the benefit to [the defendant], not because of any harm suffered by" the plaintiff. *Id.* at 1143. Although the Seventh Circuit did not have to reach the issue in *Epic*, it noted that "at least one other court has compared an unjust enrichment award to the punitive-damages award under this guidepost when state law allowed punitive damages to be imposed for the underlying claim." *Id.*; *see also Rhone-Poulenc Agro, S.A. v. DeKalb Genetics Corp.*, 272 F.3d 1335, 1351 (Fed. Cir. 2001) ("[T]he unjust enrichment gained by DeKalb is logically related to the harm or potential harm caused RPA, and it was appropriate to base the award of punitive damages on the unjust enrichment award."), *vacated*, 538 U.S. 974 (2003), *reinstated as modified,* 345 F.3d 1366 (2003); *TXO Prod. Corp. v. All. Res. Corp.*, 509 U.S. 443, 460 (1993) ("It is appropriate to consider . . . the possible harm to other victims that might have resulted if similar future behavior were not deterred."). Because the defendants' profits award stems from considerations of unjust enrichment and deterrence, *Web Printing*, 906 F.2d at 1205, the Court concludes that it is properly included as potential harm in the ratio.

In sum, the proper ratio is $547,095.44 in defendants' profits plus $2,500 in

actual damages, for a total of $549,595.44, to the per-defendant punitive damages award of $300,000. Thus, the ratio is less than 1:1, which "is easily permissible." *Kapelanski v. Johnson*, 390 F.3d 525, 534 (7th Cir. 2004).

The final guidepost is "the difference between the punitive award authorized by the jury and civil penalties imposed in comparable cases." *Epic*, 980 F.3d at 1145. The defendants cite a few cases with lower punitive damages awards. "But even if the punitive award is higher than those in comparable cases, this guidepost generally deserves less weight than the other two." *Rainey v. Taylor*, 941 F.3d 243, 255 (7th Cir. 2019). Having found that the ratio is in the easily permissible range, the third guidepost does not alter the Court's conclusion that the jury's punitive damages award is not excessive. *See id.* ("We are reluctant to overturn the punitive damages award on the basis of the third guidepost alone." (alterations accepted) (quoting *Willow Inn, Inc. v. Pub. Serv. Mut. Ins. Co.*, 399 F.3d 224, 238 (3d Cir. 2005))).

In sum, the Court denies the defendants' motion to reduce the jury's punitive damages award.

### 3. Nussbaum Family Trust instruction

Next, the defendants contend that the jury instruction that "[w]hether and the extent to which you consider the Nussbaum Family Trust in assessing each defendants' financial condition are matters for you to decide" was improper for two reasons. Dkt. no. 399-9 at 22:12–14.

First, the defendants contend that it "effectively allowed the jury to pierce the corporate veil [sic] by considering the Trust's assets to be the assets of Defendants for purposes of determining the punitive damage award, without ever instructing the jury on

38

the necessary standards to allow the corporate veil [sic] to be pierced."  Defs.' Rule

59(e) Mot., Opening Mem. at 12.  But any argument that the Court should have

instructed the jury on the circumstances under which the jury could "pierce the

corporate veil" is forfeited.  This objection was not made at trial.  *See* Dkt. no. 385-1 at

1094:3–5 ("And I think the issue that defendants raise is not that it's incorrect but rather

that it's calling attention to it.").  Nor was it made in the defendants' filed written

objections to the Court's instructions.  *See* Dkt. no. 373.  Indeed, Curry proposed an

instruction at trial regarding the circumstances under which the jury could consider the

trust, and the defendants objected.  Thus, the defendants' first contention regarding this

instruction is forfeited.  *See Schobert*, 304 F.3d at 730.

The defendants' second reason is the same as the objection they made at trial,

namely, that the instruction improperly brought attention to the trust.  As the Court

explained at trial, the instruction was necessary because the parties disputed whether

the jury should consider the trust and evidence regarding the trust comprised a

substantial amount of the evidence introduced at trial.  And this was not the only place

where the instructions addressed how the jury should consider particular evidence.  In

particular, the jury instructions stated that the jury did not have to accept the testimony

of Curry's expert witness, Herman.  In overruling the defendants' objection at trial, the

Court also emphasized that the instruction was neutrally worded.

In their motion, the defendants do not contest any aspects of the Court's prior

reasoning.  Rather, they argue that their failure to object to the instruction about expert

testimony "does not waive or diminish" their objection to the trust instruction.  Defs.'

Rule 59(e) Mot., Opening Mem. at 12.  But this does not engage with the logic of the

Court's reasoning. The defendants also do not cite any authority for the proposition that instructing the jury in a neutral way that it had to decide whether and the extent to which it should consider a specific subject of evidence could constitute a manifest error of law. Thus, the Court concludes that the instruction regarding the Nussbaum Family Trust was not improper and that giving the instruction cannot be grounds for altering the judgment.

### 4. Personal liability instruction

Lastly, the defendants contend that the personal liability instruction was improper. They continue to press the argument that to be individually liable, the officers must act outside the scope of their duties or misuse the corporate form. As the Court held in denying their motion for summary judgment, this is not the law. *See Peaceable Planet, Inc. v. Ty, Inc.*, 362 F.3d 986, 994 (7th Cir. 2004) ("[T]here is some evidence that Warner may have been personally involved in the decision to use the name Niles on a Ty camel, and if so he may be . . . a joint tortfeasor and therefore suable."); *Weller Mfg. Co. v. Wen Prods., Inc.*, 231 F.2d 795, 801 (7th Cir. 1956) (finding individual liability where "[t]his individual admitted that he was at all times in control of the administrative and managerial policy of the corporation" and "had before him the Weller device when he designed his infringing gun, which he deliberately made identical with Weller"). "Indeed, courts in this district have rejected the argument that even if an officer personally participates in the manufacture or infringement, such acts cannot lead to liability unless they fall outside of the officer's job description." *UIRC-GSA Holdings Inc. v. William Blair & Co., L.L.C.*, No. 15 C 9518, 2017 WL 3593117, at *4 (N.D. Ill. Aug. 21, 2017) (internal quotation marks omitted). The Court concludes that the jury

40

instruction on personal liability was proper and therefore denies the defendants' motion to alter the judgment on this ground.[7]

In sum, the Court denies the defendants' Rule 59(e) motion.

**C. Curry's motion for a finding of IUDTPA liability**

Curry has moved for the Court to find the defendants liable for violating the IUDTPA. Curry's state unfair competition claim—which is what the IUDTPA claim is— "mirrors" the federal "infringement analysis." *AHP Subsidiary Holding Co. v. Stuart Hale Co.*, 1 F.3d 611, 619 (7th Cir. 1993); *UL LLC v. Am. Energy Prod., LLC*, 358 F. Supp. 3d 753, 758 n.2 (N.D. Ill. 2019) (Kennelly, J.) (noting that IUDTPA claims "are subject to precisely the same standards as [ ] federal infringement claims"). Curry contends that because the defendants stipulated that Revolution is liable for infringement and the jury found that all the defendants willfully infringed Curry's mark, the Court should also find that the defendants willfully violated the IUDTPA.

As a preliminary matter, the defendants argue that they should not be found liable because Curry does not have common law trademark rights in Illinois. Although the defendants concede that they stipulated that Revolution was liable for Counts III and

---

[7] At some points in their motion, the defendants appear to argue that the evidence at trial did not establish that Joshua and Barry were personally liable even under the proper standard. But this argument, assuming it was clearly asserted, is forfeited because it was not raised as grounds for their Rule 50(a) motion made at trial. Rule 59(e) "may not be used . . . to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008); *see also ING Glob. v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 96 (2d Cir. 2014) ("[W]e do not believe that the Rule permits a party to obtain judgment as a matter of law under Rule 59(e) after failing to comply with the carefully crafted structure and standards of Rules 50 and 51."). In any event, the Court explains below in addressing Curry's IUDTPA claim that the evidence sufficiently established Joshua and Barry's personal liability.

V, they argue that they refused to stipulate to liability on Curry's IUDTPA claim in order to retain their right to contest that Curry had enforceable rights in Illinois. This contention cannot be reconciled with the stipulation. The defendants stipulated that "Revolution is liable for infringing Plaintiff's Diesel Test mark under Count III and Count V of Plaintiff's Complaint." Dkt. no. 156 at ¶ 2. Count V of the complaint, in turn, states that "Defendants' acts constitute trademark infringement in violation of the common law of the State of Illinois." Dkt. no. 1 at ¶ 76. Given this context, the stipulation straightforwardly admits that Curry has enforceable common law trademark rights in Illinois. As the Court explained in granting Curry's motion *in limine*, Revolution could not conceivably be liable for violating the Illinois common law of trademark infringement if Curry did not have enforceable common law trademark rights in Illinois.

That said, under "the long-standing rule of construction in Illinois," "a statute is without extraterritorial effect unless a clear intent in this respect appears from the express provisions of the statute." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 184–85, 835 N.E.2d 801, 852 (2005) (internal quotation marks omitted). No such intent is expressed in IUDTPA. *See IPOX Schuster, LLC v. Nikko Asset Mgmt. Co.*, 191 F. Supp. 3d 790, 807 (N.D. Ill. 2016) (Kennelly, J.). Curry is therefore required to show that "the circumstances relating to [his] disputed transactions with [the defendants] occurred primarily and substantially in Illinois." *Avery*, 216 Ill. 2d at 187, 835 N.E.2d at 854. To make this determination, courts consider the following factors: "(1) the plaintiff's residence, (2) where the misrepresentation was made, (3) where the damage to the plaintiff occurred, and (4) whether the plaintiff communicated with the defendant in Illinois." *Specht v. Google, Inc.*, 660 F. Supp. 2d 858, 866 (N.D. Ill. 2009) (citing

42

*Avery*, 216 Ill. 2d at 186–88, 835 N.E.2d at 853–54).

First, it is undisputed that Curry's residence is in Illinois. Because he resides in Illinois, the damage analyzed under the third factor occurred in Illinois. *See Republic Techs. (NA), LLC v. BBK Tobacco & Foods, LLP*, No. 16 C 3401, 2022 WL 910862, at *3 (N.D. Ill. Mar. 29, 2022) ("Courts in this district have found that when the plaintiff resides in Illinois, damages are often suffered in Illinois.").

Second, the misrepresentation, namely, the defendants' use of Curry's mark, occurred in Illinois. Joshua testified at trial that Revolution sold its Diesel Test product to hundreds of customers in Illinois. Although the defendants sold their products in other states as well, there is no requirement that the sales be exclusively in Illinois. *See id.* (finding that this factor weighed in the plaintiff's favor where "the evidence showed[] that HBI's false advertising claims occurred nationwide, including in Illinois"); *Specht*, 660 F. Supp. 2d at 866 (holding that the plaintiff stated a IUDTPA claim where "[t]he alleged infringement took place on the Internet and was international in scope, presumably occurring in Illinois"). In contending that this factor weighs in their favor, the defendants argue that Curry failed to establish that he had trademark rights in Illinois or that he made sales in Illinois. But, as explained above, the defendants—despite their contention to the contrary—stipulated to this via their stipulation to liability on this claim. Given the stipulation, Curry was not required to provide evidence of his sales for this factor to weigh in his favor. The defendants do not cite any authority to the contrary.

Lastly, Curry communicated with the defendants via Facebook in Illinois. Although the defendants assert that they could not have known Curry's location through his Facebook message, they do not cite any authority for the proposition that their

43

knowledge of Curry's location is relevant to the analysis.

In short, the Court finds that each factor weighs in favor of finding that the defendants' misconduct occurred "primarily and substantially" in Illinois.

The defendants assert two other arguments against liability, but the Court has already rejected both. First, they again contend that neither Joshua nor Barry can be held individually liable because they did not act outside their scope of duties as officers. As stated earlier, to be held individually liable, the evidence need only show that Joshua and Barry "personally participate[d]" in the infringement. *4SEMO.com*, 939 F.3d at 912–13 ("A corporate officer is individually liable if he 'personally participates in the manufacture or sale of the infringing article, uses the corporation as an instrument to carry out his own willful and deliberate infringements, or knowingly uses an irresponsible corporation with the purpose of avoiding personal liability.'" (alterations accepted) (quoting *Dangler v. Imperial Mach. Co.*, 11 F.2d 945, 947 (7th Cir. 1926))).

The evidence at trial established that Joshua personally participated in the infringement. Joshua decided to use the Diesel Test name, was involved in creating the label, managed the sales of Diesel Test, made the decision to continue selling Diesel Test after Curry's cease-and-desist request, and attempted to register for a federal trademark on Diesel Test after learning of Curry's common law trademark. The defendants' characterizations of Joshua's activities as "generic," Defs.' Opp. to Pl.'s IUDTPA Mot. at 11, is incorrect.

The evidence was also sufficient to establish Barry's personal liability. He consulted with Joshua on the Diesel Test name, was involved in the decision to ignore Curry's cease-and-desist request, and encouraged Joshua's filing of Revolution's Diesel

44

Test trademark application. Contrary to the defendants' assertion, the evidence established Barry's involvement beyond merely failing to stop the infringing sales.

Next, the defendants contend that the Court should find that the defendants did not act willfully because the jury was improperly instructed. The Court has already concluded that the jury was properly instructed on willfulness and that the evidence was sufficient to support the jury's finding. The defendants' arguments for why the Court should nonetheless find that they did not act willfully are unpersuasive. First, they again point to their decision to stop selling Diesel Test while the case was dismissed. But this assertion is contrary to the evidence presented at trial that the defendants did continue making infringing sales for months after the case was dismissed. Second, they also emphasize their searches that informed their claimed good-faith belief that Curry did not have any trademark rights. But, as noted above, the defendants did not produce any evidence of these searches aside from their testimony. The Court, like the jury, finds the testimony on this point to lack credibility. In Joshua's email asking a Revolution employee to perform a search, he also "vote[d] to let [Curry] sue" while they sold their remaining Diesel Test products. Dkt. no. 399-3 at 65:19–21. This suggests that the defendants had already decided they would continue selling their infringing product regardless of the outcome of any searches performed.

The defendants contend that Curry's willfulness argument is predicated on their decision not to stop selling immediately after receiving his cease-and-desist request. But this characterization is incorrect. The record at trial contained further evidence of willfulness as previously described, including that the defendants did not perform adequate searches in response to Curry's cease-and-desist letters and continued to sell

45

their infringing products even after Amazon's ban.

Moreover, the defendants do not cite any authority for the proposition that deciding to continue infringing despite Curry's cease-and-desist requests cannot sustain a willfulness finding. They contend that in the patent infringement context, "the mere fact that an accused infringer continues its infringing activity cannot support a finding of willfulness where the accused infringer presents legitimate defenses and did not know of the asserted patents until the filing of the suit." Defs.' Opp. to Pl.'s IUDTPA Mot. at 14 (quoting *Civix-DDI, LLC v. Cellco P'ship*, 387 F. Supp. 2d 869, 903 (N.D. Ill. 2005)). But the defendants did know of Curry's mark before he filed suit. Moreover, the Federal Circuit requires an accused infringer with notice to exercise "due care to avoid infringement" which, as stated above, the defendants failed to do in this case. *Crystal Semiconductor Corp. v. TriTech Microelecs. Int'l, Inc.*, 246 F.3d 1336, 1351 (Fed. Cir. 2001). The fact that the accused infringer "presents a non-frivolous defense to infringement" does not preclude a willfulness finding. *Id.*

In sum, the Court concludes that the evidence at trial establishes by a preponderance of the evidence that the defendants willfully violated the IUDTPA. *See Bingham v. Inter-Track Partners*, 234 Ill. App. 3d 615, 621, 600 N.E.2d 70, 75 (1992) (finding willfulness where "the defendant made a reasoned, deliberate business decision to proceed with [the trademark] despite plaintiffs' protest").

## D.    Curry's motion for pre- and post-judgment interest

Curry has also moved under Rule 59(e) to amend the judgment to include pre- and post-judgment interest. The defendants do not object to Curry's request for post-judgment interest, and the Court notes that post-judgment interest applies by operation

46

of law. *See* 28 U.S.C. § 1961(a). Regarding Curry's motion for prejudgment interest, the defendants only contest the proper rate and the applicable period.

Curry contends that the defendants should pay prejudgment interest at the prime rate plus 2%. The defendants contend that an increase above the prime rate is unwarranted. The Court agrees. The Seventh Circuit has repeatedly stated that the prime rate is the preferred rate for awarding prejudgment interest. *See Gorenstein Enters., Inc. v. Quality Care-USA, Inc.*, 874 F.2d 431, 436 (7th Cir. 1989) ("[W]e suggest that district judges use the prime rate for fixing prejudgment interest where there is no statutory interest rate."); *First Nat. Bank of Chi. v. Standard Bank & Tr.*, 172 F.3d 472, 480 (7th Cir. 1999) ("We hold today that to . . . award something other than the prime rate is an abuse of discretion, unless the district court engages in such a refined calculation."); *Matter of Oil Spill by Amoco Cadiz Off Coast of France*, 954 F.2d 1279, 1332 (7th Cir. 1992) ("[U]nless it engages in such refined rate-setting, a court should use the 'prime rate' . . . .").

Curry contends that a prime rate-plus formula is necessary because the defendants are distressed borrowers. But the Seventh Circuit has acknowledged that the prime rate, as "a market-based estimate," "may miss the mark for any particular party." *Matter of Oil Spill*, 954 F.2d at 1332. Still, the Seventh Circuit has encouraged application of the prime rate because it "is a readily ascertainable figure which provides a reasonable although rough estimate of the interest rate necessary to compensate plaintiffs not only for the loss of the use of their money but also for the risk of default." *Gorenstein*, 874 F.2d at 436. The Court concludes that the prime rate is the appropriate rate of prejudgment interest in this case.

Curry argues that district courts are permitted to engage in "refined rate-setting." *First Nat. Bank of Chi.*, 172 F.3d at 480. But even so, he acknowledges that the decision to award pre-judgment interest at a rate above the prime rate "is fully within the Court's discretion." Pl.'s Reply in Supp. of Mot. for Interest at 5. The Court declines to exercise its discretion to engage in such rate-setting, especially where Curry's proposed 2% increase itself does not appear to be the result of "refined rate-setting." Among other things, Curry does not point to any interest rates charged on the defendants' loans as evidence for his 2% adjustment. *See Matter of Oil Spill*, 954 F.2d at 1332 (noting that "a court could draw an interest rate directly from" the defendant's "publicly traded notes and debentures"). Rather, he asserts that it is his "conservative estimate." Pl.'s Mem. in Supp. of Mot. for Interest at 7.

Regarding the applicable time period, the defendants contend that it should exclude the time during which the case was dismissed and the period when the trial was rescheduled. But they do not cite any authority for their position. Rather, "prejudgment interest typically accrues from the date of the loss or from the date on which the claim accrued." *Am. Nat. Fire Ins. Co. ex rel. Tabacalera Contreras Cigar Co. v. Yellow Freight Sys., Inc.*, 325 F.3d 924, 935 (7th Cir. 2003); *see also W. Virginia v. United States*, 479 U.S. 305, 311 n.2 (1987) ("Prejudgment interest serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress."). Because excluding the time as the defendants suggest would undercompensate Curry, the Court declines to do so. *See City of Milwaukee v. Cement Div., Nat'l Gypsum Co.*, 515 U.S. 189, 195 (1995) ("The essential rationale for

awarding prejudgment interest is to ensure that an injured party is fully compensated for its loss.").  The Court therefore awards prejudgment interest at the prime rate beginning with the date of the first known infringing sale, which the defendants do not dispute is October 19, 2016.

Curry contends that, in the event the Court later awards attorney's fees, the Court should also award prejudgment interest on the amount of attorney's fees.  Because no motion for attorney's fees has yet been filed, the Court declines to address this issue at this juncture.  Curry contends that "there is no doubt he will seek attorneys' fees."  Pl.'s Reply in Supp. of Mot. for Interest at 13.  If so, the Court will address the issue in connection with that motion.  The Court overrules Curry's contention that the defendants "have forfeited any substantive objection" to this by correctly arguing that the matter is not yet ripe.  *Id.*

The parties agree on the applicable formula for calculating interest.  Because the Court has modified the profits award, the parties are directed to calculate prejudgment interest using the prime rate from October 19, 2016 through September 1, 2023 and submit a joint status report with the calculation and figure by August 30, 2023.

**E.    Curry's motion for a permanent injunction**

Lastly, Curry has moved under Rule 59(e) for the Court to enter a permanent injunction.

To be entitled to a permanent injunction, Curry must establish:  "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is

49

warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). The Court concludes that each factor is met in this case.

First, the Seventh Circuit has "clearly and repeatedly held that damage to a trademark holder's goodwill can constitute irreparable injury for which the trademark owner has no adequate legal remedy." *Re/Max N. Cent., Inc. v. Cook*, 272 F.3d 424, 432 (7th Cir. 2001). In this case, the defendants stipulated to actual confusion, and the jury found that Curry's goodwill was damaged by the defendants' infringement. Moreover, Curry's trademark and the defendants' "infringing use are identical, [ ] the products are the same, and [ ] the markets are the same," which are factors "indicative of irreparable injury." *Ideal Indus., Inc. v. Gardner Bender, Inc.*, 612 F.2d 1018, 1025 (7th Cir. 1979). The Court concludes that Curry has established irreparable injury and that "[m]onetary damages are likely to be inadequate compensation for such harm." *Id.* at 1026. Given the Court's conclusion, it need not address the parties' dispute regarding whether there is a presumption of rebuttable harm in trademark actions. *See Chi. Mercantile Exch. Inc. v. Ice Clear US, Inc.*, No. 18 C 1376, 2021 WL 3630091, at *29 (N.D. Ill. Aug. 17, 2021) (Kennelly, J.) (concluding that "there does not appear to be a basis for applying a one-off rule regarding presumed harm in trademark cases").

The defendants contend that the first factor for issuance of an injunction is not met because they have stopped infringing, relying on this Court's decision in *Chicago Mercantile Exchange*. But in that case, the defendants had "stopped using the [infringing] mark and there [wa]s no evidence in the record to suggest otherwise." *Id.* at 30. In this case, by contrast, there was evidence in the record contradicting the

50

defendants' assertion that they voluntarily stopped using Curry's trademark in 2018. For example, Curry testified to seeing advertisements for Revolution's Diesel Test as late as 2020. Moreover, the evidence at trial established that the defendants created new products by simply relabeling old products, which suggests that it would be particularly easy for them to infringe again. *See United Air Lines, Inc. v. Air Line Pilots Ass'n, Int'l*, 563 F.3d 257, 275 (7th Cir. 2009) ("The court may consider how easily former practices might be resumed at any time in determining the appropriateness of injunctive relief.").

Next, the Court concludes that the balance of hardships favors Curry. If it is true, as the defendants contend, that they stopped selling Diesel Test in 2018, then it is unclear what hardship an injunction would impose on them. Indeed, the defendants did not clearly articulate any hardship, contending instead that Curry's "trademark rights are not permanent" and are limited in geographic scope. Defs.' Opp. to Pl.'s Mot. for Permanent Inj. at 4–5. Though this contention arguably casts doubt on the believability of their assertion that they have no "intention of utilizing the Diesel Test mark in any capacity whatsoever," *id.* at 5, it does not establish any hardship.

Lastly, a permanent injunction would serve the public interest. "[T]he public interest is served by the injunction because enforcement of the trademark laws prevents consumer confusion." *Eli Lilly & Co. v. Nat. Answers, Inc.*, 233 F.3d 456, 469 (7th Cir. 2000); *see also Abbott Lab'ys v. Mead Johnson & Co.*, 971 F.2d 6, 19 (7th Cir. 1992) ("[Injunctive] relief would serve, rather than disserve, the public interest in truthful advertising, an interest that lies at the heart of the Lanham Act."). In contending that the public interest would be disserved, the defendants argue that "any injunction would need to account for the scenario of [Curry]'s loss of rights." Defs.' Opp. to Pl.'s Mot. for

51

Permanent Inj. at 5. But the defendants do not cite any authority for this proposition. Nor do the defendants explain how an injunction might take Curry's potential "loss of rights" into account. Rather, the defendants contend that an injunction is not necessary because "[i]f Curry has trademark rights, that is sufficient to prevent Defendants from using the mark." *Id.* This contention is unpersuasive given the jury's finding of willful infringement. Moreover, adopting the defendants' position essentially would mean that an injunction never serves the public interest in a trademark case, which is not the law.

In sum, the Court concludes that Curry is entitled to a permanent injunction.

Curry requests that the Court enter an injunction incorporating the terms of the preliminary injunction and including a few additional terms. The defendants object to several of the proposed terms.

First, Curry's proposed injunction would cover trademarks that were not asserted at trial. The defendants contend that the injunction should be limited to Diesel Test. Neither party provides any authority on the issue of whether, or under what circumstances, related marks not asserted at trial can be included in an injunction. Curry cites *Ariel Investments, LLC V. Ariel Capital Advisors LLC*, No. 15 C 3717, Dkt. 199-1 ¶ 2(a) (N.D. Ill. Mar. 9, 2017), but the related marks in that case were raised at trial.

Although the preliminary injunction in this case included related marks, Curry did not litigate a theory of a family of marks after that point. Curry contends that the defendants should not be able to infringe Curry's "other marks in the 'Diesel' family." Pl.'s Reply in Supp. of Mot. for Permanent Inj. at 12. But he never attempted to establish that he had a family of "Diesel" marks. *See AM Gen. Corp. v. DaimlerChrysler*

*Corp.*, 311 F.3d 796, 819 (7th Cir. 2002) ("[T]he proponent of a family of marks must prove that, prior to the junior user's entry, all or many of the marks in the alleged family were used and promoted in such a way as to create public perception of the family mark as an indicator of source.") (internal quotation marks omitted). Given Curry's decision to pursue only the Diesel Test mark at trial, the permanent injunction will be limited to Diesel Test accordingly.

Next, Curry contends that the injunction should require the defendants to withdraw their pending opposition to Curry's federal trademark application for Diesel Test. The defendants' objection to this proposal is hard to follow. They contend that their opposition to Curry's federal trademark application is warranted because it is "solely focused" on Curry's attempt to trademark the word "Test" apart from "Diesel Test." Defs.' Opp. to Pl.'s Mot. for Permanent Inj. at 10. But Curry's application is for the phrase "Diesel Test," not simply "Test." The opposition that the defendants attach to their motion also plainly asserts further objections to Curry's application. *See* Dkt. no. 398-2. The Court therefore grants Curry's request to include this in the injunction.

Without citing relevant authority, the defendants raise various other objections, none of which have merit. First, the defendants contend that the proposed injunction is too broad because it is not limited to "testosterone boosting nutritional supplement" goods specifically. Defs.' Opp. to Pl.'s Mot. for Permanent Inj. at 7. Limiting the injunction in this manner is unwarranted, however, given the evidence at trial that the defendants sold other kinds of goods displaying their brand names to develop their brand.

Second, the defendants argue that Curry's "requests for certifications and

53

delivery of labels and signs are unnecessary." *Id.* at 7. But the defendants concede that Curry's requests for certifications and materials bearing Curry's mark is permitted by 15 U.S.C. § 1116(a). Moreover, their assertion that this proposed term is "nothing but busy work" because Revolution stopped selling infringing products years ago, *id.* at 8, is unpersuasive given the dispute at trial regarding when the defendants stopped infringing Curry's mark. The defendants do not cite any authority for the proposition that they must retain all such materials as litigation documents.

Finally, the defendants contend that the proposed injunction is not sufficiently definitive in part because it precludes any trademark that is "confusingly similar" to Curry's mark. Defs.' Opp. to Pl.'s Mot. for Permanent Inj. at 9. But the defendants themselves state that this requirement "is just a reiteration that [they] are prohibited from violating trademark law." *Id.* at 9. The Court concludes that this language is not impermissibly vague. *See Eli Lilly & Co. v. Arla Foods, Inc.*, 893 F.3d 375, 384 (7th Cir. 2018) ("The Lanham Act's prohibition on implied falsehoods makes the use of somewhat inexact language unavoidable.").

The defendants also object on vagueness grounds to Curry's proposed term prohibiting the defendants from "doing any other act likely to induce the mistaken belief that Curry is the source of products that are not actually manufactured or sold by Curry." Defs.' Opp. to Pl.'s Mot. for Permanent Inj. at 9. Curry does not respond to this objection, thereby forfeiting the point. *See Bonte*, 624 F.3d at 466. The Court therefore will exclude this term from the injunction.

In sum, the Court grants Curry's motion to enter a permanent injunction in accordance with this decision.

**Conclusion**

For the foregoing reasons, the Court (1) grants plaintiff Curry's motion to determine infringing profits and awards $547,095.44 in defendants' profits [dkt. no. 388]; (2) denies the defendants' motion to amend or alter the judgment [dkt. no. 384]; (3) grants plaintiff Curry's motion for a finding of IUDTPA liability [dkt. no. 378]; (4) grants in part plaintiff Curry's motion for pre- and post-judgment interest [dkt. no. 390]; and (5) grants in part plaintiff Curry's motion for a permanent injunction [dkt. no. 392]. The parties are directed to calculate prejudgment interest in accordance with this decision through September 1, 2023 and submit a joint status report with the calculation and amount by August 30, 2023. Finally, plaintiff is directed to provide a Word version of the proposed injunction, modified as indicated in this decision, to the undersigned judge's proposed order e-mail address by August 30, 2023.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:  August 23, 2023

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.7.1.1**
**Eastern Division**

Charles Curry

                                        Plaintiff,

v.                                                              Case No.: 1:17−cv−02283
                                                                Honorable Matthew F. Kennelly

Revolution Laboratories, LLC, et al.

                                        Defendant.

---

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, August 29, 2023:

    MINUTE entry before the Honorable Matthew F. Kennelly: The Clerk is directed to enter an amended judgment as follows: (1) in favor of plaintiff Charles Curry and against defendants Revolution Laboratories LLC; Joshua Nussbaum; and Barry Nussbaum on Counts 2; 3; and 5 of plaintiff's amended complaint; (2) finding willful infringement by each defendant of plaintiff's trademark; (3) in favor of plaintiff Charles Curry and against defendants Revolution Laboratories LLC and Joshua Nussbaum on Count 6 of plaintiff's amended complaint; (4) in favor of defendant Barry Nussbaum and against plaintiff Charles Curry on Count 6 of plaintiff's amended complaint; and (5) awarding plaintiff Charles Curry damages as follows: (a) against Revolution Laboratories LLC; Joshua Nussbaum and Barry Nussbaum jointly and severally in the amount of $547,095.44, plus prejudgment interest in the amount of $201,723.65, for a total of $748,819.09; (b) against Revolution Laboratories LLC and Joshua Nussbaum jointly and severally in the amount of $1,000; (3) against Revolution Laboratories LLC for punitive damages in the amount of $300,000.00; (4) against Joshua Nussbaum for punitive damages in the amount of $300,000.00; (5) against Barry Nussbaum for punitive damages in the amount of $300,000.00; and (6) for entry of a permanent injunction as set forth separately. Mailed notice. (mma, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES CURRY, d/b/a GET DIESEL NUTRITION | ) ) | Case No. 1:17-cv-02283 |
| | ) | |
| Plaintiff, | ) | Honorable Matthew F. Kennelly |
| | ) | |
| v. | ) | |
| | ) | |
| REVOLUTION LABORATORIES, LLC, REV LABS MANAGEMENT, INC., JOSHUA NUSSBAUM, and BARRY NUSSBAUM | ) ) ) | |
| | ) | |
| Defendants. | ) | |

<u>**ORDER OF PERMANENT INJUNCTION**</u>

Plaintiff has filed a motion for entry of a permanent injunction pursuant to the Lanham Act, 15 U.S.C. § 1116(a), and the Illinois Uniform Deceptive Trade Practices Act, 815 ILL. COMP. STAT. ANN. 510/3. For the reasons stated in the Court's decision, Dkt. 410, it is ORDERED that Plaintiff's motion is GRANTED IN PART. It is further ORDERED as follows:

1.     This Injunction applies to all of the following persons or entities (the "Enjoined Parties"):

   a.     Defendants Revolution Laboratories, LLC; Joshua Nussbaum; and Barry Nussbaum ("Defendants").

   b.     All officers, principals, agents, servants, employees, affiliates, licensees, transferees, purchasers, successors, and assigns of the Defendants, and all persons or entities acting on the behalf of such parties or in active concert or participation with any of them.

   c.     Any entity, or any person acting on behalf of such entity, in which the Defendants hold a direct or indirect ownership interest.

   d.     Any entity, or any person or entity acting on behalf of such entity, in which any trust formed by or for the benefit of any Defendant owns a direct or indirect ownership interest.

2.      This Injunction concerns the DIESEL TEST trademark owned by Plaintiff Charles Curry (the "Diesel Test Mark").

3.      The Enjoined Parties are permanently enjoined and restrained from:

     a.     directly or indirectly infringing the Diesel Test Mark;

     b.     using in any manner the Diesel Test Mark, or any colorable imitation or confusingly similar version of that mark (including, but not limited to, DZL TEST), exclusively, or as a portion of any trade name, trademark, service mark, or domain name;

     c.     importing, transferring, manufacturing, delivering, disposing, advertising, selling, offering for sale, distributing, and shipping any product bearing the Diesel Test Mark;

     d.     using, hosting, operating, maintaining, creating, registering, or transferring ownership or control of any computer server, website, domain name, domain name server, cloud storage, e-commerce platform, online advertising service, or social media platform with domain names that are identical or confusingly similar to the Diesel Test Mark;

     e.     registering or attempting to register the Diesel Test Mark; and

     f.     enabling, facilitating, permitting, encouraging, assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to above in paragraphs (a)–(e).

4.      Defendants shall move to dismiss with prejudice Opposition No. 91271283, pending before the Trademark Trial and Appeal Board.

5.      No later than thirty (30) days from entry of this Order, Defendants shall surrender and deliver up to Plaintiff for destruction all labels, signs, stationery, business cards, packages,

receptacles, advertising, promotional materials and the like in the possession, custody, or control of Defendants that use the Diesel Test Mark.

6.    Pursuant to 15 U.S.C. § 1116(a), within thirty (30) days of the entry of this Order, Defendants on behalf of all of the Enjoined Parties, shall submit to the Court a written report, under oath, detailing their efforts to comply, and certifying their compliance, with this Order. This report shall include confirmation that Defendants surrendered and delivered up to Plaintiff all labels, signs, stationery, business cards, packages, receptacles, advertising, promotional materials or the like in the possession, custody, or control of Defendants that adopt or infringe the Diesel Test Mark.

7.    This Court retains jurisdiction over this matter for the purpose of enabling any of the parties to apply to this Court at any time for further orders and directions as may be necessary or appropriate to carry out or construe this Order, to modify or terminate any of its provisions, to enforce compliance, and to punish violations of its provisions.


So Ordered: August 29, 2023

The Honorable Matthew F. Kennelly
Unietd States District Judge

ILND 450 (Rev. 10/13) - Judgment in a Civil Action

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS

Charles Curry,

Plaintiff(s),

v.

Revolution Laboratories, LLC et al,

Defendant(s).

Case No.  17 C 2283
Judge Matthew F. Kennelly

## <u>AMENDED JUDGMENT IN A CIVIL CASE</u>

Judgment is hereby entered (check appropriate box):

☐     in favor of plaintiff(s)
and against defendant(s)
in the amount of $         ,

       which ☐ includes         pre–judgment interest.
             ☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiff(s) shall recover costs from defendant(s).

---

☐     in favor of defendant(s)
and against plaintiff(s)

.

Defendant(s) shall recover costs from plaintiff(s).

---

☒     other: (1) In favor of plaintiff Charles Curry and against defendants Revolution Laboratories LLC; Joshua Nussbaum; and Barry Nussbaum on Counts 2; 3; and 5 of plaintiff's amended complaint; (2) finding willful infringement by each defendant of plaintiff's trademark; (3) in favor of plaintiff Charles Curry and against defendants Revolution Laboratories LLC and Joshua Nussbaum on Count 6 of plaintiff's amended complaint; (4) in favor of defendant Barry Nussbaum and against plaintiff Charles Curry on Count 6 of plaintiff's amended complaint; and (5) awarding plaintiff Charles Curry damages as follows: (a) against Revolution Laboratories LLC; Joshua Nussbaum and Barry Nussbaum jointly and severally in the amount of $547,095.44, plus prejudgment interest in the amount of $201,723.65, for a total of $748,819.09; (b) against Revolution Laboratories LLC and Joshua Nussbaum jointly and severally in the amount of $1,000; (3) against Revolution Laboratories LLC for punitive damages in the amount of $300,000.00; (4) against Joshua Nussbaum for punitive damages in the amount of $300,000.00; (5) against Barry Nussbaum for punitive damages in the amount of $300,000.00; and (6) for entry of a permanent injunction as set forth separately.

This action was *(check one)*:

☐ tried by a jury with Judge Matthew F. Kennelly presiding, and the jury has rendered a verdict.

☐ tried by Judge      without a jury and the above decision was reached.

☒ decided by Judge Matthew F. Kennelly on a motion

Date:   8/29/2023            Thomas G. Bruton, Clerk of Court

                                              Melissa Astell , Deputy Clerk

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.7.1.1**
**Eastern Division**

Charles Curry

Plaintiff,

v.                                                                    Case No.: 1:17−cv−02283
                                                                      Honorable Matthew F. Kennelly

Revolution Laboratories, LLC, et al.

Defendant.

---

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Friday, September 1, 2023:

    MINUTE entry before the Honorable Matthew F. Kennelly: Plaintiff's motion to correct clerical mistakes is granted [415]. Enter Amended Judgment In A Civil Case. Mailed notice. (mma, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

ILND 450 (Rev. 10/13) - Judgment in a Civil Action

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS

Charles Curry,

Plaintiff(s),

v.

Revolution Laboratories, LLC et al,

Defendant(s).

Case No.  17 C 2283
Judge Matthew F. Kennelly

## <u>SECOND AMENDED JUDGMENT IN A CIVIL CASE</u>

Judgment is hereby entered (check appropriate box):

☐     in favor of plaintiff(s)
and against defendant(s)
in the amount of $    ,

       which ☐ includes     pre–judgment interest.
           ☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiff(s) shall recover costs from defendant(s).

---

☐     in favor of defendant(s)
and against plaintiff(s)

.

Defendant(s) shall recover costs from plaintiff(s).

---

☒     other: (1) In favor of plaintiff Charles Curry and against defendants Revolution Laboratories LLC; Joshua Nussbaum; and Barry Nussbaum on Counts 2; 3; and 5 of plaintiff's complaint; (2) finding willful infringement by each defendant of plaintiff's trademark; (3) in favor of plaintiff Charles Curry and against defendants Revolution Laboratories LLC and Joshua Nussbaum on Count 6 of plaintiff's complaint; (4) in favor of defendant Barry Nussbaum and against plaintiff Charles Curry on Count 6 of plaintiff's complaint; and (5) awarding plaintiff Charles Curry damages as follows: (a) against Revolution Laboratories LLC; Joshua Nussbaum and Barry Nussbaum jointly and severally in the amount of $549,595.44, plus prejudgment interest in the amount of $201,723.65, for a total of $751,319.09; (b) against Revolution Laboratories LLC and Joshua Nussbaum jointly and severally in the amount of $1,000; (3) against Revolution Laboratories LLC for punitive damages in the amount of $300,000.00; (4) against Joshua Nussbaum for punitive damages in the amount of $300,000.00; (5) against Barry Nussbaum for punitive damages in the amount of $300,000.00; and (6) for entry of a permanent injunction as set forth separately.

This action was *(check one)*:

☐ tried by a jury with Judge Matthew F. Kennelly presiding, and the jury has rendered a verdict.

☐ tried by Judge        without a jury and the above decision was reached.

☒ decided by Judge Matthew F. Kennelly on a motion


Date:   9/1/2023                    Thomas G. Bruton, Clerk of Court

                                    Melissa Astell , Deputy Clerk

APPEAL,KIM,TERMED

# United States District Court
# Northern District of Illinois - CM/ECF NextGen 1.7.1.1 (Chicago)
# CIVIL DOCKET FOR CASE #: 1:17-cv-02283
# Internal Use Only

Curry v. Revolution Laboratories, LLC et al
Assigned to: Honorable Matthew F. Kennelly
Case in other court: 17-02900
Cause: 28:1331 Federal Question

Date Filed: 03/24/2017
Date Terminated: 05/22/2023
Jury Demand: Plaintiff
Nature of Suit: 370 Other Fraud
Jurisdiction: Federal Question

### Plaintiff

**Charles Curry**
*doing business as*
Get Diesel Nutrition

represented by **Floyd A. Mandell**
Katten Muchin Rosenman LLP
LIMITED ASSIGNMENT
525 West Monroe Street
Chicago, IL 60661
(312) 902-5200
Email: Floyd.Mandell@kattenlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew Jan Oppenheim**
Oppenheim + Zebrak, LLP
4530 Wisconsin Ave, NW
5th Floor
Washington, DC 20016
202-450-3958
Email: matt@oandzlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Alexander Zebrak**
Oppenheim Zebrak Llp
5225 Wisconsin Ave, NW
STE 503
Washington, DC 20015
(202) 450-3758
Email: scott@oandzlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Catherine Elizabeth O'brien**
Katten Muchin Rosenman
525 West Monroe Street
Chicago, IL 60661

(312) 902-5368
Email: catherine.obrien@katten.com
*ATTORNEY TO BE NOTICED*

**Jeffrey Kane**
Oppenheim + Zebrak, LLP
4530 Wisconsin Avenue NW
5th Floor
Washington, DC 20016
(202) 499-2940
Email: jkane@oandzlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Nicholas Cooper Hailey**
Oppenheim + Zebrak, LLP
4530 Wisconsin Avenue, NW
5th Floor
Washington, DC 20016
(202) 480-2174
Email: nick@oandzlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Revolution Laboratories, LLC**               represented by **Amy M. Gibson**
Aronberg Goldgehn
225 W. Washington St.
Ste 2800
Chicago, IL 60606
312-828-9600
Email: agibson@agdglaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Chidinma O. Ahukanna**
Aronberg Goldgehn
330 N. Wabash
Suite 1700
Chicago, IL 60611
(312) 755-3169
Email: cahukanna@agdglaw.com
*ATTORNEY TO BE NOTICED*

**Christopher William Niro**
Aronberg Goldgehn Davis & Garmisa
330 N. Wabash Ave, Suite 1700
Suite 1700

Chicago, IL 60611
312-755-3161
Email: cniro@agdglaw.com
*TERMINATED: 06/01/2022*

**Daniel S Levinson**
Levinson Stockton LLP
990 Highland Drive
Suite 206
Solana Beach, CA 92075
(858) 792-1100 - x.3
Email: dan@levinsonstocktonllp.com
*PRO HAC VICE*

**Gary Phillip Hollander**
Aronberg Goldgehn Davis & Garmisa
330 N. Wabash Ave, Ste 1700
Chicago, IL 60611
(312) 828-9600
Email: ghollander@agdglaw.com
*ATTORNEY TO BE NOTICED*

**Kristina Dawn Diesner**
Aronberg Goldgehn Davis & Garmisa
330 N. Wabash Avenue
Suite 1700
Chicago, IL 60611
312-755-3133
Email: kdiesner@agdglaw.com
*TERMINATED: 04/01/2022*

**Matthew L. De Preter**
Aronberg Goldgehn
225 W. Washington Street
Suite 2800
Chicago, IL 60606
312-755-3153
Email: cdepreter@agdglaw.com
*ATTORNEY TO BE NOTICED*

**R. Timothy Novel**
Aronberg Goldgehn Davis & Garmisa
330 North Wabash Avenue
Suite 1700
Chicago, IL 60611
(312) 828-9600
Email: novel@litchfieldcavo.com
*TERMINATED: 02/07/2023*

**Defendant**

**Rev Labs management, Inc.**                    represented by   **Amy M. Gibson**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Chidinma O. Ahukanna**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Christopher William Niro**
                                                                (See above for address)
                                                                *TERMINATED: 06/01/2022*

                                                                **Daniel S Levinson**
                                                                (See above for address)
                                                                *PRO HAC VICE*

                                                                **Gary Phillip Hollander**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Kristina Dawn Diesner**
                                                                (See above for address)
                                                                *TERMINATED: 04/01/2022*

                                                                **Matthew L. De Preter**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **R. Timothy Novel**
                                                                (See above for address)
                                                                *TERMINATED: 02/07/2023*

**Defendant**

**Joshua Nussbaum**                              represented by   **Amy M. Gibson**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Chidinma O. Ahukanna**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Christopher William Niro**
                                                                (See above for address)
                                                                *TERMINATED: 06/01/2022*

                                                                **Daniel S Levinson**
                                                                (See above for address)
                                                                *PRO HAC VICE*

**Gary Phillip Hollander**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kristina Dawn Diesner**
(See above for address)
*TERMINATED: 04/01/2022*

**Matthew L. De Preter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**R. Timothy Novel**
(See above for address)
*TERMINATED: 02/07/2023*

**Terence H. Campbell**
Cotsirilos, Tighe, Streicker, Poulos &
Campbell, Ltd.
55 E. Monroe Street
Suite 3250
Chicago, IL 60603
312-263-0345
Email: tcampbell@cotsiriloslaw.com
*TERMINATED: 01/24/2023*

**Defendant**

**Barry Nussbaum**                    represented by **Amy M. Gibson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Chidinma O. Ahukanna**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher William Niro**
(See above for address)
*TERMINATED: 06/01/2022*

**Daniel S Levinson**
(See above for address)
*PRO HAC VICE*

**Gary Phillip Hollander**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kristina Dawn Diesner**

(See above for address)
*TERMINATED: 04/01/2022*

**Matthew L. De Preter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**R. Timothy Novel**
(See above for address)
*TERMINATED: 02/07/2023*

**Terence H. Campbell**
(See above for address)
*TERMINATED: 01/24/2023*

| Date Filed | # | Select all / clear | Docket Text |
|---|---|---|---|
| 03/24/2017 | 1 <br> 6.1 MB | ☐ | COMPLAINT filed by Charles Curry. (Exhibits) (jh, ) (Entered: 03/24/2017) |
| 03/24/2017 | 2 <br> 1.1 MB | ☐ | CIVIL Cover Sheet. (jh, ) (Entered: 03/24/2017) |
| 03/24/2017 | 3 <br> 708.9 KB | ☐ | PRO SE Appearance by Plaintiff Charles Curry. (jh, ) (Entered: 03/24/2017) |
| 03/24/2017 | 4 <br> 1.5 MB | ☐ | NOTICE to the Director by Charles Curry. (jh, ) (Entered: 03/24/2017) |
| 03/24/2017 | 🔒 5 <br> 50.4 KB | ☐ | (Court only) RECEIPT regarding payment of filing fee paid on 3/24/2017 in the amount of $400.00, receipt number 4624179380. (jh, ) (Entered: 03/24/2017) |
| 03/24/2017 |  |  | SUMMONS Issued as to Defendants Barry Nussbaum, Joshua Nussbaum, Rev Labs Management, Inc., Revolution Laboratoires, LLC. (jh, ) (Entered: 03/27/2017) |
| 04/03/2017 | 6 <br> 1.0 MB | ☐ | SUMMONS Returned Executed by Charles Curry as to Revolution Laboratoires, LLC on 3/28/2017, answer due 4/18/2017. (Attachments: # 1 Certificate of Service Summons)(Curry, Charles) (Entered: 04/03/2017) |
| 04/03/2017 | 7 <br> 1.1 MB | ☐ | SUMMONS Returned Executed by Charles Curry as to Rev Labs management, Inc. on 3/28/2017, answer due 4/18/2017. (Attachments: # 1 Certificate of Service Summons Rev Labs Mgmt)(Curry, Charles) (Entered: 04/03/2017) |
| 04/19/2017 | 8 <br> 4.5 KB | ☐ | MINUTE entry before the Honorable Matthew F. Kennelly: Initial status hearing is set to 9:00 a.m. on 5/23/2017 before Judge Kennelly, in Chambers, Room 2188. Parties are to review and comply with Judge Kennelly's standing initial order, which may be found on his web page, located at http://www.ilnd.uscourts.gov/home/JUDGES /KENNELLY/INIT-ORD.htm. Counsel for plaintiff(s) are ordered to |

| | | | |
|---|---|---|---|
| | | | cause a copy of this order to be delivered forthwith to each defendant who has not yet appeared by counsel in the same manner that summons has been or is being served on each defendant. (mk) (Entered: 04/19/2017) |
| 04/19/2017 | 9 | ☐ 14.0 KB | ORDER: The order previously entered setting the case for a status hearing on 5/23/2017 at 9:00 a.m. is vacated. Instead, the case is set for a status hearing on that same date, 5/23/2017, at 9:30 a.m. in Judge Kennelly's courtroom (Room 2103). Plaintiff is advised that he must appear in court on that date and time; if he fails to do so, the case may be dismissed for want of prosecution. Signed by the Honorable Matthew F. Kennelly on 4/19/2017. Mailed notice (jh, ) (Entered: 04/19/2017) |
| 04/20/2017 | 10 | ☐ 467.8 KB | SUMMONS Returned Executed by Charles Curry as to Joshua Nussbaum on 4/18/2017, answer due 5/9/2017. (Curry, Charles) (Entered: 04/20/2017) |
| 04/20/2017 | 11 | ☐ 464.0 KB | SUMMONS Returned Executed by Charles Curry as to Barry Nussbaum on 4/18/2017, answer due 5/9/2017. (Curry, Charles) (Entered: 04/20/2017) |
| 04/24/2017 | 12 | ☐ 82.8 KB | REQUEST For Default *REQUEST for Entry of Default by the Clerk* (Curry, Charles) (Entered: 04/24/2017) |
| 04/24/2017 | 13 | ☐ 77.5 KB | REQUEST For Default *Proposed Entry of Default* (Curry, Charles) (Entered: 04/24/2017) |
| 05/01/2017 | 14 | ☐ 2.3 MB | MEMORANDUM *Memorandum in Support of Motion for Preliminary Injunction* (Attachments: # 1 Supplement Motion for Preliminary Injunction, # 2 Certificate of Service Barry Nussbaum service 1, # 3 Certificate of Service Barry Nussbaum service 2 Notary, # 4 Certificate of Service Joshua Nussbaum service 1, # 5 Certificate of Service Joshua Nussbaum service 2 Notary, # 6 Supplement Support of Service Location for Barry and Joshua Nussbaum, # 7 Certificate of Service Revolution Labratories service, # 8 Certificate of Service Rev Labs Managment)(Curry, Charles) (Entered: 05/01/2017) |
| 05/18/2017 | 15 | ☐ 307.6 KB | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-13189414. (Attachments: # 1 Notice of Filing Notice of Presentment of Motion)(Levinson, Daniel) (Entered: 05/18/2017) |
| 05/18/2017 | 16 | ☐ 275.7 KB | MOTION by Defendants Barry Nussbaum, Rev Labs management, Inc., Revolution Laboratoires, LLC, Joshua Nussbaum to dismiss for lack of jurisdiction (Attachments: # 1 Declaration Declaration of Joshua Nussbaum, # 2 Declaration Declaration of Barry Nussbaum) (Levinson, Daniel) Docket Text Modified by Clerk's Office on 5/19/2017 (jh, ). (Entered: 05/18/2017) |

| | | | |
|---|---|---|---|
| 05/19/2017 | 17 | ☐ 273.3 KB | MOTION by Defendants Barry Nussbaum, Rev Labs management, Inc., Revolution Laboratoires, LLC, Joshua Nussbaum to dismiss for lack of jurisdiction (Attachments: # 1 Declaration Declaration of Joshua Nussbaum, # 2 Declaration Declaration of Barry Nussbaum) (Levinson, Daniel) (Entered: 05/19/2017) |
| 05/19/2017 | 18 | ☐ 33.2 KB | MOTION by Defendants Barry Nussbaum, Rev Labs management, Inc., Revolution Laboratoires, LLC, Joshua Nussbaum to dismiss for lack of jurisdiction *(Notice of Motion to Dismiss)* (Levinson, Daniel) Docket Text Modified by Clerk's Office on 5/22/2017 (jh, ). (Entered: 05/19/2017) |
| 05/22/2017 | 19 | ☐ 33.2 KB | NOTICE of Motion by Daniel S Levinson for presentment of motion to dismiss/lack of jurisdiction, 17 before Honorable Matthew F. Kennelly on 6/1/2017 at 09:30 AM. (Levinson, Daniel) (Entered: 05/22/2017) |
| 05/23/2017 | 20 | ☐ 4.3 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Status hearing held on 5/23/2017 and continued to 6/1/2017 at 9:30 a.m. Mailed notice. (pjg, ) (Entered: 05/23/2017) |
| 05/26/2017 | 21 | ☐ 4.4 KB | MINUTE entry before the Honorable Matthew F. Kennelly: The application of Daniel S. Levinson to appear *pro hac vice* 15 is denied without prejudice to renewal if and when Mr. Levinson designates local counsel pursuant to N.D. Ill. LR 83.15(a). (mk) (Entered: 05/26/2017) |
| 05/30/2017 | 22 | ☐ 2.9 MB | RESPONSE by Charles Curry in Opposition to MOTION by Defendants Barry Nussbaum, Rev Labs management, Inc., Revolution Laboratoires, LLC, Joshua Nussbaum to dismiss for lack of jurisdiction 17 *Plantiff's Response to Defendants' Motion to Dismiss* (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, 4, 5 (no ex. 3), # 3 Exhibit Exhibit 6)(Curry, Charles) (Entered: 05/30/2017) |
| 05/31/2017 | 23 | ☐ 50.2 KB | ATTORNEY Appearance for Defendants Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC by Amy Rapoport Gibson (Gibson, Amy) (Entered: 05/31/2017) |
| 05/31/2017 | 24 | ☐ 148.0 KB | MOTION by Defendants Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC to vacate *and for extension of time to file an amended motion to dismiss for lack of personal jurisdiction* (Gibson, Amy) (Entered: 05/31/2017) |
| 05/31/2017 | 25 | ☐ 65.9 KB | NOTICE of Motion by Amy Rapoport Gibson for presentment of motion to vacate 24 before Honorable Matthew F. Kennelly on 6/7/2017 at 09:30 AM. (Gibson, Amy) (Entered: 05/31/2017) |
| 05/31/2017 | 26 | ☐ 50.8 KB | ATTORNEY Appearance for Defendants Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC by R. Timothy Novel (Novel, R. Timothy) (Entered: 05/31/2017) |

   

| 06/01/2017 | 27 | ☐ 4.4 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Status hearing held on 6/1/2017. Motion to vacate is 24 is granted. The 6/7/2017 motion hearing date is vacated. Defendants have until 6/15/2017 to file an amended motion to dismiss for lack of jurisdiction. Response to motion to dismiss due by 7/6/2017; reply by 7/20/2017. Status hearing and possible ruling set for 8/10/2017 at 9:30 a.m. Mailed notice. (pjg, ) (Entered: 06/02/2017) |
| 06/01/2017 | 28 | ☐ 1.1 MB | MOTION by Plaintiff Charles Curry for preliminary injunction. (jh, ) (Entered: 06/02/2017) |
| 06/01/2017 | 29 | ☐ 843.8 KB | NOTICE of Motion by Charles Curry for presentment of motion for preliminary injunction 28 before Honorable Matthew F. Kennelly on 6/8/2017 at 11:00 AM. (jh, ) (Entered: 06/02/2017) |
| 06/01/2017 | 30 | ☐ 8.6 MB | MEMORANDUM by Charles Curry in support of motion for preliminary injunction 28 . (jh, ) (Entered: 06/02/2017) |
| 06/06/2017 | 31 | ☐ 79.5 KB | RESPONSE by Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLCin Opposition to MOTION by Plaintiff Charles Curry for preliminary injunction 28 (Gibson, Amy) (Entered: 06/06/2017) |
| 06/06/2017 | 32 | ☐ 68.0 KB | NOTICE by Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC re response in opposition to motion 31 (Gibson, Amy) (Entered: 06/06/2017) |
| 06/06/2017 | 33 | ☐ 438.3 KB | REPLY by Charles Curry to memorandum in support of motion,, 14 , MOTION by Plaintiff Charles Curry for preliminary injunction 28 , response in opposition to motion, 22 , response in opposition to motion 31 , memorandum in support of motion 30 *Reply to Defendants' Initial Response to Plaintiff's Motion For Preliminary Injunction* (Attachments: # 1 Exhibit Susp. Letter to Defendants from USPTO)(Curry, Charles) (Entered: 06/06/2017) |
| 06/06/2017 | 34 | ☐ 4.3 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Plaintiff's motion for preliminary injunction 28 is entered and continued pending ruling on defendants' motion to dismiss. The hearing date of 6/8/17 at 11:00 AM is vacated. Mailed notice. (pjg, ) (Entered: 06/06/2017) |
| 06/15/2017 | 35 | ☐ 496.1 KB | MOTION by Defendants Barry Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC, Joshua Nussbaum to dismiss for lack of jurisdiction (Attachments: # 1 Exhibit A - Affidavit of Defendant Joshua Nussbaum, # 2 Exhibit B - Affidavit of Barry Nussbaum)(Gibson, Amy) (Entered: 06/15/2017) |
| 06/15/2017 | 36 | ☐ 7.2 KB | NOTICE by Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC re MOTION by Defendants Barry Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC, Joshua Nussbaum to dismiss for lack of jurisdiction 35 (Gibson, Amy) (Entered: 06/15/2017) |

| 07/05/2017 | 37 | ☐ 4.8 MB | RESPONSE by Charles Curry to MOTION by Defendants Barry Nussbaum, Rev Labs management, Inc., Revolution Laboratoires, LLC, Joshua Nussbaum to dismiss for lack of jurisdiction 17 , MOTION by Defendants Barry Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC, Joshua Nussbaum to dismiss for lack of jurisdiction 35 *Plaintiff's Response to Amended Motion to Dismiss* (Attachments: # 1 Exhibit Ex. 2, 4, 5 no 1 or 3, # 2 Exhibit Ex. 6, # 3 Exhibit Plaintiff's Analysis of Motion to Dismiss, # 4 Exhibit Plaintiff's Analysis of Defendants' Affidavits, # 5 Exhibit Ex C, # 6 Exhibit Ex D)(Curry, Charles) (Entered: 07/05/2017) |
| 07/07/2017 | 38 | ☐ 91.5 KB | MOTION by Defendants Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC to strike response to motion,, 37 (Gibson, Amy) (Entered: 07/07/2017) |
| 07/07/2017 | 39 | ☐ 71.5 KB | NOTICE of Motion by Amy Rapoport Gibson for presentment of motion to strike, motion for relief 38 before Honorable Matthew F. Kennelly on 7/12/2017 at 09:30 AM. (Gibson, Amy) (Entered: 07/07/2017) |
| 07/09/2017 | 40 | ☐ 4.3 KB | MINUTE entry before the Honorable Matthew F. Kennelly: The time for the hearing on defendants' motion to strike on 7/12/2017 is advanced to 9:15 AM, in chambers (Room 2188). Defendants' attorneys are directed to promptly advise plaintiff of the change in time. (mk) (Entered: 07/09/2017) |
| 07/09/2017 | 41 | ☐ 299.9 KB | RESPONSE by Charles Curryin Opposition to MOTION by Defendants Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC to strike response to motion,, 37 38 *Response to Motion to Strike* (Curry, Charles) (Entered: 07/09/2017) |
| 07/11/2017 | 42 | ☐ 4.5 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Defendants' motion to strike 38 plaintiff's response to the motion to dismiss on the ground that it exceeds the page limitation without prior leave of court. Plaintiff's response 37 is stricken. Without adopting plaintiff's interpretation of the Local Rules' page limits, plaintiff has leave to file a submission in response to the motion to dismiss that is no longer than 26 pages in total, including all attachments, by no later than 7/17/2017. The due date for defendants' reply is extended to 7/31/2017. The hearing date of 7/12/2017 is vacated. Mailed notice (meg, ) (Entered: 07/11/2017) |
| 07/14/2017 | 43 | ☐ 1.4 MB | RESPONSE by Charles Curry to MOTION by Defendants Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC to strike response to motion,, 37 38 , MOTION by Defendants Barry Nussbaum, Rev Labs management, Inc., Revolution Laboratoires, LLC, Joshua Nussbaum to dismiss for lack of jurisdiction 17 , MOTION by Defendants Barry Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC, Joshua Nussbaum to dismiss for lack of jurisdiction 35 *26 page response (18 and 8)* (Attachments: # 1 Exhibit A, # 2 Certificate of Service Certificate of Service)(Curry, Charles) (Entered: 07/14/2017) |

| 07/31/2017 | 44<br>220.4 KB | ☐ | REPLY by Defendants Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC to motion to dismiss/lack of jurisdiction, 35 (Attachments: # 1 Exhibit 1 - Supplemental Affidavit of Joshua Nussbaum)(Gibson, Amy) (Entered: 07/31/2017) |
| 07/31/2017 | 45<br>7.8 KB | ☐ | NOTICE by Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC re reply, 44 (Gibson, Amy) (Entered: 07/31/2017) |
| 08/08/2017 | 46<br>4.3 KB | ☐ | MINUTE entry before the Honorable Matthew F. Kennelly: At the Court's instance, the 8/10/2017 status hearing and possible ruling on motion to dismiss is vacated and reset for 8/17/2017 at 9:30 a.m. Mailed and telephoned notice. (pjg, ) (Entered: 08/08/2017) |
| 08/15/2017 | 47<br>48.3 KB | ☐ | MEMORANDUM Opinion and Order written by the Honorable Matthew F. Kennelly on 8/15/2017: For the foregoing reasons, the Court grants defendants' motion to dismiss the claims against them for lack of personal jurisdiction [dkt. no. 35] and denies Curry's request for sanctions. The status and ruling date set for August 17, 2017 is vacated. The Clerk is directed to enter judgment dismissing the case for lack of personal jurisdiction. Mailed notice. (pjg, ) (Entered: 08/15/2017) |
| 08/15/2017 | 48<br>13.0 KB | ☐ | ENTERED JUDGMENT on 8/15/2017. Civil case terminated. Mailed notice. (pjg, ) (Entered: 08/15/2017) |
| 09/01/2017 | 49<br>333.4 KB | ☐ | MOTION by Plaintiff Charles Curry for reconsideration *59e Motion* (Attachments: # 1 Certificate of Service)(Curry, Charles) (Entered: 09/01/2017) |
| 09/01/2017 | 50<br>563.0 KB | ☐ | MEMORANDUM by Charles Curry in support of motion for reconsideration 49 (Attachments: # 1 Certificate of Service)(Curry, Charles) (Entered: 09/01/2017) |
| 09/01/2017 | 51<br>96.4 KB | ☐ | NOTICE of Motion by Charles Curry for presentment of motion for reconsideration 49 before Honorable Matthew F. Kennelly on 9/13/2017 at 09:30 AM. (Curry, Charles) (Entered: 09/01/2017) |
| 09/10/2017 | 52<br>4.4 KB | ☐ | MINUTE entry before the Honorable Matthew F. Kennelly: Plaintiff's motion to alter or amend the judgment 49 is denied. The Court respectfully disagrees with plaintiff's contention that the Court misunderstood or misapplied applicable Seventh Circuit decisions. The hearing date of 9/13/2017 is vacated. (mk) (Entered: 09/10/2017) |
| 09/13/2017 | 53<br>408.5 KB | ☐ | NOTICE of appeal by Charles Curry regarding orders 37 , 14 , 33 , 48 , 50 , 30 , 52 , 38 , 47 , 35 , 43 , 22 , 31 , 44 , 1 Filing fee $ 505. (Attachments: # 1 Certificate of Service)(Curry, Charles) (Entered: 09/13/2017) |
| 09/14/2017 | 54<br>212.5 KB | ☐ | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 53 (ek, ) (Entered: 09/14/2017) |
| 09/14/2017 | 55<br>498.4 KB | ☐ | TRANSMITTED to the 7th Circuit the short record on notice of appeal 53 . Notified counsel (ek, ) (Entered: 09/14/2017) |

| | | | |
|---|---|---|---|
| 09/14/2017 | 56 | ☐ 97.4 KB | ACKNOWLEDGMENT of receipt of short record on appeal regarding notice of appeal 53 ; USCA Case No. 17-2900. (kp, ) (Entered: 09/14/2017) |
| 09/14/2017 | 57 | ☐ 115.5 KB | CIRCUIT Rule 3(b) Fee Notice. (kp, ) (Entered: 09/14/2017) |
| 09/15/2017 | 🔒 58 | ☐ 28.5 KB | (Court only) RECEIPT regarding payment of filing fee paid on 9/15/2017 in the amount of $505, receipt number 4624189885. (Appeal payment for 17-2900) (kp, ) (Entered: 09/15/2017) |
| 09/18/2017 | 59 | ☐ 383.7 KB | DOCKETING Statement by Charles Curry regarding notice of appeal 53 (Attachments: # 1 Certificate of Service)(Curry, Charles) (Entered: 09/18/2017) |
| 10/12/2017 | 60 | ☐ 101.1 KB | BRIEFING ORDER dated 10/12/2017 from the 7th Circuit regarding notice of appeal 53 ; Appellate case no. : 17-2900. (kp, ) (Entered: 10/12/2017) |
| 01/18/2018 | 61 | ☐ 97.6 KB | NOTICE to Transmit Record on Appeal regarding notice of appeal 53 ; USCA Case No. 17-2900. (kp, ) (Entered: 01/18/2018) |
| 01/18/2018 | 62 | ☐ 217.7 KB | CERTIFIED and transmitted to the USCA for the 7th Circuit the long record on appeal 53 (USCA no. 17-2900),Via Email. (ek, ) (Entered: 01/18/2018) |
| 10/23/2018 | 63 | ☐ 421.9 KB | ORDER dated 10/23/2018 from the 7th Circuit regarding notice of appeal 53 ; Appellate case no.: 17-2900: Pursuant to this court's order of April 11, 2018, IT IS ORDERED that Allan H. Erbsen, UNIVERSITY OF MINNESOTA LAW SCHOOL, 336 Mondale Hall, 229 19th Avenue S., Minneapolis, MN 55455, is appointed to serve as amicus curiae to argue for the reversal of the judgment of the District Court. Briefing in this appeal shall proceed as follows: 1. The amicus curiae shall file his opening brief and required short appendix on or before January 31, 2019. 2. The appellees shall file their brief on or before March 4, 2019. 3. The amicus curiae shall file his reply brief, if any, on or before March 18, 2019. The word limitations of Circuit Rule 32(c), rather than Circuit Rule 29, apply to the briefs submitted pursuant to this order. (eaa, ) (Entered: 10/25/2018) |
| 02/10/2020 | 64 | ☐ 4.3 KB | MINUTE entry before the Honorable Matthew F. Kennelly: This Court's judgment dismissing the case for lack of personal jurisdiction having been overturned on appeal, the case is set for a status hearing on 3/9/2020 at 9:30 AM to set a schedule for further proceedings before this Court. (mk) (Entered: 02/10/2020) |
| 02/10/2020 | 65 | ☐ 4.3 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Plaintiff contacted Judge Kennelly's courtroom deputy clerk to request a resetting of the status hearing date due to his unavailability. The status hearing is reset to 3/16/2020 at 9:30 a.m. Mailed notice. (mma, ) (Entered: 02/10/2020) |
| 03/03/2020 | 66 | ☐ 47.1 KB | MANDATE of USCA dated 3/3/2020 regarding notice of appeal 53 ;USCA No.17-2900 ; No record to be returned. (pk, ) (Entered: 03/03/2020) |

| | | | |
|---|---|---|---|
| 03/03/2020 | 67<br>62.2 KB | ☐ | CERTIFIED COPY OF USCA FINAL JUDGMENT dated 2/10/2020 regarding notice of appeal 53 ; USCA No. 17-2900 : We REVERSE the dismissal of claims against Revolution, VACATE the dismissal of claims against the other three defendants, and REMAND the case for further proceedings. Mr. Curry may recover the costs of this appeal. The above is in accordance with the decision of this court entered on this date. (pk, ) (Entered: 03/03/2020) |
| 03/03/2020 | 68<br>237.6 KB | ☐ | CERTIFIED COPY OF OPINION from the USCA for the 7th Circuit; Argued 9/11/2019; Decided 2/10/2020 in USCA case no. 17-2900 (pk, ) (Entered: 03/03/2020) |
| 03/03/2020 | 69<br>45.0 KB | ☐ | BILL of Costs from the USCA, appeal no.17-02900 (pk, ) (Entered: 03/03/2020) |
| 03/03/2020 | 🔒 | | (Court only) ******Case Reopened (pk, ) (Entered: 03/04/2020) |
| 03/11/2020 | 70<br>59.4 KB | ☐ | ATTORNEY Appearance for Defendants Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC by Christopher William Niro (Niro, Christopher) (Entered: 03/11/2020) |
| 03/13/2020 | 71<br>4.5 KB | ☐ | MINUTE entry before the Honorable Matthew F. Kennelly: At the Court's instance, the status hearing set for 3/16/2020 is converted to a telephone status hearing at the time previously set. Counsel are to use the following call-in number: 888-684-8852, conference code 746-1053. Counsel should be on the line at the time their status hearing is set to begin but should wait for their case to be called before identifying themselves, because attorneys in other cases will be calling into the same call-in number for statuses in their cases. In addition, counsel should keep their phones on mute until their case is called. Mailed notice. (mma, ) (Entered: 03/13/2020) |
| 03/16/2020 | 72<br>4.6 KB | ☐ | MINUTE entry before the Honorable Matthew F. Kennelly: Status hearing held on 3/16/2020. Case is referred to Magistrate Judge Kim to conduct a settlement conference. At the request of the parties, the Court has made a request for a volunteer attorney from the Settlement Assistance Program. If an attorney is available, he or she will file a limited appearance in the case and represent Plaintiff solely for purposes of the settlement conference. Defendants' response to the complaint is due 4/16/2020. Status hearing is set for 4/27/2020 at 9:00 a.m. Counsel are to use the following call-in number: 888-684-8852, conference code 746-1053. Counsel should be on the line at the time their status hearing is set to begin. Mailed notice. (mma, ) (Entered: 03/16/2020) |
| 03/16/2020 | 73<br>3.9 KB | ☐ | Pursuant to Local Rule 72.1, this case is hereby referred to the calendar of Honorable Young B. Kim for the purpose of holding proceedings related to: settlement conference. Mailed notice. (mma, ) (Entered: 03/16/2020) |
| 03/16/2020 | 74<br>4.3 KB | ☐ | MINUTE entry before the Honorable Young B. Kim: The court will schedule a preliminary settlement discussion once a volunteer attorney from the Settlement Assistance Program files a limited |

|  |  |  | appearance. Mailed notice (Kim, Young) (Entered: 03/16/2020) |
|---|---|---|---|
| 03/16/2020 | 75 | ☐ 5.0 KB | MINUTE entry before the Honorable Matthew F. Kennelly: The minute entry by Judge Kennelly from earlier today 72 is amended and corrected to read as follows. Status hearing held on 3/16/2020. Case is referred to Magistrate Judge Kim to conduct a settlement conference. At the request of the parties, the Court has made a request for a volunteer attorney from the Settlement Assistance Program. If an attorney is available, he or she will file a limited appearance in the case and represent Plaintiff solely for purposes of the settlement conference. Defendant Revolution's answer to the complaint is due 4/16/2020. The Court has made a further review of the Court of Appeals' decision, found at 949 F.3d 385 (7th Cir. 2020), to assess the status of the three other defendants, Rev Labs Management, Inc., Joshua Nussbaum, and Barry Nussbaum. It appears that the Court of Appeals vacated but did not reverse the dismissal for lack of personal jurisdiction of the claims against these three defendants. Based on careful consideration of the Court of Appeals' decision, this Court concludes that it is now required to take into account these three defendants' grounds for dismissal that it did not address in its August 15, 2017 order. The Court will do so in due course; neither party need file anything further with respect to these three defendants' motion to dismiss. Status hearing is set for 4/27/2020 at 9:00 a.m. Counsel are to use the following call-in number: 888-684-8852, conference code 746-1053. Counsel should be on the line at the time their status hearing is set to begin. (mk) (Entered: 03/16/2020) |
| 03/16/2020 | 76 | ☐ 372.1 KB | ORDER Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on March 16, 2020. All open cases are impacted by this Amended General Order. See attached Order for guidance.Signed by the Honorable Rebecca R. Pallmeyer on 3/16/2020: Mailed notice. (pj, ) (Entered: 03/17/2020) |
| 03/19/2020 | 77 | ☐ 2.7 MB | MOTION by Plaintiff Charles Curry for preliminary injunction *Memorandum in Support* (Attachments: # 1 Exhibit Memorandum in Support, # 2 Exhibit Ex 1, # 3 Exhibit Ex 2, # 4 Exhibit Ex 3, # 5 Exhibit Ex 4)(Curry, Charles) (Entered: 03/19/2020) |
| 03/19/2020 | 78 | ☐ 416.4 KB | NOTICE of Motion by Charles Curry for presentment of motion for preliminary injunction 77 before Honorable Matthew F. Kennelly on 3/25/2020 at 09:30 AM. (Attachments: # 1 Exhibit Motion to Exceed Page Limit Memo Injunction)(Curry, Charles) (Entered: 03/19/2020) |
| 03/19/2020 | 🔒 |  | (Court only) ***Deadlines and hearings Terminated. (Burns, Shawna) (Entered: 03/19/2020) |
| 03/23/2020 | 79 | ☐ 34.1 KB | MEMORANDUM OPINION AND ORDER signed by the Honorable Matthew F. Kennelly on 3/23/2020: For the reasons stated in the accompanying Memorandum Opinion and Order, the Court dismisses plaintiff's claims against defendant Rev Labs Management, Inc. for lack of personal jurisdiction but denies the motion by defendants Barry Nussbaum and Joshua Nussbaum to dismiss the claims against them on that basis. The remaining defendants--Revolution |

| | | | |
|---|---|---|---|
| | | | Laboratories, LLC and the Nussbaums--are directed to answer plaintiff's complaint by no later than April 20, 2020. (mk) (Entered: 03/23/2020) |
| 03/30/2020 | 80 | ☐ 886.8 KB | MOTION by Plaintiff Charles Curry for reconsideration regarding memorandum opinion and order,, 79 (Attachments: # 1 Memorandum in Support of Motion)(Curry, Charles) (Entered: 03/30/2020) |
| 03/30/2020 | 81 | ☐ 118.2 KB | NOTICE of Motion by Charles Curry for presentment of motion for reconsideration 80 before Honorable Matthew F. Kennelly on 4/9/2020 at 09:30 AM. (Curry, Charles) (Entered: 03/30/2020) |
| 03/30/2020 | 82 | ☐ 116.4 KB | NOTICE of Motion by Charles Curry for presentment of motion for preliminary injunction 77 before Honorable Matthew F. Kennelly on 4/9/2020 at 09:30 AM. (Curry, Charles) (Entered: 03/30/2020) |
| 03/30/2020 | 83 | ☐ 49.5 KB | ORDER Seconded Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on March 30, 2020. All open cases are impacted by this Second Amended General Order. Amended General Order 20-0012, entered on March 17, 2020, and General Order 20-0014, entered on March 20, 2020, are vacated and superseded by this Second Amended General. See attached Order for guidance.Signed by the Honorable Rebecca R. Pallmeyer on 3/30/2020: Mailed notice. (docket1, ) (Entered: 03/31/2020) |
| 04/01/2020 | 84 | ☐ 30.2 KB | ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION, signed by the Honorable Matthew F. Kennelly on 4/1/2020. For the reasons stated in the accompanying Order, the Court denies plaintiff Charles Curry's motion for reconsideration 80 . The Court also notes that Curry has noticed his previously-filed motion for preliminary injunction for presentment on April 9, 2020. This district is not holding court proceedings for the time being, pursuant to General Order 20-0012, as amended (posted on the district's website, www.ilnd.uscourts.gov). For this reason, the Court vacates the April 9 hearing. Defendants are directed to file a written response to the motion for preliminary injunction by April 22, 2020, and plaintiff is directed to file a reply to the response by May 6, 2020. These deadlines are not affected by General Order 20-0012, as amended, and they will not be affected by any similar general order entered hereafter. The telephone status hearing previously set for April 27, 2020 is vacated and reset to May 11, 2020 at 9:00 a.m. The parties are to jointly call chambers (312-435-5618). (mk) (Entered: 04/01/2020) |
| 04/01/2020 | 85 | ☐ 4.2 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Motion hearing set for 4/9/2020 is vacated. (mk) (Entered: 04/01/2020) |
| 04/10/2020 | 86 | ☐ 581.5 KB | MOTION by Plaintiff Charles Curry for reconsideration (Curry, Charles) (Entered: 04/10/2020) |
| 04/13/2020 | 87 | ☐ 6.2 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Plaintiff Charles Curry has filed a second motion for reconsideration of the Court's decision to dismiss his claims against Rev Labs Management, Inc. for lack of personal jurisdiction. It is not a proper motion. Mere |

disagreement with or disappointment in a court's decision is not enough to obtain reconsideration. Rather, the party must show a manifest error. Plaintiff has not done this. The Court determined that his conclusory, unsupported allegations about Rev Labs, which were not well-pleaded allegations that conform with federal pleading requirements, do not trump the sworn affidavits submitted by defendants for purposes of the motion to dismiss. This was an entirely unremarkable and straightforward application of established law; it does not, as plaintiff contends, run afoul of Seventh Circuit precedent. In particular, his non-well-pleaded allegations regarding Rev Labs do not amount to "jurisdictional facts" as he contends. For these reasons, the Court denies plaintiff's motion for reconsideration 86 . Plaintiff also asks the Court, in the final sentence of his motion, to certify the matter for interlocutory appeal under 28 USC 1292(b). He has not addressed and cannot meet the requirements for certification. In particular, he has failed to meet the contestability requirement, *see, e.g., Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000): as the Court has indicated, it did nothing more than engage in a straightforward application of well-established pleading requirements. Plaintiff's request also fails to meet the requirement that resolution of the question "must promise to *speed up* the litigation," *id.*. There are at least two other options available to plaintiff, short of an appeal that would lead to further delay, to address the deficiencies the Court has identified: he can conduct discovery to attempt to learn more about Rev Labs's involvement and make another try then, or he can, potentially, request leave to amend his complaint--so long as he can do so consistent with the requirement of Federal Rule of Civil Procedure 11(b). What plaintiff cannot appropriately do, however, is keep filing motions for reconsideration. The Court will not entertain any more of them on the points addressed in this order. In sum, plaintiff's motion for reconsideration is denied, as his request for certification under 28 USC 1292(b). Finally, in addition to the schedules previously set, the Court directs the parties to confer regarding a discovery and pretrial schedule and directs them to file a joint status report by 5/5/2020 that sets out an agreed proposed schedule or, if they cannot agree, separate proposals with a justification for each. This deadline is not affected by Second Amended General Order 20-0012, and it will not be affected by any similar general order entered hereafter. (mk) (Entered: 04/13/2020)

| 04/22/2020 | 88 | ☐ 885.4 KB | RESPONSE by Barry Nussbaum, Joshua Nussbaum, Revolution Laboratories, LLCin Opposition to MOTION by Plaintiff Charles Curry for preliminary injunction *Memorandum in Support* 77 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Niro, Christopher) (Entered: 04/22/2020) |
| 04/24/2020 | 89 | ☐ 50.2 KB | ORDER Third Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on April 24, 2020. All open cases are impacted by this Third Amended General Order. Parties are must carefully review all obligations under this Order, including the requirement listed in paragraph number 5 to file a joint written status |

| | | | |
|---|---|---|---|
| | | | report in most civil cases. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 4/24/2020: Mailed notice. (docket1, ) (Entered: 04/27/2020) |
| 04/27/2020 | 90 | ☐ 123.5 KB | MOTION by Plaintiff Charles Curry to compel *Answer(s) to the Complaint* (Curry, Charles) (Entered: 04/27/2020) |
| 04/30/2020 | 91 | ☐ 2.5 MB | REPLY by Charles Curry to memorandum in support of motion,, 14 , MOTION by Plaintiff Charles Curry for preliminary injunction *Memorandum in Support* 77 , memorandum in support of motion 30 , response to motion,, 43 , response in opposition to motion, 22 , response in opposition to motion, 88 , response in opposition to motion 31 (Attachments: # 1 Declaration Declaration of Charles Curry, # 2 Exhibit Col Springs Gazette article 2002, # 3 Exhibit Award 2015, # 4 Exhibit Award 2016, # 5 Exhibit USPTO Reg. Cert. DIESEL, # 6 Exhibit USPTO Reg. Cert. DIESEL FUEL, # 7 Exhibit USPTO status and title DIESEL, # 8 Exhibit USPTO status and title DIESEL FUEL)(Curry, Charles) (Entered: 04/30/2020) |
| 04/30/2020 | 92 | ☐ 299.7 KB | MOTION by Plaintiff Charles Curry for leave to file *reply exceeding page limit (18p)* (Curry, Charles) (Entered: 04/30/2020) |
| 05/01/2020 | 93 | ☐ 4.2 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Plaintiff's motion for leave to file an 18-page reply 92 is granted. (mk) (Entered: 05/01/2020) |
| 05/01/2020 | 94 | ☐ 4.4 KB | MINUTE entry before the Honorable Matthew F. Kennelly: At the Court's instance, defendants are directed to file their answers to the complaint by no later than 5/14/2020. This deadline is not affected by any of the versions and amended versions of General Order 20-0012 or any similar order entered hereafter. Plaintiff's motion to compel 90 is terminated as moot. (mk) (Entered: 05/01/2020) |
| 05/04/2020 | 95 | ☐ 119.0 KB | STATUS Report *Joint Status Report* by Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC (Niro, Christopher) (Entered: 05/04/2020) |
| 05/07/2020 | 96 | ☐ 4.8 KB | MINUTE entry before the Honorable Matthew F. Kennelly: The Court has reviewed the parties' joint status report. Pursuant to Third Amended General Order 20-0012, the status hearing set for 5/11/2020 is vacated and reset to 7/1/2020 at 9:30 AM. A further status report regarding the progress of discovery and any other relevant matter is to be filed by 6/22/2020. With regard to a settlement conference, the Court has previously referred the case to the designated magistrate judge, so the parties should be in touch with Judge Kim's chambers regarding the scheduling of a settlement conference. The Court adopts the discovery and pretrial schedule proposed in the joint status report. Rule 26(a)(1) disclosures are to be made by 5/13/2020. Discovery may begin on 5/14/2020. The deadline for amending the pleadings and adding parties is 8/31/2020. Fact discovery is to be completed by 10/13/2020. Rule 26(a)(2) disclosures by the party with the burden of proof on a particular issue are to be made by 12/22/2020. Rebuttal Rule 26(a)(2) disclosures are to be made by 1/22/2021. Expert discovery is to be completed by |

| | | | |
|---|---|---|---|
| | | | 3/22/2021. The deadline for filing dispositive motions is 5/5/2021. None of these dates are affected by Third Amended General Order 20-0012 or any similar general order entered hereafter. (mk) (Entered: 05/07/2020) |
| 05/14/2020 | 97 | ☐ 289.5 KB | ANSWER to Complaint by Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC(Niro, Christopher) (Entered: 05/14/2020) |
| 05/14/2020 | 98 | ☐ 157.5 KB | MOTION by Defendants Barry Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC, Joshua Nussbaum to dismiss *COUNTS IV AND VI OF PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)* (Niro, Christopher) (Entered: 05/14/2020) |
| 05/14/2020 | 99 | ☐ 135.4 KB | NOTICE of Motion by Christopher William Niro for presentment of motion to dismiss 98 before Honorable Matthew F. Kennelly on 5/20/2020 at 09:30 AM. (Niro, Christopher) (Entered: 05/14/2020) |
| 05/14/2020 | 100 | ☐ 4.8 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Defendants have moved to dismiss counts 4 and 6 of plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6). The Court denies the motion 98 . After plaintiff filed his complaint back in 2017, defendants moved to dismiss it for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and not on any other basis. That motion was effectively denied as a result of the Court of Appeals' ruling. Under Federal Rule of Civil Procedure 12(g)(2), having made a motion under Rule 12, defendants are not entitled to make a second motion under Rule 12 raising a defense or objection that was available at the time of the first motion--which is the case here. Defendants have not waived the defense of failure to state a claim, see Fed. R. Civ. P. 12(h)(1), but they are not entitled to assert it by way of a Rule 12(b)(6) motion. The Court notes that it previously directed defendants "to file their answers to the complaint by no later than 5/14/2020," which is today. The Court gives them to tomorrow, 5/15/2020, to answer counts 4 and 6. The motion hearing date of 5/20/2020 is vacated. (mk) (Entered: 05/14/2020) |
| 05/15/2020 | 101 | ☐ 306.2 KB | *Amended* ANSWER to Complaint and *Affirmative Defense* by Barry Nussbaum, Joshua Nussbaum, Revolution Laboratories, LLC(Niro, Christopher) (Entered: 05/15/2020) |
| 05/26/2020 | 102 | ☐ 39.3 KB | ORDER ORDER Fourth Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on May 26, 2020. This Order does not extend or modify any deadlines set in civil cases. For non-emergency motions, no motion may be noticed for presentment on a date earlier than July 15, 2020. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 5/26/2020: Mailed notice. (docket1, ) (Entered: 05/26/2020) |
| 05/29/2020 | 103 | ☐ 8.0 MB | MOTION by Plaintiff Charles Curry to amend/correct *the Complaint Dkt 1* (Attachments: # 1 Exhibit Proposed Amended Complaint, # 2 Exhibit Ex 1 to Motion, # 3 Exhibit Ex 2 to Motion, # 4 Exhibit Ex 3 |

| | | | |
|---|---|---|---|
| | | | to Motion, # [5](#) Exhibit Ex 4 to Motion, # [6](#) Exhibit Ex 5 to Motion, # [7](#) Exhibit Ex 6 to Motion, # [8](#) Exhibit Ex 7 to Motion, # [9](#) Exhibit Ex 8 to Motion, # [10](#) Exhibit Ex 9 to Motion, # [11](#) Exhibit Ex 10 to Motion, # [12](#) Exhibit Ex 11 to Motion, # [13](#) Exhibit Ex 12 to Motion, # [14](#) Exhibit Ex 13 to Motion, # [15](#) Exhibit Ex 14 to Motion)(Curry, Charles) (Entered: 05/29/2020) |
| 05/30/2020 | [104](#) | ☐ 4.3 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Any objection to plaintiff's motion to amend is to be filed by 6/12/2020. (mk) (Entered: 05/30/2020) |
| 06/01/2020 | [105](#) | ☐ 4.4 KB | MINUTE entry before the Honorable Young B. Kim: The Settlement Assistant Program has not yet recruited a volunteer attorney to assist Plaintiff with settlement discussions. A status hearing is scheduled for June 9, 2020, at 11:00 a.m. by phone to discuss whether there are any steps the parties and/or the court can take now to prepare for a settlement conference. The conference call number is (877) 336-1839 and the passcode is 4333213. Mailed notice (ma,) (Entered: 06/01/2020) |
| 06/09/2020 | [106](#) | ☐ 4.4 KB | MINUTE entry before the Honorable Young B. Kim: The Settlement Assistance Program coordinator updated the court that Attorney Floyd Mandell will appear on behalf of Plaintiff for settlement purposes. In light of this update, today's status hearing is cancelled. The court will schedule a preliminary settlement discussion once Attorney Mandell files his appearance. Mailed notice (ma,) (Entered: 06/09/2020) |
| 06/09/2020 | [107](#) | ☐ 171.6 KB | LIMITED Assignment of Settlement Assistance Program Counsel appointing Floyd A. Mandell for Charles Curry. Signed by the Honorable Matthew F. Kennelly on 6/9/2020. Mailed notice. (mma, ) (Entered: 06/09/2020) |
| 06/09/2020 | [108](#) | ☐ 18.0 KB | LIMITED APPEARANCE FOR SETTLEMENT by Floyd A. Mandell for Plaintiff Charles Curry (Mandell, Floyd) (Entered: 06/09/2020) |
| 06/10/2020 | [109](#) | ☐ 4.3 KB | MINUTE entry before the Honorable Young B. Kim: A preliminary settlement discussion with the attorneys of record is scheduled for June 23, 2020, at 10:30 a.m. by phone. The conference call number is (877) 336-1839 and the passcode is 4333213. Mailed notice (ma,) (Entered: 06/10/2020) |
| 06/12/2020 | [110](#) | ☐ 378.8 KB | RESPONSE by Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLCin Opposition to MOTION by Plaintiff Charles Curry to amend/correct *the Complaint Dkt 1* [103](#) (Attachments: # [1](#) Exhibit Exhibit A)(Niro, Christopher) (Entered: 06/12/2020) |
| 06/16/2020 | [111](#) | ☐ 5.0 KB | LIMITED APPEARANCE FOR SETTLEMENT by Catherine Elizabeth O'brien for Plaintiff Charles Curry (O'brien, Catherine) (Entered: 06/16/2020) |

| 06/22/2020 | 112 | ☐ 154.8 KB | STATUS Report *Joint Status Report* by Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC (Niro, Christopher) (Entered: 06/22/2020) |
|---|---|---|---|
| 06/23/2020 | 113 | ☐ 4.7 KB | MINUTE entry before the Honorable Young B. Kim: Preliminary settlement discussion held by phone. A telephonic settlement conference is scheduled for July 24, 2020, at noon. If the parties are unable to proceed with the settlement conference as scheduled because they require additional time assess discovery and to prepare for the conference, the settlement conference will proceed on September 8, 2020, at noon by phone. Parties are ordered to review and follow this court's standing order on "Settlement Conferences" on its webpage. Individuals with the authority to settle this matter must also be present by phone at the conference. Plaintiff is ordered to provide a settlement position statement to Defendants, with a copy to the court (settlement_statement_kim@ilnd.uscourts.gov), by July 10, 2020. Plaintiff must also provide a draft settlement and release to Defendants along with his position statement so that Defendants are advised of the non-monetary terms Plaintiff requires to resolve this matter. Defendants to respond, with a copy to the court, by July 17, 2020. These settlement position statements are not to be filed with the clerk's office. Mailed notice (ma,) (Entered: 06/23/2020) |
| 06/25/2020 | 114 | ☐ 465.1 KB | REPLY by Plaintiff Charles Curry in support of his motion to file a first amended complaint (tg, ) (Entered: 06/25/2020) |
| 06/26/2020 | 115 | ☐ 4.4 KB | MINUTE entry before the Honorable Matthew F. Kennelly: At the Court's instance, the status hearing set for 7/1/2020 is vacated and reset to 7/15/2020 at 10:00 AM and will be conducted by telephone using the following call-in number: 888-684-8852, access code 746-1053. The parties should wait for the case to be called before announcing themselves. (mk) (Entered: 06/26/2020) |
| 07/01/2020 | 116 | ☐ 137.4 KB | ATTORNEY Appearance for Defendants Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC by Kristina Dawn Diesner (Diesner, Kristina) (Entered: 07/01/2020) |
| 07/10/2020 | 117 | ☐ 44.4 KB | ORDER Fifth Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on July 10, 2020. This Order does not extend or modify any deadlines set in civil cases. No motions may be noticed for in-person presentment; the presiding judge will notify parties of the need, if any, for a hearing by electronic means or in-court proceeding. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 7/10/2020: Mailed notice. (Clerk3, Docket) (Entered: 07/10/2020) |
| 07/15/2020 | 118 | ☐ 4.4 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing held on 7/15/2020. A joint status report regarding settlement only is due 7/31/2020. Telephonic status hearing is set for 8/12/2020 at 9:30 a.m. The following call-in number will be used for the hearing: 888-684-8852, access code 746-1053. Mailed |

| | | | notice. (mma, ) (Entered: 07/15/2020) |
|---|---|---|---|
| 07/24/2020 | 119 | ☐ 4.4 KB | MINUTE entry before the Honorable Young B. Kim: Settlement conference held by phone. Parties were not able to resolve this matter at this time. All matters relating to the referral of this action having been concluded, the referral is closed and the case is returned to the assigned District Judge. Mailed notice (ma,) (Entered: 07/24/2020) |
| 07/27/2020 | 120 | ☐ 92.4 KB | ATTORNEY Appearance for Plaintiff Charles Curry by Matthew Jan Oppenheim (Oppenheim, Matthew) (Entered: 07/27/2020) |
| 07/27/2020 | 121 | ☐ 94.9 KB | MOTION by Plaintiff Charles Curry to stay regarding MOTION by Plaintiff Charles Curry for preliminary injunction *Memorandum in Support* 77 , MOTION by Plaintiff Charles Curry to amend/correct *the Complaint Dkt 1* 103 *(Agreed Motion)* (Oppenheim, Matthew) (Entered: 07/27/2020) |
| 07/28/2020 | 122 | ☐ 4.3 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Plaintiff's motion to stay 121 consideration of the motion for preliminary injunction and motion to amend pending the upcoming status hearing is granted. (mk) (Entered: 07/28/2020) |
| 07/29/2020 | 123 | ☐ 87.1 KB | ATTORNEY Appearance for Plaintiff Charles Curry by Scott Alexander Zebrak (Zebrak, Scott) (Entered: 07/29/2020) |
| 07/30/2020 | 124 | ☐ 8.7 KB | ATTORNEY Appearance for Plaintiff Charles Curry by Floyd A. Mandell *(appearing as local counsel)* (Mandell, Floyd) (Entered: 07/30/2020) |
| 07/30/2020 | 125 | ☐ 8.7 KB | ATTORNEY Appearance for Plaintiff Charles Curry by Catherine Elizabeth O'brien *(appearing as local counsel)* (O'brien, Catherine) (Entered: 07/30/2020) |
| 07/31/2020 | 126 | ☐ 166.7 KB | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-17270400. (Hailey, Nicholas) (Entered: 07/31/2020) |
| 07/31/2020 | 127 | ☐ 8.3 KB | STATUS Report *[Joint Status Report]* by Charles Curry (Mandell, Floyd) (Entered: 07/31/2020) |
| 07/31/2020 | 128 | ☐ 15.7 KB | STATUS Report *[Amended Joint Status Report]* by Charles Curry (Mandell, Floyd) (Entered: 07/31/2020) |
| 08/02/2020 | 129 | ☐ 4.3 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Motion of Nicholas Hailey to appear pro hac vice 126 is granted. (mk) (Entered: 08/02/2020) |
| 08/02/2020 | 130 | ☐ 4.4 KB | MINUTE entry before the Honorable Matthew F. Kennelly: The parties' amended joint status report states that a proposed stipulated preliminary injunction was filed on 7/31/2020, but no such filing appears on the docket at this point. The parties are directed to promptly file the stipulated preliminary injunction and to provide a Word version to Judge Kennelly's proposed order e-mail address, a link to which may be found on his web page. (mk) (Entered: 08/02/2020) |

| 08/02/2020 | 131 | ☐ 148.1 KB | STIPULATION *Entry of Preliminary Injunction* (Niro, Christopher) (Entered: 08/02/2020) |
|---|---|---|---|
| 08/03/2020 | 132 | ☐ 203.2 KB | STIPULATED PRELIMINARY INJUNCTION signed by the Honorable Matthew F. Kennelly on 8/3/2020. Based on the entry of this stipulated preliminary injunction, plaintiff's motion for preliminary injunction 77 is terminated as moot. (mk) (Entered: 08/03/2020) |
| 08/12/2020 | 133 | ☐ 4.6 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing held on 8/12/2020. Counts four and seven of the amended complaint are voluntarily dismissed without prejudice by agreement from both parties. Fact discovery cutoff date is moved to 1/22/2020. Plaintiff's motion to amend 103 is voluntarily withdrawn. Deadline for amending the pleadings and adding the parties is extended to 10/31/2020. A telephonic status hearing is set for 10/14/2020 at 9:00 a.m. The following call-in number will be used: 888-684-8852, access code 746-1053. The parties are directed to file a joint status report by 10/7/2020, stating the status of discovery and any development on settlement. Mailed notice. (mma, ) (Entered: 08/12/2020) |
| 10/07/2020 | 134 | ☐ 1.8 MB | MOTION by Plaintiff Charles Curry to compel *Defendants to Respond to Plaintiff's First Requests for Production of Documents* (Attachments: # 1 Exhibit Memorandum of Law in Support of Motion, # 2 Exhibit Ex. 1, # 3 Exhibit Ex. 2, # 4 Exhibit Ex. 3, # 5 Exhibit Ex. 4, # 6 Exhibit Ex. 5, # 7 Exhibit Ex. 6, # 8 Exhibit Ex. 7)(Hailey, Nicholas) (Entered: 10/07/2020) |
| 10/07/2020 | 135 | ☐ 122.3 KB | STATUS Report *Joint Status Report* by Charles Curry (Hailey, Nicholas) (Entered: 10/07/2020) |
| 10/08/2020 | 136 | ☐ 4.5 KB | MINUTE entry before the Honorable Matthew F. Kennelly: At the Court's instance, the telephone status hearing set for 10/14/2020 is vacated and reset to 10/21/2020 at 9:00 a.m., using call-in number 888-684-8852, access code 746-1053. Counsel should wait for the case to be called before announcing themselves. Defendants are directed to file a response to plaintiff's motion to compel by 10/16/2020. No reply unless requested by the Court. The parties should be prepared to address the motion to compel at the status hearing in case the Court has questions. (mk) (Entered: 10/08/2020) |
| 10/16/2020 | 137 | ☐ 776.7 KB | RESPONSE by Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLCin Opposition to MOTION by Plaintiff Charles Curry to compel *Defendants to Respond to Plaintiff's First Requests for Production of Documents* 134 (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C)(Diesner, Kristina) (Entered: 10/16/2020) |
| 10/21/2020 | 138 | ☐ 4.6 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing held on 10/21/2020. Oral ruling made on the record regarding the plaintiff's motion to compel. The motion to compel 134 is terminated for the reasons stated in open court. A telephonic status hearing is set for 12/1/2020 at 8:45 a.m. The |

| | | | |
|---|---|---|---|
| | | | following call-in number will be used for the hearing: 888-684-8852 conference code 746-1053. By no later than 11/24/2020, the parties are directed to file a joint status report that shall include the following: 1.) The current status of discovery; 2.) A list of any anticipated discovery; and 3.) The names of the individuals that will be deposed and their scheduled deposition dates. Mailed notice. (mma, ) (Entered: 10/21/2020) |
| 10/29/2020 | <u>139</u><br>111.3 KB | ☐ | MOTION by Defendants Barry Nussbaum, Joshua Nussbaum, Revolution Laboratories, LLC for protective order *AGREED MOTION FOR ENTRY OF PROTECTIVE ORDER* (Niro, Christopher) (Entered: 10/29/2020) |
| 10/30/2020 | <u>140</u><br>75.0 KB | ☐ | AGREED CONFIDENTIALITY ORDER signed by the Honorable Matthew F. Kennelly on 10/30/2020: Agreed motion for entry of protective order <u>139</u> is granted. (mk) (Entered: 10/30/2020) |
| 11/13/2020 | <u>141</u><br>86.7 KB | ☐ | MOTION by Plaintiff Charles Curry to seal *Exhibits in Support of Plaintiff's Second Motion to Compel Discovery* (Hailey, Nicholas) (Entered: 11/13/2020) |
| 11/13/2020 | <u>142</u> | | SEALED MOTION by Plaintiff Charles Curry *Second Motion to Compel Discovery* (Attachments: # <u>1</u> Memorandum of Law in Support of Motion, # <u>2</u> Exhibit 1, # <u>3</u> Exhibit 2, # <u>4</u> Exhibit 3, # <u>5</u> Exhibit 4, # <u>6</u> Exhibit 5, # <u>7</u> Exhibit 6, # <u>8</u> Exhibit 7, # <u>9</u> Exhibit 8, # <u>10</u> Exhibit 9, # <u>11</u> Exhibit 10, # <u>12</u> Exhibit 11, # <u>13</u> Exhibit 12, # <u>14</u> Exhibit 13, # <u>15</u> Exhibit 14, # <u>16</u> Exhibit 15, # <u>17</u> Exhibit 16, # <u>18</u> Exhibit 17, # <u>19</u> Exhibit 18, # <u>20</u> Exhibit 19, # <u>21</u> Exhibit 20, # <u>22</u> Exhibit 21, # <u>23</u> Exhibit 22, # <u>24</u> Exhibit 23)(Hailey, Nicholas) (Entered: 11/13/2020) |
| 11/13/2020 | <u>143</u><br>7.0 MB | ☐ | MOTION by Plaintiff Charles Curry to compel *Second Motion to Compel Discovery* (Attachments: # <u>1</u> Memorandum of Law in Support of Motion (Provisionally Redacted), # <u>2</u> Exhibit 1, # <u>3</u> Exhibit 2, # <u>4</u> Exhibit 3, # <u>5</u> Exhibit 4, # <u>6</u> Exhibit 5, # <u>7</u> Exhibit 6, # <u>8</u> Exhibit 7 (Provisionally Under Seal), # <u>9</u> Exhibit 8 (Provisionally Under Seal), # <u>10</u> Exhibit 9 (Provisionally Under Seal), # <u>11</u> Exhibit 10 (Provisionally Redacted), # <u>12</u> Exhibit 11 (Provisionally Under Seal), # <u>13</u> Exhibit 12 (Provisionally Under Seal), # <u>14</u> Exhibit 13, # <u>15</u> Exhibit 14, # <u>16</u> Exhibit 15, # <u>17</u> Exhibit 16, # <u>18</u> Exhibit 17 (Provisionally Under Seal), # <u>19</u> Errata 18 (Provisionally Under Seal), # <u>20</u> Errata 19 (Provisionally Under Seal), # <u>21</u> Exhibit 20 (Provisionally Under Seal), # <u>22</u> Exhibit 21, # <u>23</u> Exhibit 22, # <u>24</u> Exhibit 23)(Hailey, Nicholas) (Entered: 11/13/2020) |
| 11/14/2020 | <u>144</u><br>4.4 KB | ☐ | MINUTE entry before the Honorable Matthew F. Kennelly: Motion to file exhibits under seal <u>141</u> is granted. Response to plaintiff's second motion to compel is to be filed by 11/20/2020; reply to response is to be filed by 11/25/2020. Argument, if deemed necessary by the Court, and ruling are set for the existing telephone status hearing on 12/1/2020 at 8:45 AM. (mk) (Entered: 11/14/2020) |

| 11/20/2020 | 145 1.4 MB ☐ | RESPONSE by Barry Nussbaum, Joshua Nussbaum, Revolution Laboratories, LLCin Opposition to SEALED MOTION by Plaintiff Charles Curry *Second Motion to Compel Discovery* 142 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Diesner, Kristina) (Entered: 11/20/2020) |
| 11/23/2020 | 146 103.5 KB ☐ | STIPULATION *and Proposed Order Concerning Protocol for Conducting Remote Depositions* (Hailey, Nicholas) (Entered: 11/23/2020) |
| 11/23/2020 | 147 5.6 MB ☐ | MOTION by Plaintiff Charles Curry to compel *Third Motion to Compel Discovery* (Attachments: # 1 Memorandum of Law in Support of Motion, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12)(Hailey, Nicholas) (Entered: 11/23/2020) |
| 11/24/2020 | 148 212.6 KB ☐ | STATUS Report *Joint Status Report* by Charles Curry (Hailey, Nicholas) (Entered: 11/24/2020) |
| 11/25/2020 | 149 83.5 KB ☐ | MOTION by Plaintiff Charles Curry to seal *Reply in Support of Second Motion to Compel Discovery and Supporting Exs. 25 and 26* (Hailey, Nicholas) (Entered: 11/25/2020) |
| 11/25/2020 | 150 669.5 KB ☐ | REPLY by Plaintiff Charles Curry to motion to compel,,, 143 *Second Motion to Compel Discovery* (Attachments: # 1 Exhibit 24, # 2 Exhibit 25 (Provisionally Filed Under Seal), # 3 Exhibit 26 (Provisionally Filed Under Seal), # 4 Exhibit 27)(Hailey, Nicholas) (Entered: 11/25/2020) |
| 11/25/2020 | 151 | SEALED REPLY by Charles Curry to SEALED MOTION by Plaintiff Charles Curry *Second Motion to Compel Discovery* 142 (Attachments: # 1 Exhibit 24, # 2 Exhibit 25, # 3 Exhibit 26, # 4 Exhibit 27)(Hailey, Nicholas) (Entered: 11/25/2020) |
| 11/25/2020 | 152 4.4 KB ☐ | MINUTE entry before the Honorable Matthew F. Kennelly: Motion to file under seal 149 is granted. The time for the telephone status/motion hearing on 12/1/2020 is advanced to 8:30 AM on that date. The parties should expect to address plaintiff's third motion to compel at that hearing, as well as defendants' apparent offer to stipulate to liability on certain claims and the other matters discussed in the status report. (mk) (Entered: 11/25/2020) |
| 12/01/2020 | 153 4.5 KB ☐ | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing held on 12/1/2020. The plaintiff's second motion to compel is granted in part as stated on the record. The plaintiff's third motion to compel is denied in part and deferred in part as stated on the record. A telephonic status hearing is set for 1/12/2021 at 8:30 a.m. The following call-in number will be used for the hearing: 888-684-8852 conference code 746-1053. The Court approves the parties' stipulation regarding the protocol for remote depositions. The parties are directed to file a joint status report on 1/5/2021. Mailed notice. (mma, ) (Entered: 12/01/2020) |

| 12/10/2020 | 154 161.0 KB | ☐ | MOTION by Plaintiff Charles Curry to amend/correct *Agreed Motion to Amend Scheduling Order* (Hailey, Nicholas) (Entered: 12/10/2020) |
|---|---|---|---|
| 12/11/2020 | 155 4.3 KB | ☐ | MINUTE entry before the Honorable Matthew F. Kennelly: Agreed motion to amend scheduling 154 is granted. Rule 26(a)(2) disclosure deadline is reset to 2/5/2021. Rule 26(a)(2) rebuttal disclosure deadline is reset to 2/22/2021. (mk) (Entered: 12/11/2020) |
| 12/22/2020 | 156 95.8 KB | ☐ | STIPULATION *of Liability of Revolution Laboratories, LLC* (Niro, Christopher) (Entered: 12/22/2020) |
| 12/30/2020 | 157 101.2 KB | ☐ | MOTION by Plaintiff Charles Curry to amend/correct *Joint Motion for Limited Amendment of Scheduling Order* (Hailey, Nicholas) (Entered: 12/30/2020) |
| 12/31/2020 | 158 4.5 KB | ☐ | MINUTE entry before the Honorable Matthew F. Kennelly: Joint motion for "limited" amendment of scheduling order is granted, as follows: Fact discovery is to be completed by February 19, 2021; Rule 26(a)(2) disclosures by the party with the burden of proof on a particular issue are to be made by March 5, 2021; rebuttal Rule 26(a)(2) disclosures are to be made by March 22, 2021; expert depositions are to be completed by April 19, 2021; and the deadline for filing dispositive motions is June 2, 2021. The parties are advised that no part of this schedule will be extended again. (mk) (Entered: 12/31/2020) |
| 01/05/2021 | 159 123.9 KB | ☐ | STATUS Report *Joint Status Report* by Charles Curry (Hailey, Nicholas) (Entered: 01/05/2021) |
| 01/11/2021 | 160 4.3 KB | ☐ | MINUTE entry before the Honorable Matthew F. Kennelly: At the Court's instance, the telephone status hearing set for 8:30 AM on 1/12/2021 is moved to 8:45 AM on that date. This is a time change only. (mk) (Entered: 01/11/2021) |
| 01/12/2021 | 161 4.4 KB | ☐ | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing held on 1/12/2021. The parties reported on the status of discovery. A telephonic status hearing is set for 3/15/2021 at 9:10 a.m. The following call-in number will be used for the hearing: 888-684-8852 conference code 746-1053. The parties are directed to file a joint status report by 3/10/2021. Mailed notice. (mma, ) (Entered: 01/12/2021) |
| 02/23/2021 | 🔓 162 119.4 KB | ☐ | TRANSCRIPT OF PROCEEDINGS held on December 1, 2020 before the Honorable Matthew F. Kennelly. Order Number: 39708. Court Reporter Contact Information: Carolyn_Cox@ilnd.uscourts.gov. <P>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.</P> Redaction Request due 3/16/2021. Redacted Transcript Deadline set for 3/26/2021. Release |

| | | | |
|---|---|---|---|
| | | | of Transcript Restriction set for 5/24/2021. (Cox, Carolyn) (Entered: 02/23/2021) |
| 02/23/2021 | 163 | 45.1 KB | TRANSCRIPT OF PROCEEDINGS held on January 12, 2021 before the Honorable Matthew F. Kennelly. Order Number: 39926. Court Reporter Contact Information: Carolyn_Cox@ilnd.uscourts.gov. <P>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.</P> Redaction Request due 3/16/2021. Redacted Transcript Deadline set for 3/26/2021. Release of Transcript Restriction set for 5/24/2021. (Cox, Carolyn) (Entered: 02/23/2021) |
| 03/09/2021 | 164 | 4.4 KB | MINUTE entry before the Honorable Matthew F. Kennelly: A telephonic status hearing set for 3/15/2021 is advanced to 8:50 a.m. on that date. The following call-in number will be used for the hearing: 888-684-8852 conference code 746-1053. The parties' joint status report remains due on 3/10/2021. (mk) (Entered: 03/09/2021) |
| 03/10/2021 | 165 | 86.6 KB | STATUS Report *Joint Status Report* by Charles Curry (Hailey, Nicholas) (Entered: 03/10/2021) |
| 03/11/2021 | 166 | 4.5 KB | MINUTE entry before the Honorable Matthew F. Kennelly: At the Court's instance, based on the parties' joint status report, the telephonic status hearing set for 3/15/2021 is vacated and reset to 4/29/2021 at 8:50 a.m. The following call-in number will be used for the hearing: 888-684-8852 conference code 746-1053. At the status hearing, the parties will be expected to discuss the nature and topics of any dispositive motions that they anticipate filing. The parties are directed to file joint status report on 4/22/2021. (mk) (Entered: 03/11/2021) |
| 04/22/2021 | 167 | 174.3 KB | STATUS Report *Joint Status Report* by Charles Curry (Hailey, Nicholas) (Entered: 04/22/2021) |
| 04/29/2021 | 168 | 4.4 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing held on 4/29/2021. Defendants' summary judgment motion is to be filed by 6/2/2021. Plaintiffs are given until 6/30/2021 to file responses and cross motions. Defendants are given until 7/21/2021 to file responses and replies. Plaintiffs have until 8/11/2021 to file a reply on the cross motion. Each side is given leave to file up to 25 pages on their first brief. All other briefs are to be no more than 15 pages for each side. Mailed notice. (mma, ) (Entered: 04/29/2021) |
| 06/02/2021 | 169 | 101.7 KB | MOTION by Defendants Barry Nussbaum, Revolution Laboratories, LLC, Joshua Nussbaum for summary judgment (Niro, Christopher) (Entered: 06/02/2021) |

| 06/02/2021 | 170 | ☐ 41.3 MB | MEMORANDUM by Barry Nussbaum, Joshua Nussbaum, Revolution Laboratories, LLC in support of motion for summary judgment 169 (Attachments: # 1 Statement of Material Facts, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20)(Niro, Christopher) (Entered: 06/02/2021) |
| 06/02/2021 | 171 | ☐ 70.5 KB | NOTICE by Barry Nussbaum, Joshua Nussbaum, Revolution Laboratories, LLC re MOTION by Defendants Barry Nussbaum, Revolution Laboratories, LLC, Joshua Nussbaum for summary judgment 169 (Niro, Christopher) (Entered: 06/02/2021) |
| 06/02/2021 | 172 | ☐ 105.8 KB | MOTION by Defendants Barry Nussbaum, Joshua Nussbaum, Revolution Laboratories, LLC for leave to file *Their Memorandum in Support of their Motion for Summary Judgment, Rule 56.1(a)(2) Statement of Material Facts, and Supporting Exhibits 3, 7, and 8 Under Seal* (Niro, Christopher) (Entered: 06/02/2021) |
| 06/02/2021 | 173 | | SEALED DOCUMENT by Defendants Barry Nussbaum, Joshua Nussbaum, Revolution Laboratories, LLC *regarding Defendants' Motion for Summary Judgment* (Attachments: # 1 Statement of Material Facts, # 2 Exhibit 3, # 3 Exhibit 7, # 4 Exhibit 8)(Niro, Christopher) (Entered: 06/02/2021) |
| 06/03/2021 | 174 | ☐ 4.3 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Motion for leave to file certain materials under seal 172 is granted, however, movant must file a complete and intact set of its materials (including all exhibits) under seal and a redacted version in the public record. (mk) (Entered: 06/03/2021) |
| 06/03/2021 | 175 | | SEALED MOTION by Defendants Barry Nussbaum, Joshua Nussbaum, Revolution Laboratories, LLC *for Summary Judgment* (Attachments: # 1 Memorandum in Support of Defendants' Motion for Summary Judgment, # 2 Defendants' Statement of Material Facts, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit 13, # 16 Exhibit 14, # 17 Exhibit 15, # 18 Exhibit 16, # 19 Exhibit 17, # 20 Exhibit 18, # 21 Exhibit 19, # 22 Exhibit 20)(Niro, Christopher) (Entered: 06/03/2021) |
| 06/30/2021 | 176 | ☐ 81.9 KB | RESPONSE by Charles Curry in Opposition to MOTION by Defendants Barry Nussbaum, Revolution Laboratories, LLC, Joshua Nussbaum for summary judgment 169 *and Cross-Motion for Summary Judgment* (Hailey, Nicholas) (Entered: 06/30/2021) |
| 06/30/2021 | 177 | ☐ 54.9 KB | MEMORANDUM *of Law in Support of Plaintiff's Cross-Motion for Summary Judgment and Opposition to Defendants' Motion for Summary Judgment* (Attachments: # 1 Statement of Facts, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit |

| | | | |
|---|---|---|---|
| | | | 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29, # 31 Exhibit 30, # 32 Exhibit 31, # 33 Exhibit 32, # 34 Exhibit 33, # 35 Exhibit 34, # 36 Exhibit 35, # 37 Exhibit 36, # 38 Exhibit 37, # 39 Exhibit 38, # 40 Exhibit 39, # 41 Exhibit 40, # 42 Exhibit 41, # 43 Exhibit 42, # 44 Exhibit 43, # 45 Exhibit 44, # 46 Exhibit 45, # 47 Exhibit 46, # 48 Exhibit 47, # 49 Exhibit 48, # 50 Exhibit 49, # 51 Exhibit 50, # 52 Exhibit 51, # 53 Exhibit 52, # 54 Exhibit 53, # 55 Exhibit 54, # 56 Exhibit 55, # 57 Exhibit 56, # 58 Exhibit 57, # 59 Exhibit 58, # 60 Exhibit 59, # 61 Exhibit 60, # 62 Exhibit 61, # 63 Exhibit 62, # 64 Exhibit 63)(Hailey, Nicholas) (Entered: 06/30/2021) |
| 06/30/2021 | 178 | ☐ 90.7 KB | MOTION by Plaintiff Charles Curry for leave to file *Plaintiff's Memorandum of Law in Support of Cross-Motion for Summary Judgment, Statement of Facts, and Supporting Exhibits Under Seal* (Hailey, Nicholas) (Entered: 06/30/2021) |
| 06/30/2021 | 179 | | SEALED MOTION by Plaintiff Charles Curry *Memorandum of Law in Support of Plaintiff's Cross-Motion for Summary Judgment and Opposition to Defendants' Motion for Summary Judgment* (Attachments: # 1 Statement of Facts, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 29 Exhibit 28, # 30 Exhibit 29, # 31 Exhibit 30, # 32 Exhibit 31, # 33 Exhibit 32, # 34 Exhibit 33, # 35 Exhibit 34, # 36 Exhibit 35, # 37 Exhibit 36, # 38 Exhibit 37, # 39 Exhibit 38, # 40 Exhibit 39, # 41 Exhibit 40, # 42 Exhibit 41, # 43 Exhibit 42, # 44 Exhibit 43, # 45 Exhibit 44, # 46 Exhibit 45, # 47 Exhibit 46, # 48 Exhibit 47, # 49 Exhibit 48, # 50 Exhibit 49, # 51 Exhibit 50, # 52 Exhibit 51, # 53 Exhibit 52, # 54 Exhibit 53, # 55 Exhibit 54, # 56 Exhibit 55, # 57 Exhibit 56, # 58 Exhibit 57, # 59 Exhibit 58, # 60 Exhibit 59, # 61 Exhibit 60, # 62 Exhibit 61, # 63 Exhibit 62, # 64 Exhibit 63)(Hailey, Nicholas) (Entered: 06/30/2021) |
| 07/01/2021 | 180 | ☐ 4.3 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Plaintiff's motion for leave to file under seal 178 is granted. Plaintiff is directed to file a redacted version in the public record and a complete version of the unredacted materials and all exhibits under seal. (mk) (Entered: 07/01/2021) |
| 07/21/2021 | 181 | ☐ 1.6 MB | REPLY by Defendants Barry Nussbaum, Joshua Nussbaum, Revolution Laboratories, LLC to memorandum in support of motion,, 170 (Attachments: # 1 Defendants' Response to Plaintiff's Rule 56.1(b)(3) Statement of Additional Facts)(Niro, Christopher) (Entered: 07/21/2021) |

| 07/21/2021 | [182] □ 2.4 MB | RESPONSE by Barry Nussbaum, Joshua Nussbaum, Revolution Laboratories, LLCin Opposition to SEALED MOTION by Plaintiff Charles Curry *Memorandum of Law in Support of Plaintiff's Cross-Motion for Summary Judgment and Opposition to Defendants' Motion for Summary Judgment* [179] (Attachments: # [1] Defendants' Response to Plaintiff's Rule 56.1(a)(2) Statement of Material Facts, # [2] Defendants' Rule 56.1(b)(3) Statement of Additional Material Facts, # [3] Exhibit 21, # [4] Exhibit 22, # [5] Exhibit 23, # [6] Exhibit 24)(Niro, Christopher) (Entered: 07/21/2021) |
| 07/21/2021 | [183] □ 98.9 KB | MOTION by Defendants Barry Nussbaum, Joshua Nussbaum, Revolution Laboratories, LLC for leave to file *Defendants' Documents Under Seal* (Niro, Christopher) (Entered: 07/21/2021) |
| 07/23/2021 | [184] □ 268.7 KB | MOTION by Plaintiff Charles Curry to strike reply, [181] , response in opposition to motion,, [182] (Attachments: # [1] Text of Proposed Order, # [2] Exhibit 1)(Hailey, Nicholas) (Entered: 07/23/2021) |
| 07/24/2021 | [185] □ 4.4 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Defendants' motion for leave to file [183] is granted. However, defendants' briefs, taken together, exceed the page limitation imposed by the Court without obtaining, or even seeking, leave of court. Plaintiffs' motion to strike defendants' briefs [184] is therefore granted. (mk) (Entered: 07/24/2021) |
| 07/25/2021 | [186] □ 106.1 KB | MOTION by Defendants Barry Nussbaum, Joshua Nussbaum, Revolution Laboratories, LLC for leave to file *A Combined Response in Opposition to Plaintiff's Cross-Motion for Summary Judgment and Defendants' Reply Brief in Support of their Motion for Summary Judgment* (Niro, Christopher) (Entered: 07/25/2021) |
| 08/04/2021 | [187] □ 4.3 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Motion for leave to file combined response/reply brief [186] is granted. (mk) (Entered: 08/04/2021) |
| 08/04/2021 | [188] □ 3.9 MB | MEMORANDUM memorandum in support of motion,, [170] by Barry Nussbaum, Joshua Nussbaum, Revolution Laboratories, LLC *and Response in Opposition to Plaintiff's Cross-Motion for Summary Judgment* [177] (Attachments: # [1] Defendants' Rule 56.1(b)(3) Statement of Additional Material Facts, # [2] Exhibit 21, # [3] Exhibit 22, # [4] Exhibit 23, # [5] Exhibit 24, # [6] Defendants' Response to Plaintiff's Rule 56.1(a)(2) Statement of Material Facts, # [7] Defendants' Response to Plaintiff's Rule 56.1(b)(3) Statement of Additional Facts)(Niro, Christopher) (Entered: 08/04/2021) |
| 08/04/2021 | [189] □ 99.4 KB | MOTION by Defendants Barry Nussbaum, Joshua Nussbaum, Revolution Laboratories, LLC for leave to file *Defendants' Documents Under Seal* (Niro, Christopher) (Entered: 08/04/2021) |
| 08/05/2021 | [190] □ 4.5 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Defendants' motion for leave to file materials under seal [189] is granted. Defendants must file a complete version of each filing, including all exhibits, under seal and a redacted version in the public record. In addition, given the size of the filings, defendants are |

| | | | |
|---|---|---|---|
| | | | directed to deliver a USB drive with each filing (including all exhibits) as a separate PDF, with each exhibit bookmarked, and with each filing saved as Acrobat 10.0 or greater (using the "save as other" function in Acrobat). (mk) (Entered: 08/05/2021) |
| 08/05/2021 | [191](#) | ☐ <br> 80.5 KB | MOTION by Plaintiff Charles Curry to amend/correct *Agreed Motion to Amend Scheduling Order* (Hailey, Nicholas) (Entered: 08/05/2021) |
| 08/05/2021 | [192](#) | | SEALED REPLY by Barry Nussbaum, Joshua Nussbaum, Revolution Laboratories, LLC to SEALED MOTION by Defendants Barry Nussbaum, Joshua Nussbaum, Revolution Laboratories, LLC *for Summary Judgment* [175](#) *and Response in Opposition to Plaintiff's Cross-Motion for Summary Judgment* [177](#) (Attachments: # [1](#) Defendants' Rule 56.1(b)(3) Statement of Additional Material Facts, # [2](#) Exhibit 21, # [3](#) Exhibit 22, # [4](#) Exhibit 23, # [5](#) Exhibit 24, # [6](#) Defendants' Response to Plaintiff's Rule 56.1(a)(2) Statement of Material Facts, # [7](#) Defendants' Response to Plaintiff's Rule 56.1(b)(3) Statement of Additional Facts)(Niro, Christopher) (Entered: 08/05/2021) |
| 08/06/2021 | [193](#) | ☐ <br> 4.3 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Agreed motion to amend scheduling order is granted [191](#) ; deadline for reply brief is extended to 8/25/2021. (mk) (Entered: 08/06/2021) |
| 08/25/2021 | [194](#) | ☐ <br> 474.6 KB | REPLY by Charles Curry to response in opposition to motion [176](#) *Plaintiff's Cross-Motion for Summary Judgment* (Attachments: # [1](#) Pl.'s L.R. 56.1(c)(2) Response to Defs.' Statement of Additional Facts)(Hailey, Nicholas) (Entered: 08/25/2021) |
| 01/26/2022 | [195](#) | ☐ <br> 179.5 KB | MEMORANDUM OPINION AND ORDER signed by the Honorable Matthew F. Kennelly on 1/26/2022: For the reasons stated in the accompanying Memorandum Opinion and Order, the Court grants summary judgment in favor of the defendants on the plaintiff's ICFA claim (count one of Curry's complaint) but otherwise denies their motion [dkt. no. 170]. The Court denies the plaintiff's motion for summary judgment in its entirety [dkt. no. 177]. The case is set for a telephonic status hearing on February 2, 2022 at 9:20 a.m. to set a trial date and discuss the possibility of settlement. The following call-in number will be used: 888-684-8852, access code 746-1053. Counsel should wait for the case to be called before announcing themselves. (mk) (Entered: 01/26/2022) |
| 02/02/2022 | [196](#) | ☐ <br> 4.5 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing held on 2/2/2022. Jury trial is set for 9/12/2022 at 9:15 a.m. Deadline for completion of any previously deferred discovery is 3/31/2022. Deadline for filing any motions to compel or motions for protective order is 3/4/2022. A telephonic status hearing is set for 3/11/2022 at 9:00 a.m. The following call-in number will be used for the hearing: 888-684-8852, access code 746-1053. Mailed notice. (mma, ) (Entered: 02/02/2022) |
| 02/14/2022 | [197](#) | ☐ <br> 1.6 MB | MOTION by Plaintiff Charles Curry to compel *Fourth Motion to Compel Discovery* (Attachments: # [1](#) Memorandum of Law, # [2](#) Exhibit 1, # [3](#) Exhibit 2, # [4](#) Exhibit 3, # [5](#) Exhibit 4, # [6](#) Exhibit 5, # |

| | | | |
|---|---|---|---|
| | | | 7 Exhibit 6)(Hailey, Nicholas) (Entered: 02/14/2022) |
| 02/15/2022 | 198 | ☐ 4.4 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Response to plaintiff's motion to compel 197 is to be filed by 2/22/2022. A telephonic hearing on the motion, unless deemed unnecessary by the Court, is set for 3/1/2022 at 9:30 AM, using call-in number 888-684-8852, access code 746-1053. Counsel should wait for the case to be called before announcing themselves. (mk) (Entered: 02/15/2022) |
| 02/22/2022 | 199 | ☐ 721.0 KB | RESPONSE by Barry Nussbaum, Joshua Nussbaum, Revolution Laboratories, LLCin Opposition to MOTION by Plaintiff Charles Curry to compel *Fourth Motion to Compel Discovery* 197 *Defendants' Response in Opposition to Fourth Motion to Compel* (Attachments: # 1 Exhibit A - Excerpts of Barry's Deposition, # 2 Exhibit B - Excerpts of Joshua's Deposition, # 3 Exhibit C - Amended Revolution 30(b)(6) Deposition Notice, # 4 Exhibit D Meet and Confer Emails)(Diesner, Kristina) (Entered: 02/22/2022) |
| 02/24/2022 | 200 | ☐ 307.5 KB | REPLY by Plaintiff Charles Curry to motion to compel 197 (Attachments: # 1 Exhibit 7, # 2 Exhibit 8)(Hailey, Nicholas) (Entered: 02/24/2022) |
| 02/26/2022 | 201 | ☐ 4.3 KB | MINUTE entry before the Honorable Matthew F. Kennelly: At the Court's instance, the telephonic motion hearing set for 3/1/2022 at 9:30 AM is advanced to 9:15 AM on that same date. This is a time change only. (mk) (Entered: 02/26/2022) |
| 03/01/2022 | 202 | ☐ 4.5 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic motion hearing held on 3/1/2022. Plaintiff's fourth motion to compel 197 is granted for the reasons stated on the record. The responsive information is to be produced by 3/15/2022. Depositions of Joshua and Barry Nussbaum are authorized for no more than one hour each. The previously set discovery cutoff date remains in effect. A telephonic status hearing is set for 4/8/2022 at 8:50 a.m. The following call-in number will be used: 888-684-8852; access code 746-1053. Mailed notice. (mma, ) (Entered: 03/01/2022) |
| 03/03/2022 | 203 | ☐ 4.3 KB | MINUTE entry before the Honorable Matthew F. Kennelly: At the Court's instance, the telephonic status hearing set for 3/11/2022 is vacated and reset to 4/15/2022 at 8:40 AM, using call-in number 888-684-8852, access code 746-1053. (mk) (Entered: 03/03/2022) |
| 03/03/2022 | 204 | ☐ 4.2 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Telephone conference set for 3/11/2022 is vacated. (mk) (Entered: 03/03/2022) |
| 03/25/2022 | 205 | ☐ 691.9 KB | MOTION by Plaintiff Charles Curry for sanctions (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Hailey, Nicholas) (Entered: 03/25/2022) |
| 03/26/2022 | 206 | ☐ 4.5 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Plaintiff's motion for sanctions 205 is taken under advisement. Defendants are directed to file a response to the motion by 4/6/2022, and plaintiff is directed to file a reply to the response by 4/12/2022. Telephonic motion hearing, unless deemed unnecessary by the Court, is set for |

| | | | 4/15/2022 at 8:05 AM. The telephonic status hearing set for 8:40 AM on 4/15/2022 is likewise advanced to 8:05 AM on that date. The following call-in number will be used: 888-684-8852, access code 746-1053. (mk) (Entered: 03/26/2022) |
|---|---|---|---|
| 03/31/2022 | 207 133.9 KB | ☐ | MOTION by Attorney Kristina D. Diesner to withdraw as attorney for Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC. No party information provided (Diesner, Kristina) (Entered: 03/31/2022) |
| 04/01/2022 | 208 4.3 KB | ☐ | MINUTE entry before the Honorable Matthew F. Kennelly: Motion to withdraw appearance of attorney Kristina Diesner 207 is granted. (mk) (Entered: 04/01/2022) |
| 04/01/2022 | 209 650.8 KB | ☐ | MOTION by Plaintiff Charles Curry for sanctions *for failure to appear for deposition* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Hailey, Nicholas) (Entered: 04/01/2022) |
| 04/02/2022 | 210 4.3 KB | ☐ | MINUTE entry before the Honorable Matthew F. Kennelly: Defendants are directed to file a written response to plaintiff's motion for sanctions 209 by 4/8/2022. No reply unless requested by the Court. Telephonic motion hearing is set for 4/15/2022 at 8:05 AM. (mk) (Entered: 04/02/2022) |
| 04/06/2022 | 211 210.1 KB | ☐ | RESPONSE by Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLCin Opposition to MOTION by Plaintiff Charles Curry for sanctions 205 (Novel, R. Timothy) (Entered: 04/06/2022) |
| 04/08/2022 | 212 421.2 KB | ☐ | RESPONSE by Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLCin Opposition to MOTION by Plaintiff Charles Curry for sanctions *for failure to appear for deposition* 209 (Attachments: # 1 Supplement)(Novel, R. Timothy) (Entered: 04/08/2022) |
| 04/12/2022 | 213 4.4 KB | ☐ | MINUTE entry before the Honorable Matthew F. Kennelly: At the Court's instance, the telephonic status and motion hearing set for 8:05 AM on 4/15/2022 is moved to 9:05 AM on that date. The hearing need not be as early in the morning as previously set because Judge Kennelly's ongoing jury trial has been completed. The following call-in number will be used: 888-684-8852, access code 746-1053. (mk) (Entered: 04/12/2022) |
| 04/12/2022 | 214 1.7 MB | ☐ | RESPONSE by Charles Curryin Support of MOTION by Plaintiff Charles Curry for sanctions 205 (Attachments: # 1 Exhibit 1)(Hailey, Nicholas) (Entered: 04/12/2022) |
| 04/15/2022 | 215 4.6 KB | ☐ | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic motion hearing held on 4/15/2022. Any additional documents pursuant to the Court's earlier orders are to be produced by the defendants by 4/29/2022. The depositions of defendants Barry and Joshua Nussbaum are to be taken by 5/6/2022. Each deposition is to be no longer than 90 minutes. Plaintiff's motions for sanctions 205 and 209 are entered and continued. A telephonic status hearing is set for 5/18/2022 at 9:15 a.m. The following call-in number will be used |

| | | | |
|---|---|---|---|
| | | | for the hearing: 888-684-8852, access code 746-1053. The parties are directed to file a joint status report by 5/13/2022. Mailed notice. (mma, ) (Entered: 04/15/2022) |
| 04/25/2022 | 216 | 88.2 KB | TRANSCRIPT OF PROCEEDINGS held on April 15, 2022 before the Honorable Matthew F. Kennelly. Order Number: 43047. Court Reporter Contact Information: Carolyn_Cox@ilnd.uscourts.gov. <P>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.</P> Redaction Request due 5/16/2022. Redacted Transcript Deadline set for 5/26/2022. Release of Transcript Restriction set for 7/25/2022. (Cox, Carolyn) (Entered: 04/25/2022) |
| 04/25/2022 | 217 | 72.1 KB | TRANSCRIPT OF PROCEEDINGS held on March 1, 2022 before the Honorable Matthew F. Kennelly. Order Number: 42740. Court Reporter Contact Information: Carolyn_Cox@ilnd.uscourts.gov. <P>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.</P> Redaction Request due 5/16/2022. Redacted Transcript Deadline set for 5/26/2022. Release of Transcript Restriction set for 7/25/2022. (Cox, Carolyn) (Entered: 04/25/2022) |
| 05/02/2022 | 218 | 79.4 KB | NOTICE by Charles Curry *Regarding Financial Discovery Status* (Hailey, Nicholas) (Entered: 05/02/2022) |
| 05/13/2022 | 219 | 564.2 KB | STATUS Report *Joint Status Report* by Charles Curry (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Hailey, Nicholas) (Entered: 05/13/2022) |
| 05/16/2022 | 220 | 232.8 KB | NOTICE by Charles Curry re status report 219 (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Hailey, Nicholas) (Entered: 05/16/2022) |
| 05/18/2022 | 221 | 4.5 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing held on 5/18/2022. By no later than 5/23/2022, both sides are directed to file a supplement relating to the discovery of the trusts referenced in the 5/13/2022 status report. A video status hearing is set for 5/24/2022 at 11:30 a.m. Joshua Nussbaum and Barry Nussbaum are ordered to appear at the video status. The Court will send out the video conference invitations a few days in advance of the hearing. Mailed notice. (mma, ) (Entered: 05/18/2022) |

| 05/23/2022 | 222 | ☐ 216.3 KB | STATUS Report by Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC (Novel, R. Timothy) (Entered: 05/23/2022) |
|---|---|---|---|
| 05/23/2022 | 223 | ☐ 720.5 KB | SUPPLEMENT to status report 219 *regarding discoverability of trust information* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Hailey, Nicholas) (Entered: 05/23/2022) |
| 05/24/2022 | 224 | ☐ 117.0 KB | CERTIFICATE of Service by Defendants Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC (Novel, R. Timothy) (Entered: 05/24/2022) |
| 05/24/2022 | 225 | ☐ 4.6 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Video status hearing held on 5/24/2022. Barry Nussbaum, Jerry Nussbaum, and any attorneys at the law firm that represents them are ordered to produce any copies of the trust agreement they have by no later than 2:00 p.m. on 5/24/2022. Barry Nussbaum and Joshua Nussbaum are ordered to appear for the completion of their depositions on 6/13/2022 at 8:30 a.m. in Judge Kennelly's Jury Room at the Dirksen U.S. Courthouse. The Court will entertain a motion by Barry Nussbaum to complete his deposition by video so long as the motion is supported by sufficiently detailed medical information and the motion is filed by 5/27/2022. Defendant may file the motion under seal. Mailed notice. (mma, ) (Entered: 05/24/2022) |
| 05/25/2022 | 226 | ☐ 133.7 KB | MOTION by Attorney Christopher W. Niro to withdraw as attorney for Barry Nussbaum, Joshua Nussbaum, Revolution Laboratories, LLC. No party information provided (Niro, Christopher) (Entered: 05/25/2022) |
| 05/26/2022 | 227 | ☐ 4.5 KB | MINUTE entry before the Honorable Matthew F. Kennelly: This case is set for a telephonic status hearing on 6/1/2022 at 9:10 AM to address the anticipated motion to allow the deposition of Barry Nussbaum by video rather than in person and the recently filed motion to withdraw by one of the attorneys for defendants. Lead trial counsel for defendants is directed to participate in the telephonic status hearing. The following call-in number will be used: 888-684-8852, access code 746-1053. (mk) (Entered: 05/26/2022) |
| 05/26/2022 | 228 | ☐ 59.4 KB | ATTORNEY Appearance for Defendants Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC by Matthew L. De Preter (De Preter, Matthew) (Entered: 05/26/2022) |
| 05/27/2022 | 229 | ☐ 175.0 KB | MOTION by Defendants Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC for Leave for Barry Nussbaum to Appear Remotely Via Video for his Continued Deposition on June 13, 2022 (Attachments: # 1 Exhibit A (Sealed for In Camera Review))(Novel, R. Timothy) (Entered: 05/27/2022) |
| 05/27/2022 | 241 | | SEALED DOCUMENT by Defendant Barry Nussbaum (lma, ) (Entered: 06/09/2022) |

| 05/30/2022 | 230 | ☐ 4.5 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Defendant Barry Nussbaum filed a heavily-redacted motion regarding his upcoming deposition in the public record but did not file a sealed version. The Court specifically contemplated and gave Mr. Nussbaum leave to file his motion under seal. The motion will be denied until Mr. Nussbaum files under seal a complete version of the motion, including all exhibits, by 10:00 AM CT on 5/31/2022 (in light of the hearing set for the morning of 6/1/2022). (mk) (Entered: 05/30/2022) |
|---|---|---|---|
| 05/30/2022 | 231 | | SEALED MOTION by Defendants Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC , MOTION by Defendants Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC for Leave for Barry Nussbaum to Appear Remotely Via Video for his Continued Deposition on June 13, 2022 (Attachments: # 1 Sealed Exhibit A for in camera review)(De Preter, Matthew) (Entered: 05/30/2022) |
| 05/31/2022 | 232 | ☐ 17.5 MB | RESPONSE by Plaintiff Charles Curry to Sealed motion,, motion for miscellaneous relief, 231 (Attachments: # 1 Exhibit 1)(Hailey, Nicholas) (Entered: 05/31/2022) |
| 06/01/2022 | 233 | ☐ 210.7 KB | DECLARATION of Barry Nussbaum *Declaration in Support of Motion to Appear Remotely* (Novel, R. Timothy) (Entered: 06/01/2022) |
| 06/01/2022 | 234 | ☐ 4.5 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing held on 6/1/2022. Defendant Barry Nussbaum's motion to appear remotely via video for his deposition 229 is granted. Barry Nussbaum may appear by video for the 6/13/2022 deposition. The parties are directed to file a joint status report regarding the timing and sequence of the depositions by 6/8/2022. Attorney Christopher Niro's motion to withdraw 226 is granted. The Clerk is directed to withdraw Mr. Niro's appearance from the case. Mailed notice. (mma, ) (Entered: 06/01/2022) |
| 06/06/2022 | 235 | ☐ 103.2 KB | ORDER: The parties are directed to bring a court reporter to the depositions set for 6/13/2022 at 8:30 a.m. The Court reporter is granted permission to bring in their equipment for the deposition. Attorneys for both sides are granted permission to bring in laptops for the deposition. Signed by the Honorable Matthew F. Kennelly on 6/6/2022. Mailed notice. (mma, ) (Entered: 06/06/2022) |
| 06/07/2022 | 236 | ☐ 177.7 KB | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-19537585. (Kane, Jeffrey) (Entered: 06/07/2022) |
| 06/08/2022 | 237 | ☐ 4.3 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Motion of Jeffrey Kane to appear pro hac vice 236 is granted. (mk) (Entered: 06/08/2022) |
| 06/08/2022 | 238 | ☐ 213.2 KB | STATUS Report *Joint Status Report Regarding June 13, 2022 Depositions* by Charles Curry (Attachments: # 1 Exhibit 1)(Hailey, Nicholas) (Entered: 06/08/2022) |

| 06/09/2022 | 239 | ☐ 4.4 KB | MINUTE entry before the Honorable Matthew F. Kennelly: The Court sets this case for a telephonic status hearing on 6/10/2022 at 8:30 AM to discuss the depositions to be taken on 6/13/2022 and the parties' status report filed on 6/8/2022. Defense counsel are to be prepared to address in detail the production of the allegedly unproduced records described by plaintiff at pages 5-6 of the status report. (mk) (Entered: 06/09/2022) |
|---|---|---|---|
| 06/09/2022 | 240 | ☐ 4.5 KB | MINUTE entry before the Honorable Matthew F. Kennelly: The following call-in number will be used for the 6/10/2022 status hearing 239 : 888-684-8852, access code 746-1053. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (mma, ) (Entered: 06/09/2022) |
| 06/10/2022 | 242 | ☐ 4.3 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Motion to appear remotely 231 is terminated as a pending motion, having been granted by the Court on 6/1/2022. (mk) (Entered: 06/10/2022) |
| 06/10/2022 | 243 | ☐ 5.5 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic hearing held pursuant to Court's order dated 6/9/2022. Defendants and their counsel are ordered to produce to plaintiffs' counsel the trust amendment and the 2021 K-1 forms referenced on the record by no later than 1:00 PM Central time today. Defendant Joshua Nussbaum and defendant's attorney Timothy Novel are ordered to show cause why they should not be held in contempt based on the failure to produce - pursuant to plaintiffs' requests and the Court's previous orders - records for Joshua Nussbaum's Wells Fargo Bank account(s). Defendant Barry Nussbaum and defendant's attorney Timothy Novel are ordered to show cause why they should not be held in contempt based on the failure to produce - pursuant to plaintiffs' requests and previous orders by the Court -records for Barry Nussbaum's Central Pacific Bank account(s) and records relating to the value and mortgage balance of the properties referenced in the 3rd bullet point on page 6 of docket entry 238 (status report). The hearing on each contempt citation will be held following the completion of the particular defendant's deposition on 6/13/2022. Attorney Timothy Novell is ordered to show cause in writing by 6/14/2022 why he should not be sanctioned pursuant to 28 USC 1927 for vexatiously multiplying the proceedings by his evasive and non-responsive answers during today's telephonic hearing. The depositions of Joshua and Barry Nussbaum to be held on 6/13/2022 under the Court's supervision will be limited to 90 minutes each with the caveats described on the record during today's hearing. The out of pocket expenses (court reporter and transcript fees) and the reasonable fee for one plaintiffs' lawyer's attendance during the depositions will be shifted to defendants based on their previous noncompliance with the Court's directives and the plaintiffs' discovery requests as this is what |

| | | | necessitated the reconvening of the depositions. Mailed notice. (mma, ) (Entered: 06/10/2022) |
|---|---|---|---|
| 06/10/2022 | 244 | ☐ 116.3 KB | CERTIFICATE of Service by R. Timothy Novel on behalf of Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC (Novel, R. Timothy) (Entered: 06/10/2022) |
| 06/12/2022 | 245 | ☐ 227.0 KB | ATTORNEY Appearance for Defendants Barry Nussbaum, Joshua Nussbaum, Unknown Timothy Novel by Terence H. Campbell *as to Contemp issues only* (Campbell, Terence) (Entered: 06/12/2022) |
| 06/13/2022 | 246 | ☐ 193.0 KB | DECLARATION of Barry Nussbaum *Regarding Compliance* (Novel, R. Timothy) (Entered: 06/13/2022) |
| 06/13/2022 | 247 | ☐ 192.4 KB | DECLARATION of Joshua Nussbaum *Regarding Compliance* (Novel, R. Timothy) (Entered: 06/13/2022) |
| 06/14/2022 | 248 | ☐ 151.1 KB | RESPONSE by Unknown Timothy Novel, Defendants Barry Nussbaum, Joshua Nussbaum to telephone conference,,,,,,,, 243 (Campbell, Terence) (Entered: 06/14/2022) |
| 06/16/2022 | 249 | ☐ 4.4 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Any response by plaintiff to the declarations regarding compliance filed by defendants 246 247 and/or the response by attorney Novell 248 is to by filed by no later than 6/24/2022. Telephonic status hearing is set for 6/30/2022 at 9:30 AM, using call-in number 888-684-8852, access code 746-1053. (mk) (Entered: 06/16/2022) |
| 06/24/2022 | 250 | ☐ 81.5 KB | MOTION by Plaintiff Charles Curry to seal (Hailey, Nicholas) (Entered: 06/24/2022) |
| 06/24/2022 | 251 | ☐ 1.2 MB | MEMORANDUM by Charles Curry *in Further Support of Plaintiff's Motions for Sanctions and in Response to Defendants' Filings Regarding Claimed Compliance with the Court's Order to Show Cause* (Attachments: # 1 Exhibit 1 (provisionally filed under seal), # 2 Exhibit 2 (provisionally filed under seal), # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8)(Hailey, Nicholas) (Entered: 06/24/2022) |
| 06/24/2022 | 252 | | SEALED DOCUMENT by Plaintiff Charles Curry *Memorandum in Further Support of Plaintiff's Motions for Sanctions and in Response to Defendants' Filings Regarding Claimed Compliance with the Court's Order to Show Cause* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8)(Hailey, Nicholas) (Entered: 06/24/2022) |
| 06/28/2022 | 253 | ☐ 4.5 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Plaintiff has moved to file the transcripts of recent depositions of the two individual defendants under seal because the defendants designated the transcripts as confidential. The Court does not see any legitimate basis to file these transcripts under seal. The motion is set for hearing on 6/30/2022 at 9:30 AM at the telephonic hearing already set for that date and time. If defendants contend the transcripts, or parts of them, are properly filed under seal, they should be prepared to explain this |

| | | | |
|---|---|---|---|
| | | | to the Court in detail at that hearing. If defendants wish to provide a written justification it is due by no later than 8:00 AM on the date of the hearing. (mk) (Entered: 06/28/2022) |
| 06/29/2022 | 254 | ☐ 200.8 KB | RESPONSE by Defendants Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC to set motion and R&R deadlines/hearings,, 253 *Response to Court's Order at 253* (Novel, R. Timothy) (Entered: 06/29/2022) |
| 06/29/2022 | 255 | ☐ 204.2 KB | DECLARATION of Barry Nussbaum *Regarding Compliance* (Novel, R. Timothy) (Entered: 06/29/2022) |
| 06/30/2022 | 256 | ☐ 198.4 KB | DECLARATION of Joshua Nussbaum *Regarding Compliance* (Novel, R. Timothy) (Entered: 06/30/2022) |
| 06/30/2022 | 257 | ☐ 4.9 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status and motion hearings held on 6/30/2022. Plaintiff's motion to file under seal 250 is denied as to the reasons stated on the record. Defendants have until 7/7/2022 to file a response to the plaintiff's memorandum of 6/24/2022. A telephonic ruling on the motion hearing is set for 7/13/2022 at 9:30 a.m. The following call-in number will be used for the hearing: 888-684-8852, conference code 746-1053. Any motion by either party asking for any trial witness to be able to testify remotely is to be filed by 7/21/2022. The final pretrial order is due 8/22/2022. The final pretrial conference is set for 9/7/2022 at 3:00 p.m. By no later than 7/21/2022, the parties are directed to file a joint status report with the following information: 1.) List of witnesses that will be called at trial; 2.) Estimated time of how long direct examination will take; and 3.) If direct examination will include an adverse party. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (mma, ) (Entered: 06/30/2022) |
| 06/30/2022 | 258 | ☐ 1.0 MB | MEMORANDUM by Charles Curry *in Further Support of Plaintiff's Motions for Sanctions and in Response to Defendants' Filings Regarding Claimed Compliance with the Court's Order to Show Cause (Filed Unsealed Pursuant to the Court's Order, Dkt. 257)* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8)(Hailey, Nicholas) (Entered: 06/30/2022) |
| 07/01/2022 | 259 | ☐ 76.1 KB | NOTICE by Charles Curry re memorandum, 258 *Plaintiff's Notice Regarding Defendants' June 29 Production* (Hailey, Nicholas) (Entered: 07/01/2022) |
| 07/06/2022 | 🔓 260 | ☐ 107.8 KB | TRANSCRIPT OF PROCEEDINGS held on May 18, 2022 before the Honorable Matthew F. Kennelly. Order Number: 43283. Court Reporter Contact Information: Carolyn Cox, Carolyn_Cox@ilnd.uscourts.gov. |

| | | | |
|---|---|---|---|
| | | | IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 7/27/2022. Redacted Transcript Deadline set for 8/8/2022. Release of Transcript Restriction set for 10/4/2022. (Cox, Carolyn) (Entered: 07/06/2022) |
| 07/06/2022 | 261 | 130.1 KB | TRANSCRIPT OF PROCEEDINGS held on May 24, 2022 before the Honorable Matthew F. Kennelly. Order Number: 43320. Court Reporter Contact Information: Carolyn Cox, Carolyn_Cox@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 7/27/2022. Redacted Transcript Deadline set for 8/8/2022. Release of Transcript Restriction set for 10/4/2022. (Cox, Carolyn) (Entered: 07/06/2022) |
| 07/06/2022 | 262 | 113.7 KB | TRANSCRIPT OF PROCEEDINGS held on June 1, 2022 before the Honorable Matthew F. Kennelly. Order Number: 43360. Court Reporter Contact Information: Carolyn Cox, Carolyn_Cox@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 7/27/2022. Redacted Transcript Deadline set for 8/8/2022. Release of Transcript Restriction set for 10/4/2022. (Cox, Carolyn) (Entered: 07/06/2022) |
| 07/06/2022 | 263 | 80.3 KB | TRANSCRIPT OF PROCEEDINGS held on June 10, 2022 before the Honorable Matthew F. Kennelly. Order Number: 43441. Court Reporter Contact Information: Carolyn Cox, Carolyn_Cox@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public |

| | | | |
|---|---|---|---|
| | | | terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. <br><br> Redaction Request due 7/27/2022. Redacted Transcript Deadline set for 8/8/2022. Release of Transcript Restriction set for 10/4/2022. (Cox, Carolyn) (Entered: 07/06/2022) |
| 07/07/2022 | 264 | ☐ <br> 457.8 KB | RESPONSE by Defendants Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC to memorandum, 258 (Attachments: # 1 Exhibit Index of Production) (Novel, R. Timothy) (Entered: 07/07/2022) |
| 07/12/2022 | 265 | ☐ <br> 2.0 MB | DECLARATION of Barry Nussbaum regarding telephone conference,,,,,,,, 243 *Declaration Regarding Compliance* (Attachments: # 1 Exhibit Court Reporter Invoice, # 2 Exhibit Legal Fees Invoice, # 3 Exhibit Counsel Emails)(Novel, R. Timothy) (Entered: 07/12/2022) |
| 07/12/2022 | 266 | ☐ <br> 2.0 MB | DECLARATION of Joshua Nussbaum regarding telephone conference,,,,,,,, 243 *Regarding Compliance* (Attachments: # 1 Exhibit Court Reporter Invoice, # 2 Exhibit Legal Fees Invoice, # 3 Exhibit Counsel Emails)(Novel, R. Timothy) (Entered: 07/12/2022) |
| 07/13/2022 | 267 | ☐ <br> 4.8 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic ruling on a motion hearing held on 7/13/2022. Plaintiff's counsel is to send defendants' counsel a letter regarding the allegedly still missing asset discovery by 7/15/2022. The defendants are to respond to it by 7/20/2022. Request for sanctions relating to the filing and presentation of the various motions to compel 205 209 are taken under advisement. The plaintiff's further submission regarding the monetary sanctions is due 7/29/2022. Defendant's response is due by 8/1/2022. A telephonic status hearing is set for 8/9/2022 at 8:45 a.m. The following call-in number will be used for the hearing: 888-684-8852, conference code 746-1053. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (mma, ) (Entered: 07/13/2022) |
| 07/19/2022 | 268 | ☐ <br> 4.4 KB | MINUTE entry before the Honorable Matthew F. Kennelly: The Court sets the case for a telephonic case management conference on 7/21/2022 at 9:15 AM, using call-in number 888-684-8852, access code 746-1053. The Court needs to discuss two topics with the parties: (1) the possibility of settlement; and (2) the trial date. Trial counsel should participate in the call unless they have an unavoidable conflict. (mk) (Entered: 07/19/2022) |

| 07/21/2022 | 269 | ☐ 4.6 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic scheduling conference held on 7/21/2022. Jury trial set for 9/12/2022 is vacated and reset to 9/19/2022 at 9:15 a.m. A telephonic status hearing is set for 7/26/2022 at 9:10 a.m. The following call-in number will be used for the hearing: 888-684-8852, access code 746-1053. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (mma, ) (Entered: 07/21/2022) |
| 07/21/2022 | 270 | ☐ 76.9 KB | NOTICE by Charles Curry *Regarding Defendants' July 20 Production* (Hailey, Nicholas) (Entered: 07/21/2022) |
| 07/21/2022 | 271 | ☐ 107.3 KB | STATUS Report *Joint Status Report* by Charles Curry (Hailey, Nicholas) (Entered: 07/21/2022) |
| 07/21/2022 | 272 | ☐ 199.6 KB | MOTION by Defendant Barry NussbaumRemote Testimony at Trial (Novel, R. Timothy) (Entered: 07/21/2022) |
| 07/22/2022 | 273 | ☐ 947.7 KB | MOTION by Plaintiff Charles Curry for sanctions *Plaintiff's Submission in Further Support of Monetary Sanctions* (Attachments: # 1 Declaration of Matthew J. Oppenheim, # 2 Exhibit A to Declaration, # 3 Exhibit B to Declaration)(Hailey, Nicholas) (Entered: 07/22/2022) |
| 07/26/2022 | 274 | ☐ 4.4 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing held on 7/26/2022. Jury trial set for 9/19/2022 is vacated and reset to 1/17/2023 at 9:15 a.m. The pretrial conference remains set for 3:00 p.m. on 9/7/2022 257 and will be held by video. The Court will send out the video conference invitation a few days in advance of the pretrial conference. The telephonic status hearing set for 8/9/2022 is vacated. Mailed notice. (mma, ) (Entered: 07/26/2022) |
| 08/01/2022 | 275 | ☐ 1.4 MB | RESPONSE by Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC to MOTION by Plaintiff Charles Curry for sanctions *Plaintiff's Submission in Further Support of Monetary Sanctions* 273 (Attachments: # 1 Exhibit) (Novel, R. Timothy) (Entered: 08/01/2022) |
| 08/02/2022 | 276 | ☐ 4.3 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Plaintiff is directed to file by 8/8/2022 a reply to defendants' response to plaintiff's submission in support of further monetary sanctions. (mk) (Entered: 08/02/2022) |
| 08/08/2022 | 277 | ☐ 452.7 KB | REPLY by Plaintiff Charles Curry to motion for sanctions, 273 *Reply In Support of Monetary Sanctions* (Attachments: # 1 Exhibit A)(Hailey, Nicholas) (Entered: 08/08/2022) |
| 08/11/2022 | 278 | ☐ 91.6 KB | MOTION by Plaintiff Charles Curry for leave to file excess pages *for Plaintiff's Motions in Limine (Unopposed)* (Hailey, Nicholas) |

| | | | (Entered: 08/11/2022) |
|---|---|---|---|
| 08/13/2022 | 279 | ☐ 4.6 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Plaintiff's motion for leave to file excess pages 278 is granted, but only in part. Each side is given a total of 22 pages for motions in limine (approximately a 50% extension of the Court's default limit), and 22 pages for responses. The Court is not persuaded that more than this is reasonably needed. The parties are reminded that, per the procedures for preparation of the final pretrial order referenced on Judge Kennelly's web page, they are required to confer regarding any anticipated motions in limine to attempt to resolve them without court intervention. Any party that fails to comply with this requirement before filing a motion in limine or that fails to address the need for filing particular motions in limine in good faith is subject to sanction. (mk) (Entered: 08/13/2022) |
| 08/22/2022 | 280 | ☐ 456.6 KB | PROPOSED Pretrial Order (Hailey, Nicholas) (Entered: 08/22/2022) |
| 08/22/2022 | 281 | ☐ 115.7 KB | MOTION by Plaintiff Charles Curry to strike *Defendants' Late-Disclosed (1) Exhibit List, (2) Objections to Plaintiff's Exhibits, and (3) Objections to Plaintiff's Witnesses in Proposed Partial Pretrial Order* (Hailey, Nicholas) (Entered: 08/22/2022) |
| 08/23/2022 | 282 | ☐ 4.6 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Plaintiff's request to strike certain of defendants' pretrial order submissions is denied, but at the Court's instance, the motion will be treated as a motion for monetary sanctions against defendants' counsel of record under 28 U.S.C. 1927 for vexatiously multiplying the proceedings and under Fed. R. Civ. P. 16(f) for failure to comply with the Court's scheduling requirements. Defendants' counsel are ordered to show cause in writing by no later than 8/29/2022 why they should not be sanctioned under one or both of these provisions. The Court also emphasizes that this show cause order--which is occasioned by defense counsel's alleged dilatory behavior--may not be used as a basis to extend, ignore, or blow past any other deadlines in this case. (mk) (Entered: 08/23/2022) |
| 08/24/2022 | 283 | ☐ 971.7 KB | MOTION by Defendants Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLCin limine *Defendants' Motions in Limine* (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C)(Novel, R. Timothy) (Entered: 08/24/2022) |
| 08/24/2022 | 284 | ☐ 1.1 MB | MOTION by Plaintiff Charles Curryin limine *Plaintiff's Motion in Limine for Jury Instructions and Preclusion of Evidence Due to Defendants' Discovery Violations* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Hailey, Nicholas) (Entered: 08/24/2022) |
| 08/24/2022 | 285 | ☐ 1.1 MB | MOTION by Plaintiff Charles Curryin limine *Plaintiff's Omnibus Motion in Limine* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Hailey, Nicholas) (Entered: 08/24/2022) |

| 08/29/2022 | 286 | ☐ 412.0 KB | RESPONSE by Unknown Timothy Novel to text entry,,, 282 , motion to strike, 281 *Response to Court's Order at 282* (Novel, R. Timothy) (Entered: 08/29/2022) |
| 08/30/2022 | 287 | ☐ 354.8 KB | REPLY by Plaintiff Charles Curry to Response 286 *Plaintiff's Reply to Defendants' Counsel's Response to the Court's August 23 Show Cause Order* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Hailey, Nicholas) (Entered: 08/30/2022) |
| 08/31/2022 | 288 | ☐ 8.6 MB | RESPONSE by Charles Curryin Opposition to MOTION by Defendants Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLCin limine *Defendants' Motions in Limine* 283 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11)(Hailey, Nicholas) (Entered: 08/31/2022) |
| 08/31/2022 | 289 | ☐ 1.9 MB | RESPONSE by Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLCin Opposition to MOTION by Plaintiff Charles Curryin limine *Plaintiff's Omnibus Motion in Limine* 285 (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D)(Novel, R. Timothy) (Entered: 08/31/2022) |
| 08/31/2022 | 290 | ☐ 706.4 KB | RESPONSE by Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLCin Opposition to MOTION by Plaintiff Charles Curryin limine *Plaintiff's Motion in Limine for Jury Instructions and Preclusion of Evidence Due to Defendants' Discovery Violations* 284 (Attachments: # 1 Exhibit Exhibit A)(Novel, R. Timothy) (Entered: 08/31/2022) |
| 09/07/2022 | 291 | ☐ 5.5 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Pretrial conference held by video on 9/7/2022. The Court will enter a separate order regarding the rulings on the motions in limine. Each side is directed to file by 9/15/2022 a supplemental memorandum of no more than 7 pages regarding the open issues addressed at the pretrial conference concerning plaintiff's motion in limine 7; defendants' motion in limine 3; and the interplay of those with plaintiff's motion in limine 1. Plaintiff's motion in limine for jury instructions and preclusion 284 is denied as to the relief sought in headings II and III and deferred as to the relief sought in heading 1 until a point closer to trial. A further status hearing and continued pretrial conference by telephone is set for 12/13/2022 at 8:45 a.m. The following call-in number will be used for the hearing: 888-684-8852, access code 746-1053. The parties are to file a joint status report that shall include the status of the pretrial order preparation and current information on Mr. Nussbaum's medical condition by 12/6/2022. Also by 12/6/2022 the parties are to submit deposition designations as well as agreed and non-agreed jury instructions. These can be combined into a single filing entitled Supplement to Final Pretrial Order. By no later than 9/11/2022 the parties are to agree upon and are then to comply with a schedule for exchanges of materials relevant to the Supplemental Final Pretrial Order. Persons granted remote access to proceedings are |

| | | | reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (mma, ) (Entered: 09/07/2022) |
|---|---|---|---|
| 09/07/2022 | 292 | ☐ 4.8 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Oral argument heard and rulings made on the record regarding the motions in limine. As more fully explained on the record: (1) Defendant's motions in limine 1, 2, and 4 are denied; defendant's motion in limine 3 is taken under advisement; and defendant's motion in limine 5 is granted subject to specific disclosure before usage of particular materials that plaintiff proposes to use consistent with the first bullet point on page 20 of its response (dkt. no. 288). (2) Plaintiff's motions in limine 2, 5, and 6 are granted; plaintiff's motions in limine 1 and 7 are taken under advisement; plaintiff's motion in limine 4 is denied; plaintiff's motion in limine 3 is denied subject to defendants' production within 14 days of the QuickBooks data file as more fully explained on the record; and plaintiff's motion in limine 8 is terminated as moot in light of the Court's comments at the hearing regarding how it will instruct the jury if it determines to allow Barry Nussbaum to testify remotely. Defendants are advised however that any remote participation that the Court authorizes under Rule 43 will be limited to the period of Mr. Nussbaum's testimony; the Court will not broadcast the remainder of the trial to him. Mailed notice. (mma, ) (Entered: 09/07/2022) |
| 09/09/2022 | 293 | ☐ 91.2 KB | Proposed Agreed-Upon Schedule for Exchange of Supplemental Final Pretrial Order Materials by Charles Curry (Hailey, Nicholas) (Entered: 09/09/2022) |
| 09/10/2022 | 294 | ☐ 4.3 KB | MINUTE entry before the Honorable Matthew F. Kennelly: The Court hereby approves the parties' agreed schedule for the exchange of supplemental final pretrial order materials and directs them to comply with that schedule. (mk) (Entered: 09/10/2022) |
| 09/15/2022 | 295 | ☐ 458.9 KB | MEMORANDUM by Charles Curry *Plaintiff's Supplemental Submission in Support of Plaintiff's Motions in Limine 1 and 7 and in Opposition to Defendants' Motion in Limine 3* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Hailey, Nicholas) (Entered: 09/15/2022) |
| 09/15/2022 | 296 | ☐ 347.1 KB | RESPONSE by Defendants Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC to order on motion in limine,,,,,,,,, pretrial conference,,,,,,, set deadlines/hearings,,,,,,, 291 *Response on Geographical Use in Commerce* (Novel, R. Timothy) (Entered: 09/15/2022) |
| 11/14/2022 | 297 | ☐ 58.7 KB | ATTORNEY Appearance for Defendants Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC by Gary Phillip Hollander (Hollander, Gary) (Entered: 11/14/2022) |

| 12/06/2022 | 298 | ☐ 162.5 KB | STATUS Report *Regarding Barry Nussbaum Relating To Request to Appear Remotely at Trial* by Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC (Attachments: # 1 Nussbaum Declaration and Supporting Exhibits A-D (REDACTED))(De Preter, Matthew) (Entered: 12/06/2022) |
| --- | --- | --- | --- |
| 12/06/2022 | 299 | ☐ 139.7 KB | MOTION by Defendants Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC for leave to file - *Unopposed Motion for Leave to File Defendants' Medical Documents Under Seal* (De Preter, Matthew) (Entered: 12/06/2022) |
| 12/06/2022 | 300 | | SEALED DOCUMENT by Defendants Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC - *Declaration of Barry Nussbaum in Support of Status Report Regarding Barry Nussbaum Relating to Request to Appear Remotely at Trial (and supporting exhibits)* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(De Preter, Matthew) (Entered: 12/06/2022) |
| 12/06/2022 | 301 | ☐ 183.4 KB | STATUS Report *Joint Status Report* by Charles Curry (Hailey, Nicholas) (Entered: 12/06/2022) |
| 12/06/2022 | 302 | ☐ 2.6 MB | PROPOSED Pretrial Order *Supplement to Final Pretrial Order* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Hailey, Nicholas) (Entered: 12/06/2022) |
| 12/08/2022 | 303 | ☐ 4.3 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Motion for leave to file medical documents under seal 299 is granted. (mk) (Entered: 12/08/2022) |
| 12/09/2022 | 304 | ☐ 59.1 KB | ATTORNEY Appearance for Defendants Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC by Chidinma O. Ahukanna (Ahukanna, Chidinma) (Entered: 12/09/2022) |
| 12/12/2022 | 305 | ☐ 2.2 MB | MOTION by Defendants Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC to strike *Pursuant to Rule 39(a) Plaintiff's Jury Demand or For Order Designating which Claims Will Be Tried to the Court* (Attachments: # 1 Exhibit A: FEFIFO Corporate Records)(De Preter, Matthew) (Entered: 12/12/2022) |
| 12/12/2022 | 306 | ☐ 4.3 KB | MINUTE entry before the Honorable Matthew F. Kennelly: At the Court's instance, the telephonic pretrial conference/status hearing set for 8:45 AM on 12/13/2022 is advanced to 8:30 AM on that same date. The call-in number remains as previously stated. (mk) (Entered: 12/12/2022) |
| 12/13/2022 | 307 | ☐ 4.8 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Continued pretrial conference held by telephone on 12/13/2022. (1) The Court finds under Rule 43(a) that defendants have shown god cause and compelling circumstances to permit defendant Barry Nussbaum to testify by contemporaneous video transmission. Defendants are strongly urged to make arrangements for Mr. |

| | | | |
|---|---|---|---|
| | | | Nussbaum to be at a court reporting firm for his testimony. As more fully explained during the hearing a backup of deposition designations will be required to be used in lieu of testimony in the event the video hookup fails or breaks down during Mr. Nussbaum's testimony. (2) Deposition designations will be read or played in the page sequence in which designated material appears in the deposition. (3) Plaintiff is given until 12/16/2022 to file a reply of not more than 3 pages regarding two cases cited in defendants' response on the geographic use issue. (4) Plaintiff's response to defendants' motion to strike jury demand 305 is due 12/23/2022; defendants' reply is due 1/6/2023. (5) For the reasons described on the record the jury trial set for 1/17/2023 is vacated and reset to 5/15/2023 at 9:15 a.m. Mailed notice. (mma, ) (Entered: 12/13/2022) |
| 12/14/2022 | 308 | ☐ 80.6 KB | STATUS Report *Supplement to Joint Status Report and Request to Modify Deposition Designation Schedule* by Charles Curry (Hailey, Nicholas) (Entered: 12/14/2022) |
| 12/15/2022 | 309 | ☐ 4.3 KB | MINUTE entry before the Honorable Matthew F. Kennelly: As requested by the parties, the deadline for submitting any additional deposition designations is extended to 4/15/2023. (mk) (Entered: 12/15/2022) |
| 12/16/2022 | 310 | ☐ 224.9 KB | REPLY by Plaintiff Charles Curry to Response, 296 (Attachments: # 1 Exhibit 1)(Hailey, Nicholas) (Entered: 12/16/2022) |
| 12/23/2022 | 311 | ☐ 1.3 MB | RESPONSE by Charles Curryin Opposition to MOTION by Defendants Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC to strike *Pursuant to Rule 39(a) Plaintiff's Jury Demand or For Order Designating which Claims Will Be Tried to the Court* 305 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Kane, Jeffrey) (Entered: 12/23/2022) |
| 12/29/2022 | 312 | ☐ 481.1 KB | DISCLOSURE OF COUNSEL FOR DEFENDANTS TO CORRECT STATEMENTS IN THE RECORD by Aronberg Goldgehn Davis & Garmisa (Gibson, Amy) (Entered: 12/29/2022) |
| 12/29/2022 | 313 | ☐ 84.1 KB | ANNUAL REMINDER: Pursuant to Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this |

| | | | |
|---|---|---|---|
| | | | LINK will provide additional information. Signed by the Executive Committee on 12/29/2022: Mailed notice. (tg, ) (Entered: 12/29/2022) |
| 01/05/2023 | 314 | ☐ 292.4 KB | MOTION by Attorney R. Timothy Novel to withdraw as attorney for Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC. No party information provided (Novel, R. Timothy) (Entered: 01/05/2023) |
| 01/05/2023 | 315 | ☐ 262.9 KB | RESPONSE by Plaintiff Charles Curry to other 312 *Plaintiff's Response to Defendants' Counsel's Disclosure to Correct Statements in the Record* (Attachments: # 1 Exhibit 1)(Hailey, Nicholas) (Entered: 01/05/2023) |
| 01/06/2023 | 316 | ☐ 95.3 KB | RESPONSE by Charles Curry to MOTION by Attorney R. Timothy Novel to withdraw as attorney for Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC. No party information provided 314 (Kane, Jeffrey) (Entered: 01/06/2023) |
| 01/06/2023 | 317 | ☐ 2.7 MB | REPLY by Defendants Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC to response in opposition to motion, 311 , motion to strike, 305 (Attachments: # 1 Ex. 1 - Defendants' Offer of Judgment, # 2 Ex. 2 - Plaintiff's Rejection of Offer of Judgment, # 3 Ex. 3 - Testimony of Charles Curry)(De Preter, Matthew) (Entered: 01/06/2023) |
| 01/09/2023 | 318 | ☐ 285.3 KB | REPLY by Defendants Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC to motion to withdraw as attorney 314 , other 312 , response to motion 316 *R. Timothy Novel's Reply in Support of Motion to Withdraw as Counsel* (Novel, R. Timothy) (Entered: 01/09/2023) |
| 01/23/2023 | 319 | ☐ 154.8 KB | MEMORANDUM OPINION AND ORDER signed by the Honorable Matthew F. Kennelly on 1/23/2023: For the reasons described in the accompanying Memorandum Opinion and Order, the Court grants plaintiff's motion(s) for sanctions and imposes a monetary sanction of $82,770 in favor of plaintiff against defendants, jointly and severally. The monetary sanction must be paid in full by no later than February 13, 2023, and defendants are to file a notice of compliance by no later than February 14, 2023. In addition, plaintiff is directed to file by January 27, 2023 a submission of not more than five pages identifying any remaining production documents covered by the Court's production orders that plaintiff believes defendants still have not produced. Defendants are directed to file by February 3, 2023 a response of not more than five pages. Attorney Timothy Novell's motion to withdraw is taken under advisement. Mr. Novell may file a response to his former law firm's December 29, 2022 submission by no later than January 30, 2023. Finally, the Court's order to show cause relating to contempt has been adequately dealt with by the present order and other previous orders and is therefore withdrawn without prejudice. (mk) (Entered: 01/23/2023) |

| 01/24/2023 | 320 □ 81.4 KB | MOTION by Attorney Terence Campbell to withdraw as attorney for Timothy Novel, Barry Nussbaum, Joshua Nussbaum. No party information provided (Campbell, Terence) (Entered: 01/24/2023) |
|---|---|---|
| 01/25/2023 | 321 □ 4.3 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Motion to withdraw appearance of attorney Terence Campbell 320 is granted. (mk) (Entered: 01/25/2023) |
| 01/27/2023 | 🔒 322 □ 1.6 MB | NOTICE by Charles Curry *Plaintiff's Submission Regarding Court-Ordered Financial Discovery That Defendants Still Have Not Produced* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8)(Hailey, Nicholas) (Entered: 01/27/2023) |
| 01/27/2023 | 323 □ 673.3 KB | NOTICE by Charles Curry re notice of filing, 322 *Exhibit 5 (Redacted) to Plaintiff's Submission Regarding Court-Ordered Financial Discovery That Defendants Still Have Not Produced* (Hailey, Nicholas) (Entered: 01/27/2023) |
| 01/28/2023 | 324 □ 4.4 KB | MINUTE entry before the Honorable Matthew F. Kennelly: The case is set for a telephonic hearing regarding pending matters (relating to production of court-ordered financial discovery and the pending motion to withdraw) on 2/7/2023 at 9:15 AM, using call-in number 888-684-8852, access code 746-1053. (mk) (Entered: 01/28/2023) |
| 01/28/2023 | 325 □ 4.2 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Telephone conference set for 2/7/2023 at 9:15 AM. (mk) (Entered: 01/28/2023) |
| 01/30/2023 | 326 □ 94.9 KB | ATTORNEY Appearance for Unknown Timothy Novel by Joseph E. Tighe (Tighe, Joseph) (Entered: 01/30/2023) |
| 01/30/2023 | 327 □ 232.3 KB | RESPONSE by Unknown Timothy Novel to other 312 (Attachments: # 1 Exhibit Novel Declaration)(Tighe, Joseph) (Entered: 01/30/2023) |
| 01/31/2023 | 328 □ 4.3 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Any party that wishes to file a response to Mr. Novel's further submission on the motion to withdraw must do so by no later than 2/2/2023. Any such response is limited to 3 pages. (mk) (Entered: 01/31/2023) |
| 02/02/2023 | 329 □ 60.2 KB | ATTORNEY Appearance for Unknown Timothy Novel by Alan Jay Mandel (Mandel, Alan) (Entered: 02/02/2023) |
| 02/02/2023 | 330 □ 117.8 KB | RESPONSE by Plaintiff Charles Curry to Response 327 *Plaintiff's Response to Attorney Novel's Filing* (Hailey, Nicholas) (Entered: 02/02/2023) |
| 02/02/2023 | 331 □ 342.7 KB | REPLY by Unknown Aronberg Goldgehn Davis & Garmisa to other 312 (Gibson, Amy) (Entered: 02/02/2023) |
| 02/02/2023 | 332 □ 101.0 KB | REPLY by Defendants Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC to Response 327 *Statements of Mr. Novel* (De Preter, Matthew) (Entered: 02/02/2023) |
| 02/03/2023 | 333 □ 2.6 MB | RESPONSE by Defendants Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC to notice of |

| | | | |
|---|---|---|---|
| | | | filing, 322 (Attachments: # 1 Declaration of Barry Nussbaum, # 2 Declaration of Joshua Nussbaum, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibits 5-26 (Filed Under Seal), # 8 Exhibit 27, # 9 Exhibit 28, # 10 Exhibit 29, # 11 Exhibits 30-35 (Filed Under Seal))(De Preter, Matthew) (Entered: 02/03/2023) |
| 02/03/2023 | 334 | ☐ 111.7 KB | MOTION by Defendants Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC to seal *Opposition of Defendants to Plaintiff's Contentions Regarding Discovery and select supporting material* (De Preter, Matthew) (Entered: 02/03/2023) |
| 02/03/2023 | 335 | | SEALED RESPONSE by Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC to notice of filing, 322 , MOTION by Defendants Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC to seal *Opposition of Defendants to Plaintiff's Contentions Regarding Discovery and select supporting material* 334 (Attachments: # 1 Exhibit 5, # 2 Exhibit 6, # 3 Exhibit 7, # 4 Exhibit 9, # 5 Exhibit 10, # 6 Exhibit 11, # 7 Exhibit 12, # 8 Exhibit 13, # 9 Exhibit 14, # 10 Exhibit 15, # 11 Exhibit 16, # 12 Exhibit 17, # 13 Exhibit 18, # 14 Exhibit 19, # 15 Exhibit 20, # 16 Exhibit 21, # 17 Exhibit 22, # 18 Exhibit 23, # 19 Exhibit 24, # 20 Exhibit 25, # 21 Exhibit 26, # 22 Exhibit 30, # 23 Exhibit 31, # 24 Exhibit 32, # 25 Exhibit 33, # 26 Exhibit 34, # 27 Exhibit 35, # 28 Declaration of Barry Nussbaum)(De Preter, Matthew) (Entered: 02/03/2023) |
| 02/04/2023 | 336 | | SEALED DOCUMENT by Defendants Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC *Exhibit 8 in support of the Opposition of Defendants to Plaintiff's Contentions Regarding Discovery* (Attachments: # 1 Exhibit 8 part1, # 2 Exhibit 8 part 2, # 3 Exhibit 8 part 3)(De Preter, Matthew) (Entered: 02/04/2023) |
| 02/04/2023 | 337 | ☐ 4.4 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Defendants' motion to file under seal 334 is granted. It appears that defendants have already filed a redacted version in the public record. At the Court's instance, the telephonic status hearing set for 9:15 AM on 2/7/2023 is advanced to 9:10 AM on that same date. This is a time change only. (mk) (Entered: 02/04/2023) |
| 02/07/2023 | 338 | ☐ 4.7 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing held on 2/7/2023. Attorney R.Timothy Novel's motion to withdraw 314 is granted. The Clerk is directed to terminate Mr. Novel's appearance from the docket. The Court heard argument on and ruled orally on all remaining issues relating to production of financial records by the defendants. The details of the Court's orders in this regard are as stated on the record during the hearing. A telephonic status hearing is set for 3/27/2023 at 8:45 a.m. The following call-in number will be used for the hearing: 888-684-8852, access code 746-1053. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. |

| | | | |
|---|---|---|---|
| | | | Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (mma, ) (Entered: 02/07/2023) |
| 02/13/2023 | 339 | ☐ 77.6 KB | Plaintiff's Agreed Motion to Reschedule March 27, 2023 Status Hearing by Charles Curry (Hailey, Nicholas) (Entered: 02/13/2023) |
| 02/14/2023 | 340 | ☐ 136.4 KB | NOTICE by Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC re order on motion for sanctions,,,,,,,,,,,,,,, memorandum opinion and order,,,,, terminate motions,,,, 319 *Notice of Compliance* (De Preter, Matthew) (Entered: 02/14/2023) |
| 02/15/2023 | 341 | ☐ 4.3 KB | MINUTE entry before the Honorable Matthew F. Kennelly: The telephonic status hearing set for 3/28/2023 is vacated and advanced to 3/22/2023 at 8:50 AM, using call-in number 888-684-8852, access code 746-1053. (mk) (Entered: 02/15/2023) |
| 03/13/2023 | 342 | ☐ 96.1 KB | NOTICE by Charles Curry *Regarding Withdrawal of Discovery Dispute* (Kane, Jeffrey) (Entered: 03/13/2023) |
| 03/14/2023 | 343 | ☐ 4.5 KB | MINUTE entry before the Honorable Matthew F. Kennelly: The Court acknowledges receipt of plaintiff's submission regarding of his dispute regarding inspection of the QuickBooks material. It appears that plaintiff's ability to inspect the material ultimately foundered on the inability of the parties to agree to a protocol for inspection of the QuickBooks material. The Court advises that it is willing to consider the parties' positions and order an appropriate protocol, if a submission in this regard (describing and explaining the competing positions) is filed by 3/17/2023. (mk) (Entered: 03/14/2023) |
| 03/17/2023 | 344 | ☐ 1.1 MB | RESPONSE by Plaintiff Charles Curry to text entry,, 343 *Court's Minute Order* (Attachments: # 1 Ex. 1 (2023 Email Chain), # 2 Ex. 2 (2022 Email Chain))(Kane, Jeffrey) (Entered: 03/17/2023) |
| 03/17/2023 | 345 | ☐ 2.6 MB | RESPONSE by Defendants Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC to notice of filing 342 , text entry,, 343 *Defendants' Submission in Response to Plaintiff's Notice (Dkt. 342) and Pursuant to the Court's March 13, 2023 Order (Dkt. 343)* (Attachments: # 1 Declaration of Kim Hoffman, # 2 Exhibits 1-2 (Hearing Transcript Excerpts), # 3 Exhibits 3-40 (Correspondence))(De Preter, Matthew) (Entered: 03/17/2023) |
| 03/18/2023 | 346 | ☐ 5.9 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Plaintiff previously advised the Court that he was not seeking any further relief from the Court with regard to inspecting or obtaining defendants' QuickBooks files. See Dkt. no. 342. It appeared from plaintiffs' submission that this was due to the inability to agree on an appropriate protocol for review of the records at defendant Revolution's office in California. The Court entered an order, see Dkt. no. 343, acknowledging receipt of plaintiff's submission; the order stated that the Court was willing to consider the parties' positions and |

| | | | |
|---|---|---|---|
| | | | enter an appropriate protocol if a submission was made by 3/17/2023. On that date each side filed a submission. Plaintiff's submission, Dkt. no. 344, repeated that "Plaintiff has chosen to forego any further discovery on this narrow issue," id. at 1, and that "Plaintiff seeks no further relief from the Court on this matter," id. at 2, but also stated that "if the Court is inclined to order an inspection" it should do so with certain described parameters. See id. at 2. Plaintiff's submission also contained an extended discussion regarding how admissibility of the QuickBooks material should be handled at trial. For their part, defendants made a submission, Dkt. no. 345, disputing at length plaintiff's rendition of the events relating to discovery (or attempted discovery) of the QuickBooks material. The defendants' submission also sought what they called a "protective order" regarding admissibility of the QuickBooks material at trial and on various other points. The Court declines to take up either side's proposal in this form. Plaintiff has expressly advised the Court that he is not seeking further discovery-related relief from the Court relating to the QuickBooks material. This means that the window left open by the Court in its 3/14/2023 order, dkt. no. 343, is now closed. If any party wants further relief from the Court regarding inclusion or exclusion of evidence at trial--as each side's submission indicates--it must file a motion for leave to file an additional motion in limine. Given the impending trial date, the deadline for filing any such motions for leave to file is 3/22/2023 by no later than 4:30 PM. Any such motion for leave to file must be accompanied by the proposed motion in limine, which may not exceed 8 pages. If any such motion is filed, the Court will set a very short deadline for the opposing party to file a response. The telephonic status hearing set for 3/22/2023 is vacated. The case is set for an in-person hearing on the anticipated motion(s) in limine, as well as any related matters, on 4/6/2023 at 2:00 PM. No telephonic or video appearances will be permitted. If no motions for leave to file an additional motion in limine is filed by the 3/22/2023 deadline the Court will vacate the 4/6/2023 in-person hearing. (mk) (Entered: 03/18/2023) |
| 03/22/2023 | 347 | ☐<br>1.1 MB | MOTION by Plaintiff Charles Curry for leave to file *Motion in Limine to Preclude QuickBooks Documents Not Already Produced* (Attachments: # 1 Plaintiff's Proposed Motion in Limine, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3)(Hailey, Nicholas) (Entered: 03/22/2023) |
| 03/22/2023 | 348 | ☐<br>3.5 MB | MOTION by Defendants Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC for leave to file *Motion in Limine* (Attachments: # 1 Exhibit A - Defendants' Motion in Limine, # 2 Exhibits 1-2 (Hearing Transcript Excerpts), # 3 Exhibits 3-39 (Correspondence), # 4 Exhibit 40 - Declaration of Kim Hoffman)(De Preter, Matthew) (Entered: 03/22/2023) |
| 03/23/2023 | 349 | ☐<br>4.8 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Both sides' motions for leave to file 347 348 are granted. They should now file the motions in limine as separate docket entries. When defendants do so each exhibit must be its own sub-entry; they may not group |

| | | | |
|---|---|---|---|
| | | | multiple exhibits as their current submission did, as doing so makes review of the digital filing immensely more difficult. Each side's response to the opposing party's motion is to be filed by no later than 3/30/2023. Because the two motions are largely the flip side of each other, each side's response is limited to 5 pages. This means a total of 5 pages from the start of the response to the end. A party may not (as defendants have done with their motion in limine) attempt to evade the page limitation by putting the caption on an unnumbered page and not counting the signature page. Any response that does not comport with this directive will be stricken and will not be considered. The Court also reserves the right to vacate the 4/6/2023 in-person hearing if it determines a hearing is not needed. (mk) (Entered: 03/23/2023) |
| 03/23/2023 | 350 | ☐ 30.6 MB | MOTION by Defendants Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLCin limine (Attachments: # 1 Ex.01 - September 7 2022 Hearing Transcript excerpts, # 2 Ex.02 - February 7 2023 Hearing Transcript excerpts, # 3 Ex.03 - TN to NH 09.21.2022, # 4 Ex.04 - TN to NH 09.26.2022, # 5 Ex.05 - TN to NH 09.26.2022, # 6 Ex.06 - MCD to Kane 09.30.2022, # 7 Ex.07 - MCD to NH 10.10.2022, # 8 Ex.08 - MCD to Kane 10.20.2022, # 9 Ex.09 - Kane to MCD 02.08.2023, # 10 Ex.10 - MCD to Kane 02.09.2023, # 11 Ex.11 - Kane to MCD 02.09.2023, # 12 Ex.12 - MCD to Kane 02.10.2023, # 13 Ex.13 - Kane to MCD 02.11.2023, # 14 Ex.14 - MCD to Kane 02.13.2023, # 15 Ex.15 - Kane to MCD 02.16.2023, # 16 Ex.16 - MCD to Kane 02.16.2023, # 17 Ex.17 - Kane to MCD 02.17.2023, # 18 Ex.18 - MCD to Kane 02.17.2023, # 19 Ex.19 - MCD to Kane 02.17.2023, # 20 Ex.20 - Kane to MCD 02.17.2023, # 21 Ex.21 - MCD to Kane 02.17.2023, # 22 Ex.22 - Kane to MCD 02.21.2023, # 23 Ex.23 - MCD to Kane 02.21.2023, # 24 Ex.24 - Kane to MCD 02.22.2023, # 25 Ex.25 - MCD to Kane 02.23.2023, # 26 Ex.26 - Kane to MCD 02.23.2023, # 27 Ex.27 - MCD to Kane 02.24.2023, # 28 Ex.28 - Kane to MCD 02.28.2023, # 29 Ex.29 - MCD to Kane 03.01.2023, # 30 Ex.30 - Kane to MCD 03.01.2023, # 31 Ex.31 - MCD to Kane 03.02.2023, # 32 Ex.32 - Kane to MCD 03.06.2023, # 33 Ex.33 - MCD to Kane 06.03.3023, # 34 Ex.34 - Kane to MCD 03.07.2023, # 35 Ex.35 - Kane to MCD 03.07.2023, # 36 Ex.36 - MCD to Kane 03.07.2023, # 37 Ex.37 - MCD to Kane 03.07.2023 and Kane to MCD 03.07.2023, # 38 Ex.38 - MCD to Kane 03.07.2023, # 39 Ex.39 - Kane to MCD 03.08.2023, # 40 Ex.40 - Declaration of Kim Hoffman & CV)(De Preter, Matthew) (Entered: 03/23/2023) |
| 03/23/2023 | 351 | ☐ 955.1 KB | MOTION by Plaintiff Charles Curryin limine *to Preclude QuickBooks Documents Not Already Produced* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Hailey, Nicholas) (Entered: 03/23/2023) |
| 03/30/2023 | 352 | ☐ 296.9 KB | MEMORANDUM by Barry Nussbaum, Joshua Nussbaum, Rev Labs management, Inc., Revolution Laboratories, LLC in Opposition to motion in limine 351 (Attachments: # 1 Exhibit 1 - Declaration of Kim Hoffman)(De Preter, Matthew) (Entered: 03/30/2023) |

| 03/30/2023 | 353<br>660.7 KB | ☐ | MEMORANDUM by Charles Curry in Opposition to motion in limine,,,,,,,, 350 (Attachments: # 1 Exhibit 1 (B. Nussbaum Dep. Tr.), # 2 Exhibit 2 (B. Nussbaum Dep. Tr.), # 3 Exhibit 3 (T. Turner Dep. Tr.))(Kane, Jeffrey) (Entered: 03/30/2023) |
| --- | --- | --- | --- |
| 04/03/2023 | 354<br>188.0 KB | ☐ | Letter re: April 6th Hearing by Charles Curry (Kane, Jeffrey) (Entered: 04/03/2023) |
| 04/04/2023 | 355<br>4.4 KB | ☐ | MINUTE entry before the Honorable Matthew F. Kennelly: At the Court's instance, the time for the final pretrial conference / motion in limine argument set for 4/6/2023 is advanced to 1:30 PM on that date. As previously ordered by the Court, this is an in-person hearing, and no telephonic or video appearances will be permitted (see dkt. no. 346). (mk) (Entered: 04/04/2023) |
| 04/06/2023 | 356<br>4.5 KB | ☐ | MINUTE entry before the Honorable Matthew F. Kennelly: In person pretrial conference held on 4/6/2023. Oral rulings made on the motions to strike the jury demand 305 , defendants' motion in limine 350 , and plaintiff's motion to preclude QuickBooks documents 351 . Defendant's motions in limine 350 and to strike the jury trial demand 305 are denied as to the reasons stated more fully on the record. The plaintiff's motion to preclude QuickBooks documents 351 is granted as to the reasons stated more fully on the record. Plaintiff's motions in limine 1 and 7, and the defendants' motion in limine 3 are taken under advisement. Mailed notice. (mma, ) (Entered: 04/06/2023) |
| 04/10/2023 | 357<br>190.3 KB | ☐ | MOTION by Plaintiff Charles Curry to clarify *Trial Schedule* (Attachments: # 1 Exhibit 1)(Hailey, Nicholas) (Entered: 04/10/2023) |
| 04/10/2023 | 358<br>121.3 KB | ☐ | ORDER REGARDING TRIAL TIME LIMITS, signed by the Honorable Matthew F. Kennelly on 4/10/2023. (mk) (Entered: 04/10/2023) |
| 04/11/2023 | 359<br>5.7 KB | ☐ | MINUTE entry before the Honorable Matthew F. Kennelly: Motion to clarify 357 is granted to the following extent. The Court notes that at the pretrial conference hearing on April 6, plaintiff's counsel Mr. Hailey brought up the Court's comments from months earlier regarding the trial schedule but, when asked, advised the Court that the graduation in question was on Saturday--i.e. May 20, not Friday May 19. It was for that reason, and after inquiring about the location of the graudation, that the Court stated the trial would proceed until 12:00 noon on Friday May 19. Now that the Court has been advised, apparently correctly this time, that the graduation is on May 19, not May 20, the Court revises the schedule set out in the Order Setting Trial Time Limits as follows. Trial will not be held on Friday May 19. On Thursday May 18 trial will be held until 4:00 PM. The Court cannot recess the trial at 12:00 PM on May 18 due to the fact that it no longer is available on Tuesday May 23 and may need to stop a bit early on Monday May 22 due to responsibilities connected with its service on the Judicial Panel for Multidistrict Litigation. Additionally, the Court overrules the request to expand the trial time limits beyond the 12 hours per side the Court has set. The Court has significant familiarity with the case and is confident that 12 hours per side |

| | | | |
|---|---|---|---|
| | | | provides ample time for each side to present its case fairly, assuming--as the Court is entitled to assume--that each side acts efficiently and without undue repetition (the latter has been a problem in this case <u>on both sides</u>, but with a jury involved the parties will have to do better in this regard). As far as plaintiff's concerns that certain defense parties/witnesses will engage in unduly dilatory behavior while testifying, that's what objections and motions to strike for non-responsiveness are for, and the Court will not hesitate, if asked, to exercise its appropriate authority in this regard and also reserves the right (consistent with the Order Setting Trial Time Limits) to charge extra time to any party--plaintiff or defendants--that conducts itself in an unduly dilatory way. (mk) (Entered: 04/11/2023) |
| 04/14/2023 | <u>360</u> | ☐ 338.6 KB | PROPOSED Pretrial Order *Joint Supplement to Final Pretrial Order With the Parties' Deposition Designation Objections* (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B)(Hailey, Nicholas) (Entered: 04/14/2023) |
| 04/21/2023 | <u>361</u> | ☐ 258.3 KB | Exhibit List *(Amended)* by Charles Curry. (Kane, Jeffrey) (Entered: 04/21/2023) |
| 05/04/2023 | <u>362</u> | ☐ 155.0 KB | ORDER ON REMAINING MOTIONS IN LIMINE, signed by the Honorable Matthew F. Kennelly on 5/4/2023. (mk) (Entered: 05/04/2023) |
| 05/11/2023 | <u>363</u> | ☐ 187.7 KB | Defendants' Notice of Request for Court to Take Judicial Notice by Barry Nussbaum, Joshua Nussbaum, Revolution Laboratories, LLC (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B)(De Preter, Matthew) (Entered: 05/11/2023) |
| 05/12/2023 | <u>364</u> | ☐ 195.9 KB | OBJECTIONS by Charles Curry to other <u>363</u> *Defendants' Request for Judicial Notice* (Kane, Jeffrey) (Entered: 05/12/2023) |
| 05/15/2023 | <u>365</u> | ☐ 4.3 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Jury trial begun on 5/15/2023. Voir dire held. Evidence entered. Jury trial continued to 5/16/2023 at 9:00 a.m. Mailed notice. (mma, ) (Entered: 05/15/2023) |
| 05/16/2023 | <u>366</u> | ☐ 369.0 KB | NOTICE by Charles Curry *of Filing of Objections to Preliminary Jury Instructions* (Attachments: # <u>1</u> Cover Email, # <u>2</u> Redline)(Kane, Jeffrey) (Entered: 05/16/2023) |
| 05/16/2023 | <u>367</u> | ☐ 7.0 KB | NOTICE by Amy M. Gibson of Change of Address (Gibson, Amy) (Entered: 05/16/2023) |
| 05/16/2023 | <u>368</u> | ☐ 4.3 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Jury trial held on 5/16/2023. Evidence entered. Jury trial continued to 5/17/2023 at 9:30 a.m. Mailed notice. (mma, ) (Entered: 05/16/2023) |
| 05/16/2023 | <u>369</u> | ☐ 579.9 KB | OBJECTIONS *Defendants' Objections to Plaintiff's Proposed Modifications to This Court's Preliminary Jury Instructions* (Ahukanna, Chidinma) (Entered: 05/16/2023) |
| 05/17/2023 | <u>370</u> | ☐ 149.4 KB | NOTICE by Gary Phillip Hollander of Change of Address (Hollander, Gary) (Entered: 05/17/2023) |

| 05/17/2023 | <u>371</u> | ☐ 4.3 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Jury trial held on 5/17/2023. Defendants' oral motion for a mistrial is denied as to the reasons stated on the record. Evidence entered. Jury trial continued to 5/18/2023 at 9:00 a.m. Mailed notice. (mma, ) (Entered: 05/17/2023) |
|---|---|---|---|
| 05/18/2023 | <u>372</u> | ☐ 4.3 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Jury trial held on 5/18/2023. Defendant's oral Rule 50 motion is taken under advisement. Evidence entered. Jury trial continued to 5/22/2023 at 9:00 a.m. Mailed notice. (mma, ) (Entered: 05/18/2023) |
| 05/19/2023 | <u>373</u> | ☐ 339.4 KB | OBJECTIONS *Defendants' Objections to Plaintiff's Proposed Modifications to This Court's Jury Instructions* (Ahukanna, Chidinma) (Entered: 05/19/2023) |
| 05/22/2023 | <u>374</u> | | JURY Notes (mma, ) (Entered: 05/22/2023) |
| 05/22/2023 | <u>375</u> | ☐ 5.3 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Continued jury trial held on 5/22/2023. Deliberations begin. Jury returns a verdict. The Jury finds as follows: Both Joshua Nussbaum and Barry Nussbaum are liable on plaintiff's trademark infringement claims (Counts 3 and 4); Joshua Nussbaum, Barry Nussbaum, and Revolution Laboratories each willfully infringed plaintiff's trademark; defendant Revolution Laboratories and Joshua Nussbaum are liable on plaintiff's ACPA claim (Count 6) for the domain name www.dieseltestbooster-red.com; and the defendants are otherwise not liable on plaintiff's ACPA claim. Plaintiff is to file a written submission by 5/30/2023 regarding the IDTPA injunctive relief claim. Defendants are to file a response by 6/7/2023. The Clerk is directed to enter judgment as follows: (1) in favor of plaintiff Charles Curry and against defendants Revolution Laboratories LLC; Joshua Nussbaum and Barry Nussbaum on Counts 3 and 5 of plaintiff's amended complaint; (2) finding willful infringement by each defendant of plaintiff's trademark; (3) in favor of plaintiff Charles Curry and against defendants Revolution Laboratories LLC and Joshua Nussbaum on Count 6 of plaintiff's amended complaint; (4) in favor of defendant Barry Nussbaum and against plaintiff Charles Curry on Count 6 of plaintiff's amended complaint; and (5) awarding plaintiff Charles Curry damages as follows: (a) against Revolution Laboratories LLC; Joshua Nussbaum and Barry Nussbaum jointly and severally in the amount of $502,500.00; (b) against Revolution Laboratories LLC and Joshua Nussbaum jointly and severally in the amount of $1,000; (3) against Revolution Laboratories LLC for punitive damages in the amount of $300,000.00; (4) against Joshua Nussbaum for punitive damages in the amount of $300,000.00; and (5) against Barry Nussbaum for punitive damages in the amount of $300,000.00. Civil case terminated. Mailed notice. (mma, ) (Entered: 05/23/2023) |
| 05/22/2023 | <u>376</u> | ☐ 126.6 KB | ENTERED JUDGMENT Mailed notice. (mma, ) (Entered: 05/23/2023) |

| 05/22/2023 | 377 | | JURY Verdict entered in favor of plaintiff and against defendants. (Mailed Notice) (RESTRICTED) (mma, ) (Entered: 05/23/2023) |
|---|---|---|---|
| 05/30/2023 | 378 | ☐ 251.3 KB | MOTION by Plaintiff Charles Curry for a Finding of Liability on Plaintiff's IUDTPA Claim<br><br>(Attachments: # 1 Declaration of Jeff Kane)(Kane, Jeffrey) (Entered: 05/30/2023) |
| 05/31/2023 | 379 | ☐ 122.2 KB | MOTION by Plaintiff Charles Curry to Clarify the Deadline to Request Attorneys' Fees and Costs<br><br>(Kane, Jeffrey) (Entered: 05/31/2023) |
| 06/02/2023 | 380 | ☐ 4.4 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Motion to clarify 379 is granted; to the following extent. Plaintiff's motion for attorney's fees will be due 30 days after the Court rules on the IDTPA injunctive relief claim. The motion should address only the question of whether fees should be awarded, not the amount. That will be addressed later depending on the Court's ruling on the motion for attorney's fees. (mk) (Entered: 06/02/2023) |
| 06/07/2023 | 381 | ☐ 2.5 MB | RESPONSE by Barry Nussbaum, Joshua Nussbaum, Revolution Laboratories, LLCin Opposition to MOTION by Plaintiff Charles Curry for a Finding of Liability on Plaintiff's IUDTPA Claim<br><br>378 (Attachments: # 1 Exhibit A, # 2 Trial Transcript Excerpts)(De Preter, Matthew) (Entered: 06/07/2023) |
| 06/15/2023 | 382 | ☐ 102.1 KB | MOTION by Plaintiff Charles Curry for Clarification Regarding the Deadline for Plaintiff's Bill of Costs<br><br>(Kane, Jeffrey) (Entered: 06/15/2023) |
| 06/15/2023 | 383 | ☐ 102.7 KB | MOTION by Plaintiff Charles Curry AMENDED Consent Motion for Clarification Regarding the Deadline for Plaintiff's Bill of Costs<br><br>(Kane, Jeffrey) (Entered: 06/15/2023) |
| 06/19/2023 | 384 | ☐ 117.3 KB | MOTION by Defendants Barry Nussbaum, Joshua Nussbaum, Revolution Laboratories, LLC to alter judgment<br><br>(De Preter, Matthew) (Entered: 06/19/2023) |
| 06/19/2023 | 385 | ☐ 596.1 KB | MEMORANDUM by Barry Nussbaum, Joshua Nussbaum, Revolution Laboratories, LLC in support of motion to alter judgment 384 (Attachments: # 1 Trial Transcript Excerpts)(De Preter, Matthew) (Entered: 06/19/2023) |
| 06/20/2023 | 386 | ☐ 4.4 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Amended motion for clarification 383 is granted; the deadline for plaintiff's bill of costs will be 30 days after the Court rules on the IDTPA claim. Plaintiff's response to defendants' motion to alter the judgment is to be filed by 7/18/2023; defendants' reply is to be filed by 8/1/2023. (mk) (Entered: 06/20/2023) |

| 06/20/2023 | <u>387</u> | ☐ 4.4 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Plaintiff is directed to file by 6/27/2023 a reply to defendants' opposition to plaintiff's motion regarding the IUDTPA claim. The reply is limited to 8 pages and should include, along with any other points plaintiff wishes to argue in reply, a reply to defendants' contention that plaintiff failed to establish at trial activity that occurred in Illinois. (mk) (Entered: 06/20/2023) |
| --- | --- | --- | --- |
| 06/20/2023 | <u>388</u> | ☐ 93.2 KB | MOTION by Plaintiff Charles Curry for the Court to Determine Infringing Profits<br><br>(Kane, Jeffrey) (Entered: 06/20/2023) |
| 06/20/2023 | <u>389</u> | ☐ 2.9 MB | MEMORANDUM motion for miscellaneous relief <u>388</u> by Charles Curry *in support of Pl's Motion for the Court to Determine Infringing Profits* (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5, # <u>6</u> Exhibit 6, # <u>7</u> Exhibit 7, # <u>8</u> Exhibit 8, # <u>9</u> Exhibit 9, # <u>10</u> Exhibit 10, # <u>11</u> Exhibit 11, # <u>12</u> Exhibit 12)(Kane, Jeffrey) (Entered: 06/20/2023) |
| 06/20/2023 | <u>390</u> | ☐ 93.2 KB | MOTION by Plaintiff Charles Curry to alter judgment *to Award Pre- and Post-Judgment Interest*<br><br>(Kane, Jeffrey) (Entered: 06/20/2023) |
| 06/20/2023 | <u>391</u> | ☐ 2.9 MB | MEMORANDUM by Charles Curry in support of motion to alter judgment <u>390</u> *to Award Pre- and Post-Judgment Interest* (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5, # <u>6</u> Exhibit 6, # <u>7</u> Exhibit 7, # <u>8</u> Exhibit 8, # <u>9</u> Exhibit 9, # <u>10</u> Exhibit 10, # <u>11</u> Exhibit 11, # <u>12</u> Exhibit 12, # <u>13</u> Exhibit 13 - Declaration of Attorney Jeff Kane)(Kane, Jeffrey) (Entered: 06/20/2023) |
| 06/20/2023 | <u>392</u> | ☐ 93.8 KB | MOTION by Plaintiff Charles Curry for permanent injunction<br><br>(Kane, Jeffrey) (Entered: 06/20/2023) |
| 06/20/2023 | <u>393</u> | ☐ 8.8 MB | MEMORANDUM by Charles Curry in support of motion for permanent injunction <u>392</u> (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5, # <u>6</u> Exhibit 6, # <u>7</u> Exhibit 7, # <u>8</u> Exhibit 8, # <u>9</u> Exhibit 9, # <u>10</u> Exhibit 10, # <u>11</u> Exhibit 11)(Kane, Jeffrey) (Entered: 06/20/2023) |
| 06/21/2023 | <u>394</u> | ☐ 4.3 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Defendants' responses to plaintiff's motion to determine profits <u>388</u> ; motion to alter judgment to include interest <u>390</u> and motion for permanent injunction <u>392</u> are to be filed by 7/18/2023; plaintiff's replies are to be filed by 8/1/2023. (mk) (Entered: 06/21/2023) |
| 06/27/2023 | <u>395</u> | ☐ 9.4 MB | REPLY by Plaintiff Charles Curry to response in opposition to motion, <u>381</u> *and in Support of Plaintiff's Motion for Finding of Liability on Plaintiff's IUDTPA Claim (Dkt. 378)* (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5, # <u>6</u> Exhibit 6, # <u>7</u> Exhibit 7, # <u>8</u> Exhibit 8, # <u>9</u> Exhibit 9, # <u>10</u> Exhibit |

| | | | |
|---|---|---|---|
| | | | 10, # <u>11</u> Exhibit 11, # <u>12</u> Exhibit 12, # <u>13</u> Exhibit 13)(Kane, Jeffrey) (Entered: 06/27/2023) |
| 07/18/2023 | <u>396</u> | ☐ 566.4 KB | MEMORANDUM by Barry Nussbaum, Joshua Nussbaum, Revolution Laboratories, LLC in Opposition to motion for miscellaneous relief <u>388</u> *Opposition to Plaintiff's Rule 59(e) motion to determine infringing profits* (Attachments: # <u>1</u> Ex. A: Trial Transcript Excerpts, # <u>2</u> Ex. B: April 6, 2023 Hearing Excerpts)(De Preter, Matthew) (Entered: 07/18/2023) |
| 07/18/2023 | <u>397</u> | ☐ 212.4 KB | MEMORANDUM by Barry Nussbaum, Joshua Nussbaum, Revolution Laboratories, LLC in Opposition to motion to alter judgment <u>390</u> *Opposition to Plaintiff's motion for pre and post judgment interest* (Attachments: # <u>1</u> Exhibit A: July 21, 2022 Hearing Excerpts)(De Preter, Matthew) (Entered: 07/18/2023) |
| 07/18/2023 | <u>398</u> | ☐ 4.0 MB | MEMORANDUM by Barry Nussbaum, Joshua Nussbaum, Revolution Laboratories, LLC in Opposition to motion for permanent injunction <u>392</u> (Attachments: # <u>1</u> Ex. 1: Defendants' Proposed Injunction, # <u>2</u> Ex. 2: Opposition No. 91271283)(De Preter, Matthew) (Entered: 07/18/2023) |
| 07/18/2023 | <u>399</u> | ☐ 14.3 MB | MEMORANDUM by Charles Curry in Opposition to motion to alter judgment <u>384</u> (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5, # <u>6</u> Exhibit 6, # <u>7</u> Exhibit 7, # <u>8</u> Exhibit 8, # <u>9</u> Exhibit 9, # <u>10</u> Exhibit 10, # <u>11</u> Exhibit 11, # <u>12</u> Exhibit 12, # <u>13</u> Exhibit 13, # <u>14</u> Exhibit 14)(Hailey, Nicholas) (Entered: 07/18/2023) |
| 08/01/2023 | <u>400</u> | ☐ 175.4 KB | REPLY by Defendants Barry Nussbaum, Joshua Nussbaum, Revolution Laboratories, LLC to memorandum in support of motion <u>385</u> , motion to alter judgment <u>384</u> (De Preter, Matthew) (Entered: 08/01/2023) |
| 08/01/2023 | <u>401</u> | ☐ 728.4 KB | REPLY by Plaintiff Charles Curry *ISO Motion for the Court to Determine infringing Profits (Dkt. 388)* (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3)(Kane, Jeffrey) (Entered: 08/01/2023) |
| 08/01/2023 | <u>402</u> | ☐ 523.5 KB | REPLY by Plaintiff Charles Curry *ISO Motion for Pre- and Post-Judgment Interest (Dkt. 390)* (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3)(Kane, Jeffrey) (Entered: 08/01/2023) |
| 08/01/2023 | <u>403</u> | ☐ 2.4 MB | REPLY by Plaintiff Charles Curry *ISO Motion for Permanent Injunction (Dkt. 392)* (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5, # <u>6</u> Exhibit 6, # <u>7</u> Exhibit 7, # <u>8</u> Exhibit 8, # <u>9</u> Exhibit 9)(Kane, Jeffrey) (Entered: 08/01/2023) |
| 08/14/2023 | <u>404</u> | ☐ 115.4 KB | MOTION by Defendants Barry Nussbaum, Joshua Nussbaum, Revolution Laboratories, LLC to seal *Certain Trial Exhibits* <br><br>(De Preter, Matthew) (Entered: 08/14/2023) |
| 08/14/2023 | <u>405</u> | ☐ 137.7 KB | MEMORANDUM by Barry Nussbaum, Joshua Nussbaum, Revolution Laboratories, LLC in support of motion to seal <u>404</u> *Certain Trial Exhibits* (De Preter, Matthew) (Entered: 08/14/2023) |

| 08/15/2023 | 406 4.3 KB | ☐ | MINUTE entry before the Honorable Matthew F. Kennelly: Defendants' counsel is directed to provide to chambers (Room 2188) by 4:30 PM today paper copies of the trial exhibits that are the subject of defendants' motion to seal. (mk) (Entered: 08/15/2023) |
|---|---|---|---|
| 08/15/2023 | 407 299.8 KB | ☐ | RESPONSE by Charles Curry in Opposition to MOTION by Defendants Barry Nussbaum, Joshua Nussbaum, Revolution Laboratories, LLC to seal *Certain Trial Exhibits*<br><br>404 (Attachments: # 1 Exhibit 1)(Hailey, Nicholas) (Entered: 08/15/2023) |
| 08/16/2023 | 408 125.5 KB | ☐ | REPLY by Defendants Barry Nussbaum, Joshua Nussbaum, Revolution Laboratories, LLC to memorandum in support of motion 405 *to seal select exhibits* (De Preter, Matthew) (Entered: 08/16/2023) |
| 08/21/2023 | 409 267.9 KB | ☐ | ORDER REGARDING DEFENDANTS' MOTION TO SEAL CERTAIN TRIAL EXHIBITS, signed by the Honorable Matthew F. Kennelly on 8/21/2023: For the reasons stated in the accompanying order, defendants' trial exhibits 132, 183, and 148 may be filed under seal, but redacted versions as described in this order are to be filed in the public record. Defendant's motion to seal trial exhibits 404 is otherwise denied. (mk) (Entered: 08/21/2023) |
| 08/25/2023 | 410 320.9 KB | ☐ | MEMORANDUM OPINION AND ORDER signed by the Honorable Matthew F. Kennelly on 8/25/2023: For the reasons stated in the accompanying Memorandum Opinion and Order, the Court (1) grants plaintiff Curry's motion to determine infringing profits and awards $547,095.44 in defendants' profits [dkt. no. 388]; (2) denies the defendants' motion to amend or alter the judgment [dkt. no. 384]; (3) grants plaintiff Curry's motion for a finding of IUDTPA liability [dkt. no. 378]; (4) grants in part plaintiff Curry's motion for pre- and post-judgment interest [dkt. no. 390]; and (5) grants in part plaintiff Curry's motion for a permanent injunction [dkt. no. 392]. The parties are directed to calculate prejudgment interest in accordance with this decision through September 1, 2023 and submit a joint status report with the calculation and amount by August 30, 2023. Finally, plaintiff is directed to provide a Word version of the proposed injunction, modified as indicated in this decision, to the undersigned judge's proposed order e-mail address by August 30, 2023. (mk) (Entered: 08/25/2023) |
| 08/29/2023 | 411 97.8 KB | ☐ | Joint Status Report by Charles Curry *Regarding Calculation of Prejudgment Interest* (Kane, Jeffrey) (Entered: 08/29/2023) |
| 08/29/2023 | 412 4.7 KB | ☐ | MINUTE entry before the Honorable Matthew F. Kennelly: The Clerk is directed to enter an amended judgment as follows: (1) in favor of plaintiff Charles Curry and against defendants Revolution Laboratories LLC; Joshua Nussbaum; and Barry Nussbaum on Counts 2; 3; and 5 of plaintiff's amended complaint; (2) finding willful infringement by each defendant of plaintiff's trademark; (3) in favor of plaintiff Charles Curry and against defendants Revolution Laboratories LLC and Joshua Nussbaum on Count 6 of plaintiff's |

| | | | |
|---|---|---|---|
| | | | amended complaint; (4) in favor of defendant Barry Nussbaum and against plaintiff Charles Curry on Count 6 of plaintiff's amended complaint; and (5) awarding plaintiff Charles Curry damages as follows: (a) against Revolution Laboratories LLC; Joshua Nussbaum and Barry Nussbaum jointly and severally in the amount of $547,095.44, plus prejudgment interest in the amount of $201,723.65, for a total of $748,819.09; (b) against Revolution Laboratories LLC and Joshua Nussbaum jointly and severally in the amount of $1,000; (3) against Revolution Laboratories LLC for punitive damages in the amount of $300,000.00; (4) against Joshua Nussbaum for punitive damages in the amount of $300,000.00; (5) against Barry Nussbaum for punitive damages in the amount of $300,000.00; and (6) for entry of a permanent injunction as set forth separately. Mailed notice. (mma, ) (Entered: 08/30/2023) |
| 08/29/2023 | 413 | ☐ 131.3 KB | ORDER OF PERMANENT INJUNCTION: Signed by the Honorable Matthew F. Kennelly on 8/29/2023. Mailed notice. (mma, ) (Entered: 08/30/2023) |
| 08/29/2023 | 414 | ☐ 198.7 KB | ENTERED AMENDED JUDGMENT: Mailed notice. (mma, ) (Entered: 08/30/2023) |
| 08/31/2023 | 415 | ☐ 94.0 KB | MOTION by Plaintiff Charles Curry to amend/correct *correct clerical errors in the judgment under Rule 60(a)* (Kane, Jeffrey) (Entered: 08/31/2023) |
| 09/01/2023 | 416 | ☐ 4.3 KB | MINUTE entry before the Honorable Matthew F. Kennelly: Plaintiff's motion to correct clerical mistakes is granted 415 . Enter Amended Judgment In A Civil Case. Mailed notice. (mma, ) (Entered: 09/01/2023) |
| 09/01/2023 | 417 | ☐ 157.2 KB | ENTERED SECOND AMENDED JUDGMENT: Mailed notice. (mma, ) (Entered: 09/01/2023) |
| 09/22/2023 | 418 | ☐ 114.6 KB | NOTICE of appeal by Barry Nussbaum, Joshua Nussbaum, Revolution Laboratories, LLC regarding orders 410 , 412 , 413 , 414 , 416 , 417 Filing fee $ 505, receipt number AILNDC-21134679. Receipt number: n (De Preter, Matthew) (Entered: 09/22/2023) |
| 09/25/2023 | 419 | ☐ 115.0 KB | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 418 . (jh, ) (Entered: 09/25/2023) |

**View Selected**

or

**Download Selected**

Total filesize of selected documents (MB): 0

Maximum filesize allowed: 30 MB